**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. REBECCA BEACH SMITH |
| | : | |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF COUNSEL
FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255**

Movant, DAVID ANTHONY RUNYON, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court to appoint counsel, pursuant to 18 U.S.C. § 3599(a)(2), to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Specifically, Mr. Runyon requests that the Court appoint counsel from the Federal Public Defender for the District of Maryland,[1] along with co-counsel, undersigned Jennifer T. Stanton, who is a member in good standing of this Court. Because appearance of a Federal Public Defender outside the home district requires notification to the Chief Judge of the Circuit, Chief Judge Traxler has already been contacted and has stated that he has no objection to the appointment.

---

[1] The Federal Public Defender for the District of Maryland is host to a group of lawyers and other staff whose work is funded by the Judiciary to work exclusively on capital § 2255 issues nationwide.

This legal team possesses the combined requisite experience and qualifications for appointment in a capital § 2255 case and, for reasons explained *infra*, would also ensure that Mr. Runyon's prospective claims for relief are properly investigated and pled in a cost-effective manner. In support of this request, Mr. Runyon states the following:

1.      Petitioner, David Anthony Runyon, is an indigent federal prisoner sentenced to death as a result of his convictions pursuant to the judgment entered in this Court on December 4, 2009. *United States v. Runyon*, No. 4:08-CR-00016 (E.D. Va.) (Doc. 313). His conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on direct appeal, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), and his petition for *certiorari* is currently pending before the Supreme Court. *Runyon v. United States*, No. 13-254. That petition is expected to be ruled on shortly, at which point, assuming it is denied as is generally the case,[2] Mr. Runyon will have just one year in which to file a motion for relief under 28 U.S.C. § 2255. *See id.* (providing that a "1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion under this section"). Mr. Runyon is financially unable to obtain counsel or other services and resources necessary to pursue § 2255 review.[3]

2.      It has become the practice in capital § 2255 cases to have counsel in place when the statute of limitations begins to run.[4] This is because the § 2255 is the only collateral

---

[2] The United States Supreme Court grants fewer than 100 petitions for *certiorari* each year out of roughly 10,000 applications. *See* www.supremecourt.gov/about/justicecaseload.aspx (last visited on November 7, 2013).

[3] This Court previously found Mr. Runyon indigent for purposes of receiving legal representation at trial; he was indigent on appeal; and nothing about his financial circumstances has changed.

[4] Undersigned is advised that district courts are providing for appointment of counsel in capital §

proceeding to which the death-sentenced prisoner is entitled, and appointment of counsel at the earliest opportunity will ensure his right to "preapplication legal assistance" in investigating and preparing his post-conviction claims. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994) (establishing a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings). As with the previously existing right to counsel under 18 U.S.C. § 848(q), the right to counsel under § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *See id.* at 855-56 (discussing § 3599's predecessor provision, Court notes that "quality legal representation is necessary in capital habeas corpus proceedings" and that an "attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because [of] 'the complexity of our jurisprudence in this area'") (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)). At present, however, Mr. Runyon has no counsel appointed for the purpose of investigating, preparing, and filing his § 2255 motion.[5] Accordingly, undersigned files this appointment motion now in order to provide Mr. Runyon with ample time to properly prepare his § 2255 motion prior to the statutory filing deadline.

3.      Federal law provides for the appointment of "one or more attorneys" for an indigent inmate seeking relief from a federal capital conviction or death sentence in proceedings under 28 U.S.C. § 2255 or in any other capital post-conviction proceedings, including clemency.

---

2255 proceedings prior to the denial of petitions for a writ of *certiorari*. *See*, *e.g.*, *United States v. Caro*, No. 1:06-CR-00001 (W.D. Va.); *Ebron v. United States*, No. 1:08-cr-00036-MAC-ESH (E.D. Texas); *Johnson v. United States,* No. 01-CR-3046-MWB *(*N.D. Iowa); *Basham v. United States,* No. 02-CR-00992-JFA (D. S.C.); *Fell v. United States*, 2:01-cr-00012-wks-1 (D. Vt.).

[5] Counsel representing Mr. Runyon in his *certiorari* proceedings were appointed in the Fourth Circuit to handle his direct appeal. *See United States v. Runyon*, No. 09-11 (4th Cir.) (Doc. 17; 18; 52; 53).

18 U.S.C. § 3599(a)(2).  As this Court is aware, the appointment provision of § 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases.  18 U.S.C. § 3599(c).  Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."  18 U.S.C. § 3599(d).  Additionally, under CJA Guideline 6.01(A), "judicial officers should consider appointing at least two counsel" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings[.]"

4.      In capital § 2255s, it is the regular practice to appoint at least two attorneys to represent the prisoner. Pursuant to § 3599, Mr. Runyon seeks appointment of capital habeas lawyers from the Federal Public Defender for the District of Maryland and the undersigned to represent him in federal capital post-conviction proceedings.

5.      Undersigned, Jennifer T. Stanton, has been an active member in good standing of the Virginia bar since 1991. She has been admitted to practice in the Eastern District of Virginia since 1993; the Western District of Virginia since 2006; the United States Court of Appeals for the Fourth Circuit since 1996; and the United States Supreme Court since 1999, and she satisfies the statutory requirements for appointment in this case. She is currently in private practice in Norfolk, Virginia, providing criminal defense services to individuals in federal and state courts in trial, direct appeal, and post-conviction proceedings. In addition to representing individuals in Virginia courts at every level, including capital post-conviction proceedings, she has been appointed counsel of record in several federal capital cases in the Eastern District of Virginia.

*See, e.g., United States v. Wainwright et. al.,* No. 4:10-CR-00016 (E.D. Va.) (representing defendant Henry Stapleton); *United States v. Thomas, et. al.,* No. 2:11-CR-00058 (E.D. Va.) (representing defendant Kiwanii Mosley); *United States v. Michael Butts*, 2:09-CR-00002 (E.D. Va.), *United States v. Antonio Fuller*, 4:13-CR-00072 (E.D. Va.) (currently representing defendant). Among the federal felony cases in which she was appointed appellate counsel of record are *United States v. Walters*, 359 F.3d 340 (4th Cir. 2004) (representing defendant Deon Crudup) and *United States v. Nathaniel Clapp*, 181 F.3d 92 (4th Cir. 1999). Prior to going into private practice, Ms. Stanton was an attorney with the Commonwealth's Attorney's Office in Chesapeake, Virginia. She is also an active member of the Norfolk-Portsmouth Bar Association and has presented at the Capital Defense Workshop sponsored by the Virginia State Bar and Norfolk-Portsmouth Bar Association's Bench Bar Conference.

6.      Undersigned frequently acts as local counsel, pursuant to E.D. Va. Local Rule 83.1, for attorneys who practice in Virginia *pro hac vice*. As such, Mr. Runyon requests appointment of counsel from the Maryland Federal Defender office to partner with her in these capital § 2255 proceedings. While undersigned is intimately knowledgeable about local practice, in light of her current case load and the expertise and resources required for properly litigating a case in the specialized area of capital § 2255 practice, and for the additional reasons discussed, *infra*, appointment of capital habeas counsel from the Maryland Federal Public Defender is appropriate.

7.      Appointment of the Federal Public Defender for the District of Maryland[6] would serve the two-fold goal of containing costs associated with capital § 2255 litigation while

---

[6] It should be noted that while Federal Public Defender offices have been established in various jurisdictions, including this one, to help minimize the administrative burden to courts and

providing Mr. Runyon with experienced qualified post-conviction counsel.  In 2006 the Judicial Conference of the United States Committee on Defender Services determined that there was a need for an entity to assist individuals under federal death sentence in capital § 2255 proceedings.  Since that time it has provided funding to a small group of lawyers and support personnel who train and advise lawyers nationwide and also provide direct representation in these cases.  This group is headquartered in the Office of the Federal Public Defender for the District of Maryland, but it is national in scope. It receives dedicated funding from the Administrative Office of the U.S. Courts for the purpose of providing direct representation in capital § 2255 proceedings in a limited number of cases. Consistent with ongoing cost containment efforts of the judiciary, appointment of the Federal Defender would be cost effective.[7]  It would provide services in Mr. Runyon's case at no cost to the Court.

8.      Should the Court appoint the Federal Public Defender for the District of Maryland, appearing in the case would be Assistant Public Defender Ruth Friedman.  Ms. Friedman has 25 years of experience litigating capital cases with a focus on habeas.  For the last seven years she has run the Judiciary's capital § 2255 program administered by the Federal

---

provide qualified representation to indigent individuals at all stages of proceedings, the local Federal Public Defender is not a viable option for appointment in this case.  As the Court is aware, the Eastern District of Virginia Federal Public Defender represented co-defendant Catherina Voss from the time of her arrest through the entry of her plea agreement and therefore has a conflict.  The Maryland Defender is the only defender within the Fourth Circuit that has staff dedicated to federal capital habeas representation.

[7] Various studies have shown that defender offices are able to provide representation at reduced cost due to their ability to offer administrative support and otherwise manage the cases in-house. (*See* Nachmanoff, Michael S., Statement to the Senate Subcommittee On Bankruptcy and the Courts, *Sequestering Justice: How the Budget Crisis is Undermining Our Courts*, Hearing, July 23, 2013.      Available      at      http://www.constitutionproject.org/wp-content/uploads/2013/08/1122115_Nachmanoff-Testimony-7-23-13.pdf; last visited 11/7/13.)

Public Defender in Greenbelt, Maryland.  In this capacity she has overseen training of and consulting with lawyers around the country in this field and collaborated with lawyers and judges on budgeting and other issues related to the provision of counsel for prisoners under federal sentence of death.  Prior to her work in the § 2255 program she worked for many years in Alabama and Georgia, representing prisoners in capital post-conviction proceedings in both state and federal court.  Between 2002 and 2005 she was under contract with the Administrative Office of the Courts to assist in its efforts to provide quality habeas counsel in various jurisdictions.  She has lectured frequently and testified before Congress on capital habeas issues. Ms. Friedman is a member in good standing of the Alabama and George State Bars (the latter inactive); the U.S. District Court for the Middle District of Alabama; the U.S. District Court for the Northern District of Alabama; the U.S. Court of Appeals for the Eleventh Circuit; and the United States Supreme Court.

9.    Appointment of the Defender would bring other resources in addition to Ms. Friedman, including paralegals and research and writing assistance, at no cost to this Court. Furthermore, expenses and fees for travel, record collection, or experts would also come from a budget appropriated by the Judiciary's Defender Services Committee for this purpose.

10.    In addition to across-the-board cost reduction, appointment of the Maryland Defender office as co-counsel in Mr. Runyon's case would result in savings in key case-specific areas.  First, the main office for the § 2255 staff is in Greenbelt, Maryland, just a few hours driving distance to this Court.  The office is also significantly closer to Morgantown, West Virginia, where Mr. Runyon spent the several years preceding the underlying offense, than is the undersigned. To the extent that locating witnesses and obtaining institutional records relating to either the guilt phase or penalty phase is required, proposed co-counsel's proximity to

Morgantown would reduce associated costs.  The Maryland Federal Defender also has an office in Baltimore where according to the Government the defendant met codefendant Draven and where Runyon worked over a period of years.  Any investigation required in that area could be done at little or no cost.

11.    The national reach of this project allows for cost reduction if investigation is called for outside of the Eastern District of Virginia which is likely.  For example, one of its lawyers has an office in Houston, Texas, which is within driving distance from where Mr. Runyon was born and where he spent his early childhood, and also where his biological parents settled in the United States.[8]  Furthermore, Mr. Runyon is incarcerated at the USP in Terre Haute, Indiana, which houses federal death row prisoners.  Because Ms. Friedman and her colleagues regularly travel to death row, their appointment in this case would keep costs associated with client contact minimal.

12.    In addition, whereas other co-counsel might require funding from the Court for training and consultation related to familiarizing themselves with capital § 2255 practice, these public defenders were hired specifically for their expertise in this specialized area of the law and are familiar with practices and legal developments in capital § 2255 cases across the country.

13.    Pursuant to Local Rule 83.1, Ruth Friedman, capital  § 2255 attorney from the Federal Public Defender for the District of Maryland, is moving for admission to this Court *pro hac vice*. That motion is currently pending.

---

[8] The capital § 2255 program's Houston-based attorney was appointed in the past year to represent Mr. David Lee Jackson in the Eastern District of Texas in the course of his capital § 2255 proceedings. *David Lee Jackson v. United States*, No. 1:09-CV-1039 (E.D. Tex.) (Hon. Ron Clark, presiding).

WHEREFORE, Mr. Runyon respectfully requests that the Court find Mr. Runyon indigent and appoint the Federal Public Defender for the District of Maryland, Ruth Friedman appearing, and undersigned, Jennifer T. Stanton, as counsel in seeking all available post-conviction remedies.  A proposed order accompanies this motion.

Respectfully Submitted,

_____/S/_____

J.T. Stanton, Esq.
VSB# 32448
Local Counsel for David Anthony Runyon
J.T. STANTON, P.C.
555 East Main St. #801
Norfolk, VA 23510
Ph: 757.622.3628
Fx: 757.622.3630
Stantonlaw500@gmail.com

Dated:  November 14, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2013, I have electronically filed the foregoing Memorandum of Law in Support of Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Lisa.McKeel@usdoj.gov

_____/S/_____
J.T. Stanton, Esq.

10