**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| _____ | : | |
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. REBECCA BEACH SMITH |
| | : | |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | |
| | : | |
| | : | |
| _____ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO APPOINT COUNSEL
FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255**

Movant, DAVID ANTHONY RUNYON, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court to recognize and continue the appointment of Teresa L. Norris, Esq., and to appoint Michele J. Brace, Esq., of the Virginia Capital Representation Resource Center, a member in good standing of the Bar of this Court, pursuant to 18 U.S.C. § 3599, to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Ms. Norris and Ms. Brace possess the combined requisite experience and qualifications for appointment in a capital § 2255 case.[1]  In support of this request, Mr. Runyon states the following:

---

[1] Mr. Runyon's second appellate appointed counsel, Seth C. Farber, is not a member of the Bar of this Court and does not seek continued appointment or payment from this Court.  He advises the Court, however, that he is prepared to provide assistance *pro bono*, should that be desired by appointed counsel and by Mr. Runyon.

1

*Background:*

1.      David Anthony Runyon is an indigent federal prisoner, who this Court sentenced to death on December 4, 2009. *United States v. Runyon*, No. 4:08-CR-00016 (E.D. Va.) (Doc. 313). His conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on direct appeal, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), and his petition for *certiorari* has been denied in the Supreme Court, *Runyon v. United States*, No. 13-254 (October 6, 2014) (order denying petition for *certiorari*). Thus, the one year statute of limitations period for filing his motion for relief under 28 U.S.C. § 2255 has already begun. *See id.* (providing that a "1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion under this section"). Mr. Runyon is financially unable to obtain counsel or other services and resources necessary to pursue § 2255 or other further review.[2]

2.      Teresa Norris was appointed in the Fourth Circuit as counsel to represent Mr. Runyon in his direct appeal proceedings. *See United States v. Runyon*, No. 09-11 (4th Cir.) (Doc. 18) (order substituting Norris). Because Mr. Runyon requires qualified counsel admitted to practice in this Court, and because he is at the end of the direct appeal stage with his petition for writ of certiorari having been denied, he requests appointment of Ms. Brace and Ms. Norris. As the Court is aware, appellate counsel Ms. Norris and Mr. Farber are not able to file a motion in this Court without the endorsement of a member of the Bar but seek to comply with the Court's order permitting appellate counsel to move for appointment. *See United States v. Runyon*, 2013 WL 6805699, *1 (E.D. Va. Dec. 20, 2013) ("The Defendant's appellate counsel can petition on be-

---

[2] This Court previously found Mr. Runyon indigent for purposes of receiving legal representation at trial; he was indigent on appeal; and nothing about his financial circumstances has changed.

half of the Defendant for appointment of habeas corpus counsel, if warranted, following the con-clusion of the direct appellate review.") [3]

3.      In Section 3599, Congress provided that in a federal death penalty case at least one of the attorneys must have been admitted to practice in the court of appeals for not less than five years and have not less than three years' experience in handling felony appeals in that court. *See* 18 U.S.C. § 3599(c).[4] Alternatively, for good cause, the Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).   The members of the proposed team meet these qualifications.

*Capital § 2255 proceedings*

4.      Mr. Runyon requires counsel with both the time and the relevant expertise to commit to investigating, researching and preparing a comprehensive § 2255 motion within the one year allowed by statute.  Unlike habeas proceedings reviewing a state court judgment pursu-ant to 28 U.S.C. § 2254, the § 2255 motion is the only opportunity Mr. Runyon will have to raise any issues related to his representation at trial, and there is no prior post-conviction process to which either counsel or the reviewing court may turn.   Capital § 2255 litigation is a specialized field and its proceedings differ from § 2254 cases in numerous respects. While Congress' enact-ment of § 2255 did not alter the substance or scope of the traditional habeas corpus remedy, these cases are governed by rules—promulgated by the U.S. Supreme Court and adopted by Con-

---

3 Mr. Runyon earlier sought appointment of a different team for § 2255 proceedings who, because of changed cir-cumstances, are unable to seek appointment at this time.

[4] Mr. Runyon's request to allow Ms. Norris to continue representing him throughout every subsequent stage of available judicial proceedings and proceedings for executive or other clemency is also consistent with § 3599. *See* 18 U.S.C. 3599(e).

gress—distinct from those that apply to state prisoners. *See* Rules Governing § 2255 Proceedings. The capital § 2255 proceeding is considered a further step in the movant's criminal case, Advisory Committee Note to Rule 1, Rules Governing § 2255 Proceedings, and Congress designated it as the primary means by which a federal prisoner may challenge the lawfulness of his incarceration. *See United States v. Hayman*, 342 U.S. 205, 219 (1952). In the typical capital § 2254 case, federal review occurs following a round of state post-conviction proceedings in which the state prisoner has had the opportunity and the obligation to investigate extra-record facts and present cognizable constitutional claims. In furtherance of the principles of comity and federalism, Congress, in the AEDPA, placed limitations on federal courts' consideration of state habeas petitions and the decisions that followed them. *See, e.g.,* 28 U.S.C. §§ 2254(d), 2254(e)(1).

5.     In contrast, these limitations on federal review do not apply to federal prisoners such as Mr. Runyon. This is because there are no comity concerns at issue and because Mr. Runyon's capital § 2255 proceedings are his one and only opportunity to assert and prove his post-conviction claims, including any challenges to trial counsel's effectiveness, and to develop extra-record facts in support of those claims. *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial."). Congress has designated the year running from the date his conviction became final on direct appeal to the filing of his § 2255 motion as the period in which Mr. Runyon must investigate and present any and all post-conviction challenges to his capital conviction and sentence of death, and there is no tolling for state process as in § 2254 litigation.

4

6.      In light of the single avenue available to federal prisoners under sentence of death, and the need to investigate, prepare and present all claims within the single year, it has become the practice in capital § 2255 cases to have counsel in place as soon as the statute of limitations begins to run so that the investigative and preparatory work can begin. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994) (establishing a right to pre-application legal assistance for capital defendants in federal habeas corpus proceedings). As with the right to counsel previously codified at 21 U.S.C. § 848(q), the right to counsel under § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *See id.* at 855-56 (discussing § 3599's predecessor provision and noting that "quality legal representation is necessary in capital habeas corpus proceedings" and that an "attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because [of] 'the complexity of our jurisprudence in this area'") (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

7.      Consistent with the practice in capital § 2255 cases[5] as well as CJA Guidelines § 6.01(A), which encourages judicial officers to "consider appointing at least two counsel" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings," Mr. Runyon respectfully requests that the Court ensure that he continues to be represented by at least two lawyers and that are qualified to represent him in his capital § 2255 proceedings. Mr. Runyon has consulted with Ms. Norris and Mr. Farber and authorized them to request that the Court recognize and continue the appointment of Ms. Norris as qualified

---

[5] The Federal Capital Habeas Project, which was created eight years ago by the Defender Services Committee of the Judicial Conference to focus on capital § 2255 litigation and assist with recruitment of attorneys for upcoming capital § 2255 cases, maintains and makes available these data pertaining to appointment of counsel in capital § 2255 cases. The data are available upon request.

counsel pursuant to § 3599, and also to request the appointment of Ms. Brace to represent him in federal capital post-conviction proceedings.  As explained in further detail below, Ms. Brace and Ms. Norris are prepared to represent Mr. Runyon as appointed counsel in these proceedings including appellate proceedings or proceedings for executive or other clemency as may be available to him.  *See* § 3599(e).

### *Appointment of Ms. Brace and Ms. Norris*

8.      Michele Brace is a member of the Virginia Bar and has been admitted to practice in the Eastern District of Virginia since 1994. She meets the requisite qualifications of 18 U.S.C. § 3599(c), having been admitted to the U.S. Court of Appeals for the Fourth Circuit in 1987 and having first argued the appeal in a capital habeas case in that Court in 1997. Ms. Brace is Senior Staff Attorney at the Virginia Capital Representation Resource Center (VCRRC) in Charlottesville, Virginia, where, since 1993, she has represented Virginia prisoners at all stages of state and federal habeas corpus proceedings. She is a member of the U.S. Court of Appeals for the Fourth Circuit's Criminal Justice Act (CJA) Capital Panel. She has also been appointed as co-counsel or lead counsel in all three divisions of the Eastern District of Virginia and in the Western District of Virginia, and has been appointed to represent individuals under death sentence in this Court. *See, e.g., Wolfe v. Clarke*, 2:05-cv-00432 (E.D. Va.); *see also, Jackson v. Kelly*, 1:06-cv-01097 (E.D. Va.) (Alexandria Division).  In addition to representing numerous individuals under death sentence in state and federal courts, Ms. Brace has trained attorneys in complex procedural matters relating to habeas litigation for more than a decade in Virginia and nationally.  Finally, Ms. Brace also has some familiarity with federal capital habeas proceedings from assisting on a capital § 2255 case in another jurisdiction.   Her expertise in and familiarity with capital habeas litigation will save time and resources and provide the necessary assistance to

Mr. Runyon in this unique field.

9. Teresa Norris was appointed as qualified counsel under § 3599 to represent Mr. Runyon in his direct appeal proceedings. Ms. Norris has been a member in good standing of the South Carolina Bar since November 1990. Ms. Norris has been representing death-sentenced clients throughout her career at all stages of the proceedings. She is familiar with the trial record and with Mr. Runyon from having served as his appellate counsel since January 2010.

10. The appointment of Ms. Brace and Ms. Norris together would serve the judiciary's interest in efficient representation. Ms. Brace's expertise in capital habeas litigation and representation of death-sentenced prisoners, including familiarity with local practice, coupled with Ms. Norris's familiarity with Mr. Runyon's case would significantly reduce expenditures associated with the case. This proposed team jointly has the ability and experience to provide Mr. Runyon the quality representation to which he is entitled.

11. Pursuant to the pre-requisites for foreign attorneys seeking to practice in this Court in Local Rules 83.1(d) and 57.4(d), Ms. Brace will promptly move for Ms. Norris's admission *pro hac vice* upon their appointment.

WHEREFORE, Mr. Runyon respectfully requests that the Court find Mr. Runyon indigent; recognize the continued appointment of Mr. Runyon's appointed counsel Teresa L. Norris; and appoint Michele J. Brace of the Virginia Capital Representation Resource Center as counsel in seeking all available post-conviction remedies. A proposed order accompanies this motion.

Respectfully Submitted,


_/s/_____
Teresa L. Norris, Esq.
SC Bar. No. 15081
Blume Norris & Franklin-Best, LLC
900 Elmwood Avenue, Suite 101
Columbia, SC 29201
P: (803) 765-1044
F: (803) 765-1143
teresa@blumelaw.com


_/s/_____
Seth C. Farber, Esq
NY Bar No. 2358182
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
P: (212) 294-6700
F: (212) 294-4700
SFarber@winston.com


_/s/_____
Thomas M. Buchanan, Esq.
VA Bar No. 21530
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
P: (202) 282-5000
F: (202) 282-5100
TBuchana@winston.com

*Counsel for Defendant/Movant*
*David Anthony Runyon*

Dated:  October 9, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, I have electronically filed the foregoing Memorandum of Law in Support of Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Lisa.McKeel@usdoj.gov

    /s/                       
Thomas M. Buchanan, Esq.
VA Bar No. 21530
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
P:  (202) 282-5000
F: (202) 282-5100
TBuchana@winston.com

*Counsel for Defendant/Movant*
*David Anthony Runyon*