IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          CRIMINAL NO. 4:08cr16
                                  )
DAVID ANTHONY RUNYON,             )
                                  )
          Defendant.              )

RESPONSE OF UNITED STATES TO DEFENDANT'S
MOTION TO APPOINT COUNSEL FOR PROCEEDINGS
PURSUANT TO 28 U.S.C. § 2255

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and respectfully submits this response to the defendant, DAVID ANTHONY RUNYON's, motion to appoint counsel for proceedings pursuant to 28 U.S.C. § 2255. The United States recognizes that the defendant has a statutory right to counsel for habeas purposes and that the Court has discretion over this appointment, and submits that the defendant must establish that the substitution of one attorney for his previously appointed counsel satisfies the interests of justice standard articulated in Martel v. Clair, 132 S. Ct. 1276 (2012).

I.   Background

On December 4, 2009, pursuant to the jury's verdict and recommendation under the Federal Death Penalty Act, 18 U.S.C. § 3594, the defendant was sentenced to death. On February 25, 2013, the defendant's conviction and sentenced were affirmed on direct appeal. United States v. Runyon, 707 F.3d 475 (4th Cir. 2013). On October 6, 2014, the defendant's petition for a writ of certiorari was denied. Runyon v. United States, No. 13-254 (Oct. 6, 2014).

The defendant was represented at trial by attorneys Lawrence H. Woodward, Jr., and Stephen A. Hudgins.[1]   On December 7, 2009, these attorneys were initially reappointed by the Court of Appeals.   (United States v. Runyon, No. 09-11, ECF No. 4).   In the course of the appeal, each trial counsel was substituted and the defendant came to be represented by attorneys Seth L. Farber and Teresa L. Norris.[2]

Following the affirming of the defendant's convictions and sentence, the defendant filed a petition for writ of certiorari.   (No. 09-11, ECF Nos. 96, 105, 111).   While the petition was pending, a motion was filed seeking the appointment of different attorneys for purposes of preparing a motion pursuant to 28 U.S.C. § 2255.   (ECF No. 392).   Finding this motion to be, in the main, premature, the Court denied this motion on December 20, 2013.   (ECF No. 394).

On October 9, 2014, shortly following the denial of certiorari, the defendant's appellate counsel filed the instant motion for the continued appointment of attorney Norris.   The motion also seeks the appointment of attorney Michele J. Brace, of the Virginia Capital Representation Resource Center, to substitute for attorney Farber.

## II. Discussion

In a supporting memorandum of law, the defendant notes that attorney Farber does not seek continued appointment for post-conviction proceedings.   (ECF No. 406, n.1).   The memorandum

---

[1] The defendant had originally been represented by attorneys Woodward and Jon M. Babineau, Esq.   Prior to trial, attorney Babineau was permitted to withdraw due to a conflict of interest and attorney Hudgins was appointed.   (ECF Nos. 159, 161).   The trial date was then continued several months to allow for attorney Hudgins' preparation.   (ECF Nos. 162, 171).

[2] On January 15, 2010, on behalf of the defendant, attorney Woodward moved to substitute attorney Norris for attorney Hudgins.   (No. 09-11, ECF No. 17).   This motion was granted on January 22, 2010.   (No. 09-11, ECF No. 18).   Over a year later, on May 31, 2011, attorney Woodward sought to withdraw from continued representation due to a conflict of interest amounting to a "complete breakdown in communication."   (No. 09-11, ECF No. 52). Attorney Norris agreed with this request for withdrawal and, on the defendant's behalf, requested that attorney Farber be appointed to represent the defendant.   Id.   On June 20, 2011, the Court of Appeals substituted attorney Farber for and extended the briefing schedule approximately six months.   (No. 09-11, ECF No. 53).

also recounts that the defendant earlier sought appointment of a different team for Section 2255 proceedings who, due to unspecified changed circumstances, are unable to seek appointment. (ECF No. 406, n.3). The memorandum further recounts the qualifications of attorneys Norris and Brace and submits that each satisfies the requirements for representation of 18 U.S.C. § 3599.

Although the Sixth Amendment guaranteed of the right to counsel does not apply to habeas proceedings, 18 U.S.C. § 3599(a)(2) does provide for the express appointment of counsel for capital defendants proceeding under 28 U.S.C. § 2255. 18 U.S.C. § 3599(a)(2); see also Wright v. West, 505 U.S. 277, 293 (1992). The provisions of Section 3599(a)(2) entitle the defendant to at least one attorney, although the Court may, in its discretion, appoint more than one attorney. The defendant, as an indigent requesting appointed counsel, however, clearly does not have the right to counsel of choice. See United States v. Gonzalez-Lopez, 548 U.S. 140, 153 (2006); see also Wheat v. United States, 486 U.S. 153, 159 (1988) (indicating that aim of Sixth Amendment is to guarantee an effective advocate rather than counsel of choice). In fact, Section 3599(e) provides that unless an appointed attorney is replaced by similarly qualified counsel on the attorney's motion or that of the defendant, each attorney "shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . including all available post-conviction process." 18 U.S.C. § 3599(e).

Accordingly, though he has had two different sets of counsel for trial and appeal, the defendant is not necessarily entitled to a new set of attorneys at each stage of the proceedings. Pursuant to Section 3599, a clear preference exists for continuity of appointed counsel for indigent defendants, unless requested by the defendant or his attorney. 18 U.S.C. § 3599(e). Attorney Norris was designated the lead counsel for purposes of the appeal and has represented the

defendant since January 2010.[3]   See e.g., Brown v. United States, 720 F.3d 1316, 1342 (11th Cir. 2013) (noting that when defendant requested two attorneys for post-conviction proceedings, including one attorney from appeal, district court appointed only the appellate attorney).

Should the Court determine that two attorneys are appropriate, as requested by the defendant, the Court must determine whether substitution of attorney Farber is warranted.   In ruling upon requests for substitution under Section 3599, courts should apply an "interest of justice" standard, which, while contemplating a "peculiarly context-specific inquiry[,]" generally includes inquiries into "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint, including the extent of the conflict or breakdown in communication between lawyer and client[.]"   See Martel v. Clair, 132 S. Ct. 1276, 1287 (2012) (setting forth standard for substitution of counsel under Section 3599).

It appears that attorney Brace is qualified pursuant to 18 U.S.C. § 3599(a)(2), (although her experience with federal capital habeas proceedings appears more limited) and is a member of the bar of the Eastern District of Virginia.   (ECF No. 406, p.6).   The motion, however, does not discuss in any great detail the continuity requirements contained in Section 3599(e)[4], in terms of why the interests of justice compel the substitution of attorney Farber, who has represented the defendant since June 2011.

---

[3] As in any habeas proceedings where there is continuity of counsel from the direct appeal, there is the concern over whether a conflict would arise should the defendant elect to claim some deficiency regarding his appellate representation.   Admittedly, in a case with such a lengthy and comprehensive direct review process, this likelihood seems remote.   This unlikely potential issue would not seem to be a reason, without additional information, to reject the motion for the continued appointment of attorney Norris.

[4] The motion notes that both attorneys Brace and Norris are prepared to continue to represent the defendant in habeas, appellate and clemency proceedings, but not why attorney Farber (who was appointed pursuant to Section 3599) is seeking substitution, other than the reference that he is not a member of the bar of this Court.

### III.  Conclusion

The defendant clearly has the right to counsel for the purposes of preparing and filing any petition pursuant to 28 U.S.C. § 2255.   The United States takes no position on which attorney and how many the Court should appoint, but observes that Section 3599(e) appears to favor continuity of counsel, subject to the interests of justice standard for substitution outlined in Martel v. Clair, 132 S. Ct. 1276 (2012).   The United States respectfully submits that the Court consider whether the defendant has met this standard in determining whether to appoint more than one attorney and whether to permit the substitution of attorney Brace for attorney Farber.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:  _____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Virginia Bar Number: 28652
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Lisa.McKeel@usdoj.gov

By:  _____/s/_____
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866

Email: Brian.Samuels@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Response was filed electronically using the CM/ECF system, and also sent by electronic mail, on this 22nd day of October 2014, which will provide notification to:

Teresa L. Norris, Esq.
Blume Norris & Franklin-Best, LLC
900 Elmwood Avenue, Suite 101
Columbia, SC 29201
Tel. (803) 765-1044
Fax: (803) 765-1143
Email: Teresa@blumelaw.com

Seth C. Farber, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel. (212) 294-6700
Fax: (212) 294-4700
Email: SFarber@winston.com

_____/s/_____
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Brian.Samuels@usdoj.gov
