**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
|  | : |  |
|  | : | **CAPITAL § 2255 PROCEEDINGS** |
| -v- | : |  |
|  | : | HON. REBECCA BEACH SMITH |
|  | : |  |
| DAVID ANTHONY RUNYON, | : |  |
| Defendant/Movant. | : |  |
|  | : |  |

**MOVANT DAVID RUNYON'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE MOTION TO APPOINT COUNSEL FOR
PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255**

Movant DAVID ANTHONY RUNYON submits the following Reply in Further Support of

His Motion to Appoint Counsel for Proceedings Pursuant to 28 U.S.C. § 2255. In particular, Mr.

Runyon writes to address the suggestion of the Government in its Response that the appointment

of a new attorney (Michele J. Brace) at this stage of the proceedings may be unnecessary. As

explained below, the appointment of Ms. Brace, combined with the continued appointment of

appellate counsel Teresa L. Norris, satisfies the "interests of justice" standard articulated in

*Martel v. Clair*, 132 S. Ct. 1276 (2012), and is appropriate in this case.

1.      One of the issues that must be evaluated in Mr. Runyon's § 2255 proceeding is

whether his appellate attorneys provided ineffective assistance of counsel. However, both of Mr.

Runyon's current appointed attorneys, Ms. Norris and Mr. Farber, represented Mr. Runyon

during his appellate proceedings. As a result, neither Ms. Norris nor Mr. Farber is in a position

to evaluate, or potentially to prosecute, any claim of ineffective assistance of appellate counsel.

As the Fourth Circuit recently held in the analogous context of § 2254 proceedings, it would be

1

"ethically untenable to require counsel to assert claims of his or her own ineffectiveness." *Juniper v. Davis*, 737 F. 3d 288, 290 (4th Cir. 2013). The Court, therefore, concluded that the appointment of "qualified and independent counsel is *ethically required*," *id*. (emphasis in original), and added that this was the case regardless of whether the motion for appointment had identified a "substantial" ineffective assistance claim. *Id*.

2.     For the reasons set forth in paragraph 8 of Mr. Runyon's opening Memorandum, Ms. Brace is plainly both independent and qualified, points which the government does not dispute. Accordingly, she is well-suited to evaluate and prosecute any potential claims of ineffective assistance of appellate counsel. Moreover, the appointment of Ms. Brace will ensure that a member of this Court's bar is appointed to serve because neither Ms. Norris nor Mr. Farber is a member of this Court's bar.

3.     At the same time, the complexity of capital § 2255 proceedings, and the volume of work involved in investigating and presenting the potential issues in such proceedings, presents a substantial task, which Ms. Brace could not adequately handle on her own, particularly in light of her existing caseload. Indeed, as explained in paragraph 7 of Mr. Runyon's opening Memorandum, courts commonly appoint at least two attorneys in capital § 2255 cases for precisely these reasons.

4.     In this case, the continued appointment of Ms. Norris would provide Mr. Runyon with the additional legal representation necessary to adequately investigate and prosecute all his potential § 2255 claims. Ms. Norris had no involvement in representation of Mr. Runyon at trial and, thus, has no conflict that would affect her with respect to any claims of ineffective assistance by trial counsel. Moreover, Ms. Norris's prior involvement in the case gives her familiarity with the lengthy district court record. Thus, a combined team of Ms. Norris and Ms.

Brace (i) allows for independent counsel to examine issues of ineffective assistance of appellate counsel; (ii) achieves the most efficient and cost-effective representation of Mr. Runyon; and (iii) comports with Section 3599(e)'s interest in continuity of representation where possible.

5.      For the reasons set forth in Paragraphs 1 and 2 above, Ms. Brace's appointment is critical and, because of Ms. Norris's extensive habeas experience, Mr. Runyon respectfully submits that Ms. Norris is better qualified to serve as his second appointed counsel than is Mr. Farber.      Moreover, due to her greater expertise, she would perform that role more efficiently. Mr. Farber however remains willing to assist appointed counsel on a pro bono basis as described in Mr. Runyon's motion.

## CONCLUSION

For all the foregoing reasons, the Motion to Appoint Counsel should be granted.

Respectfully submitted,

/s/
Teresa L. Norris, Esq.
SC Bar No. 15081
Blume Norris & Franklin-Best, LLC
900 Elmwood Avenue, Suite 101
Columbia, SC 29201
P: (803) 765-1044
F: (803) 765-1143
teresa@blumelaw.com

/s/
Seth C. Farber, Esq.
NY Bar No. 2358182
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
P: (212) 294-6700
F: (212) 294-4700
sfarber@winston.com

/s/
Thomas Buchanan, Esq.
VA Bar No. 21530
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
P: (202) 282-5000
F: (202) 282-5100
tbuchana@winston.com

*Counsel for Defendant/Movant
David Anthony Runyon*

Dated: October 24, 2014

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014, I have electronically filed the foregoing Reply Memorandum in Further Support of the Motion to Appoint Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Lisa.McKeel@usdoj.gov

/s/
Thomas M. Buchanan, Esq.
VA Bar No. 21530
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
P:  (202) 282-5000
F: (202) 282-5100
TBuchana@winston.com

*Counsel for Defendant/Movant*
*David Anthony Runyon*