UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                         CRIMINAL NO. 4:08cr16

DAVID ANTHONY RUNYON,

        Defendant.

<u>MEMORANDUM ORDER</u>

This matter comes before the court on the Defendant's "Motion to Appoint Counsel for Proceedings Pursuant to 28 U.S.C. § 2255" ("Motion"), filed October 9, 2014. ECF No. 405.[1] On that same date, the Defendant also filed a Memorandum in Support of the Motion ("Memorandum"). ECF No. 406. The United States filed a Response ("Response"), on October 22, 2014. ECF No. 407. The Defendant filed a Reply ("Reply"), on October 24, 2014. ECF No. 408. For the reasons stated herein, the Motion is **GRANTED in part** and **DENIED in part**.

### I. Factual and Procedural History

Prior to the Defendant's trial, this court found that he was indigent, and therefore appointed him counsel, Lawrence Hunter Woodward, Jr., and Stephen A. Hudgins. <u>See</u> ECF Nos. 27, 161. A jury convicted the Defendant of Conspiracy to Commit

---

[1] On October 28, 2014, with the consent of the United States, the Defendant notified the court that the Motion is submitted without oral argument. ECF No. 409.

Murder for Hire, Carjacking Resulting in Death, and Murder with a Firearm in Relation to a Crime of Violence, and the Defendant was sentenced to death. Judgment, ECF No. 313. On direct appeal, the Defendant was represented by court-appointed attorneys Teresa L. Norris and Seth C. Farber, and the Court of Appeals for the Fourth Circuit affirmed the Defendant's convictions and sentences in all respects. See United States v. Runyon, 707 F.3d 475 (4th Cir. 2013). The United States Supreme Court denied the Defendant's Petition for a Writ of Certiorari on October 6, 2014. See United States v. Runyon, 82 U.S.L.W. 3106 (U.S. Oct. 6, 2014) (No. 13-254).

The judgment against the Defendant became final for purposes of the one-year period of limitations in 28 U.S.C. § 2255(f) on October 6, 2014, the date on which the U.S. Supreme Court denied his Petition for a Writ of Certiorari. See Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari."); see also United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001) ("We accordingly hold that, absent the issuance of a suspension order by the Court or a Justice thereof, as contemplated by Rule 16.3, the judgment of

conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255 ¶6(1) when the Supreme Court denies certiorari after a prisoner's direct appeal."). Accordingly, the Defendant's judgment became final on October 6, 2014.

**A. Motion for Appointment of Counsel**

In the instant Motion, the Defendant argues that as an indigent federal prisoner sentenced to the death penalty, he is entitled to the appointment of counsel pursuant to 18 U.S.C. § 3599. The Defendant is seeking the appointment of two attorneys: his appellate counsel Ms. Norris, as well as Michele J. Brace of the Virginia Capital Representation Resource Center, because together they have "both the time and the relevant expertise to commit to investigating, researching and preparing a comprehensive § 2255 motion within the one year allowed by statute." Mem. at 3. In his Memorandum, the Defendant argues that since his capital § 2255 proceeding is his only opportunity to assert and prove his post-conviction claims,[2] the court should appoint two attorneys in his case. Id. at 4-5. The Defendant claims that it is common practice in capital § 2255 cases to appoint two counsel for post-conviction work, and further states

---

[2] The Defendant compares his situation as a federal prisoner sentenced to death with state prisoners sentenced to death, who can seek post-conviction relief in both state and federal proceedings. Mem. at 4-5.

that CJA Guideline § 6.01(A) encourages judicial officers to "consider appointing at least two counsel" in capital § 2255 proceedings, "[d]ue to the complex, demanding and protracted nature of death penalty proceedings." Id. at 5.

The Defendant requests that the court continue the appointment of Ms. Norris, whom the Fourth Circuit had appointed as counsel to represent the Defendant in his direct appeal, and also that the court appoint Ms. Brace. Mot. at 1.[3] The Defendant notes that his second appellate counsel, Mr. Farber, is not requesting continued appointment, although he is prepared to provide pro bono assistance should appointed counsel and the Defendant so desire. Mem. at 1 n.1.

Ms. Norris is licensed by the State of South Carolina, and she has served as the Defendant's appellate counsel since January 2010. Id. at 7.[4] Ms. Brace is a senior staff attorney at the Virginia Capital Representation Resource Center, is licensed

---

[3] When the Defendant's petition for certiorari was still pending in the Supreme Court, attorney Jennifer T. Stanton filed a Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255. ECF No. 392. Ultimately, Ms. Stanton withdraw her motion to appear as counsel for the Defendant. The Defendant notes that Ms. Stanton is unable to seek appointment at this time due to changed circumstances. See Mem. at 3 n.3.

[4] In the Memorandum, the Defendant states that "[p]ursuant to the pre-requisites for foreign attorneys seeking to practice in this Court in Local Rules 83.1(d) and 57.4(d), Ms. Brace will promptly move for Ms. Norris's admission pro hac vice upon their appointment." Mem. at 7.

to practice law in the Commonwealth of Virginia, and is admitted to practice in the Eastern District of Virginia. Id. at 6. Ms. Brace "has represented Virginia prisoners at all stages of state and federal habeas corpus proceedings," and has previously been appointed counsel in death penalty cases in the Eastern District of Virginia. Id. The Defendant asserts that Ms. Brace is suitable counsel for his post-conviction proceedings because of her "expertise in and familiarity with capital habeas litigation," which in turn "will save time and resources and provide the necessary assistance . . . in this unique field." Id. at 6-7.

### B. The United States' Response

In its Response, the United States asserts that § 3599(a)(2) entitles the Defendant to at least one attorney, and that the decision to appoint more than one attorney lies with the discretion of this court. Resp. at 3. The United States contends that the Defendant is not entitled to a new set of attorneys at each stage of the proceedings, and that § 3599(e) reflects "a clear preference . . . for continuity of appointed counsel for indigent defendants." Id.[5] The United States further

---

[5] For the reasons discussed infra Part II at 10-12 and note 6, the court does not agree with the position of the United States that new, and different, counsel for collateral review should not be appointed. The court is of the opinion that counsel on collateral review should take and have a new and fresh

advises that when ruling upon the Defendant's request for substitution under § 3599, the court should apply the "interests of justice" standard as stated in Martel v. Clair, 132 S. Ct. 1276, 1287 (2012). Resp. at 4. Importantly, the United States does not contest that Ms. Brace and Ms. Norris each meet the requirements for capital post-conviction proceedings under § 3599. Resp. at 4-5. Further, the United States "takes no position on which attorney and how many the Court should appoint." Id. at 5.

## C. The Defendant's Reply

In his Reply, the Defendant contends that the appointment of both Ms. Brace and Ms. Norris meets the "interests of justice" standard, as articulated in Martel v. Clair. Reply at 1. The Defendant principally notes that there is the potential for a conflict of interest, if Ms. Norris is continued as sole counsel, given that she served as appellate counsel and may be unable to adequately evaluate any claim of ineffective assistance of appellate counsel. Id. at 1-2. The Defendant cites the recent Fourth Circuit decision in Juniper v. Davis, 737 F.3d 288, 290 (4th Cir. 2013), for the proposition that in § 2254 proceedings, which the Defendant argues are functionally similar to § 2255 claims, it would be "ethically untenable to require

---

perspective on the trial and appellate court records. See, e.g., Juniper v. Davis, 737 F.3d 288, 290 (4th Cir. 2013).

6

counsel to assert claims of his or her own ineffectiveness." Reply at 1-2.

The Defendant reiterates that the preparation of his § 2255 petition will be a complex and substantial task. Id. at 2. The Defendant asserts that "a combined team of Ms. Norris and Ms. Brace (i) allows for independent counsel to examine issues of ineffective assistance of appellate counsel; (ii) achieves the most efficient and cost-effective representation of Mr. Runyon; and (iii) comports with Section § 3599's interest in continuity of representation where possible." Id. at 2-3.

## II. Discussion

It is clear that the Defendant is statutorily entitled to the appointment of at least one attorney for his capital post-conviction proceedings. 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section . . . 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys . . . .") (emphasis added). The Defendant has been sentenced to death, and he has been found to be unable to pay for his own defense. See Mem. at 2 n.2. The questions presented by the instant Motion are whether the

Defendant is entitled to the appointment of two attorneys, and whether either or both Ms. Brace and Ms. Norris are appropriate counsel.

Although 18 U.S.C. § 3005 requires the appointment of two attorneys for federal death penalty cases, 18 U.S.C. § 3599(a)(2) requires the appointment of only one qualified attorney for federal capital habeas corpus proceedings such as the Defendant's. However, the Criminal Justice Act Guidelines advise that, "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys." Guidelines for Administering the CJA and Related Statutes, Vol. VII, Guide to Judiciary Policy, Habeas Corpus Proceedings § 620.10.20. However, at this juncture, no unusual or extraordinary issues for collateral review have been even mentioned, and the court is aware of none, other than the obvious magnitude of the heightened punishment in a death penalty case. Other than this fact, the court is unaware of any unusual or special grounds for collateral review, and the Court of Appeals for the Fourth Circuit found no error in the trial proceedings, and the U.S. Supreme Court did not grant certiorari on direct review.

Consequently, the court is of the opinion that one attorney is sufficient at this juncture, but will entertain a motion for

appointment of a second attorney, should the case so warrant as the collateral review process goes forward. Moreover, in this case, the Defendant's Motion comes promptly after the Supreme Court's denial of his Petition for a Writ of Certiorari, and well in advance of the one-year statute of limitations for § 2255 claims, thereby allowing new counsel sufficient time to prepare for collateral review. See Martel v. Clair, 132 S. Ct. at 1283, 1287 (holding that motions for substitution of counsel brought by indigent federal capital defendants should be decided under the "interests of justice" standard, which decision is informed by the timeliness of the motion and the asserted reason for the substitution).

The court now must consider whether to appoint Ms. Brace or Ms. Norris as counsel to pursue the Defendant's post-conviction proceedings. Title 18 U.S.C. § 3599 states the requirements for attorneys seeking to represent federal prisoners who have been sentenced to death. For the appointment of counsel for a post-conviction proceeding under § 2255, the statute requires that "at least one attorney so appointed must have been admitted to practice in the [court] for not less than five years, and must have had not less than three years experience in the handling of [felony cases in that court]." 18 U.S.C. § 3599(b)-(c). Alternately, "the court, for good cause, may appoint another

attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." Id. § 3599(d). The Defendant asserts that both Ms. Brace and Ms. Norris have the requisite qualifications, see Mem. at 3, and the United States notes that "[i]t appears that attorney Brace is qualified." Resp. at 4.

Ms. Norris is not admitted to practice before this court, whereas Ms. Brace has been admitted to practice before the Eastern District of Virginia for twenty years, since 1994, and she has been admitted to practice before the Fourth Circuit since 1987. Mem. at 2, 6. In addition, Ms. Brace works as a senior staff attorney at the Virginia Capital Representation Resource Center, where she has represented prisoners facing the death penalty during all stages of state and federal habeas corpus proceedings since 1993. Id. at 6. The court hereby finds that Ms. Brace is eminently qualified to handle the Defendant's post-conviction proceedings in this court and the appellate court.

Moreover, in Juniper v. Davis, the Fourth Circuit held that qualified and independent counsel is "ethically required" for the investigation of ineffective assistance of counsel claims

10

when the petitioner was represented by the same attorney in state and federal post-conviction proceedings. 737 F.3d at 290; see Fowler v. Joyner, 753 F.3d 446, 450 (4th Cir. 2014). Although the Juniper case dealt with a state prisoner, the reasoning applies equally to this case: courts cannot expect attorneys to raise claims of their own ineffective assistance of counsel. In the Defendant's case, he may well raise issues of the ineffective assistance of appellate counsel, in which case, the continued appointment of appellate counsel Ms. Norris would be inappropriate, as Ms. Norris cannot be expected to raise her own ineffective assistance of counsel claims, if such exist. This court strongly agrees that an attorney cannot be expected to raise claims of her own ineffective assistance, and in the "interests of justice," Ms. Brace should be appointed for the full investigation of the appellate record. See Martel v. Clair, 132 S. Ct. at 1287.[6]

---

[6] In his Reply, the Defendant argues that Ms. Brace will investigate any potential claims of ineffective assistance of Ms. Norris or Mr. Farber as appellate counsel, while Ms. Norris will investigate any potential claims of ineffective assistance by the trial attorneys. Reply at 2-3. However, to accept the Defendant's position could certainly create a dilemma for the court. Assuming, arguendo, that the court were to appoint Ms. Norris, and the Defendant's § 2255 petition were to allege ineffective assistance of appellate counsel on her part or that of her co-counsel, Mr. Farber, then the court would have to evaluate an ineffective assistance of counsel claim against one of the Defendant's current attorneys or her previous co-counsel. If the court were to continue the appointment of Ms. Norris,

11

### III. Conclusion

For the reasons stated herein, and since the Defendant has raised no exceptional issues, other than his death sentence, for why he is entitled to two attorneys at this juncture, the court **GRANTS in part** and **DENIES in part** the Defendant's Motion. The court hereby substitutes and appoints Ms. Michele Brace as counsel, pursuant to 18 U.S.C. § 3599, to represent the Defendant on collateral review in this court. To the extent that circumstances arise in the future to warrant the appointment of an additional attorney, and upon a motion filed by Ms. Brace, this court will consider the subsequent appointment of a second qualified attorney for collateral review proceedings in this court.

---

then the court would be inviting additional allegations of error and conflict of interest claims in the collateral review process, and would be put in the untenable position of evaluating an ineffective assistance of counsel claim against an attorney currently representing the Defendant on collateral review. On the other hand, if the court discontinued the representation at that juncture, there would be an immense, unnecessary waste of legal and judicial resources. Accordingly, the court will not continue the representation of Ms. Norris, as it is illogical, a dangerous practice, and unnecessary, given the availability of other qualified attorneys for appointment. See generally Gray v. Pearson, 526 F. App'x 331, 334 (4th Cir. 2013) (noting that attorneys cannot be expected to evaluate their own errors, in the context of the same counsel representing a petitioner in his state and federal habeas proceedings).

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Defendant, Ms. Brace, Ms. Norris, Mr. Farber, Mr. Buchanan, and the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/

Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

November 5 , 2014