**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | No. 4:08-CR-00016 |
| -v- | : | |
| | : | CAPITAL § 2255 PROCEEDINGS |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | HON. REBECCA BEACH SMITH |
| | : | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR LIMITED UNSEALING OF RECORD
AND FOR LEAVE TO REVIEW AND COPY
MATERIALS IN THE CUSTODY OF THE COURT**

David Anthony Runyon, a federal prisoner under sentence of death, has moved the Court to partially unseal the record for purposes of allowing access by postconviction counsel, and for other relief necessary to allow counsel to review and copy specified items from the judicial record of his trial: the juror questionnaires; the list of potential jurors who were peremptorily struck and the party who exercised each strike; and all documents filed ex parte or under seal.[1]

Federal and state courts in other cases, including in the Eastern District of Virginia, have granted similar motions when made by appellate and/or postconviction counsel for the prisoner. Ex. 1 (sample orders from other courts). To the extent the materials at issue are appropriately under seal, they should remain under seal and Runyon will treat his copies as being under seal.

*Juror Questionnaires*

1. Prior to voir dire, the Court provided counsel for each party with a CD containing the completed questionnaires submitted by all potential jurors. After the jury was selected, the Court

---

[1] The clerks' offices at the Newport News Division and the Norfolk Division have both advised postconviction counsel that although this case bears a Newport News docket number, the materials relating to Runyon's case are physically located at the courthouse in Norfolk.

1

directed the parties to return the CDs and any print-outs. It further stated that the Court would retain a disk plus the original paper questionnaires so they could be available for future review. Ex.2 (relevant excerpt from trial transcript).

2.    In order to investigate whether Runyon's trial counsel rendered ineffective assistance with respect to the process of jury selection, postconviction counsel must review all of the materials that trial counsel possessed. Without reviewing the questionnaires returned by all members of the venire—including those members who were excluded by consent without further questions—postconviction counsel cannot adequately investigate whether trial counsel unreasonably failed challenge compliance with the jury selection procedures under 28 U.S.C. § 1861 et seq. and this Court's Plan for the Random Selection of Grand and Petit Jurors.[2] Without the information in the questionnaires, postconviction counsel also cannot determine whether there was a prima facie case of discrimination in the prosecution's exercise of peremptory strikes. In any event, there is no justification for depriving Runyon's current counsel of access to all of the materials that were provided to trial counsel.

3.    As documented in the accompanying Declaration, Ex. 3, postconviction counsel was told that a court order is necessary in order to obtain a copy of the disk with the juror questionnaires. Counsel therefore asks the Court to direct the clerk's office to make a duplicate

---

[2] *Snarr v. United States*, No. 1:13cv724 (E.D. Tx.) (pending), provides an example of the kind of claim that can be discovered. In that case, 308 potential jurors filled out questionnaires. Individualized information revealed that this group included eight married couples—i.e., both the husband and wife of each pair were in the same 308-person venire. Statistically, this would be nearly impossible if the venire was selected at random in compliance with federal law and the court's jury selection plan. This red flag led postconviction counsel to obtain more information about the jury selection process, and ultimately to allege that trial counsel unreasonably failed to challenge the venire. Runyon's postconviction counsel assisted in preparing this claim in Snarr's case; she cannot attach a copy because the entire habeas petition is under seal.

copy of the CD that contains the completed questionnaires of all the prospective jurors who returned a questionnaire, and to provide the CD to postconviction counsel.

4. Postconviction counsel recognizes that the juror questionnaires are under seal and contain individualized information that, although known to counsel for parties, has been kept confidential. Undersigned counsel will maintain that confidentiality by strictly making the completed questionnaires available only to Runyon's appointed and *pro bono* counsel and their staffs and agents. If postconviction counsel concludes that a juror questionnaire should be submitted as an exhibit to any pleading, counsel will file it under seal.

*Peremptory Strike Lists*

5. The Court directed the parties to exercise their peremptory strikes on June 30, 2009, for the seated jurors, and on July 1, 2009, for the alternates. On each date, the court read aloud the names of the jurors or alternates who were *not* struck. Ex. 4 (relevant excerpts from trial transcript). But the record does not indicate which venire members were struck and by which party. Information about who struck whom was known to trial counsel, and postconviction counsel needs that same information in order to investigate potential claims, including (but not limited to) whether trial counsel unreasonably failed to challenge any of the prosecution's strikes under *Batson v. Kentucky*, 476 U.S. 79 (1986).

6. The trial record does not indicate that the strike list is under seal. In postconviction counsel's experience, the peremptory strike list—which contains only the names of the venire members who were struck and the party that exercised each strike—is ordinarily part of the public record of a trial. In Runyon's case, the trial transcript already contains the name of every prospective juror who orally responded to a question throughout the two days of voir dire; each member had to stand and announce his name before answering any question. The transcript also

3

identifies by name each member who was struck for cause throughout the two days of voir dire. There is no discernible reason why the names of the prospective jurors who were struck peremptorily should be confidential, or why the identity of the party who exercised each strike should be a secret.

7.  As documented in the accompanying Declaration, Ex. 3, postconviction counsel was told that she must have a court order in order to obtain a record of the peremptory strikes, even though that information is not under seal. In light of this fact, postconviction counsel is constrained to ask the Court to direct the clerk's office or jury administrator to allow counsel to inspect and copy the documents identifying each venire member who was struck peremptorily and the corresponding party who exercised each such strike. Unless directed otherwise, postconviction counsel will not treat this information as being under seal.

### *Sealed Docket Entries*

8.  Postconviction counsel has preliminarily reviewed numerous ECF filings in this case, and portions of the court file and exhibits obtained from the files of Runyon's lead trial attorney. In the course of this review, postconviction counsel has noticed that there are a substantial number of sealed and/or ex parte records, both on the docket for Runyon's case and on the master docket for this multi-defendant matter. These records include, but may not be limited to, the following docket entries: ECF # 4, 5, 6, 12, 16, 24, 25, 26, 32, 33, 34, 35, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 53, 59, 60, 61, 62, 72, 73, 74, 75, 76, 100, 101, 104, 106, 108, 110, 116, 122, 123, 124, 126, 128, 129, 130, 131, 133, 134, 137, 137, 139, 140, 145, 146, 153, 163, 170, 178, 183, 184, 187, 188, 189, 192, 196, 197, 200, 201, 104, 206, 207, 210, 212, 213, 214 (Exhibit A), 218, 222, 229, 236, 251, 258, 259, 261, 264, 265, 282, 284, 290, 293, 295, 303, 315, 350, 351, 354, 362, 376, 377, and 396. In the forthcoming postconviction proceedings, the Court can

consider errors grounded on information that was not reasonably available to Runyon at the time of trial. As a result, the docket entries listed above might provide the basis for cognizable collateral claims. Even pleadings filed by another defendant can be relevant, because they may show issues that Runyon's trial counsel should have been aware of, but did not pursue.

9.   As documented in the accompanying Declaration, Ex. 3, postconviction counsel was told that a court order is necessary in order to obtain a copy of any docket entry that was filed ex parte and/or under seal. Counsel therefore asks the Court to permit Runyon's counsel to review and copy all materials filed in this case, including the materials filed ex parte and/or under seal.

*Conclusion*

For the foregoing reasons, Runyon respectfully requests that the Court grant this motion, and order the relief described above.

A proposed order accompanies this application.

Respectfully Submitted,


_____/S/_____

Michele J. Brace
Virginia State Bar No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com


Dated: March 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2015, I have electronically filed the foregoing Memorandum in Support of Defendant's Motion for Leave To Review and Copy Materials in the Custody of the Court with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Lisa.McKeel@usdoj.gov

_____/S/_____
Michele J. Brace
Virginia State Bar No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*

6