UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:11-CR-115-LO |
| | ) | |
| JORGE AVILA TORREZ, | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR LIMITED UNSEALING OF RECORD
MATERIAL AND OTHER RELIEF NECESSARY TO
OBTAIN COMPLETE RECORD ON APPEAL**

The defendant, Jorge Torrez, by his counsel, Robert Lee, moves the Court to

partially unseal certain specified record material for purposes of allowing access

by appellate counsel, and for other relief necessary to obtain a complete record on

appeal.

In support of this motion, Mr. Lee states:

1.      Earlier this year, Mr. Torrez was convicted of first-degree murder, 18

U.S.C. § 1111, in the death of Amanda Snell, and was sentenced to death. After the

trial concluded, both trial counsel withdrew from the appeal and requested that

substitute counsel be appointed. By Order dated July 28, 2014, the United States

Court of Appeals for the Fourth Circuit granted the motion, relieved trial counsel,

and appointed Robert Lee of the Virginia Capital Representation Resource Center and the Office of the Federal Public Defender for the District of Maryland to represent Mr. Torrez on appeal. Neither Mr. Lee nor the Maryland Federal Public Defender's Office had been involved with Mr. Torrez's trial.

2. Appellate counsel has preliminarily reviewed numerous ECF filings in this case, and portions of the court file and exhibits obtained from the various trial attorneys' files. In so doing, counsel has noticed that there are a substantial number of sealed records on the docket, including but not limited to the following docket entries: ECF # 31, 32, 43, 61, 82, 94, 95, 96, 97, 98, 110, 111, 113, 118, 127, 128, 141, 148, 149, 166, 167, 172, 173, 192, 193, 194, 201, 204, 210, 221, 222, 226, 241, 251, 253, 264, 265, 281, 347, 357, 387, 391, 393, 397, and 400. These entries include highly relevant and potentially critical records for purposes of Mr. Torrez's appeal, including motions, court orders, a competency evaluation ordered by the court, the Pre-Sentence Report, and the court's statement of reasons.

3. In addition, it appears that all of the jury questionnaires that were completed in this case were directed to be placed under seal and retained for purposes of the appellate record, as reflected in Docket Number 333. Counsel will need to be able to review and copy these questionnaires. Counsel would, of course, maintain the confidentiality of this material, which would remain under seal.

4. As described above, there are a substantial number of record items that counsel believes must be unsealed or settled, corrected, or obtained in order for the

record on appeal to be complete and for Mr. Torrez's appeal to go forward. To do so, the court's assistance is needed.[1]  See Fourth Circuit Local Rule 10(d) ("Disputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance . . . It is unnecessary to seek permission of the Court of Appeals to supplement the record and the record may be supplemented by the parties by stipulation or by order of the district court at any time during the appellate process"). Accord Fed. R. App. P. 10(e).

5.     Mr. Torrez requests that this court issue an order directing the clerk's office to allow Mr. Torrez's appellate counsel to review and copy the materials identified in this motion, while keeping the documents under seal.

6.     Mr. Torrez's counsel has communicated with counsel for the government, Assistant United States Attorney James Trump, about these requests. The government does not oppose Mr. Torrez's appellate counsel from reviewing and copying the documents requested in this motion while maintaining their confidentiality.

## Conclusion

Accordingly, for these reasons, the Defendant, Jorge Torrez, respectfully requests that the Court grant this motion, and order the relief described above.

---

[1]  The clerk's office has informed counsel that no item that is sealed may be examined or copied without the Court's express permission.

DATED:    The 8th day of December, 2014.


                            /s/ Robert Lee
                            Robert Lee
                            Virginia Capital Representation Resource
                            Center
                            2421 Ivy Road, Suite 301
                            Charlottesville, Virginia 22903
                            (434) 817-2970
                            (434) 817-2971 (facsimile)
                            roblee@vcrrc.org

                            Counsel for Mr. Torrez

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-80171-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,
    plaintiff,

vs.

DANIEL TROYA,
    defendant.

_____/

### ORDER DIRECTING CLERK OF COURT TO UNSEAL AND RELEASE
### CERTAIN DESIGNATED JUROR QUESTIONNAIRES

**THIS CAUSE** is before the court on the defendant Daniel Troya's motion to unseal and release juror questionnaires [DE# 1115], as modified pursuant to Joint Response to Order to Show Cause [DE# 1117]. Finding good cause shown for the requested relief, it is

**ORDERED AND ADJUDGED**:

1. The defendant Daniel Troya's motion to unseal and release certain juror questionnaires, as modified [DE# 1115,1117], is **GRANTED.**

2. The Jury Section of the Clerk's Office is directed to release copies of the questionnaires administered to those prospective jurors who were brought into the courtroom for voir dire proceedings during the trial of this matter to counsel for the parties in the above captioned case. [This category specifically *excludes* the questionnaires administered to those prospective jurors who were either excused by mutual consent, or were never called into the courtroom].

3. The parties to this proceeding are authorized to use and to disclose the above referenced questionnaires, and the prospective jurors' responses, for the limited purpose of appellate and post-conviction proceedings in this action. The parties are directed otherwise to maintain the

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was sent via the Court's

electronic filing system to counsel for petitioner Laurence E. Komp, P.O. Box 1785, Manchester,

MO 63011; and Michael J. Benza, 17850 Geauga Lake Road, Chagrin Falls, OH  44023 on the

29th day of December, 2014.  Parties may access this filing through the Court's system.

/s/ *Seth P. Kestner*
SETH P. KESTNER (0080488)
Assistant Attorney General

**V I R G I N I A:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **COMMONWEALTH OF VIRGINIA** | ) | **CRIMINAL NUMBER FE-2005-1764** |
| **VERSUS** | ) | |
| **ALFREDO R. PRIETO** | ) | **INDICTMENT – CAPITAL MURDER (COUNT I and COUNT IV)** |

## ORDER

On August 6, 2012, Casey Lingan and Robert McClain, the Assistant Commonwealth's Attorneys, Matthew P. Dullaghan, the Assistant Attorney General, and Michele Brace, Counsel for the Defendant, appeared before this Court. ALFREDO R. PRIETO, the Defendant, stands convicted of the felonies of CAPITAL MURDER (COUNT I and COUNT II), and he was not present in the courtroom.

This case came before the Court this date for argument on the Defendant's motions to appoint co-counsel and for release of juror questionnaires. Counsel for the Defendant waived the Defendant's presence at this hearing.

The Court, after hearing argument, **granted** the Defendant's motion to appoint co-counsel. The Court **ORDERED** that Chris Leibig and Andrea Moseley, Attorneys at Law, be appointed as co-counsel to represent the Defendant in state habeas proceedings.

Counsel for the Defendant moved the Court to appoint Mr. Leibig *nunc pro tunc* to June 13, 2012, which motion the Court, after hearing argument, **denied** without prejudice.

The Court, after hearing argument, **granted** the Defendant's motion for release of juror questionnaires. The Court **ORDERED** that Counsel for the Defendant be granted access to the juror questionnaires which are present in the court's file in this case. The Court further **ORDERED** that Counsel for the Defendant may obtain copies of the questionnaires; however, the copies shall be maintained under seal by habeas counsel and shall all be returned to the Court and placed under seal when the habeas litigation is complete in state and federal court. Any juror contact information such as home address, email address(es), and telephone number(s), **shall not** be disclosed pursuant to this Order and remains under seal.

The Court entered the following **PROTECTIVE ORDER**:

RIB/ccs
FE-2005-1764

The Court **ORDERED** that the juror questionnaires and the information contained therein cannot be shared outside of the three (3) habeas co-counsel and their staff and that any pleading which includes information from the questionnaires shall be filed under seal. Any further disclosure of the juror questionnaires and/or the information contained therein to any other person(s) is prohibited without further order of a court of competent jurisdiction.

The Court further **ORDERED** that Counsel for the Defendant may discuss the juror questionnaires with previous counsel for the Defendant who have already seen the questionnaires.

The Court **ORDERED** that the Attorney General and the Commonwealth's Attorney's Office shall also have access to the questionnaires under the same conditions.

The Court **ORDERED** that all copies of the questionnaires be returned to the Circuit Court Clerk's Office at the conclusion of the habeas proceedings in any court and shall then be placed under seal.

Counsel were instructed to contact Pam Caussin in the Criminal Section of the Fairfax Circuit Court to make arrangements to inspect and/or request copies of the juror questionnaires contained in the file in this case.

Entered on August _____10_____, 2012.

_____
JUDGE RANDY I. BELLOWS

RIB/ccs
FE-2005-1764