## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| -v- | : | No. 4:08-CR-00016 |
| | : | |
| | : | CAPITAL § 2255 PROCEEDINGS |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | HON. REBECCA BEACH SMITH |
| | : | |

### Declaration of Michele J. Brace

1.  My name is Michele J. Brace. I am a resident of Washington D.C. and over the age of 18 years. This declaration is based on my personal knowledge.

2.  On February 24, 2015, I telephoned the clerk's office at the Newport News Division of the United States District Court for the Eastern District of Virginia. The person who answered the phone was a woman, but I did not note her name.

3.  I inquired generally about the location of the court record in the above-captioned matter, and particularly about the location of pleadings and trial exhibits. After checking the docket number, the woman who answered the telephone told me that the clerk's office at the Newport News Division has only the documents for this case that are available via ECF, and that the remainder of the record is located at the courthouse for the Norfolk Division of the United States District Court for the Eastern District of Virginia.

4.  On February 24, 2015, I also telephoned the clerk's office at the Norfolk Division of the United States District Court for the Eastern District of Virginia. I was transferred to Laura Debenne, who was identified as the case manager for the matter. She confirmed that the records and exhibits in this case are located at the courthouse in Norfolk.

1

5. I asked Ms. Debenne about access to the CD containing the questionnaires that were filled out by the prospective jurors. Ms. Debenne told me that if I want a copy of the CD containing the jury questionnaires, I must have a court order.

6. I next asked Ms. Debenne about access to the ECF documents that originally were filed ex parte and/or under seal. Ms. Debenne told me that if I want to review and copy any documents that were filed ex parte and/or under seal, I must have a court order.

7. Lastly, I asked Ms. Debenne about access to documents related to jury selection. She told me that I should direct all questions related to jury selection to Jerome Grate. I believe she identified Mr. Grate as the jury administrator.

8. On February 24, 2015, I called Mr. Grate and asked him about access to the strike lists that were made at trial, which show which party peremptorily struck which venire members, both for the seated jurors and for the alternates. Mr. Grate told me that the strike lists are part of the "court papers," and that if I want to review and copy the lists, I must have a court order.

9. I also asked Mr. Grate about the voter registration list and master jury wheel from which the venire was selected for Runyon's trial. I told him that I do not need those materials now, but might want them in the future. Mr. Grate told me that if I want these materials, I must have a court order.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 3, 2015.

_____
Michele J. Brace