IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:08cr16 |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE OF UNITED STATES TO DEFENDANT'S
MOTION FOR LIMITED UNSEALING AND FOR LEAVE TO REVIEW AND COPY
MATERIALS IN THE CUSTODY OF THE COURT

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and respectfully submits this response to the defendant, DAVID ANTHONY RUNYON's, Motion for Limited Unsealing of Record and for Leave to Review and Copy Materials in the Custody of the Court. ECF 415.

I.      Background

On December 4, 2009, pursuant to the jury's verdict and recommendation under the Federal Death Penalty Act, 18 U.S.C. § 3594, the defendant was sentenced to death.   On February 25, 2013, the defendant's conviction and sentenced were affirmed on direct appeal.   *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).   On October 6, 2014, the defendant's petition for a *writ of certiorari* was denied.   *Runyon v. United States*, No. 13-254 (Oct. 6, 2014).

On November 5, 2014, this Court appointed Michele J. Brace, of the Virginia Capital Representation Resource Center, to represent the defendant in filing a petition pursuant to Title 28, U.S.C. § 2255. ECF 411.

## II.    Discussion

The defendant has requested the following items; (1) the completed questionnaires submitted by all potential jurors prior to trial, (2) all the peremptory strikes made by all parties, (3) all sealed and ex parte documents filed in the case by any party. ECF 415.

In a supporting memorandum of law, the defendant notes that his new counsel needs all the information known to his trial counsel in order to investigate whether the defendant's trial counsel rendered ineffective assistance of counsel. ECF 416. The United States believes that the defendant is entitled to some, but not all, of the material requested.

### Juror Questionnaires

The United States does not object to the defendant's habeas counsel and her investigative team receiving a copy of the questionnaires of jurors who were brought into the court for voir dire proceedings.  The United States objects to habeas counsel obtaining the questionnaires from jurors who were either excused or were never called into the courtroom.  The United States believes this approach is reasonable. (See ECF 416, attachment, Order from the District Court, Southern District of Florida, *United States v. Daniel Troya*). Importantly, these questionnaires should continue to remain under seal, therefore, if it is determined that a questionnaire is needed as an exhibit in any future habeas pleading, such exhibit should be submitted under seal. Furthermore, counsel and her team should be ordered not to contact any juror or potential juror without further order of this Court.

### Peremptory Strike Lists

The United States is unaware of any "strike list" in the instant case. To the extent that papers may exist that depict the strikes of counsel, the United States does not object to habeas counsel obtaining a copy of these papers. If habeas counsel concludes that a claim of ineffective

2

assistance of counsel should be made regarding the strikes, counsel for defendant should be ordered to use the initials of jurors and not their full name.

Sealed Docket Entries

The United States does not object to defendant's habeas counsel obtaining all sealed documents filed by defendant's trial counsel. The United States objects to habeas counsel obtaining all other sealed documents in the case filed by other parties. In the instant motion and memorandum for release of materials, counsel argues for the release of all sealed and/or ex parte records both for Runyon and other defendants. ECF 416, pgs. 4-5. However, habeas counsel offers only that they "may show issues," and has not explained to the Court what kind of claim could be made in obtaining all sealed documents, even documents filed by other parties. The request for sealed documents not affecting the defendant and unknown to trial counsel are not necessary for forming any cognizable claim of ineffective assistance of counsel because trial counsel would not have known of such a document's existence. Release of any and all sealed documents would allow habeas counsel to go on a fishing expedition and the United States submits that without more, the Court should deny the request for all sealed documents in this case.

### III.    Conclusion

The defendant clearly has the right prepare and file a petition pursuant to Title 28, U.S.C. § 2255. The United States respectfully submits that the Court grant in part and deny in part defendant's requests for the reasons stated above. Furthermore, the United States respectfully requests that any Order, directing the release of material to habeas counsel, shall also direct that at the conclusion of the habeas litigation, all material released to counsel shall be returned to the Court and shall remain under seal.

Finally, should this Court grant the defendant's motion in any part, the United States

requests that the Attorneys for the United States also be granted access to the same materials as

habeas counsel.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:_____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Virginia Bar Number: 28652
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Lisa.McKeel@usdoj.gov

By:_____/s/_____
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Brian.Samuels@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Response was filed electronically using the CM/ECF system, and also sent by electronic mail, on this 31st day of March 2015, which will provide notification to:

Michele J. Brace
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, Virginia 22903
E-mail:   mbrace@mindsort.com

_____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Virginia Bar Number: 28652
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Lisa.McKeel@usdoj.gov
