**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 4:08-CR-00016 |
| -v- | : | |
| | : | CAPITAL § 2255 PROCEEDINGS |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | HON. REBECCA BEACH SMITH |
| | : | |

**DEFENDANT'S REBUTTAL BRIEF IN SUPPORT OF MOTION FOR
LIMITED UNSEALING AND FOR LEAVE TO REVIEW AND
COPY MATERIALS IN THE CUSTODY OF THE COURT**

David Runyon, by counsel, moved for limited unsealing of the record so he can review and copy certain materials in the Court's custody. In this rebuttal brief, Runyon refutes the United States' request that the Court deny or truncate his access to some of these materials.

*Juror Questionnaires*

The United States does not want Runyon's counsel to have access to the questionnaires of prospective jurors "who were either excused or were never called into the courtroom." Resp. at 2, ECF No. 418. The United States offers no rationale for this limitation. It simply points to the Order of the United States District Court for the Southern District of Florida in *United States v. Troya*, which did not release the questionnaires of venire members "who were either excused by mutual consent of the parties" or "were never called into the courtroom." ECF No. 416, attachment. But a quick review of the *Troya* record on PACER shows that the court issued a limited Order because the parties already had made a case-specific determination that the "[j]uror [q]uestionnaires completed by those two categories of prospective jurors are not necessary for the purposes of direct appeal proceedings." Ex. 1 (*Troya* order to show cause and joint response). That may have been a reasonable position for Troya's counsel to take at the time, because a

1

defendant generally cannot raise claims of ineffective assistance of counsel in his direct appeal. *But see* Order of the United States District Court for the Eastern District of Virginia in *United States v. Torrez* (allowing direct appeal counsel to review and copy "all of the jury questionnaires that were completed in this case"). ECF No. 416, attachment.

Runyon is not on direct appeal. As his motion stated plainly, postconviction counsel needs access to *all* of the questionnaires in order to determine, for example, whether trial counsel unreasonably failed to challenge compliance with the jury selection procedures under 28 U.S.C. § 1861 et seq. and this Court's Plan for the Random Selection of Grand and Petit Jurors. Runyon's motion further provided a concrete example of how information in juror questionnaires can lead to the discovery of this kind of error. Pet. Mem. at 2, n.2, ECF No. 416. The United States' response ignores postconviction counsel's need to investigate such claims.

Postconviction counsel is well aware of Local Civil Rules 47(A) and 47(C) and Local Criminal Rules 24(A) and 24(C) regarding communications with jurors, and she is acting accordingly. No additional order regarding juror communications is necessary.

Runyon has already agreed that the questionnaires should remain under seal, and his motion proposes procedures for protecting their confidentiality. Pet. Mem. at ¶4, ECF No. 416.

### *Peremptory Strike Lists*

The United States does not object to Runyon's request for information about the peremptory strikes, but it suggests that the Court should order Runyon to identify the potential jurors by initials rather than by name in any claim he makes regarding these strikes. But prospective jurors' full names were not shielded at trial, and the United States identifies no special circumstance that would require a different result now. *See* Pet. Mem. at ¶6, ECF No. 416. Court opinions commonly identify venire members by their full names when discussing

2

claims arising under *Batson v. Kentucky,* 476 U.S. 79 (1986). In *United States v. Allen*, 666 F.Supp. 847 (E.D. Va. 1987), for example, Judge Hoffman prefaced his discussion of the *Batson* claims by publishing the full name, race, and striking party for every one of the 29 potential jurors who participated in jury selection. *Id.* at 849-50. *See also Miller-El v. Dretke*, 545 U.S. 231 (2005) (noting prosecution's strikes of black venire members Billy Jean Fields and Joe Warren, and discussing—person by person—the government's failures to strike similarly situated nonblack venire members Sandra Hearn, Mary Witt, Fernando Gutierrez, Kevin Duke, Sandra Jenkins, Leta Girard, Janice Mackey, Paul Bailey, Anna Keaton, Cheryl Davis, Chatta Nix, Noad Vickery, Marie Mazza, Ronald Salsini, Filemon Sablan, Colleen Moses, Max O'Dell, Edwin Rand, Wayman Kennedy, Roderick Bozeman, and Carroll Boggess).

### *Sealed Docket Entries*

Runyon's motion asked for the right to review and copy "all documents filed ex parte or under seal." Pet. Mem. at 1, ECF No. 416. All three defendants' convictions are now final, and the United States reasonably expresses no objection to the release of documents filed ex parte.

The United States takes a different position regarding documents filed under seal. It asks the Court to give Runyon access only to those sealed documents that were filed by his own attorneys. But criminal trials are public, and sealing documents is an exception to the presumption of public access. The United States makes no particularized showing that it—or anyone else—would be harmed by the limited unsealing that Runyon requests. The normal reasons for placing documents under seal—such as maintaining the secrecy of an ongoing investigation or not revealing trial strategy—have dissipated.

This Court should be guided by the Order in *Torrez*, *supra*, where the United States District Court for the Eastern District of Virginia granted access to all of the sealed documents

3

based on the defendant's representation that they "include highly relevant and potentially critical records for purposes of Mr. Torrez's appeal, including motions, court orders, a competency evaluation ordered by the court, the Pre-Sentence Report, and the court's statement of reasons." ECF No. 416, attachment.

The documents Runyon wants to review and copy are equally relevant and potentially critical to his postconviction proceedings. Contrary to the United States' suggestion, there are numerous kinds of cognizable claims that Runyon might raise based on sealed documents filed by other parties or by the Court.[1] Sealed documents filed by the United States, for example, might reveal a previously undisclosed exculpatory or impeaching fact that, with further investigation, could lead to claims of prosecutorial misconduct under *Brady v. Maryland*, 373 U.S. 83 (1963). A sealed pleading filed by the United States with respect to one of the co-defendants might be factually inconsistent with the position the United States asserted at Runyon's trial, and this disjunct could provide the initial basis for a claim under *Giglio v. United States*, 405 U.S. 150 (1972). Sealed pleadings filed by one of Runyon's two co-defendants could support a claim of ineffective assistance of counsel if the pleading is based on a factual or legal issue that Runyon's attorneys should have recognized and pursued, but did not. Sealed court orders providing particular resources or benefits to a co-defendant also could support a claim of ineffective assistance if trial counsel unreasonably failed to seek analogous resources or benefits.

*Conclusion*

In its Conclusion, the United States asks the Court to direct Runyon's counsel to return to the Court "at the conclusion of the habeas litigation" all material released to her. Resp. at 3, ECF

---

[1] Identifying the specific contents of the sealed documents in this case would require more clairvoyance than postconviction counsel possesses. The only information available to counsel about most of those documents is the absence of information: the public docket contains neither their docket numbers, nor a description of their nature and contents, nor the identity of the filer.

No. 418. Postconviction counsel does not object, subject to two understandings. First, the habeas litigation encompasses not only the collateral proceedings in this Court, but also any review in the court of appeals and the United States Supreme Court. Runyon must have the continuing ability to use the released information to support his claims on appeal, or to defend against an appeal by the United States. Second, the obligation to maintain documents under seal and return them to the Court applies only to materials that are properly under seal in the first instance. It is Runyon's position that the peremptory strike list is not properly under seal and is part of the public record. Pet. Mem. at ¶6, ECF No. 416. If the Court includes the strike list in an Order of materials to keep confidential and return, Runyon's counsel naturally will follow that instruction.

The Attorneys for the United States also request in their Conclusion that they be granted access to the same materials as Runyon's habeas counsel. Runyon does not object in principle, but suggests that this request is premature until Runyon files his motion for postconviction relief.

Respectfully Submitted,


_____/S/_____
Michele J. Brace
Virginia State Bar No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com


Dated: April 3, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2015, I have electronically filed the foregoing Rebuttal Brief in Support of Defendant's Motion for Leave To Review and Copy Materials in the Custody of the Court with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Lisa.McKeel@usdoj.gov

          /S/_____

Michele J. Brace
Virginia State Bar No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*