UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division


UNITED STATES OF AMERICA,


v.                                    Criminal No. 4:08cr16-3


DAVID ANTHONY RUNYON,

        Defendant.

MEMORANDUM ORDER

This matter comes before the court on the "Defendant's Motion for Clarification of Procedure Related to Documents Under Seal" ("Motion"), filed on April 16, 2015. ECF No. 425. For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

On October 9, 2014, the Defendant filed a "Motion to Appoint Counsel for Proceedings Pursuant to 28 U.S.C. § 2255" ("Motion for Counsel"), ECF No. 405, and an accompanying Memorandum in Support, ECF No. 406,[1] requesting that the court recognize and continue the appointment of Teresa L. Norris, who had represented the Defendant on his direct appeal before the

_____

[1] The Motion for Counsel and Memorandum in Support were signed and submitted by Teresa L. Norris, Seth C. Farber, and Thomas M. Buchanan. Neither Ms. Norris nor Mr. Farber are admitted to practice as members of the bar of this court. Accordingly, Mr. Buchanan endorsed and filed the Motion for Counsel and Memorandum in Support "for the limited purpose of the proceedings to appoint counsel." See Mot. Counsel at 1 n.1.

Court of Appeals for the Fourth Circuit and before the United States Supreme Court,[2] and additionally that the court appoint Michele J. Brace, of the Virginia Capital Representation Resource Center, to represent him in pursuing all available post-conviction relief. By Memorandum Order of November 5, 2014, the court appointed Michele Brace as collateral review ("habeas") counsel for the Defendant. See ECF No. 410. In that Memorandum Order, the court expressly declined to appoint Ms. Norris, recognizing the possibility that the Defendant "may well raise issues of the ineffective assistance of appellate counsel, in which case, the continued appointment of appellate counsel Ms. Norris would be inappropriate, as Ms. Norris cannot be expected to raise her own ineffective assistance of counsel claims, if such exist." Id. at 11.[3]

Thereafter, by Memorandum Order of April 7, 2015, ECF No. 422, the court granted Ms. Brace access to copies of all completed juror questionnaires, id. at 3, peremptory strike lists, id. at 4, and the docket entries filed under seal or ex parte in the Defendant's case and on his behalf. Id. at 7. The court directed that the documents be treated as originally filed

---

[2] The Supreme Court denied the Defendant's Petition for a Writ of Certiorari on October 6, 2014. See United States v. Runyon, 135 S. Ct. 46 (2014).

[3] The court thoroughly addressed its reasons for this decision. See Nov. 5, 2014, Mem. Order at 10-12 and n.6.

under seal or ex parte. See id. at 3-7. By Supplemental Order of April 13, 2015, the court attached, as sealed exhibits, the peremptory strike lists maintained under seal by the Clerk. ECF No. 423. The court again directed that the peremptory strike lists remain under seal. See id. at 2.

In the instant Motion, Ms. Brace requests that she be permitted to provide the Defendant's ex parte and/or sealed documents and copies of the juror questionnaires and peremptory strike lists, "to pro bono counsel for use by him[4] and by any attorney/paralegal/support staff working with him on the matter who has need for such access." Mot. at 1. Ms. Brace states that all such individuals "would be bound by the terms of the Court's order, including the important requirement of keeping and maintaining the documents under seal." Id. Further, Ms. Brace asserts that "[a]n inability to share the documents with pro bono counsel would be a significant hardship," id., and that "[o]ther than Attorney Brace, no lawyer or nonlegal staff member at the Virginia Capital Representation Resource Center has been — or will be — available to work on Runyon's case." Id. at 2 n.1.[5]

---

[4] Ms. Brace does not identify the "him" in the Motion, but the court presumes that counsel means to refer to Seth Farber, who is named in the Proposed Order appended to the instant Motion. See ECF No. 425-1.

[5] See infra note 12.

As an initial matter, the court has appointed no pro bono counsel in this case.[6] The court presumes that the "pro bono counsel" to which Ms. Brace refers is Seth Farber, one of the Defendant's direct appeal counsel.[7] The court never recognized, nor would the court recognize, the appointment of Mr. Farber, for the same reasons stated in the court's Memorandum Order as to why Ms. Norris would be inappropriate collateral review counsel.[8]

In the Defendant's Proposed Order appended to the instant Motion, ECF No. 425-1, Ms. Brace writes that the court "declined to appoint co-counsel at that juncture, noting that one of the Defendant's direct appeal counsel, Seth Farber, was 'prepared to provide pro bono assistance should appointed counsel and the Defendant so desire.'" Id. at 1.[9] The foregoing quote is from the

---

[6] See infra note 9 and accompanying text.

[7] See supra note 4.

[8] See Nov. 5, 2014, Mem. Order at 10-12 and n.6; infra note 9.

[9] Importantly, the issue of appointment of counsel is not for Ms. Brace and/or the Defendant to decide. Appointment of counsel is for the court to decide. As the United States Supreme Court has more recently reaffirmed, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006) (citing Wheat v. United States, 486 U.S. 153, 159 (1988); Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624, 626 (1989)). Further, "[n]or may a defendant insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation." 548 U.S. at 151-52 (citing Wheat, 486 U.S. at

4

Memorandum in Support of the Motion for Counsel, written and submitted by Ms. Norris, Mr. Farber, and Mr. Buchanan, which the court denied to the extent it sought the appointment of Ms. Norris.[10] In drafting the current Proposed Order, Ms. Brace has taken out of context, and has either misconstrued or manipulated, the court's recitation of "[t]he Defendant notes that his second appellate counsel, Mr. Farber, is not requesting continued appointment, although he is prepared to provide pro bono assistance should appointed counsel and the Defendant so desire. Mem. at 1 n.1." Nov. 5, 2014, Mem. Order at 4 (emphasis added). As evidenced by the court's citation, this statement actually comes from the Defendant's Memorandum in Support of the Motion for Counsel, not any recognition by

---

159-60). Moreover, "[t]he court has . . . an 'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'" 548 U.S. at 152 (quoting Wheat, 486 U.S. at 160). In the case at bar, this court has fully stated its reasons for the appointment, or non-appointment, of counsel, as well as the grounds for any further appointment of counsel in this habeas litigation. See supra note 3 and accompanying text; infra note 12.

[10] In full, Ms. Norris, Mr. Farber, and Mr. Buchanan wrote: "Mr. Runyon's second appellate appointed counsel, Seth C. Farber, is not a member of the Bar of this Court and does not seek continued appointment or payment from this Court. He advises the Court, however, that he is prepared to provide assistance pro bono, should that be desired by appointed counsel and by Mr. Runyon." Mem. Supp. Mot. Counsel at 1 n.1 (emphasis added). Clearly, this submission did not seek the appointment of Mr. Farber, and, accordingly, the court did not rule on such issue.

the court of Mr. Farber as counsel, pro bono or otherwise. Moreover, the quotation comes from Part I of the November 5, 2014, Memorandum Order, in which the court was reciting the factual and procedural history of the case to date, and in which the court made no legal determinations. See id. In no way should this sentence from the Defendant's Memorandum in Support of the Motion for Counsel, as recited by the court, be read as the court's acquiescence to, or approval of, Mr. Farber's appointment as habeas counsel, pro bono or otherwise. Ms. Brace should not attempt to take the court's recitation of Ms. Norris, Mr. Farber, and Mr. Buchanan's assertions out of context in an effort to "sidestep" the court's ruling of November 5, 2014.

For the reasons stated herein, Ms. Brace's request to share any sealed or ex parte material with Mr. Farber is **DENIED**.[11] However, to the extent Ms. Brace seeks to share the documents with her legal colleagues and support staff at the Virginia Capital Representation Resource Center, the Motion is **GRANTED**. Ms. Brace is reminded of her responsibility as postconviction counsel of record, to ensure that any of her legal colleagues or support staff granted access to the sealed or ex parte documents

---

[11] Mr. Farber may certainly have been privy to some, or all, of these materials as appellate counsel for the Defendant. However, Ms. Brace as habeas counsel may not share or discuss them with him.

maintain the documents under seal or ex parte, pursuant to the Order of this court. See Apr. 7, 2015, Mem. Order at 3-7. Further, Ms. Brace is permitted to provide the documents to any other habeas counsel of record appointed by the court.[12]

The Clerk shall forward a copy of this Memorandum Order to Ms. Brace and to the United States Attorney at Newport News.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

May 8, 2015

---

[12] In its Memorandum Order of November 5, 2014, the court stated that the Defendant may move for the appointment of an additional qualified attorney upon a motion filed by Ms. Brace, "[t]o the extent that circumstances arise in the future to warrant the appointment of an additional attorney." Nov. 5, 2014, Mem. Order at 12. To date, Mr. Brace has not done so. See supra note 9.

7