**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | No. 4:08-CR-00016 |
| -v- | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | HON. REBECCA BEACH SMITH |
| | : | |

### MOTION FOR EXPEDITED RESPONSE

Movant DAVID ANTHONY RUNYON has this day moved the court to appoint co-counsel to represent him in seeking post-conviction relief pursuant to 28 U.S.C. § 2255. ECF No. 432. Prior to filing that motion, Runyon's counsel consulted with opposing counsel to ask if they would consent. The United States took no position, but indicated that it would file an appropriate response if warranted or directed by the court.

Runyon previously moved for the appointment of post-conviction counsel on October 9, 2014. ECF No. 405. The United States responded to that motion by stating that it "takes no position on which attorney and how many the court should appoint," ECF No. 407 at 5, but it did not file this response until October 22, 2014, which was 13 days after Runyon's motion. That response date appears to have been beyond the 11 days allowed to respond to a motion under Local Civil Rule 7(F) or Local Criminal Rule 12(A). But even if the response was timely, its effect was to delay the appointment of counsel for Runyon by nearly two weeks, for no reason that postconviction counsel can discern.

With respect to his current motion for co-counsel, Runyon questions whether the United

1

States has standing to participate in a decision regarding the identity or number of attorneys the Court may appoint to represent the party that is adverse to the United States. *See generally* Va. Code § 19.2-163.7 ("The Attorney General shall have no standing to object to the appointment of [postconviction] counsel for the petitioner [in a capital case]"); *Cf. Matter of S.L.*, 349 N.W.2d 428 (S.D. 1984) ("L.B. has no standing to object to the failure of the trial court to appoint legal counsel for another party"). But if counsel for the United States feel it is appropriate to respond or if the Court directs them to do so, Runyon asks the Court to instruct the United States to file its response not later than three business days after the filing of Runyon's motion for appointment of co-counsel.

As Runyon noted repeatedly in his motion for co-counsel, his need for a second attorney is pressing in light of the statute of limitations and the work that remains to be done. Because allowing up to two weeks for a response from opposing counsel can further delay the appointment of co-counsel, it is appropriate for the Court to limit the time for filing such a response. Three days is a reasonable amount of time.

Respectfully Submitted,

_____/S/_____

Michele J. Brace
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
(434) 817-2970
mbrace@mindsort.com

Dated: May 20, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2015, I have electronically filed the foregoing Motion for Appointment of Co-Counsel with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Lisa.McKeel@usdoj.gov

_____/S/_____
Michele J. Brace, VSB # 36748
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
(434) 817-2970
mbrace@mindsort.com