UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 4:08cr16-3

DAVID ANTHONY RUNYON,

          Defendant.

ORDER

This matter comes before the court on the Defendant's Motion for Appointment of Co-Counsel ("Motion"), filed through court-appointed counsel on May 20, 2015. ECF No. 432.[1] For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

By Memorandum Order of November 5, 2014, the court appointed Ms. Michele Brace of the Virginia Capital Representation Resource Center as habeas counsel, pursuant to 18 U.S.C. § 3599, to represent the Defendant on collateral review in this court. ECF No. 410. At that juncture, the court declined

---

[1] Also on May 20, 2015, Ms. Brace filed a Motion for Expedited Response, in which she asserts that she "consulted with opposing counsel to ask if they would consent" to the Defendant's Motion for Appointment of Co-Counsel. ECF No. 434. "The United States took no position, but indicated that it would file an appropriate response if warranted or directed by the court." Id. The court is prepared to rule on the Defendant's Motion for Appointment of Co-Counsel without a response from the United States. Accordingly, the court **DISMISSES** the Motion for Expedited Response as **MOOT**.

to appoint a second attorney, because "no unusual or extraordinary issues for collateral review have been even mentioned . . . other than the obvious magnitude of the heightened punishment in a death penalty case." Id. at 8. However, the court expressly stated that it would "entertain a motion for appointment of a second attorney, should the case so warrant as the collateral review process goes forward." Id. at 8-9. The court further stated that "[t]o the extent that circumstances arise in the future to warrant the appointment of an additional attorney, and upon a motion filed by Ms. Brace, this court will consider the subsequent appointment of a second qualified attorney for collateral review proceedings in this court." Id. at 12.

By Memorandum Order of April 7, 2015, the court granted Ms. Brace access to copies of all completed juror questionnaires, peremptory strike lists, and the docket entries filed under seal or ex parte in the Defendant's case and on his behalf. ECF No. 422. Thereafter, by Memorandum Order of May 8, 2015, the court clarified that Ms. Brace could share the sealed and ex parte material with her legal colleagues and support staff at the Virginia Capital Representation Resource Center, and "any other habeas counsel of record appointed by the court." May 8, 2015, Mem. Order at 6-7, ECF No. 426 (emphasis in original). In that same Memorandum Order, the court reminded

2

Ms. Brace of its willingness to consider a motion for the appointment of an additional qualified attorney. See id. at 7 n.12.

In the instant Motion, Ms. Brace requests that the court appoint the Federal Defender Service of Eastern Tennessee, Inc. ("FDSET") and Ms. Dana Hansen Chavis, supervisor of FDSET's capital habeas unit, as co-counsel. Mot. at 1. Ms. Brace asserts that the nature of the work that remains in the case, including review of voluminous discovery and investigatory work, in addition to drafting the Defendant's habeas petition, exceeds her capacity. Mem. Supp. Mot. at 1-7. Specifically, Ms. Brace states that an experienced postconviction co-counsel would assist with the following tasks:

> [S]potting facts that give rise to the right kinds of issues in the record; planning and supervising the necessary and extensive investigations so they are appropriately targeted and stay within the scope of what can be considered and reviewed in collateral proceedings; drafting discovery requests and reviewing the discovery production; obtaining public and private records from a wide variety of sources; identifying important facts or legal issues that trial counsel unreasonably overlooked or ignored; and identifying, vetting, and working with potential experts.

Id. at 4. Ms. Brace further argues that "the limited time available is directly related to the need for co-counsel who is highly experienced in capital habeas litigation — someone who can jump into all aspects [sic] capital habeas litigation

3

without overcoming a learning curve, and who can begin work immediately." Id. at 7.

Ms. Brace asserts that FDSET, "which is a Federal Community Defender Organization established under 18 U.S.C. §§ 3006A(a) and 3006A(g)(2)(B), is both available and prepared to represent Runyon immediately as Brace's co-counsel," and that "its current availability will be critical to getting a comprehensive § 2255 motion filed within the statute of limitations period." Id. at 7-8. Ms. Brace further states that "the chief judges of both the Fourth Circuit and the Sixth Circuit were given notice, and neither objected to the proposed out-of-district appointment in this case." Id. at 8.

Ms. Brace specifically requests that the court appoint Ms. Dana Hansen Chavis, who is the supervising attorney of FDSET's specialized capital habeas unit. Id. Ms. Chavis "not only has extensive experience representing death-sentenced prisoners in collateral proceedings in state and federal courts, but also has skill in planning and supervising investigations." Id.[2] Further, "Chavis is prepared to work personally and immediately on Runyon's case." Id. (emphasis added). Finally, Ms. Brace asserts that neither Ms. Chavis nor FDSET would seek payment from this court "for any staff member's time or expenses on this case, or for any other related services that they

---

[2] See Chavis Resume, ECF No. 433-1.

4

obtain." Id. at 9. Although Ms. Chavis "is not currently a member of the Virginia Bar," Ms. Brace "has assembled the necessary paperwork and is prepared to petition for Chavis' admission pro hac vice immediately, should the Court enter an order granting Chavis' appointment." Id.[3]

Ms. Brace has asserted sufficient circumstances at this time to warrant the appointment of an additional attorney. Accordingly, the court will appoint a second qualified habeas attorney to assist with the Defendant's postconviction proceedings.

The Motion further requests that the court appoint both FDSET and Ms. Chavis. The court does not appoint organizations to represent individual criminal defendants; rather, the court appoints individual attorneys to represent individual defendants.[4] Therefore, to the extent the Motion seeks the appointment of FDSET, the Motion is **DENIED**. However, to the extent the Motion seeks the appointment of Ms. Chavis, the

---

[3] It appears that Ms. Chavis has the following bar admissions: the United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Tennessee, the United States District Court for the Middle District of Tennessee, the United States District Court for the Northern District of Ohio, the Tennessee State Bar, the Florida State Bar, and the New York State Bar. See Chavis Resume at 1.

[4] In criminal cases, a specific attorney from the Federal Public Defender's Office is appointed, not all of the attorneys in the office.

5

Motion is **GRANTED**. The court hereby appoints Ms. Dana Hansen Chavis as habeas co-counsel, pursuant to 18 U.S.C. § 3599, to represent the Defendant on collateral review in this court, subject to her admission to practice pro hac vice.[5] Ms. Chavis is permitted to work on the Defendant's case with her legal colleagues and support staff at FDSET, as is Ms. Brace, provided that she ensures that any of her legal colleagues or support staff granted access to any sealed or ex parte documents maintain the documents under seal or ex parte. See May 8, 2015, Mem. Order at 6-7.[6] Moreover, Ms. Chavis is obviously required to abide by all court orders entered in this case — past, present, and future.

The Clerk shall forward a copy of this Memorandum Order to Ms. Brace, to Ms. Chavis, and to the United States Attorney at Newport News.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

_____
REBECCA BEACH SMITH
CHIEF JUDGE

May 22, 2015

_____

[5] Ms. Brace is directed to promptly move for the pro hac vice admission of Ms. Chavis. See supra note 3 and accompanying text.

[6] As noted in the court's Memorandum Order of May 8, 2015, Ms. Brace is likewise permitted to share any sealed or ex parte material with her legal colleagues and support staff at the Virginia Capital Representation Resource Center, with the same conditions. May 8, 2015, Mem. Order at 6-7.