UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                          CRIMINAL NO. 4:08cr16

DAVID ANTHONY RUNYON,
        Defendant.

<u>MEMORANDUM ORDER</u>

This matter comes before the Court on the unopposed motion of defendant DAVID ANTHONY RUNYON concerning the questionnaires completed by prospective jurors. The Court previously granted Mr. Runyon's motion for a copy of all juror questionnaires. ECF No. 422 at 3. At that time, the Court had appointed only one attorney, Ms. Brace, to represent Mr. Runyon. Ms. Brace states that she received two sealed cartons containing, in aggregate, one set of questionnaires, and that she signed an Acknowledgment of Receipt stating that she would not make any copy of the questionnaires--paper, electronic, or otherwise. ECF No. 431-1.

The Court subsequently appointed Ms. Chavis as co-counsel for Mr. Runyon. ECF No. 435. Ms. Brace states that Mr. Runyon's counsel are investigating potential claims that require access to information in the juror questionnaires. She further represents that Ms. Brace and Ms. Chavis each needs unimpeded access to those materials even though they are in different

1

states. For that reason, Ms. Brace asks the Court to allow her to make a copy of the juror questionnaires for use by Ms. Chavis. Ms. Brace and Ms. Chavis agree to comply with all of the other provisions the Court has ordered for these questionnaires, including keeping these materials under seal and returning all copies to the Court at the conclusion of all habeas litigation.

Based on the grounds stated by the defendant in his motion and for good cause shown, the Court hereby GRANTS this part of the defendant's motion; and it is hereby ORDERED that Ms. Brace may make one copy of each of the juror questionnaires and provide those copies to Ms. Chavis. All other conditions that the Court has imposed regarding the copying, maintenance, use, and return of the questionnaires remain in place and are binding on both Ms. Brace and Ms. Chavis.

Ms. Brace also represents that although the Clerk certified that she provided Ms. Brace with 243 juror questionnaires, ECF No. 431, the two sealed cartons Ms. Brace received contained a total of only 231 questionnaires, which ranged in number from 1 to 256. Ms. Brace has reported the numbers of the prospective jurors whose questionnaires she received and those for whom she received no questionnaire. Because of the discrepancy in numbers, Ms. Brace asks the Court to direct the Clerk to provide an accounting of the juror questionnaires, to reconcile the Court's records with the information Ms. Brace has provided

identifying the questionnaires she received and those she did not receive, and to provide Ms. Brace with any and all of the questionnaires that she should have received, but did not.

Based on the representations of the defendant's counsel and for good cause shown, the Court hereby GRANTS this part of the defendant's motion, and it is hereby ORDERED that the Clerk shall provide the Court with an accounting that identifies by juror number each of the completed questionnaires in the Court's possession. It is further ORDERED that the Clerk shall compare that accounting with the information provided by the defendant and shall identify to the Court the questionnaires that should have been provided to Ms. Brace but were not. And it is further ORDERED that the Clerk shall then provide Ms. Brace with a copy of each questionnaire that previously should have been provided to her but was not. It is further ORDERED that Ms. Brace shall provide the Clerk with a Federal Express account number, and that the Clerk shall send the missing questionnaires to Ms. Brace using shipping instructions that require tracking and that require Ms. Brace to sign for their receipt.

IT IS SO ORDERED.

_____
Rebecca Beach Smith
United States District Judge

July __, 2015

3