**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| -v- | : | CAPITAL § 2255 PROCEEDINGS |
| | : | |
| DAVID ANTHONY RUNYON, | : | HON. REBECCA BEACH SMITH |
| Defendant/Movant | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S UNOPPOSED
MOTION TO COPY JUROR QUESTIONNAIRES FOR USE BY CO-COUNSEL,
AND FOR AN ACCOUNTING AND PRODUCTION OF
MISSING JUROR QUESTIONNAIRES**

Defendant/movant David Runyon, by counsel, hereby seeks the Court's assistance with respect to two issues concerning the questionnaires completed by potential jurors at his trial.

**A.  Request to Make a Copy of the Juror Questionnaires**

In its Order of May 22, 2015, the Court appointed Dana Chavis of the Federal Defender Service of Eastern Tennessee, Inc., as co-counsel for David Runyon. ECF No. 435. The Order noted that the Court had previously granted Attorney Brace access to copies of all completed juror questionnaires as well as documents that were filed under seal or ex parte. It further stated that Attorney Brace could provide the sealed and ex parte documents to Chavis, and that Chavis could share these materials with her legal colleagues and support staff so long as she ensures that they are maintained under seal or ex parte. ECF No. 435 at 6. The Order was silent on the sharing of juror questionnaires.

When Brace appeared at the courthouse in Norfolk on April 17, 2015, she received two sealed cartons containing, in aggregate, a single set of juror questionnaires. Brace signed an Acknowledgment of Receipt for the questionnaires, which included the statement "I further

1

understand that no copies—paper, electronic, or otherwise—are to be made of these materials." ECF No. 431-1. The terms of the Acknowledgment of Receipt were not modified in ECF No. 435. As a result, Brace's best understanding is that she may share her single set of juror questionnaires with co-counsel in Tennessee, but she cannot make a copy of the questionnaires so that both Virginia and Tennessee counsel are able to work with those documents.

Runyon's counsel are investigating several potential claims that require access to information in the juror questionnaires. For this purpose, it is necessary that both Brace and Chavis have unimpeded access to those materials. Consequently, Brace asks the Court to allow her to make a copy of the juror questionnaires for use by Chavis and her staff. Brace and Chavis agree to comply with all of the other provisions the Court has ordered for these questionnaires, including keeping these materials under seal and returning all copies to the Court at the conclusion of all habeas litigation.

Brace has consulted with counsel for the United States and is authorized to represent that the United States does not object to this request, so long as the questionnaires are provided to co-counsel under the same restrictions that they were provided previously to Runyon's counsel and to the United States.

### B. Request for an Accounting and for Production of Missing Juror Questionnaires

In its Order of April 7, 2015, the Court directed the Clerk "to release copies of the questionnaires of <u>all</u> the prospective jurors who completed a questionnaire, to counsel for the Defendant and to the United States Attorney at Newport News." ECF No. 422 at 3 (emphasis in original). The Deputy Clerk provided Brace with two cartons of questionnaires and certified "that the attached two hundred forty-three (243) juror questionnaires are exact copies of the original questionnaires submitted in this case." ECF 431. Brace signed the Acknowledgment of

Receipt, which said, "I have received copies of the original two hundred forty-three (243) completed juror screening questionnaires in this case, as certified by the Clerk." ECF 431-1.

It now turns out that there are discrepancies in the numbers. The Clerk certified that she provided 243 juror questionnaires, but the two cartons of questionnaires that Brace received contained a total of only 231 questionnaires, ranging in number from 1 to 256. This is 12 fewer than the Clerk certified.[1] The cartons Brace received did not contain questionnaires for the 25 prospective jurors with the following numbers: 9, 21, 47, 56, 58, 83, 94, 99, 136, 138, 139, 142, 143, 144, 145, 148, 153, 154, 158, 159, 161, 180, 200, 219, 246. If there were prospective jurors with numbers higher than 256, Brace also did not receive questionnaires for them. It is possible that some of these 25 (or more) prospective jurors did not fill out juror questionnaires, and that is why they were not provided by the Court. But that still leaves no accounting for the fact that Brace received 12 fewer questionnaires than the number stated in the Clerk's certificate. Moreover, at least some of these 25 (or more) prospective jurors must have completed questionnaires and been qualified in voir dire because their juror numbers appear on a sealed strike list.[2]

This is not a question of blame, but it calls for an accounting in order to ensure that Brace

---

[1] Brace received questionnaires from prospective jurors with the following numbers: 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 137, 140, 141, 146, 147, 149, 150, 151, 152, 155, 156, 157, 160, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256.

[2] Of the 25 (or more) prospective jurors for whom Brace did not receive a questionnaire, numbers 136, 138, 139, 143, 144, and 159 are reported on Strike List B. ECF No. 424-1.

has received all of the materials that she was entitled to receive. As a result, Brace asks the Court to direct the Clerk (i) to provide an accounting to the Court of the juror questionnaires, (ii) to reconcile the Court's records with the information provided here regarding the questionnaires that Brace received or did not receive, and (iii) to provide Runyon's counsel with any and all of the questionnaires that were not provided previously.

Because of the distance and expense of travel to Norfolk, Brace suggests that the terms of the Acknowledgment of Receipt she previously signed should extend to all additional questionnaires that are sent to her under authority of this Order, and that it should not be necessary for her to travel again in person to the courthouse to obtain the additional questionnaires. Brace can provide the Clerk with a Federal Express account number so these materials can be shipped in a manner that not only includes tracking, but also will require Brace to sign for their receipt.

Brace advised counsel for the United States that there appear to be questionnaires missing from the materials she received from the Court, and she suggested that counsel for the United States conduct an independent examination of the documents he received. Brace is authorized to represent that counsel for the United States does not object to Brace's request for copies of any juror questionnaires that she should have been given, but was not. Brace similarly does not object to the United States receiving copies of any questionnaires that it should have received, but did not.

**CONCLUSION**

For the foregoing reasons, Runyon respectfully requests that the Court issue an order allowing Brace to make a copy of the juror questionnaires and provide them to co-counsel. Runyon further asks the Court to direct the Clerk to provide an accounting to the Court of the

juror questionnaires, to reconcile the Court's records with the information Brace has provided identifying the questionnaires she received or did not receive, and to provide Brace with any and all of the questionnaires that were not previously provided to her.

Brace suggests that the Acknowledgment of Receipt she previously signed by Ms. Brace shall extend to all additional questionnaires that are sent to her under authority of this Order, and it shall not be necessary for her to travel again in person to the courthouse to obtain the additional questionnaires.

A proposed order accompanies this application.

Respectfully Submitted,

_____/S/_____

Michele J. Brace
Virginia State Bar No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Henson Chavis
Federal Defender Services of
 Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: July 13, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2015, I have electronically filed the foregoing Memorandum in Support of Defendant's Unopposed Motion to Copy Juror Questionnaires for Use by Co-Counsel, and for an Accounting and Production of Missing Juror Questionnaires, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels                                 Lisa Rae McKeel
U.S. Attorney's Office                           U.S. Attorney's Office
Fountain Plaza Three                             Fountain Plaza Three
721 Lakefront Commons, Suite 300                 721 Lakefront Commons Suite 300
Newport News, VA 23606                           Newport News, VA 23606
(757) 591-4032                                   (757) 591-4040
Brian.Samuels@usdoj.gov                          Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
JZick@usa.doj.gov

                                     _____/S/_____

Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*

6