UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF America,

v.                                    Criminal No. 4:08cr16-3

DAVID ANTHONY RUNYON,

            Defendant.

## ORDER

This matter comes before the court on the "Defendant's Unopposed Motion to Copy Juror Questionnaires for Use by Co-Counsel, and for an Accounting and Production of Missing Juror Questionnaires" ("Motion"), and Memorandum in Support, filed on July 13, 2015. ECF Nos. 442, 443. In the Motion, the Defendant's counsel requests the court's permission to make a copy of the juror questionnaires to submit to co-counsel, and an accounting of the juror questionnaires in this case.

### Request to Copy Juror Questionnaires

By Memorandum Order of April 7, 2015, the court granted the Defendant's motion to be provided a copy of all juror questionnaires, provided that the Defendant's counsel of record — who, at the time, was solely Ms. Michele J. Brace — maintain the materials as filed under seal and return all materials to the Clerk upon completion of the habeas litigation.

Apr. 7, 2015, Mem. Order at 3, ECF No. 422. The court further directed that, upon completion of the habeas litigation, counsel would be required to file a sworn statement that the materials were maintained under seal, and that no copies thereof, of any nature, were made. Id. Ms. Brace obtained her copies of the juror questionnaires on April 17, 2015. See Acknowledgment, ECF No. 427-1. By Memorandum Order of May 8, 2015, the court clarified that Ms. Brace could share the sealed materials with "any other habeas counsel of record appointed by the court." May 8, 2015, Mem. Order at 7, ECF No. 426. Thereafter, the court appointed Ms. Dana Chavis as co-counsel for the Defendant. May 22, 2015, Order at 5-6, ECF No. 435. At that time, the court reminded counsel of record of their duty to ensure that all sealed documents be maintained under seal, both by counsel of record and their legal colleagues. See id. at 6.[1]

Ms. Brace is employed at the Virginia Capital Representation Resource Center, which is located in

---

[1] The court has consistently stated that all juror questionnaires are to be treated and maintained as sealed documents. See Apr. 7, 2015, Order at 3. The court further stated that "Ms. Brace is permitted to provide the documents to any other habeas counsel of record appointed by the court." May 8, 2015, Order at 7. Accordingly, counsel's statement that "[t]he Order [of May 22, 2015] was silent on the sharing of juror questionnaires," Mem. Supp. Mot. at 1, is misleading, because while the Order of May 22, 2015, did not specifically reference the sharing of the juror questionnaires, that Order specifically stated that all prior orders entered in this case would remain in effect. May 22, 2015, Order at 6.

Charlottesville, Virginia. However, Ms. Chavis, the Defendant's more recently appointed co-counsel, works at the Federal Defender Service of Eastern Tennessee, which is located in Knoxville, Tennessee. In the instant Motion, Ms. Brace requests the court's permission "to make a copy of the juror questionnaires for use by Chavis and her staff." Mem. Supp. Mot. at 2. Ms. Brace represents that "the United States does not object to this request, so long as the questionnaires are provided to co-counsel under the same restrictions that they were provided previously to Runyon's counsel and to the United States." Id.

In consideration of the fact that co-counsel of record work in different states, the Motion is **GRANTED**, to the extent that it seeks the court's permission to make a single paper hardcopy of the juror questionnaires, for use by co-counsel Chavis and her legal colleagues. No electronic copies of the juror questionnaires are to be made, and no copies are to be electronically transmitted. The same conditions — i.e., that no additional copies be made, that the juror questionnaires be maintained as filed under seal, and that both sets of juror questionnaires be returned to the court upon the conclusion of the habeas litigation — remain in effect for Ms. Chavis' copy of the juror questionnaires. Moreover, upon completion of the habeas litigation, with the return to the court of both sets of

the juror questionnaires, both Ms. Brace and Ms. Chavis will be required to submit "a sworn statement . . . that the materials have been maintained under seal, and no copies thereof of any nature — paper, electronic, or otherwise — exist." See Apr. 7, 2015, Order at 3.

### Request for Accounting

Pursuant to the court's Memorandum Order of April 7, 2015, the Clerk prepared copies of the two hundred forty-three (243) juror questionnaires that were completed in this case. On April 13, 2015, the Clerk certified that she had attached the two hundred forty-three (243) juror questionnaires as "exact copies of the original questionnaires submitted in this case." See Certification, ECF No. 431. Both Ms. Brace and Lisa McKeel, counsel for the United States, signed an Acknowledgment of Receipt for the copies of the two hundred forty-three (243) completed juror questionnaires. See ECF No. 431-1.

In the Motion, filed nearly three months after Ms. Brace received her copies of the juror questionnaires, Ms. Brace now asserts that she is missing the copies of some twelve (12) juror questionnaires. Specifically, Ms. Brace states that she received only two hundred thirty-one (231) juror questionnaires. Mem. Supp. Mot. at 3. Ms. Brace lists twenty-five jurors for which she did not receive a questionnaire, and asserts that although some might not have filled out a juror questionnaire, "that

4

still leaves no accounting for the fact that Brace received 12 fewer questionnaires than the number stated in the Clerk's certificate." Id. Ms. Brace, therefore, requests an accounting of the juror questionnaires, and asks that the court provide her "with any and all of the questionnaires that were not provided previously." Id. at 4. Ms. Brace represents that "the United States does not object to Brace's request for copies of any juror questionnaires that she should have been given, but was not." Id.

The instant Motion is silent as to why Ms. Brace did not notify the court until July 13, 2015, that she believes the Clerk failed to disclose all the juror questionnaires in this case, although she has had the juror questionnaires in her possession for almost three (3) months, since April 17, 2015. Accordingly, the court **DENIES** the Motion to the extent it seeks copies of the "missing" juror questionnaires, as the court cannot verify at this juncture whether or why any questionnaires are "missing." Therefore, the court **DIRECTS** both Ms. Brace and Ms. McKeel to contact the Clerk to arrange a meeting, in person, at the Norfolk Federal Courthouse, within twenty-one (21) days of the entry of this Order, namely on or before August 5, 2015, during which meeting each attorney will compare her set of questionnaires with the Clerk's records and original questionnaires. Ms. Brace and Ms. McKeel are **DIRECTED** to bring

all of the copies of the juror questionnaires for which they signed an Acknowledgment of Receipt, dated May 19, 2015, for Ms. McKeel, and dated April 17, 2015, for Ms. Brace. See ECF No. 431-1.

As for an accounting of the juror questionnaires, counsel are advised that the court's records reflect that there were two hundred fifty-six (256) prospective jurors in this case. Ms. Brace asserts that she received only two hundred thirty-one (231) juror questionnaires, which is twenty-five fewer that the total number of prospective jurors. Of the prospective jurors, thirteen did not complete a questionnaire, and that is why Ms. Brace does not have a questionnaire for the following jurors: 9, 21, 47, 56, 58, 83, 94, 99, 154, 180, 200, 219, and 246. The remaining twelve were among the exact copies certified by the Clerk, and are as follows: 136, 138, 139, 142, 143, 144, 145, 148, 153, 158, 159, and 161. This accounting will be verified at the meeting with counsel and the Clerk, as directed above. A written verification signed by counsel and the Clerk shall then be entered into the record of the case.

The Clerk shall forward a copy of this Order to Ms. Brace, to Ms. Chavis, and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

July 15, 2015

/s/

Rebecca Beach Smith

Chief Judge

6