## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

---

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. REBECCA BEACH SMITH |
| | : | |
| DAVID ANTHONY RUNYON, | : | |
| Defendant/Movant | : | |
| | : | |
| | : | |

---

### MOTION TO DISPENSE WITH MEETING REGARDING
### INVENTORY OF JUROR QUESTIONNAIRES

In its Order regarding an accounting for the juror questionnaires, the Court directed counsel for the parties to meet at the Norfolk Federal Courthouse on or before August 5, 2015, to address an inconsistency regarding the juror questionnaires.

After receiving the Court's Order identifying the numbers of jurors who did not submit questionnaires, undersigned counsel again reviewed her materials and located the questionnaires she previously thought might be missing. Counsel has executed the accompanying declaration to certify that she now has all of the questionnaires that were completed. For that reason, counsel suggests that a meeting with the Clerk is no longer needed.

Counsel received the juror questionnaires in two boxes. In preparing for her initial inventory, she removed the questionnaires from the first box in stacks of 10 to 20 at a time. One such stack contained questionnaires for jurors 136, 138, 139, 142, 143, 144, 145, 148, 153, 158,

1

159, and 161.[1] Counsel was interrupted at some point during this review and subsequently placed materials from another case on top of this stack of questionnaires. Although counsel inventoried the questionnaires multiple times before concluding that some questionnaires were missing and before moving the court for an accounting, she mistakenly presumed the stack with materials from another case on top related only to that other case and did not review that stack as part of her inventory.

The Court's Order, ECF No. 446, was enormously helpful in leading counsel to discover these questionnaires. Prior to the issuance of that Order, it appeared that the 25 unaccounted-for questionnaire numbers were dispersed more or less at random throughout the two boxes—a circumstance that suggested no easy explanation. Once the Court identified the numbers of the jurors who did not complete a questionnaire, it was clear that the remaining unidentified questionnaires had numbers sufficiently close to each other—in the 130s, 140s and 150s—that they might have constituted a single stack. This led counsel to reexamine stacks of materials in her office and to discover the group of Runyon questionnaires with the documents from her other case. This stack exactly matches the "missing" questionnaires.

Attorney Brace's declaration certifies that all of the questionnaires have now been accounted for. The declaration further certifies that although these 12 questionnaires were placed under materials from another case, they remained in Attorney Brace's office at all times. They were kept fully confidential, and their integrity was not compromised.

---

[1] The totality of the questionnaires were not in a comprehensive numerical sequence. For example, the stack of questionnaires for jurors 131, 132, 135, 137, 140, 141, 146, 147, 149, 150, 151, 152, 155, 156, 157, and 160 was in the second box.

Attorney Brace is, of course, chagrinned not to have included this stack in her initial inventory and needlessly expressed concern that the questionnaires may have been missing when, in fact, they were not. Brace attempted to personally apologize to the Deputy Clerk who assembled the copies of the questionnaires, but was able to leave only a voice mail apology because the Deputy Clerk is out of the office this week. Counsel further regrets the inconvenience to the Court caused by counsel's error.

Because the questionnaires are now all accounted for, undersigned counsel suggests that it is no longer necessary for the attorneys for both parties to meet with the Clerk to account for the questionnaires, and the Court should issue an Order to that effect.

Respectfully Submitted,


_____/S/_____

Michele J. Brace
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
(434) 817-2970
mbrace@mindsort.com

Dated: July 28, 2015

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, I have electronically filed the foregoing Motion to Dispense with Meeting Regarding Inventory of Juror Questionnaires with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons Suite 300
Newport News, VA 23606
(757) 591-4040
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
JZick@usa.doj.gov

_____/S/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*

4