

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 4:08cr16-3

DAVID ANTHONY RUNYON,

                Defendant.

ORDER

This matter comes before the court on the "Motion to Dispense with Meeting Regarding Inventory of Juror Questionnaires" ("Motion"), filed by defense counsel Michele J. Brace on July 28, 2015. ECF No. 454. At the same time, Ms. Brace filed a Motion to Expedite. ECF No. 455.

Ms. Brace has been the Defendant's counsel of record for his collateral review proceedings since November 5, 2014. See ECF No. 410. On April 7, 2015, the court granted Ms. Brace's request for a copy of the completed questionnaires of all prospective jurors who returned a questionnaire prior to the Defendant's trial. See Apr. 7, 2015, Order at 3, ECF No. 422. The court directed the Clerk "to release copies of the questionnaires of all the prospective jurors who completed a questionnaire." Id. However, the court required counsel to "maintain[] the materials as filed under seal and return[] all

materials to the Clerk when the habeas litigation is complete, together with a sworn statement from counsel that the materials have been maintained under seal, and no copies thereof of any nature — paper, electronic, or otherwise — exist." Id. Accordingly, the Deputy Clerk prepared the materials and certified that "the attached two hundred forty-three (243) juror questionnaires are exact copies of the original questionnaires submitted in this case." Certification, ECF No. 431. Further, upon receipt of the juror questionnaires, Ms. Brace signed an Acknowledgment of Receipt, which states as follows:

> I have received copies of the original two hundred forty-three (243) completed juror screening questionnaires in this case, as certified by the Clerk. I understand that these materials are to remain under seal. I further understand that no copies — paper, electronic, or otherwise — are to be made of these materials. I acknowledge that when the habeas litigation is complete, I must return these materials to the Clerk with a signed sworn statement as directed by the court's Memorandum Order of April 7, 2015. ECF No. 422.

Acknowledgment of Receipt, ECF No. 431-1.[1]

Ms. Brace picked up her copies of the completed juror questionnaires on April 17, 2015. See id. Then, after nearly three months had passed, on July 13, 2015, Ms. Brace filed a Motion "for an Accounting and Production of Missing Juror Questionnaires" ("Motion for Missing Juror Questionnaires"),

---

[1] Likewise, Assistant United States Attorney Lisa McKeel signed the Acknowledgment of Receipt.

2

together with a Memorandum in Support. See ECF Nos. 442, 443. In that Memorandum, Ms. Brace asserted that "[t]he Clerk certified that she provided 243 juror questionnaires, but the two cartons of questionnaires that Brace received contained a total of only 231 questionnaires." Mem. at 3. Ms. Brace went so far as to claim that there was "no accounting for the fact that Brace received 12 fewer questionnaires than the number stated in the Clerk's certificate." Id. By Order of July 15, 2015, the court denied Ms. Brace's Motion for Missing Juror Questionnaires, "as the court [could not] verify at this juncture whether or why any questionnaires are 'missing.'" July 15, 2015, Order at 5. Accordingly, the court directed Ms. Brace and Assistant United States Attorney Lisa McKeel to contact the Clerk to arrange a meeting during which "each attorney will compare her set of questionnaires with the Clerk's records and original questionnaires." Id. The attorneys and the Clerk set the meeting for Monday, August 3, 2015.

In the instant Motion, Ms. Brace informs the court that she "again reviewed her materials and located the questionnaires she previously thought might be missing." See Mot. at 1. Ms. Brace attached a declaration "to certify that she now has all of the questionnaires that were completed." Id. Ms. Brace asserts that she "was interrupted at some point during this review and subsequently placed materials from another case on top of this

stack of questionnaires." Id. at 2. Only after the court's Order of July 15, 2015, did Ms. Brace finally "reexamine stacks of materials in her office and [] discover the group of Runyon questionnaires with the documents from her other case." Id. Therefore, in the instant Motion, Ms. Brace requests that the court cancel the meeting between counsel and the Clerk currently scheduled for August 3, 2015. Id. at 3. Further, Ms. Brace claims that "although these 12 questionnaires were placed under materials from another case, they remained in Attorney Brace's office at all times. They were kept fully confidential, and their integrity was not compromised." Id.

The court GRANTS the Motion, thereby cancelling the meeting scheduled for August 3, 2015. Accordingly, the Motion to Expedite is MOOT. However, the court is disturbed that Ms. Brace asserted, in a signed filing to the court, that she was "missing" twelve juror questionnaires, and that she had received only two hundred thirty-one (231) questionnaires, not the two hundred forty-three (243) certified by the Clerk. See Mem. Supp. Mot. Missing Juror Questionnaires at 2-4. The Clerk had certified that she attached two hundred forty-three (243) questionnaires, and that is exactly the number that Ms. Brace received. This situation has caused unnecessary distress for the Clerk.

4

Moreover, the court has consistently, and plainly, directed all counsel to treat the juror questionnaires as filed under seal. See Apr. 7, 2015, Mem. Order at 3; May 8, 2015, Mem. Order at 2-3, ECF No. 426; Acknowledgment of Receipt, ECF No. 431-1; May 22, 2015, Order at 6, ECF No. 435; July 15, 2015, Order at 3-4. Regardless of how many "interruptions" counsel encountered in initially reviewing the questionnaires, she has a sworn duty to treat the questionnaires as sealed documents. The court granted access to the personal and identifying information of the two hundred forty-three (243) citizens who completed a detailed, personal questionnaire, upon the clear condition that the questionnaires be maintained under seal. Sealed documents should not be handled in this manner, regardless of the assertion that they were merely misplaced with the materials for another case, within the "safety" of her office. Ms. Brace is again reminded of her duty, as counsel of record, to maintain the juror questionnaires as filed under seal.

The Clerk shall forward a copy of this Order to counsel for the Defendant and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

July 30, 2015

5