# VIRGINIA CAPITAL REPRESENTATION
## RESOURCE CENTER

2421 IVY ROAD, SUITE 301
CHARLOTTESVILLE, VIRGINIA 22903

(434) 817-2970 TELEPHONE
(202) 223-6380 DIRECT
(434) 817-2972 FACSIMILE

July 29, 2015

Fernando Galindo
Clerk of the Court
Walter E. Hoffman United States Courthouse
600 Granby Street
Norfolk, VA 23510

RECEIVED

JUL 3 1 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

    Re:    United States v. Runyon, No. 4:08-cr-16

Dear Mr. Galindo:

I have been appointed by the Court to represent David Anthony Runyon in his forthcoming habeas corpus petition in the above-referenced matter. Mr. Runyon is under a sentence of death.

I am writing to request copies of certain records related to jury selection at Mr. Runyon's trial, which began on June 30, 2009. I need to review the materials that could have been available to Mr. Runyon's trial attorneys, and it is my understanding that the kinds of documents I am requesting could have been available to the trial lawyers as a matter of right if they had requested them:

> [28 U.S.C. § 1867(f)] makes clear that a litigant has essentially an unqualified right to inspect jury lists. It grants access in order to aid parties in the "preparation" of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community." 28 U.S.C. § 1861.

*Test v. United States*, 420 U.S. 28, 30 (1975).

It is also my understanding that the appropriate procedure is for me to request these materials directly from you, rather than first seeking an order from the Court. *See generally United States v. Foundas*, 615 F.2d 1130, 1132 (5th Cir. 1980). If my understanding is inaccurate, please let me know.

Finally, I note that David J. Maland, Clerk of the United States District Court for the Eastern District of Texas, recently provided copies of these (and additional) materials in response to a request from habeas counsel for Edgar Baltazar Garcia. For your convenience, I am enclosing a copy of Mr. Maland's cover letter. Mr. Garcia is also under a sentence of death, and his case is pending before the Honorable Marcia A. Crone in the Beaumont Division. *Garcia v. United States*, No. 1:13-cv-723 (E.D.Tx.).

I am requesting the following records related to the selection of the jury for Mr. Runyon's trial:

1.  Copies (in electronic format if available) of the 2007, 2009, and 2011 Master Jury Wheels for the Norfolk Division, selected pursuant to the District's Plan for the Random Selection of Grand and Petit Jurors, p.10 ("Emptying and Refilling the Master and Qualified Jury Wheels").

2.  Copies (in electronic format if available) of the voter registration lists from which the names for the 2007, 2009, and 2011 Master Jury Wheels for the Norfolk Division were selected, pursuant to the Plan for the Random Selection of Grand and Petit Jurors, p.3 ("Method and Manner of Random Selection from the Source List").

3.  Copies, if any, of certificates prepared and executed by the persons who randomly selected names for the 2007, 2009, and 2011 Master Jury Wheels for the Norfolk Division.

4.  The name of the software used to randomly select names placed in the 2007, 2009, and 2011 Master Jury Wheels for the Norfolk Division, any manuals for the use of such software, the program code for such software, and any records of maintenance or repairs performed on the software between 2007 and the present.

5.  Copies of any orders directing that additional names be added to the Master Jury Wheel between 2007 and 2011, pursuant to the Plan for the Random Selection of Grand and Petit Jurors, p.3 ("Master Jury Wheel").

6.  All reports on the operation of the jury selection plan, created between 2007 and 2011, that relate to the jury compositions of the Norfolk Division and all papers and information that were used to create such reports.

Because of the short time remaining before Mr. Runyon must file his petition, please send each of these items as soon as it is available, without waiting until all items are assembled. I am particularly interested in receiving as quickly as possible a CD with the materials identified above in items 1 and 2.

Please do not hesitate to let me know if I can do anything to facilitate my request or if you have any other questions or concerns.

Sincerely,

Michele J. Brace
Senior Staff Attorney