IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:08cr16-3 |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE OF UNITED STATES TO DEFENDANT'S
MOTION FOR GRAND AND PETIT JURY SELECTION RECORDS

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, Lisa R. McKeel, Brian J. Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States Attorney, respectfully submits this response to the defendant, DAVID ANTHONY RUNYON's, Motion for Grand and Petit Jury Selection Records and Memorandum in Support of said Motion ECF 465, 466.

I.    Background

The defendant RUNYON was indicted, along with co-defendants, Catherina Voss and Michael Draven, during the February 2008 term by a Newport News Federal Grand Jury sitting in Newport News, Virginia. His trial began in the Norfolk Division on June 30, 2009. On December 4, 2009, pursuant to the jury's verdict and recommendation under the Federal Death Penalty Act, 18 U.S.C. § 3594, the defendant was sentenced to death.

On February 25, 2013, the defendant's conviction and sentenced were affirmed on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). On October 6, 2014, the

defendant's petition for a *writ of certiorari* was denied. *Runyon v. United States*, No. 13-254 (Oct. 6, 2014).

On November 5, 2014, this Court appointed Michele J. Brace, of the Virginia Capital Representation Resource Center, to represent the defendant in filing a petition pursuant to Title 28, U.S.C. § 2255. ECF 411.

On April 7, 2015, this Court granted the defendant's motion for leave to review materials in the custody of the court. Pursuant to the Order, defendant's counsel received copies of all prospective juror questionnaires who returned a questionnaire prior to trial in this matter. ECF 422.

On May 22, 2015, this Court appointed Dana Hansen Chavis, of the Federal Defender Service of Eastern Tennessee, Inc., as co-counsel to represent the defendant in filing a petition pursuant to Title 28, U.S.C. § 2255. ECF 435.

II.    Discussion

A.  Jury Selection and Service Act of 1968 and The Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Eastern District of Virginia

The defendant has moved this Court to direct the Clerk of Court to provide "certain records related to the selection of the venire in Runyon's case". ECF 466, p. 1.   The defendants request is predicated on the Jury Selection and Service Act of 1968 (hereafter "the Act"), 28 U.S.C., §1861 *et seq*. Specifically, Title 28 U.S.C., §1867(f) provides;

> The **contents of records or papers used by the jury Commission or clerk** in connection with the jury selection process **shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section,** until after the master jury wheel has been emptied and refilled pursuant to section 1863 (b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce,

and copy such records or papers at all reasonable times during the preparation and pendency of such motion.   Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

According to the Act, 28 U.S.C. § 1868, all records and papers compiled and maintained shall be preserved for four years or for such longer period as ordered by the court and such records shall be available for public inspection.

The current Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Eastern District of Virginia (EDVA) (hereafter "the Plan") was amended by the District Court on February 6, 2003 and recorded on March 11, 2003 in the United States Court of Appeals for the Fourth Circuit. US Exhibit 1.   This Plan was in effect at the time of the indictment and trial of the defendant. The Plan sets forth when juror information may be disclosed; "Once jurors have been qualified, the entire list of names from the qualified jury wheel for any term of service may be disclosed to counsel for the parties….For grand jurors, juror information is confidential, except by order of the court."   US Exhibit 1, p. 9. The Plan provides that the records and papers compiled and maintained shall be preserved for four years. US Exhibit 1, page 10.

B.  Defendant's Request for Records and Papers

Defendant requests the following records from the Clerk's Office; (1) a CD containing the voter registration list database for the years of 2007, 2009 and 2011 Master Jury Wheels for the Norfolk Division, (2) a CD containing the Master Jury Wheel databases for the Norfolk Division for the years of 2007, 2009 and 2011, (3) a CD containing the Qualified Jury Wheel databases for the Norfolk Division for the years of 2007, 2009 and 2011, (4) all grand jury venires drawn from

3

the Norfolk Division[1] Qualified Jury Wheel for the years of 2007, 2009 and 2011, (5)(a) a list of the Grand Jury venire member who actually served on the grand jury that indicted the defendant and (b) each grand jurors qualifying questionnaire, (6) (a) a list of each person who was initially drawn for the petit jury venire in the defendants case, and (b) each such persons qualifying questionnaires and, (c) all qualification forms that were returned undeliverable (d) all qualification forms of persons that were exempted as well as the statement from the Clerk as to why such person was exempted, (7) copies of any Orders directing any person to add additional names to the Master Jury Wheel for the years of 2007, 2009 and 2011, (8) copies of any Certificates prepared and executed by the person(s) who randomly selected names for the Master Jury Wheels for the Norfolk Division for the years of 2007, 2009 and 2011, (9)(a) the name of the software used by the Court to randomly select names for the Master Jury Wheels for the Norfolk Division for the years of 2007, 2009 and 2011 and (b) the program code for the software, and (10) copies of all reports on the operation of the jury selection plan, created between January 1, 2007, and December 31, 2011, that relate to the jury compositions of the Norfolk Division. ECF 466.

In his supporting Memorandum, the defendant asks this Court "to direct the Clerk to provide the following materials *in the selection of the venire in his case*." ECF 466. The defendant requests ten different categories of items. However, the specific requests as enumerated in the Memorandum include requests for records that exceed the venire in the defendant's case. The United States submits that the defendant is entitled to the Master Jury Wheel and Qualified Jury Wheels for 2005 and 2007.  The defendant is not entitled to the remaining requested papers or records, as they do not pertain to the venire in his case and/or they are not entitled to the records at

---

1 The defendant has requested the Grand Jury list from the Norfolk Division; however, the defendant was indicted by a grand jury sitting in the Newport News Division.

this time.   "While a defendant has a statutory right to data required for a proper assessment of the composition of the panel, the Jury Selection and Service Act does not automatically permit disclosure of other jury information absent a sworn statement of facts, which if true, would constitute a substantial failure to comply with the Act. 28 U.S.C. 1867(d)". *United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal 2006).   *See Also United States v. Davenport*, 824 F2d 1511, 1515 (7th Cir. 1987) (discussed below) and 28 U.S.C. §1867 (d).

Undersigned counsel spoke to Jerome Grate, the Jury Administrator for the EDVA. Mr. Grate explained that a Master Jury Wheel (MJW) is created by a vendor from the voter registration lists for all four Divisions within the EDVA. The names on the list consist of persons to be selected for both grand and petit jury duty service for two years. In the instant case, the defendant was indicted in February 2008 by a Newport News Federal Grand Jury sitting in Newport News, Virginia. The grand jury that returned an indictment against the defendant was empaneled in April 2007.   Accordingly, the Master Jury Wheel was uploaded to the court's system on July 7, 2005. It was used by the court for the selection of all jurors from January 2006 until December 2007. The defendant's trial began in the Norfolk Division on June 30, 2009. According to Mr. Grate, the Master Jury Wheel for the defendant's trial was uploaded to the court's system on September 12, 2007. It was used by the court for the selection of all jurors from January 2008 until December 2010.

1. Case Law

The defendant has a right to jury lists. In *Test v. United States*, 420 U.S. 28, 30 (1975) the Supreme Court held that a defendant has an unqualified right to inspect jury lists.   The Fourth Circuit has also addressed this issue in *United States v. Curry*, 993 F.2d 43, 44 (4th Cir. 1993). There the court held that the defendant was not required to submit a sworn affidavit showing why

the master jury list of jurors from which the grand jury indicting him was selected would be necessary, as argued by the government. The court ruled that the defendant has an unqualified right to inspect the jury lists. The Fourth Circuit distinguished the *Curry* case from two other cases from the Seventh Circuit that the government had cited to argue that such a request required a sworn affidavit; *United States v. Davenport*, 824 F.2d 1511, 1513-14 (7th Cir. 1987) and *United States v. Buckner*, 830 F.2d 102, 104 (7th Cir. 1987). In *Davenport*, the Seventh Circuit affirmed the lower court's decision denying the defendant access to the juror qualification questionnaires without submitting an affidavit, holding that the *Test* case did not require that the questionnaires be made available to the defendant in addition to the jury lists. *Davenport* at 1515. In *Buckner*, the court affirmed the lower court's order denying the defendant access to the grand jury panel that indicted him. The lower court made available data about the panel from which the grand jurors were drawn in April 1984. The appeals court held that the lower court was correct in denying the defendant access without an affidavit. *Buckner* at 104.

Since *Test*, "federal courts have uniformly declined to allow unfettered access to all jury related documents and records". *United States v. Rice*, 489 F.Supp. 2d 1312, 1316 (S.D. Alabama 2007). *See also United States v. Diaz*, 236 FR.D. 470, 482 (N.D. California 2006); *United States v. Causey*, 606 F. Supp. 491, 493 (E.D. La. 1985) and *United States v. Gotti*, 2004 WL 2274712, *6 (S.D.N.Y Oct. 7, 2004). "The Act is not a license for litigants to rummage through all jury-related records maintained by the Clerk of Court." *Rice* at 1316.

Accordingly, the United States agrees that the defendant is entitled to the Master Jury Wheel for the selection of grand and petit juries associated with his case. The United States further submits that the Master Jury Wheel was chosen in 2005 and 2007, which constitute the jurors (both grand and petit) in the instant case. The defendant, however, has not cited specific

cases for each of the requests.   The United States submits, pursuant to 28 U.S.C. §1867(f), "the contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c)…" .

1. A CD containing the voter registration list database for the years of 2007, 2009 and 2011 Master Jury Wheels for the Norfolk Division

The United States objects to the defendant's counsel receiving the voter registration list database for the years of 2007, 2009 and 2011 for the Norfolk Division. *See United States v. Savage*, 2012 2012WL 4616099 (E.D. Pa 2012). This request for information is beyond the scope of disclosure according to the EDVA Plan.   Additionally, the United States submits that upon information and belief that the voter registration lists that were drawn from in the defendant's venire are no longer available.

2. A CD containing the Master Jury Wheel databases for the Norfolk Division for the years of 2007, 2009 and 2011.

The United States does not object to the defendant's counsel receiving the Master Jury Wheel database for the Norfolk and Newport News Divisions for 2005 and 2007. The defendant is not entitled to the Master Jury Wheels from 2009 and 2011.

3. A CD containing the Qualified Jury Wheel databases for the Norfolk Division for the years of 2007, 2009 and 2011.

The United States does not object to the defendant's counsel receiving the Qualified Jury Wheel database for the Norfolk and Newport News Divisions for 2005 and 2007. The defendant is not entitled the Qualified Jury Wheels from 2009 and 2011.

4. All grand jury venires drawn from the Norfolk Division Qualified Jury Wheel for the years of 2007, 2009 and 2011.

The United States objects to the defendant's counsel receiving the grand jury venires from the Qualified Jury Wheel database for the Norfolk Division for 2007, 2009 and 2011.   As noted in EDVA's Plan, "Disclosure of Juror Information", grand juror information shall not be disclosed except by order of the court. US Exhibit 1, page 9.   Defendant provides no compelling reason for this information.  The United States believes that the defendant will receive the names of the grand jurors from the Master Jury Wheel. Moreover, this information is not relevant to the defendant's case.   The grand jury that indicted the defendant was from the Newport News Division. *See United States v. Nichols*, 248 F.Supp.2d 1027, 1034-35 (D. Kansas 2003).

5. <u>A list of the grand jury venire members who actually served on the grand jury that indicted the defendant and each grand jurors qualifying questionnaire.</u>

The United States objects to the Court releasing this information. Pursuant to EDVA's Plan as noted above, this information is confidential and may only be provided by order of the court. US Exhibit 1, page 9. It is the belief of the United States that the defendant will receive the Master and Qualified Jury Wheels which will contain the names of the grand jurors that served and indicted the defendant. Moreover, the defendant is not entitled to the questionnaires of the grand jury that indicted him. *See United States v. Curry*, 993 F.2d 43, 44 (4th Cir.1993); *United States v. Nichols*, 248 F.Supp.2d 1027, 1034-35 (D. Kansas 2003) and *United States v. Diaz*, 236 F.R.D. at 480-81. , Finally, the United States submits upon information and belief that the qualifying questionnaires do not exist.

6. <u>A list of each person who was initially drawn for the petit jury venire in the defendants case, and each such persons qualifying questionnaires and all qualification forms that were returned undeliverable and all qualification forms of persons that were exempted as well as the statement from the Clerk as to why such person was exempted.</u>

The United States submits that the defendant is not entitled to this information.  *See*

*United States v. Davenport*, 824 F.2d at 1515; *United States v. Diaz*, 236 F.R.D. at 482; *United*

*States v. Nichols*, 248 F. Supp.2d 1027, 1034-35 (D. Kansas 2003). Furthermore, the United States

submits upon information and belief that the qualifying questionnaires do not exist.   Finally, the

defendant has received the juror questionnaires by Order of this Court on April 7, 2015. ECF 422.

7. Copies of any Orders directing any person to add additional names to the Master Jury Wheel for the years of 2007, 2009 and 2011.

The United States submits that the defendant is not entitled to this information. However,

upon information and belief, the United State believes that there are no orders to add additional

names to the Master Jury Wheel of 2007.

8. Copies of any Certificates prepared and executed by the person(s) who randomly selected names for the Master Jury Wheels for the Norfolk Division for the years of 2007, 2009 and 2011.

The United States submits that the defendant is not entitled to this information at this time.

However, upon information and belief, the United State believes that there are no certificates

prepared and executed by the person(s) who randomly selected names for the Master Jury Wheel.

9. The name of the software used by the Court to randomly select names for the Master Jury Wheels for the Norfolk Division for the years of 2007, 2009 and 2011 and the program code for the software.

The United States submits that upon information and belief that the court uses the Jury

Management System provided by Xerox/ACS.

10. Copies of all reports on the operation of the jury selection plan, created between January 1, 2007, and December 31, 2011, that relate to the jury compositions of the Norfolk Division.

Upon information and belief, the United States believes that there are no reports that exist on the operation of the jury selection plan from 2005 and 2007.

### III.   Conclusion

The defendant clearly has the right to inspect and copy the jury lists. However, the defendant does not have the right to the remaining records he seeks.   In order to assess whether to make a claim regarding a defect with grand jury or petit jury process, the defendant needs only the jury lists.   "It is not the actual selection of the grand jury which would constitute the violation, but rather whether the jury was selected 'at random from a fair cross-section of the community'". *United States v. Nichols*, 248 F. Supp.2d at 35 (D. Kansas 2003) (quoting *Test v. United States,* 420 *U.S.* at 30).

The United States requests that the Court prohibit the defendant from disclosing personal information that they may receive from these records. However, the United States agrees that the defense may disclose this information to counsel for the case, office staff and their investigators. The United States respectfully submits that the Court grant in part and deny in part defendant's requests for the reasons stated above. Finally, should this Court grant the defendant's motion in any part, the United States requests that the Attorneys for the United States also be granted access to the same materials with the same prohibition regarding disclosure of the material.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:_____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Virginia Bar Number: 28652

10

Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Lisa.McKeel@usdoj.gov


By:_____/s/_____

Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Brian.Samuels@usdoj.gov


By:_____/s/_____

Jeffrey A. Zick
Special Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Jeffrey.Zick@usdoj.gov

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Response was filed electronically using the CM/ECF system, and also sent by electronic mail, on this 27th day of August 2015, which will provide notification to:


Michele J. Brace
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, Virginia 22903
E-mail:   mbrace@mindsort.com

Dana Hansen Chavis
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, Tennessee 37929
E-mail:   dana_hansen@fd.org


_____/s/_____

Lisa R. McKeel
Assistant United States Attorney
Virginia Bar Number: 28652
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Lisa.McKeel@usdoj.gov