**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
|  | : |  |
| -v- | : | **CAPITAL § 2255 PROCEEDINGS** |
|  | : |  |
| DAVID ANTHONY RUNYON, | : | HON. REBECCA BEACH SMITH |
| Defendant/Movant | : |  |
|  | : |  |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COPIES OF
GRAND AND PETIT JURY SELECTION RECORDS**

As provided in the Court's order of August 14, 2015, ECF No. 467, David Runyon hereby replies in support of his motion for copies of grand and petit jury selection records.

The United States opposes much of Runyon's motion for access to the requested jury selection documents on the ground that those documents would not have been available to trial counsel. In the cases the United States cites, the defendant made a *pretrial* request for records and papers he believed were necessary to make a *statutory* challenge that alleged "substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a). Runyon has filed a *post-trial* request for records and papers that are needed to develop *constitutional* challenges under 28 U.S.C. § 2255. Although there appear to be no publicly available orders that address this distinction, Runyon demonstrated through the exhibits to the memorandum supporting his motion, that federal courts *do* provide these kinds of materials to counsel who are preparing the § 2255 motion for collateral review. ECF Nos. 466-1, 466-2, 466-3. The United States does not address those exhibits, and it offers no reason why Runyon should be deprived of the information and materials that are necessary to develop constitutional claims.

1

Even if pretrial and postconviction motions for jury selection records are treated the same, Runyon disputes the government's opposition to the items Runyon has requested.

The United States has provided partial responses to Runyon's requests, apparently based on conversations with the Jury Administrator. For example, in response to Runyon's request for the name of the software used by the court to randomly select names for the Master Jury Wheels and the program code for the software, the United States submits the partial answer "that upon information and belief that the court uses the Jury Management System provided by Xerox/ACS." To the extent the Clerk or the Jury Administrator affirms and adopts those responses, any burden in producing information has been lessened

1.      **CD Containing the Voter Registration List Database.** The United States argues that according to the Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Eastern District of Virginia ("the Plan"), this information is beyond the scope of disclosure. In order for the Plan to prohibit or limit disclosure, it must say so. *See, e.g.,* the Plan at 9 ("For grand jurors, juror information is confidential, except by order of the court"). For purposes of Runyon's request, the Plan is silent; it contains no language that prohibits or places conditions on access to the voter registration database. Runyon acknowledges that in light of Virginia Code § 24.2-407, trial counsel could not have obtained a copy of the voter registration list without a court order that directed its disclosure.[1]

2.      **CD Containing the Master Jury Wheel Databases.** The United States does not object to Runyon's counsel receiving a CD with the Master Jury Wheel databases for the Norfolk

---

[1] It is undersigned counsel's understanding that when Virginia voter registration lists are provided to courts for jury selection purposes, they may include social security numbers. Runyon agrees that such numbers must be redacted before the list is disclosed.

and Newport News Divisions for 2005 and 2007, as .txt files. Counsel will withdraw the request regarding the Master Jury Wheels for 2009 and 2011, but reserve the right to re-open this motion as to the 2009 and 2011 databases at a later date if warranted by an analysis of the 2005 and 2007 databases.

      **3.**     **CD Containing the Qualified Jury Wheel Databases.** The United States does not object to Runyon's counsel receiving a CD with the Qualified Jury Wheel databases for the Norfolk and Newport News Divisions for 2005 and 2007, as .txt files. Counsel will withdraw the request regarding the Master Jury Wheels for 2009 and 2011, but reserve the right to re-open this motion as to the 2009 and 2011 databases at a later date if warranted by an analysis of the 2005 and 2007 databases.

      **4.**     **A List of Grand Jury Venires**. Runyon's request incorrectly named Norfolk as the relevant jurisdiction, as the United States has noted. Runyon was indicted in Newport News. It is hereby requested that the Court deem Runyon's motion and memorandum (ECF Nos. 465, 466) to be amended to reflect a request for the grand jury venires drawn from the Qualified Jury Wheel for Newport News, rather than from Norfolk.

      The United States notes that the disclosure of grand juror information is prohibited "except by order of the court." The Plan at 9. Runyon has not fallen short on that score; he has expressly moved for an order of the court, just as competent trial counsel would have moved for an order of the court. Moreover, Runyon has addressed any reasonable concern about the confidentiality of the grand jury information by asking that the names and identifying information be redacted before disclosure if necessary, and competent trial counsel would have had to make the same request.

The United States also asserts that the grand jury venires are not relevant to Runyon's case. Defendants certainly can challenge procedures for selection of the grand jury, just as they can challenge procedures for selection of the petit jury. 28 U.S.C. § 1867. As stated *United States v. Nichols*, 248 F.Supp.2d 1027 (D. Kan. 2003), which is the case the United States cites, access to the information is required to establish a violation. In *Nichols*, the defendant had moved for access to six forms of grand jury composition and selection information.[2] The court agreed that Nichols had a right to grand jury materials, and that this right "is unqualified because the defendants could not establish a violation absent access to the selection materials." *Id.* at 1034. It then granted Nichols' request in all but two respects. It denied him access to the *names* of the grand jurors (which Runyon already has asked to be redacted), and it denied access to the qualification forms for *all* potential grand jurors in the case (which Runyon has not requested). Runyon's request should likewise be granted.

5.      **The Name and Qualification Questionnaire of Each Person on the Grand Jury That Indicted Runyon.** The government again notes that this information may only be provided by order of the court, and Runyon *has* asked for an order of the court. With respect to the disclosure of qualifying questionnaires, Runyon incorporates here the first paragraph of his reply below regarding Request No. 6. Runyon further notes that although the Fourth Circuit discussed qualifying questionnaires in *United States v. Curry*, 993 F.2d 43 (1993), that discussion was dictum because the court was not presented with a request for qualifying

---

[2] Specifically, Nichols moved for "(1) Jury Selection Journal; (2) All information pertaining to the formulation of the grand jury selection quotient number and starting number relating to the Indictment in the matter; (3) Juror Qualification Forms for all potential jurors call [sic] in the case; (4) List of potential jurors from the Master Jury Wheel and Qualified Jury Wheel in the above case; (5) List of actual jurors who served on the Grand Jury in the above case; and (6) List of stricken jurors." *Nichols*, 248 F.Supp.2d at 1034.

questionnaires. As a result, the scope of a litigant's right to inspect such questionnaires appears to be an open question in our court of appeals.

      **6.**      **A List of Each Person Initially Drawn for the Venire in Runyon's Case and Their Qualifying Questionnaires.** The United States cites three cases—*United States v. Davenport*, 824 F.2d 1515 (7th Cir. 1987); *United States v. Diaz*, 236 F.R.D. 470 (N.D. Cal. 2006); and *Nichols*, *supra*—to support its contention that Runyon is not entitled to this material. In each case, the defendant had alleged only that the jury in his case was not selected at random from a fair cross-section of the community. But the function of the Jury Service and Selection Act is to ensure not only that juries are selected from a fair cross-section of the community, but also that any disqualifications, exemptions, and excusals from jury service are granted only for objective reasons. *United States v. Spriggs*, 102 F.3d 1245, 1251 (D.C. Cir. 1996). To Runyon's knowledge, the qualifying questionnaires contain the only available information from which he can investigate whether the disqualifications, exemptions, and excusals affecting his case were in fact granted for objective reasons. That comes squarely within the Act.

      The United States also opposes Runyon's request on the ground that he already has the 243 case-specific questionnaires that potential jurors completed at the courthouse on June 11 and 12, 2009, in this case. But the issue is not what Runyon has, but what he is missing. He has no information about the *other* potential jurors who were drawn from the Qualified Jury Wheel to be in the venire for Runyon's case; he has no information about why they were disqualified, exempted, excused, or otherwise crossed off the list for Runyon's trial. This includes, but is not limited to, the 13 people who were issued juror numbers but did not complete questionnaires. Runyon anticipates that the qualifying questionnaires will supply the missing information.

**7.** **Orders Directing the Addition of Names to the Master Jury Wheel.**

The United States submits that Runyon is not entitled to this information. The Plan at 3 states, however, that "The court may order additional names to be added to the master jury wheel, as needed." The number and nature of such additions can affect issues that are relevant to compliance with the Act. Thus, this information should be disclosed.

**8.** **Certificates Prepared and Executed by Those Who Selected Names for the Master Wheels.** The United States submits that Runyon is not entitled to this information. But it suggests elsewhere in its response that the names for the Master Jury Wheels are drawn from the voter registration lists by an outside vendor rather than by the court's staff. ECF No. 469 at 5. Because errors could have such serious consequences, Runyon would expect the Court to require the vendor to execute a certificate attesting that it complied with the Act and with the Plan when it created the Master Jury Wheels. Because the Master Jury Wheels may have been created by an outside vendor, it is hereby requested that the Court deem Runyon's motion and memorandum (ECF Nos. 465, 466) to be amended to include a request for the name and contact information for each outside vender that has been involved in creating the Master Jury Wheels, and the approximate dates of the Court's contracts with each such vendor.

**9.** **The Software and Program Code for the Software Used to Select the Master Jury Wheels.** The United States presents no objection to this request.

**10.** **Reports on the Operation of the Jury Selection Plan That Were Created Between January 1, 2007, and December 31, 2011.** Runyon asked for reports that were "created" between January 1, 2007, and December 31, 2011, because those dates bracket his trial. The United States present no objection to such reports.

CONCLUSION

For the foregoing reasons, and for the reasons previously stated in Runyon's motion and supporting memorandum, the Court should issue an order directing the Clerk of the Court to provide Runyon's counsel with the enumerated documents. The Court should further deem Runyon's motion to be amended with respect to Requests No. 4 and 8 as stated above.

Respectfully Submitted,

_____/s/_____

| | |
|---|---|
| Dana Hansen Chavis, *pro hac vice* | Michele J. Brace, VSB No. 36748 |
| Federal Defender Services of | Virginia Capital Representation |
| Eastern Tennessee, Inc. | Resource Center |
| 800 S. Gay Street, Suite 2400 | 2421 Ivy Road, Suite 301 |
| Knoxville, TN 37929 | Charlottesville, VA 22903 |
| Telephone (865) 637-7979 | Telephone (434) 817-2970 |
| Dana_Hansen@fd.org | mbrace@mindsort.com |

September 4, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2015, I have electronically filed the foregoing Reply in Support of Defendant's Motion for Copies of Grand and Petit Jury Selection Records with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels                          Lisa Rae McKeel
U.S. Attorney's Office                    U.S. Attorney's Office
Fountain Plaza Three                      Fountain Plaza Three
721 Lakefront Commons, Suite 300          721 Lakefront Commons Suite 300
Newport News, VA 23606                    Newport News, VA 23606
(757) 591-4032                            (757) 591-4040
Brian.Samuels@usdoj.gov                   Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
JZick@usa.doj.gov


_____/S/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*

8