**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| -v- | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| DAVID ANTHONY RUNYON, | : | HON. REBECCA BEACH SMITH |
| Defendant/Movant | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO FILE UNDER SEAL THREE CLAIMS
AND ONE EXHIBIT TO HIS FORTHCOMING MOTION
FOR COLLATERAL RELIEF PURSUANT TO 28 U.S.C. §2255**

David Anthony Runyon has moved the Court for leave to file under seal three claims plus one exhibit for his forthcoming motion under 28 U.S.C. §2255. In support of this motion, Runyon states as follows:

Not later than October 6, 2015, Runyon will file his § 2255 motion, asking the court to grant him a new trial, to vacate the judgment entered against him, and/or to vacate, set aside or correct the death sentence imposed upon him.[1] Three claims for that motion, plus an exhibit supporting one claim, contain information that Runyon believes he is required by orders of this court to keep sealed from public access. The claims are designated as Claims S1, S2, and S3. The exhibit is designated as "Exhibit S-1," and it supports Claim S2. As directed by the clerk's office, Runyon has provided the claims and exhibit to the clerk's office and to opposing counsel in paper form.

Runyon has separately paginated each claim so the court has the flexibility to make its

---

[1] The statute of limitations for Runyon's motion expires on October 6, 2015. If his motion to seal is resolved sooner, he may be able to file his motion one day early.

1

decision on a claim-by-claim basis. Although each of the three claims includes subsections that do not contain sealed information, Runyon notes that each claim is an interrelated whole, and that as a practical matter it would be confusing and unworkable to have some subsections of a claim in a public document (the main § 2255 motion), and other subsections of the very same claim in a separate—and independently paginated—sealed document.

Each of the three claims relates to jurors, potential jurors, questions in the juror questionnaire, and/or some of the responses to the juror questionnaire.[2] As previously directed by the Court, ECF No. 423 at 2, Runyon's motion identifies jurors and potential jurors only by their Juror Number. For the substance of the claims, however, Runyon's statement of his claims and supporting facts necessarily discloses other information that is in, or is derived solely from, documents that the court has filed under seal or is holding under seal, and which Runyon believes he is barred from revealing. The information these claims collectively would disclose is in sealed documents ECF No. 210, which is a letter from the court requesting certain lists of potential jurors; ECF No. 211-1, which is the blank juror questionnaire; ECF No. 236, which contains the lists requested in ECF No. 210; and ECF Nos. 424 and 424-1, which are the court's juror strike lists. Runyon's claims also include information contained in the completed questionnaires of some of the prospective jurors, which the court is holding under seal.

**Claim S1**. This claim alleges that the United States engaged in racial and gender discrimination in its exercise of peremptory strikes, and that Runyon's trial counsel unreasonably failed to object to the unconstitutional strikes. The claim necessarily identifies the racial and gender composition of the potential jurors called for voir dire. It also necessarily identifies the

---

[2] In other claims, Runyon was able to avoid discussing the substance of any sealed or ex parte documents in order to remain clearly in compliance with the court's orders.

2

race and gender of each potential juror who was struck peremptorily, and which side exercised that strike. Although Runyon refers to potential jurors only by Juror Number, Runyon obtained the information about each individual's race and gender solely from his or her juror questionnaire; there was no other available source. The full contents of the questionnaires are under seal, and it is Runyon's present understanding that he is barred from revealing in a public document any information about a prospective juror that he obtained from the questionnaires. By definition, that includes each juror's race or gender. Claim 1 also identifies individuals on the sealed strike list and which side exercised some of those strikes, although it does so only by Juror Number. Claim 1 further briefly describes the lists in ECF No. 346.

**Claim S2**. This claim contains the greatest quantity of sealed material. The claim alleges that the court unlawfully excluded one or more of the potential jurors on "List 2" based solely on their juror questionnaire responses without voir dire, and that trial counsel unreasonably failed to object and unreasonably participated. The claim quotes from ECF 210; it quotes or closely describes a number of the questions in the sealed blank questionnaire; and it discusses and analyzes multiple other questions in the blank questionnaire. It identifies five potential jurors by Juror Number and discusses portions of each one's questionnaire responses regarding capital punishment. It also quotes the portions of Exhibit S-1 that discuss those five potential jurors. It further discloses an item of employment information about some potential jurors' families, which was obtained solely from the questionnaires. Runyon again identifies individuals only by Juror Number.

**Claim S3**. This claim alleges that the voir dire conducted in this case violated Runyon's Fifth and Sixth Amendment rights to a fair trial and impartial jury, and trial counsel

3

unreasonably failed to object. The claim contains minimal sealed information, and Runyon includes it here in an abundance of caution. The claim briefly describes the contents of sealed documents ECF Nos. 210 and 236. It incorporates by reference portions of Claim S2 that, in turn, contain sealed material. Based on the juror strike list, the claim also identifies by Juror Number some of the potential jurors who were struck peremptorily by each side.

**Exhibit S-1**. This is an exhibit that supports Claim S2. It is an internal document that defense counsel compiled before Runyon's trial. It lists many of the potential jurors by name and juror number, along with a small amount of information that trial counsel derived from that individual's juror questionnaire. I lists a smaller number of potential jurors only by juror number, again with information that trial counsel derived from the questionnaires.

**Conclusion**

If the court concludes that any or all of the three claims for Runyon's § 2254 are within the scope of the seal the court imposed on the sealed documents, it should allow Runyon to file those claims for his § 2255 motion under seal, namely Claims S1, S2, and S3. It also should allow Runyon to file under seal one exhibit (Ex. S-1), that supports Claim S2.

Respectfully Submitted,

_____/s/_____

Dana Hansen Chavis, *pro hac vice*       Michele J. Brace
Asst. Federal Community Defender          Virginia State Bar No. 36748
Federal Defender Services of              Virginia Capital Representation
 Eastern Tennessee, Inc.                   Resource Center
800 S. Gay Street, Suite 2400             2421 Ivy Road, Suite 301
Knoxville, TN 37929                       Charlottesville, VA 22903
Telephone (865) 637-7979                  Telephone (434) 817-2970
Fax (865) 637-7999                        Fax (434) 817-2972
Dana_Hansen@fd.org                        mbrace@mindsort.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2015, I have electronically filed the foregoing Memorandum in Support of Defendant's Motion To File Under Seal Three Claims and One Exhibit to His Forthcoming Motion for Collateral Relief Pursuant to 28 U.S.C. §2255 with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels                                    Lisa Rae McKeel
U.S. Attorney's Office                              U.S. Attorney's Office
Fountain Plaza Three                                Fountain Plaza Three
721 Lakefront Commons, Suite 300                    721 Lakefront Commons Suite 300
Newport News, VA 23606                              Newport News, VA 23606
(757) 591-4032                                      (757) 591-4040
Fax: 757/591-0866                                   Fax: 757/591-0866
Brian.Samuels@usdoj.gov                             Lisa McKeel@usdoj.gov


Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
Fax: 757/591-0866
JZick@usa.doj.gov


_____/S/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Defendant/Movant*
*David Anthony Runyon*

5