UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

      v.                                          CRIMINAL NO. 4:08cr16-3

DAVID ANTHONY RUNYON,

        Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the "Defendant's Motion to File Under Seal Three Claims and One Exhibit to His Forthcoming Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255" ("Motion to Seal") and Memorandum in Support, both filed on Friday, October 2, 2015. ECF Nos. 471, 472. For the reasons set forth below, the Motion to Seal is **GRANTED** in part and **DENIED** in part.

In the Motion to Seal, the Defendant asks for leave to file under seal three claims — Claims S1, S2, and S3 — and one exhibit — Exhibit S-1 — in his forthcoming motion under 28 U.S.C. § 2255. The government has not responded to this Motion, but the Defendant has attached an email exchange between the government and the Defendant's counsel that sets out the government's position. See Mot. to Seal, Ex. A, ECF No. 471-1.

The Defendant argues that the three claims contain information derived from records filed under seal, and thus, the claims should be filed under seal. Mem. Supp. at 2-4. Further, the exhibit contains personal identifying information, such as juror's names and information from the juror questionnaires, and as such, the exhibit must be filed under seal as well. Id. at 4.

Although the government has not filed a response, the email exchange provided as an exhibit to the Motion to Seal shows that the government agrees that Exhibit S-1 should be filed under seal. Mot. to Seal, Ex. A. However, the government argues that there is no identifying information in the claims, so the claims should be filed on the public docket. Id. The court will now address the claims and exhibit in turn.

1. Claim S1

The Defendant sets forth that this claim will allege that the government "engaged in racial and gender discrimination in its exercise of peremptory strikes, and that Runyon's trial counsel unreasonably failed to object." Mem. Supp. at 2. In bringing this claim, the Defendant states that he will provide the race and gender of the potential jurors called for voir dire, and the race and gender of those struck peremptorily, and the side that made such strikes. Id. at 2-3. The Defendant asserts that he identifies the potential jurors' by Juror Number, not by name or even initials. Id. Thus, although the

2

race, gender, and information about which side struck each potential juror is derived from sealed documents, no personal identifying information will be provided. Therefore, filing this claim on the public docket will not release personal or confidential information about any juror or potential juror in the Defendant's case. As such, the Defendant's Motion to Seal is **DENIED** with respect to Claim S1.

### 2. Claim S2

The Defendant asserts that this claim alleges in part that the court "unlawfully excluded one or more of the potential jurors . . . based solely on their juror questionnaire responses without voir dire." Mem. Supp. at 3. The Defendant further asserts that this claim identifies five potential jurors by Juror Number and discusses the responses of these potential jurors to inquiries on the juror questionnaire about the death penalty. Id. The claim also includes quotes or descriptions of some of the questions in the questionnaire and even discloses employment information about some potential jurors' families. Id. The court has shown a continued interest in ensuring that confidential and personal information about the jurors and potential jurors in the Defendant's case is protected from unnecessary disclosure. Given that this claim includes a discussion of responses to the questionnaire along with family and employment information derived solely from the

3

questionnaires, rather than simply race and gender, the Defendant's Motion to Seal is **GRANTED** with respect to Claim S2.

### 3. Claim S3

The Defendant contends that this claim alleges in part that "the voir dire conducted in this case violated [the Defendant's] Fifth and Sixth Amendment rights to a fair and impartial jury." Mem. Supp. at 3-4. The Defendant states that this claim includes minimal sealed information. Id. at 4. He asserts that the claim identifies by Juror Number some of the potential jurors who were struck, that it briefly describes the contents of two sealed documents that discuss the voir dire process, and that it incorporates by reference portions of Claim S2 that contain sealed material. Id. As with Claim S1, this claim does not provide confidential information about any of the jurors or potential jurors. Only Juror Numbers are used, and not even race or gender will be listed. As such, the Motion to Seal with respect to Claim S3 is **DENIED**.

### 4. Exhibit S-1

Counsel for the Defendant and the government both agree that Exhibit S-1 should be filed under seal as it contains the names of potential jurors and personal information derived from the juror questionnaires. See Mem. Supp. at 4; Mot. to Seal, Ex. A. As there are no objections, and because this exhibit clearly contains confidential and personal identifying information, the

4

Defendant's Motion to Seal is **GRANTED** with respect to Exhibit S-1.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Seal is **GRANTED** with respect to Claim S2 and Exhibit S-1, and the Clerk is **ORDERED** to file Claim S2 and Exhibit S-1 under seal, with access granted to the United States Attorney at Newport News. The Motion to Seal is **DENIED** with respect to Claims S1 and S3. The Defendant also filed a Motion to Expedite Consideration of the Motion to Seal. ECF No. 473. As the court has ruled on the Motion to Seal, the Motion to Expedite is now **MOOT**.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for the Defendant and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge
REBECCA BEACH SMITH
CHIEF JUDGE

October 5 , 2015