**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| -v- | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| DAVID ANTHONY RUNYON, | : | HON. REBECCA BEACH SMITH |
| Defendant/Movant | : | |
| | : | |

**MOTION FOR LIMITED RECONSIDERATION OF
ORDER CONCERNING JURY SELECTION RECORDS**

On October 2, 2015, the Court issued an order granting in part and denying in part Runyon's motion for copies of certain jury selection records. ECF No. 475. Runyon hereby asks the Court to reconsider and modify that Order in three limited respects. By seeking reconsideration of these aspects of the Order, Runyon does not waive his objection to any other provision in the Order.

First, although a party has "essentially an unqualified right to inspect jury lists," *Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam), the Court has directed the Clerk to provide Runyon's counsel with incomplete versions of the Master Jury Wheels and Qualified Jury Wheels—versions that do not fully include the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process." 28 U.S.C. § 1867(f). Runyon agrees that Social Security numbers should be redacted from all lists. Runyon also does not object at this time to redaction of telephone numbers on the Qualified Jury Wheels. But he asks the Court to reconsider its direction that the Clerk redact the addresses of the individuals listed in the Master Jury Wheels and Qualified Jury Wheels. Although the Court's Order described the

1

disclosure of this information as "unnecessary," ECF No. 475 at 7, it is actually essential for the reasons stated below.

One of the first tasks undersigned counsel needs to perform is to determine whether all of the individuals in the venire for Runyon's trial were, in fact, listed on the Master Jury Wheel and the Qualified Jury Wheel from which they purportedly were drawn. Counsel will do this because her analysis of jury selection records in another matter revealed that a preponderance of the seated jurors in that case were not listed on the Master Jury Wheel or Qualified Jury Wheel—a circumstance that could not have occurred if the jury selection process had been performed in compliance with federal law and with the jurisdiction's jury selection plan.

Counsel cannot perform this comparison without the addresses of the individuals on the Master Jury Wheels and Qualified Jury Wheels. When a venire member has a common name— let's say "Michael Campbell"—there inevitably will be multiple people on the Master Jury Wheel with that same name.[1] To determine which of them—if any—is the same Michael Campbell who was a member of the venire in a particular case, counsel must compare the venire member's address (as shown on his juror questionnaire) with the address of every person on the Master Jury Wheels and Qualified Jury Wheels who is named Michael Campbell. If the name and address match, counsel must then use the venire member's age (as shown on the juror questionnaire) or other information as an additional check, because two people with the same name, like Michael Campbell Sr. and Michael Campbell Jr., may have the same residence.

Undersigned counsel also expects to use the addresses on the Master Jury Wheels and Qualified Jury Wheels to look for patterns of geographic distribution. Anomalies in these

---

[1] This is a fictitious name for purposes of illustration. No person named Michael Campbell completed a juror questionnaire in Runyon's case.

patterns may indicate that names for the Master Jury Wheels and Qualified Jury Wheels were not selected at random.

Second, the Order directs counsel to maintain the CDs and records under seal and not to make any copies. Undersigned counsel asks the Court to recall that her co-counsel, Dana Hansen Chavis, is located at the Federal Defender Services of Eastern Tennessee in Knoxville. To make it possible for co-counsel and her staff to participate in the review and analysis of the jury selection records, Runyon asks the Court to modify its Order to permit undersigned counsel to make a single in-kind copy of the CDs and records and provide them to Ms. Chavis, subject to the same limitations and conditions that govern undersigned counsel. Attorneys Brace and Chavis agree to comply with all of the other provisions the Court has ordered for these CDs and records, including keeping these materials under seal and returning all CDs and records to the Court at the conclusion of all habeas litigation.

Third, the Order directs counsel to pick up the CDs and records from the Clerk at the federal courthouse in Norfolk. In the interest of efficiency and conservation of the Court's resources, undersigned counsel asks the Court to reconsider this directive, and to permit her instead to pick up the CDs and records in person, and to sign the acknowledgment of receipt, from the Clerk at the federal courthouse in Alexandria, Virginia. Counsel lives in Washington, DC, and she can travel quickly and inexpensively to the courthouse in Alexandria by the Metro. A round trip to Norfolk, on the other hand, takes a minimum of eight hours of travel time (often more), plus the time and costs of car rental and other travel expenses.[2] There are likely more effective uses for the Court's resources than compensating court-appointed counsel for time and

---

[2] Because of the limited number of flights in each direction, round trip travel by air is equally lengthy. It also is more expensive.

travel to Norfolk in this instance. Moreover, undersigned counsel's time can be used more efficiently for work on other matters, which she had to put aside while focusing on Runyon's § 2255 motion.

### Conclusion

For the foregoing reasons, the Court should reconsider and modify its Order as follows: (1) direct the clerk *not to redact* the addresses on the Master Jury Wheels and Qualified Jury Wheels; (2) authorize Attorney Brace to make a single in-kind copy of the CDs and records for Attorney Chavis, who will be subject to the same conditions imposed on Attorney Brace; and (3) permit Attorney Brace to pick up the CDs and records, and to sign an acknowledgment of receipt, from the Clerk at the federal courthouse in Alexandria, Virginia.

Respectfully Submitted,

_____/s/_____

Dana Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
 Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Michele J. Brace
Virginia State Bar No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2015, I have electronically filed the foregoing Motion For Limited Reconsideration Of Order Concerning Jury Selection Records  with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
JZick@usa.doj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons Suite 300
Newport News, VA 23606
(757) 591-4040
Lisa.McKeel@usdoj.gov


_____/S/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*

5