UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

      Petitioner,

                              ACTION NO. 4:15cv108
   v.                     [ORIGINAL CRIMINAL NO. 4:08cr16-3]

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM ORDER

This matter comes before the court on the Petitioner's "Motion for Limited Reconsideration of Order Concerning Jury Selection Records" ("Motion"), filed on October 6, 2015. ECF No. 480. The time for response has passed, and the Motion is ripe for review. For the reasons stated herein, the Motion is **GRANTED** in part and **DENIED** in part.

On April 7, 2015, the court granted the Petitioner's request for a copy of the completed questionnaires of all prospective jurors who returned a questionnaire prior to his trial. Mem. Order at 3, ECF No. 422. On October 2, 2015, the court granted in part and denied in part the Petitioner's Motion for Copies of Grand and Petit Jury Selection Records. Mem. Order, ECF No. 475. In that Memorandum Order, the court granted the Petitioner's request for copies of the Master and Qualified Jury Wheels, but it ordered that Social Security Numbers,

addresses, and phone numbers be redacted. Id. at 6-8. The court also directed counsel for the Petitioner and the United States Attorney at Newport News to make arrangements with the Clerk to pick up the CDs and records at the United States Courthouse in Norfolk, and prohibited all counsel from making any copies of the CDs and records - paper, electronic, or otherwise. Id. at 15-16.

In the instant Motion, counsel for the Petitioner, Ms. Michele Brace, presents three requests: (1) that the addresses on the Master and Qualified Jury Wheels not be redacted; (2) that she be permitted to make a single copy of the CDs and records for her co-counsel, Ms. Dana Hansen Chavis, who works at the Federal Defender Services of Eastern Tennessee; and (3) that she be permitted to pick up the CDs and records at the United States Courthouse in Alexandria, Virginia, instead of the United States Courthouse in Norfolk, Virginia. The court will address each request in turn.

**1. Request to not redact the addresses on the Master and Qualified Jury Wheels**

As the court noted in its Memorandum Order of October 2, 2015, a party has "essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975) (per curiam). For that reason, the court granted the Petitioner's request to be provided with the 2005 and 2007

2

Master and Qualified Jury Wheels for Norfolk and Newport News, with Social Security Numbers, addresses, and phone numbers redacted in order to limit the release of personal identifying information. Mem. Order at 6-8. Counsel for the Petitioner now requests that addresses on the Master and Qualified Jury Wheels not be redacted. Mot. at 1-3.

Counsel first argues that she needs the addresses so that she may determine whether the individuals drawn for the venire in the Petitioner's case were actually listed on the Jury Wheels. Id. at 1-2. By comparing the addresses on the Jury Wheels to the addresses on the questionnaires provided by the Memorandum Order of April 7, 2015, Ms. Brace claims that she can make that assessment, and thus determine whether the jury selection process complied with federal law and the Jury Selection Plan for the Eastern District of Virginia. Id. Although comparing addresses may be one way to make this determination, counsel may also make this comparison by using the jurors' Participant Numbers. Each individual listed on the Jury Wheels is assigned a unique Participant Number. These Participant Numbers are also listed on the breakdowns of the petit jury venire and grand jury by race, age, and gender, which were provided by the court's Memorandum Order of

3

October 2, 2015. Mem. Order at 9-13.[1] As everyone who completed one of the questionnaires that Ms. Brace received pursuant to the Memorandum Order of April 7, 2015, will be included in the race, age, and gender lists, Ms. Brace may simply compare the Participant Numbers on the Wheels with the Participant Numbers on the race, age, and gender lists to assess whether each individual in the venire was drawn from the Master and Qualified Jury Wheels. Thus, disclosing addresses, and thereby exposing personal information for hundreds of residents of this District, is unnecessary.

Ms. Brace next argues that she needs the addresses so that she may look for anomalies in geographic distribution and determine whether the names for the Wheels were drawn at random. As providing this information may help counsel in concluding whether the jury selection adhered to federal law and the jurisdiction's jury selection plan, the court will permit the city, state, and zip codes to be listed on the Wheels. The street addresses, however, are unnecessary to this determination and will be redacted. As such, the motion is **GRANTED** in part and **DENIED** in part.

Further, as the United States Attorney at Newport News has already picked up a copy of the CDs containing the Jury Wheels

---

[1] On that list, individuals are identified by their Participant Number, and then their race, age, and gender are provided.

4

with the city, state, and zip codes redacted, the United States Attorney is **DIRECTED** to return those CDs to the Clerk and sign a sworn statement attesting that the CDs have been maintained under seal, and no copies thereof of any nature — paper, electronic, or otherwise — have been made or exist, and that no juror contact has been made, directly or indirectly, through someone else, or by any means. The United States Attorney will then be provided with the updated Jury Wheel CDs, subject to the same conditions as set out in the court's Memorandum Order of October 2, 2015. See Mem. Order at 15-16.

### 2. Request to make a single copy of the CDs and records for co-counsel residing in Tennessee

Ms. Brace is employed at the Virginia Capital Representation Resource Center, which is located in Charlottesville, Virginia, and she lives in Washington, DC. Mot. at 3.[2] However, Ms. Dana Hansen Chavis, the Petitioner's appointed co-counsel, works at the Federal Defender Services of Eastern Tennessee, which is located in Knoxville, Tennessee. Id. In the instant Motion, Ms. Brace requests the court's permission "to make a single in-kind copy of the CDs and records and provide them to Ms. Chavis, subject to the same limitations and conditions that govern [her]." Id.

---

[2] Where Ms. Brace lives is not relevant to this inquiry. Where she works is.

5

In consideration of the fact that co-counsel of record work in different states, the Motion is **GRANTED**, to the extent that it seeks the court's permission to <u>make</u> <u>a</u> <u>single</u> <u>in-kind</u> <u>copy</u> <u>of</u> <u>the</u> <u>CDs</u> <u>and</u> <u>records</u>, for use by co-counsel, Ms. Chavis. <u>No</u> <u>copies</u> <u>are</u> <u>to</u> <u>be</u> <u>electronically</u> <u>transmitted</u>. The same conditions — <u>i.e.</u>, that no additional copies be made, that the CDs and records be maintained <u>under</u> <u>seal</u>, that all CDs and records be returned to the court upon the conclusion of the habeas litigation, and that <u>no</u> <u>contact</u>, <u>direct</u> <u>or</u> <u>indirect</u>, be made with any juror, grand or petit, who actually served or who was named in any list, CD, or record — remain in effect for Ms. Chavis' copy of the CDs and records. Moreover, upon completion of the habeas litigation, with the return to the court of the CDs and records, both Ms. Brace and Ms. Chavis will be required to submit "a sworn statement that the CDs and records have been <u>maintained</u> <u>under</u> <u>seal</u>, and no copies thereof of any nature — paper, electronic, or otherwise — have been made or exist" and that "<u>no</u> <u>juror</u> <u>contact</u> <u>has</u> <u>been</u> <u>made</u>, directly or indirectly, through someone else, or by any means." <u>See</u> Oct. 2, 2015, Mem. Order at 16.

**3. Request to pick up the CDs and records at the United States Courthouse in Alexandria, Virginia**

Finally, Ms. Brace requests that she be permitted to pick up the jury records and CDs at the United States Courthouse in

6

Alexandria, Virginia. Mot. at 3. She argues that because she lives in the District of Columbia,[3] it would be quicker and less expensive for her to pick up the materials in Alexandria than in Norfolk. Id. However, the Clerk's Office in Norfolk has been handling this case from the beginning, given the voluminous docket and records involved, many of which are sealed. Allowing Ms. Brace to pick up the materials in Alexandria would necessarily involve multiple additional individuals in the distribution of the confidential, sealed jury records. The court wishes to contain and limit those involved in the disclosure of this information, which is being maintained under seal, and to conduct the release of records in one location, namely Norfolk. Accordingly, this request is **DENIED**.

The Clerk shall forward a copy of this Memorandum Order to Ms. Brace, Ms. Chavis, and the United States Attorney at Newport News.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

October 26, 2015

---

[3] See supra note 2. In point of fact, Ms. Brace works in the Western District of Virginia.

7