**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:08-CR-00016 |
| | : | |
| -v- | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| DAVID ANTHONY RUNYON, | : | HON. REBECCA BEACH SMITH |
| Defendant/Movant | : | |
| | : | |

**UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL AN ADDENDUM TO
RUNYON'S MOTION FOR DISCOVERY
AND CONSOLIDATED MEMORANDUM OF LAW**

Runyon has prepared a Motion for Discovery and Consolidated Memorandum of Law related to his § 2255 motion. He is ready to file that motion as soon as the Court determines whether he may file an addendum to that motion under seal.

Pursuant to Rule 49(c) & (d), LOCAL RULES OF CRIMINAL PROCEDURE, Runyon hereby moves the Court for leave to file under seal an addendum to his discovery motion. The addendum, designated as Addendum S-1, reveals the full names of persons who will be referenced only by initials in the motion itself, in Discovery Requests III(B) and III(C). Those persons reportedly were physically, emotionally, and sexually victimized by co-defendant Michael Draven, and Runyon will move the Court to authorize discovery and to direct the United States to produce documents that relate to Draven's misconduct toward those victims. To protect the victims' privacy, the discovery motion will use their initials, but the victims' full names need to be provided to Respondent and to the Court so that the requested documents can be identified and properly produced.

1

The common law right of the public to inspect court records is not absolute but within the Court's discretion, especially when harm may result from publication of "painful and sometimes disgusting details[.]"[1] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation marks and citation omitted). Virginia law also provides that the disclosure of crime-victims' identities is a discretionary matter, and it prohibits state agencies from disclosing the identity of any sexual-assault victim except with the written consent of the victim or a court order. Va. Code § 2.2-3706(A)(2)(j) and § 19.2-11.2. Runyon seeks only to file under seal an addendum containing the names of co-defendant Draven's victims.

The relevant information sought in Runyon's discovery motion does not lie in the victims' identities but in co-defendant Draven's acts of violence against girlfriends and other persons. *See* ECF No. 478, Claim 2, pp. 16-18. Those violent acts include details that would cause a reasonable victim to suffer emotional pain should her identity be revealed. Runyon's use of the victims' initials in the discovery motion is narrowly tailored to protect the victims' identities and privacy interests without depriving the public access to information essential to understanding the issues in this case. *See Alexander v. City of Greensboro*, Nos. 1:09–CV–00293, 1:09–CV–00934, 2013 WL 6687248, at *5 (M.D.N.C. Dec. 18, 2013). The addendum to be sealed contains the victims' first and last names and the corresponding initials contained in the discovery motion.

The addendum that Runyon seeks to file under seal has been shared with counsel for the

---

[1] Unlike a request to seal a dispositive motion, the Fourth Circuit has not held there is First Amendment right to public access of discovery motions or materials. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004). Runyon is not seeking to seal his discovery motion but only the names of victims included in an addendum to the discovery motion and the names are not necessary for a public understanding of the issues before the Court.

United States. The United States agrees that Addendum S-1 should be filed under seal. See attached e-mail thread, Ex. 1.

Wherefore, Runyon respectfully requests that the Court enter an order allowing Addendum S-1 to Runyon's Motion for Discovery and Consolidated Memorandum of Law to be filed under seal.

Respectfully Submitted,

_____/s/_____

| | |
|---|---|
| Dana Hansen Chavis, *pro hac vice* | Michele J. Brace, VSB No. 36748 |
| Federal Defender Services | Virginia Capital Representation |
| of Eastern Tennessee, Inc. | Resource Center |
| 800 S. Gay Street, Suite 2400 | 2421 Ivy Road, Suite 301 |
| Knoxville, TN 37929 | Charlottesville, VA 22903 |
| Telephone (865) 637-7979 | Telephone (434) 817-2970 |
| Dana_Hansen@fd.org | mbrace@mindsort.com |

Dated: December 4, 2015

3

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2015, I have electronically filed the foregoing

Unopposed Motion For Leave To File Under Seal An Addendum To Runyon's Motion For

Discovery And Consolidated Memorandum Of Law with the Clerk of Court using the CM/ECF

system, which will then send a notification of such filing (NEF) to the following:


Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons Suite 300
Newport News, VA 23606
(757) 591-4040
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
JZick@usa.doj.gov


_____/S/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Defendant/Movant*
*David Anthony Runyon*