IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,          )
                               )
      Petitioner              )        CRIMINAL ACTION NO.: 4:08cr16
                               )        CIVIL ACTION NO.: 4:15cv108
v.                             )
                               )
UNITED STATES OF AMERICA,      )
                               )
      Respondent.             )

**RESPONSE OF THE UNITED STATES TO MOVANT'S FIRST MOTION FOR
DISCOVERY AND CONSOLIDATED MEMORANDUM OF LAW**

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente,

United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J.

Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States

Attorney, and submits this Response of the United States to Movant's First Motion for Discovery

and Consolidated Memorandum of Law, filed by DAVID ANTHONY RUNYON ("Runyon").

## I.    Procedural History

On February 13, 2008, a federal grand jury returned a five-count indictment charging

defendant David Runyon, and co-defendants Michael Draven and Catherina Voss, with

Conspiracy to Commit Murder for Hire, in violation of 18 U.S.C. § 1958(a) (Count 1); Carjacking

Resulting in Death, in violation of 18 U.S.C. §§ 2119 and 2 (Count 2); Bank Robbery Resulting

in Death, in violation of 18 U.S.C. §§ 2113(a),(e) and 2 (Count 3); Conspiracy to Commit Robbery

Affecting Commerce, in violation of 18 U.S.C. § 1951(a) (Count 4); and Murder with a Firearm

in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(j) (Count 5).  ECF 3.  The

indictment also provided the notice of special findings for the death penalty pursuant to 18 U.S.C.

§§ 3591, 3592. *Id.*

1

The trial of Runyon and Draven began on June 30, 2009, and the guilt phase continued until July 17, 2009, involving over 50 witnesses and over 300 exhibits. On July 15, 2009, the district court dismissed Count 3 pursuant to Rule 29. On July 17, 2009, the jury found both defendants guilty on Counts 1, 2 and 5, and not guilty on Count 4. ECF 245. The eligibility phase was held on July 22, 2009. No evidence was presented and following argument the jury found Runyon intentionally killed Cory Voss. ECF 255. The jury also found the United States had proven the two noticed statutory aggravating factors. *Id.* at pgs. 5-6.

The selection phase of trial began on August 19, 2009. On August 21, 2009, Runyon submitted mitigating factors. ECF 285. The jury returned on August 27, 2009, and found four additional non-statutory aggravating factors, two statutory mitigating factors, and a number of non-statutory mitigating factors. ECF 291. The jury recommended death on Counts 1 and 5 and life imprisonment on Count 2. *Id.* at p. 5. On September 30, 2009, Runyon filed a motion to set aside the verdict, challenging certain victim-impact evidence. ECF 297. The court denied Runyon's motion on October 27, 2009. ECF 299. Runyon was sentenced to death and filed a timely notice of appeal. ECF 312.

Voss pled guilty to the indictment and was sentenced to life in prison on Counts 1, 2, 3 and 5, and 20 years in prison on Count 4. ECF 69, 127. Draven was sentenced to life in prison on Counts 1, 2 and 5, (ECF 304), and his convictions have been affirmed on direct appeal. *United States v. Draven*, 417 F. App'x 362 (4th Cir. 2011).

On February 25, 2013, Runyon's conviction and sentence were affirmed on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). On October 6, 2014, the Supreme Court denied Runyon's petition for a writ of certiorari. *Runyon v. United States*, No. 13-254 (Oct. 6, 2014). On October 5, 2015, Runyon filed his motion to vacate, set aside, or correct the sentence

pursuant to 28 U.S.C. § 2255. ECF 478. The United States filed its response to Runyon's § 2255 motion on January 11, 2016. ECF 497. On December 9, 2015, Runyon filed a First Motion for Discovery and Consolidated Memorandum of Law seeking discovery related to various claims in his § 2255 motion. ECF 491. The United States responds to that motion here.

## II.    Legal Requirements for Discovery in § 2255 Proceedings

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in this setting can occur only with leave of the court, upon a showing of good cause. *See* Rule 6(a) of the Rules Governing § 2255 Cases. In other words, a defendant "may invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of discretion and for good cause shown, grants leave to do so, but not otherwise." *Hall v. United States*, 30 F. Supp.2d 883, 899 (E.D. Va. 1998). "Good cause" for discovery exists when a petition for habeas corpus establishes a prima facie case for relief. *See Harris v. Nelson*, 394 U.S. 286, 290 (1969). Specifically, discovery is warranted under Supreme Court and Fourth Circuit precedent, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 295 (1969)); *United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004) (affirming denial of multiple discovery requests). In *Roane*, the Fourth Circuit rejected the defendants' argument that the trial judge erred by granting summary judgment on some claims without first permitting discovery. *Roane*, 378 F.3d at 403-04. Particularly applicable here, a request for discovery must rely on specific factual allegations: discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence." *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir.1999); *accord, United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). A defendant may not use discovery to

3

go on a "'fishing expedition' through the Government's files in search of evidence to support an imagined and fanciful claim." *United States v. Lighty*, 2014 WL 5509205, at *3 (D. Maryland Oct. 30, 2014) (citing *Wilson*, 901 F.2d at 381)).

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996); *see Roane*, 378 F.3d at 403 (reviewing, for abuse of discretion, the denial of discovery in a § 2255 case). Once good cause is shown, the district court has discretion regarding the scope and extent of discovery. *Bracy*, 520 U.S. at 909.

## III.    Runyon Has Failed to Establish Good Cause for Discovery

In his request for discovery, Runyon seeks various forms of discovery related to several claims in his § 2255 motion. Specifically, Runyon requests production of documents regarding the selection of jurors (Claims 16 (*Batson* challenge)), information regarding the application of the death penalty in his case (Claim 12 (selective prosecution)), information regarding co-defendants Voss and Draven (Claim 2 (*Brady* claim)), and information on the purported illegal activities of Clifford Dean Posey and Robert Glenn Ford (Claim 1 (Due Process)). In addition, Runyon also asks this Court for leave to propound interrogatories he claims relate to the above claims, and moves this Court for an order directing the issuance of subpoenas seeking Runyon's mental health records.

Runyon fails to demonstrate good cause for discovery in this proceeding. For the reasons stated below, this motion should be denied.

### A.    Discovery related to jury selection (Claim 16).

Runyon primarily seeks historical evidence of the trial prosecutors' jury selection in other cases—implying either they or their office had a policy of discrimination. In addition, he seeks the trial prosecutors' notes and other documents related to the jury selection in this case.

The *Batson* challenge Runyon raises in Claim 16 of his § 2255 motion is procedurally defaulted. He raises this claim for the first time more than six years after his trial. Further, Runyon fails to demonstrate, much less proffer, cause for his default of this claim. In addition, Runyon fails to demonstrate that his trial and appellate counsel were ineffective for failing to raise this claim. *See* ECF 497 at 128–32, 79–82. Because his claim is either procedurally defaulted or lacks merit, Runyon has failed to establish a prima facie case for relief. Runyon is not entitled to the discovery he seeks.

Runyon's statistical argument—that the United States struck 70 percent of African-American jurors—is insufficient to raise an inference of purposeful discriminatory intent by the United States. *See United States v. Tipton*, 90 F.3d 861, 881, n.11 (4th Cir. 1996) (rejecting gender discrimination claim where defendants produced no evidence to support claim other than "raw figures" of four men versus eight women stricken). Moreover, Runyon's use of statistics does not rise to the level of "'specific allegations' justifying discovery in this case." *Lighty*, 2014 WL 5509205, at *8.

The United States references and incorporates its argument in response to Claim 16 in Runyon's §2255 motion here. Because there is no merit to Runyon's claim, the need for discovery is obviated. Furthermore, the discovery Runyon seeks is wholly speculative and unnecessary. For example, Runyon speculates that the trial prosecutors have exercised race and gender strikes in "at least one other capital case," and that the prosecution notes and documents may reveal race or gender related comments. ECF 491 at 9. But Runyon fails to offer the name of the case or any

other evidence for his allegation that the trial prosecutors engaged in race or gender discrimination in jury selection. Runyon's request for discovery is a search for evidence to support an imagined claim and this Court should deny such a fishing expedition.

Likewise, Runyon's bald assertion that the prosecutors notes would be "relevant" to his claim, citing *Miller-El v. Cockrell (Miller-El I)*, 537 U.S. 322 (2003) and *Miller-El v. Dretke, (Miller-El II)*, 545 U.S. 231 (2005), does not satisfy the good cause required for limited discovery in § 2255 proceedings. In *Miller-El-II,* the Supreme Court reminded courts of their responsibility to "assess the plausibility of [a prosecutor's stated] reason in light of all evidence with a bearing on it." 125 S.Ct. at 2331 (citing *Batson*, 476 U.S. at 96-97). The *Miller-El-II* Court, rejected a prosecutor's credibility on the basis of a constellation of facts including the repeated use of a "jury shuffle" to favor the selection of white jurors, the use of disparate voir dire questions to vet black and white veniremen (including inquiries the Court characterized as "trickery"), and evidence that the prosecutor's office had once had a written policy of discrimination. *Id.* at 2323-39. All of these circumstances are missing in this case. Moreover, there is nothing in *Miller- El-II* or any other cases cited by Runyon which support the kind of rummaging through of the government or court files which Runyon seeks. Likewise, again citing *Miller-El II*, he argues that he is entitled to obtain information about other capital cases because it is relevant to whether the United States engaged in impermissible discrimination. Unlike *Miller-El II,* where the prosecutor's office had a documented policy of discrimination, there is no such evidence in this case. These arguments have no application to the instant matter, as discovery on collateral review is not permitted so that a petitioner can "explore [his] case in search of its existence." *Rich*, 187 F.3d at 1067. Given the ample record and controlling Supreme Court and Fourth Circuit precedent, this Court should find that Runyon has failed to show good cause for discovery and deny his request.

B.    Runyon is not entitled to discovery to support his selective prosecution claim.

Runyon seeks discovery related to Claim 12 in his §2255 motion. Specifically, he requests documents delving into the United States' prosecutorial discretion to notice the death penalty against Runyon. This Court should deny his request.

In Claim 12, Runyon alleges that the Federal Death Penalty Act is administered in a racially biased manner and that the United States improperly sought the death penalty against him based on his race. Specifically, Runyon claims that his trial and appellate counsel were ineffective for failing to raise a selective prosecution claim. But, as the United States argues in response and incorporates here, ECF 497 at 109–15, Runyon cannot meet the "demanding" standard to prove a selective prosecution claim, *United States v. Armstrong*, 517 U.S. 456, 463 (1996), nor can he meet the rigorous standard to obtain discovery in a selective prosecution claim. *United States v. Bass*, 536 U.S. 862, 863 (2002). Likewise, Runyon fails to demonstrate that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In order to prevail on his selective prosecution claim, Runyon must present some evidence of both discriminatory effect and discriminatory intent. *Bass*, 536 U.S. at 863. Runyon fails to proffer any evidence that a particular group of individuals has been treated any differently than a similarly situated group. *Armstrong*, 517 U.S. at 470 (rejecting statistical studies that failed to identify similarly-situated persons of other races who were treated differently). Because there is no merit to Runyon's claim and he cannot meet the rigorous standard for discovery on his substantive claim, he necessarily cannot demonstrate good cause for discovery here. For the reasons stated in the United States' response to Claim 12, this request should be denied.

C.    Runyon is not entitled to discovery on his procedurally defaulted *Brady* claim.

In Claim 2 of his §2255 motion, Runyon alleges that the United States violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995), by failing to provide him co-defendant Draven's background and mitigation evidence prior to trial. Runyon requests discovery of a broad range of documents concerning Draven's medical and mental health, social and criminal history, and purported grand jury testimony of alleged victims of Draven's purported actions.

Runyon fails to demonstrate good cause entitling him to discovery here. This claim is procedurally defaulted, thus discovery is unnecessary. Procedural default notwithstanding, as stated in the United States' response to Claim 2, incorporated here by reference, the discovery Runyon seeks is not material to his guilt or innocence, nor is it material to his punishment. The United States did not withhold material evidence as to the guilt or punishment related to Runyon in violation of *Brady*. Even if the facts are fully developed here, Runyon still would not be able to demonstrate that he is entitled to relief. *Bracy*, 520 U.S. at 908–09. The evidence he seeks is not admissible on any issue in the guilt or penalty phases of his trial. This discovery request should be denied.

D.    Runyon fails to demonstrate good cause entitling him to discovery on Claim 1.

In Claim 1 of his §2255 motion, Runyon alleges that the United States violated his right to a fair trial and due process by failing to disclose the subsequent charged criminal offenses of two law enforcement officers involved in his case—Robert Glenn Ford, Runyon's investigator, and Clifford Dean Posey, a former Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. ECF 478 at 12–16. He seeks discovery of any and all documents in the possession of various agencies related to the investigation of Posey and any documents that refer to Ford.

8

As argued by the United States in its response, incorporated here by reference, Runyon's claim is procedurally defaulted and lacks merit. ECF 497 at 18–21. Other than speculation, Runyon proffers no specific allegation that either Ford or Posey tainted Runyon's trial. Because Runyon fails to allege specific allegations to show reason to believe, if the facts are fully developed, he is entitled to relief, he fails to demonstrate good cause for discovery. *Bracy*, 520 U.S. at 908–09.

E.    Runyon is not entitled to propound interrogatories or issue subpoenas.

Runyon asks this Court to grant him leave to propound interrogatories and issue subpoenas related to the above claims. But, as stated in the United States response to those claims, incorporated here by reference, Runyon fails to demonstrate good cause for this additional discovery.

In his request for subpoenas. Runyon seeks his own medical and mental health information from the Portsmouth City Jail and Portsmouth Sheriff's Office. He argues he is entitled to this discovery because if the allegation of ineffective assistance of counsel for failing to investigate his mental health is true, then he is entitled to relief. But, as stated in the United States' response to Claims 4, 5, and 6 in the §2255 motion, trial counsel was not ineffective for failing to investigate Runyon's mental health or other relevant mitigation. ECF 497 at 30–72. The specific allegation Runyon makes regarding the discovery he seeks fails to show reason to believe that, even if the facts are fully developed, he would be entitled to relief. *Bracy*, 520 U.S. at 908–09. The allegation that counsel failed to properly investigate and present mental health evidence fails to consider to double-edged nature of the evidence and discounts the overwhelming evidence in aggravation as a result of Runyon's calculated and cruel crimes. Runyon's trial counsel chose a reasonable strategy for presentation of mitigation and made a strategic decision not to present mental health

9

evidence that would have contrasted or contradicted that presentation. Because there is no merit to Runyon's claims of ineffective assistance of counsel for failing to investigate and present mental health evidence, Runyon cannot demonstrate good cause for additional discovery.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Runyon's First Motion for Discovery.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____/s/_____

Lisa R. McKeel
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph: (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

By: _____/s/_____

Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov

By:_____/s/_____

Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States

10

United States Attorney's Office
Fountain Plaza Three, Suite 300
21 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Jeffrey.Zick@usdoj.gov

11

CERTIFICATE OF SERVICE

I certify that on January 15, 2016, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system.  I further certify that I caused a true and correct

copy of the foregoing to be mailed to the following non-ECF user:

**Michele Jill Brace**
Virginia Capital Representation Resource Center
2421 Ivy Rd., Suite 301
Charlottesville, VA  22903
Ph:  434-817-2970, 202-223-6380
Email: mbrace@mindsort.com


**Dana Catherine Hansen Chavis**
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay St, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Fax:  (865) 637-7999
Email:  dana_hansen@fd.org


By:  _____ /s / _____
                Jeffrey A. Zick
                Special Assistant United States Attorney
                Attorney for the United States
                United States Attorney's Office
                Fountain Plaza Three, Suite 300
                721 Lakefront Commons
                Newport News, Virginia 23606
                Phone: 757-591-4000
                Fax: 757-591-0866
                Email: Jeffrey.Zick@usdoj.gov

12