**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| DAVID ANTHONY RUNYON, | : | No. 4:15cv108 |
| Petitioner, | : | Original Criminal No. 4:08cr16-3 |
|  | : |  |
| -v- | : | **CAPITAL § 2255 PROCEEDINGS** |
|  | : |  |
| UNITED STATES OF AMERICA, | : | HON. REBECCA BEACH SMITH |
| Respondent. | : |  |

**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR**
**MODIFICATION OF ORDERS AND SUGGESTION FOR SCHEDULING ORDER**

Petitioner David Runyon presently is preparing three documents that address interrelated issues but have diverse and in some respects incompatible deadlines. To avoid piecemeal filings and to move these issues onto a single track, Runyon has asked the Court to modify two of its current orders and has suggested that the Court issue a scheduling order that addresses all three of these pleadings. This memorandum sets out the reasons supporting Runyon's motion.

Runyon prefaces this memorandum to clarify that although a § 2255 motion is given the name "motion" in the U.S. Code, it is treated as a pleading rather than an ordinary motion. A § 2255 motion—like a party's pleading in a civil case but unlike an ordinary motion—can be amended under Fed. R. Civ. P. 15. *See infra.* A § 2255 motion—like a petition for writ of habeas corpus but unlike an ordinary motion—is governed by special rules. *See* Rules Governing Section 2255 Proceedings for the United States District Courts. The Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and a court's local rules also may apply, but only to the extent they are not inconsistent with any statutory provisions or the § 2255 Rules. § 2255 Rule 12. These differences give the Court the flexibility to employ procedures for

1

adjudicating § 2255 motions that it might not use for ordinary motions.

Runyon's case is currently in a posture where there are overlapping filings and where flexibility would be beneficial in order to put the case on a logical and efficient course.

First, Runyon is preparing to amend his § 2255 motion "as a matter of course" under Fed. R. Civ. P. 15(a)(1). It is well settled that Rule 15 applies to § 2255 proceedings:

> Because the Rules Governing Section 2255 Proceedings provide no procedure for amending a § 2255 motion, we apply Rule 15 of the Federal Rules of Civil Procedure in assessing a movant's effort to amend. *See* Rule 12, Rules Governing Section 2255 Proceedings (providing district courts may apply Federal Rules of Civil Procedure); *see also United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000) (applying former Rule 15 to § 2255 proceeding). "A party may amend its pleading once as a matter of course within ... 21 days after service of a responsive pleading or ... a motion under [Fed. R. Civ. P.] 12(b)." Fed. R. Civ. P. 15(a)(1)(B). After this time expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2).

*U.S. v. Brown*, 596 Fed.Appx. 209, 210-11 (4th Cir. Jan. 13, 2015) (ellipses and brackets in original). Amendments can clarify or amplify claims in an initial § 2255 motion. They can present new claims that relate back to the initial petition. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005). They also can present new claims that are timely under the exceptions in § 2255, such as claims whose facts could not have been discovered earlier through the exercise of due diligence.

Runyon's deadline to amend as a matter of course is 21 days after service of the answer to the § 2255 motion that the court directed the United States to submit. Including the three additional days provided in Fed. R. Civ. P. 6(d) following electronic service, it appears that Runyon's amendment must be filed by February 4, 2016.[1] In turn, the United States will require

---

[1] The United States responded to the § 2255 motion electronically. ECF No. 497. As a result, Fed. R. Civ. P. 6(d) adds three days to Runyon's deadline to amend, giving him until February 4, 2016. Runyon notes that Fed. R. App. P. 26(c) provides for the same three additional days to act

a reasonable amount of time to answer the amended § 2255 motion.

Second, Runyon is preparing a reply in support of his motion for discovery. ECF No. 491. The Court directed the United States to respond to the discovery motion by January 6, 2016, and directed Runyon to file any reply deemed appropriate on or before January 20, 2016, i.e., 14 days later. ECF No. 492. The United States subsequently requested an extension to file its response regarding discovery. ECF No. 493. The Court granted the extension to January 21, 2016, thus implicitly vacating its order that Runyon answer the Government's response by January 20, 2016. ECF No. 494. The United States filed its opposition to discovery, ECF No. 500, on January 15, 2016. If the Court allowed Runyon the same 14-day reply time it gave in its earlier order, ECF No. 492, Runyon's response would be due by January 29, 2016.

Third, on January 11, 2016, the Government filed an answer to the § 2255 motion that was lengthier than Runyon's § 2255 motion. ECF No. 497. The Court has directed Runyon to file any reply deemed necessary within 30 days, which means by February 16, 2016. ECF No. 499. [2] Given the length of the Government's answer and the substantial number of procedural, legal, and factual issues Runyon must address, Runyon likely would ask the Court for an extension of time to file his reply even if he was not already preparing other filings in Runyon's case. Under current circumstances, Runyon requests a modification of that deadline.

In aggregate, the various schedules presently give Runyon a period of 30 days or less in which to simultaneously amend his § 2255 motion, reply to the Government's answer to his original § 2255 motion, and reply to the Government's opposition to his motion for discovery.

---

after electronic service.

[2] Thirty days after entry of the order is Sunday, February 14, 2016. The following day is a holiday (Washington's Birthday, popularly designated Presidents' Day).

Although the individual parts of this arrangement may be sensible, it is illogical and inefficient in its totality. It makes little sense—and does not help the Court or the parties—for Runyon to reply at this time to the Government's answer to the original § 2255 motion when there will soon be an amended § 2255 motion, to be followed by an amended Government answer. In the interests of efficiency and avoidance of piecemeal litigation, and to preclude the possibility that the original and amended versions of claims become cross-wired, Runyon requests a scheduling order. Runyon's amended § 2255 motion will be filed on or before February 4, 2016. A scheduling order would provide filing dates for the United States' answer to the amended § 2255 motion and a single consolidated reply from Runyon that addresses the points raised in both the Government's original and amended answers.

As for Runyon's motion for discovery, the Government's request for an extension of time to respond to that motion stated that "The claims and allegations made in the motion for discovery are inexplicably [sic] intertwined with the responses to the claims in the § 2255 motion." ECF No. 493, p.2. The Government filed a response on discovery that largely mirrors its answer to the original § 2255 motion on both procedural and merits grounds. The same interrelationship is now true in reverse: Runyon's reply in support of discovery will necessarily be inextricably intertwined with his reply to the Government's answers to the original and amended § 2255 motion.

Because of the interdependent nature of the three documents that Runyon must prepare, he requests that the Court issue a scheduling order that puts these filings in an efficient and logical sequence. Runyon suggests that the schedule set out a rolling framework rather than using specific calendar dates. That way, the Court will not need to modify the schedule if a party

4

files early, if the Court grants a party's request for an extension, or if other circumstances require an accommodation.

Runyon recognizes that scheduling is solely the province of the Court. But for illustrative purposes, he suggests that the following schedule might be appropriate:

| | |
|---|---|
| February 4, 2016 | Deadline for Runyon to amend his § 2255 motion under Rule 15(a)(1). |
| 90 days after service of Runyon's amendments | Deadline for the United States to answer Runyon's amended § 2255 motion. |
| 90 days after service of the United States' answer | Deadline for Runyon to file a consolidated reply that addresses the United States' original and amended answers. |
| 14 days after the filing of Runyon's consolidated reply | Deadline for Runyon to file a reply in support of his motion for discovery. |

Runyon believes that the suggested scheduling order will not prejudice the Government.

WHEREFORE, Runyon asks the Court to issue a scheduling order for the parties to prepare and present the documents described above.

Respectfully Submitted,

_____/s/_____

| | |
|---|---|
| Dana Hansen Chavis, *pro hac vice* | Michele J. Brace, VSB No. 36748 |
| Federal Defender Services | Virginia Capital Representation |
| of Eastern Tennessee, Inc. | Resource Center |
| 800 S. Gay Street, Suite 2400 | 2421 Ivy Road, Suite 301 |
| Knoxville, TN 37929 | Charlottesville, VA 22903 |
| Telephone (865) 637-7979 | Telephone (434) 817-2970 |
| Dana_Hansen@fd.org | mbrace@mindsort.com |

Dated: January 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on January 21 2016, I have electronically filed the foregoing Petitioner's Memorandum in Support of Motion for Modification of Orders and Suggestion for Briefing Order with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
(757) 591-4032
Brian.Samuels@usdoj.gov

Lisa Rae McKeel
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons Suite 300
Newport News, VA 23606
(757) 591-4040
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
U.S. Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone: (757) 591-4000
JZick@usa.doj.gov

_____/S/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com
*Counsel for Petitioner*
*David Anthony Runyon*