IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Petitioner | ) | CRIMINAL ACTION NO.: 4:08cr16 |
| | ) | CIVIL ACTION NO.: 4:15cv108 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE OF THE UNITED STATES TO PETITIONER'S MOTION FOR
MODIFICATION OF ORDERS AND SUGGESTION FOR SCHEDULING ORDER**

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States Attorney, and submits this Response of the United States to Petitioner's Motion for Modification of Orders and Suggestion for Scheduling Order, (ECF 501), filed by DAVID ANTHONY RUNYON ("Runyon").

Runyon asks this Court to modify the existing schedule regarding the briefing that remains in this § 2255 proceeding. Specifically, he informs the Court that he intends to file an amended motion to vacate, set aside, or correct his sentence, and asks to delay any reply to the United States' already filed answer until the United States answers his forthcoming amended motion. Runyon proposes a schedule that will unnecessarily delay this proceeding.

Rule 12 of the Rules Governing Section 2255 Proceedings provides, "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate." Because there are no

1

definitive procedures for amending a § 2255 motion, courts apply Rule 15 of the Federal Rules of Civil Procedure in assessing a movant's efforts to amend. *See United States v. Pittman*, 209 F.3d 314, 316–17 (4th Cir. 2000). Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." But a plaintiff's right to amend as a matter of course is not absolute. *Perkins v. Silverstein*, 939 F.2d 463, 471–72 (7th Cir. 1991). That is especially true here because the statute of limitations may bar Runyon's amended claims. *Pittman*, 209 F.3d at 317. The decision to grant or deny a motion to amend is entrusted to the sound discretion of the district court and is reviewed only for an abuse of discretion. *See Sandcrest Outpatient Servs. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1140 (4th Cir. 1988); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2nd Cir. 1993). Although leave to amend should be granted whenever "justice so requires," "this is not a mechanical absolute and the circumstances and terms upon which such leave is to be freely given is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition.'" *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967) (quoting *Lone Star Motor Import, Inc. v. Citreon Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)). When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments in the original pleading under certain circumstances. The most likely here is under Rule 15(c)(2)—relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading. Fed. R. Civ. P. 15(c)(2).

This Court has discretion to oversee the development and ultimate disposition of this proceeding. The current briefing schedule allows this case to proceed in a timely manner. The schedule Runyon proposes will unnecessarily delay resolution of this case, and is no more efficient than the current schedule. The current schedule calls for Runyon to reply to the United States' opposition to his timely filed §2255 motion. Runyon may file an amended motion, but should do so in a separate pleading delineating which claims he seeks to amend. This will allow the United States to respond to those claims that Runyon seeks to amend as opposed to responding to an entirely new motion. The Court will also benefit from briefing that separates the timely claims from the amended claims. The current schedule allows for the disposition of claims in an efficient and timely manner. The United States would not object should Runyon seek a reasonable amount of additional time, should he need it, to file his amended claims and reply to the United States' opposition to his § 2255 motion.

For the above reasons, the Court should deny Runyon's Motion for Modification of Orders and Suggestion for Scheduling Order.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____/s/_____

Lisa R. McKeel
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

By: _____/s/_____

Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov


By: _____/s/_____

Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
21 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Jeffrey.Zick@usdoj.gov

4

CERTIFICATE OF SERVICE

I certify that on January 22, 2016, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following:

**Michele Jill Brace**
Virginia Capital Representation Resource Center
2421 Ivy Rd., Suite 301
Charlottesville, VA  22903
Ph:  434-817-2970, 202-223-6380
Email: mbrace@mindsort.com

**Dana Catherine Hansen Chavis**
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay St, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Fax:  (865) 637-7999
Email:  dana_hansen@fd.org

By: _____/s /_____

Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757-591-0866
Email: Jeffrey.Zick@usdoj.gov