## Declaration of Teresa L. Norris

1. My name is Teresa L. Norris. I am an attorney with Blume Norris & Franklin-Best, LLC, in Columbia, South Carolina. I have represented more than 40 capital defendants throughout all stages of the proceedings, from the trial to clemency. While most of my work has been in South Carolina, I also have worked on capital cases in North Carolina, Mississippi, Texas, Virginia, the military, and the federal system.

2. I am an experienced capital habeas attorney. From November 1994 until March 2006, I worked at the South Carolina Death Penalty Resource Center, the Post-Conviction Defender organization, and the Center for Capital Litigation, which would eventually become the Death Penalty Resource and Defense Center. I was the Senior Staff Attorney until April 1996 and thereafter served as Acting Director and then Director. Since April 2006, I have been in private practice, but my practice continues to be almost completely devoted to capital litigation

3. I am also an experienced appellate attorney and have been appointed numerous times by the U.S. Court of Appeals for the Fourth Circuit as lead counsel in capital cases when counsel must be appointed on direct appeal or on collateral appeal under 28 U.S.C. § 2254 or § 2255.

4. Shortly after entry of judgment in David Runyon's case, his trial lawyers were appointed to represent him on appeal. His lead counsel was Lawrence H. Woodward, and co-counsel was Stephen Hudgins. Mr. Hudgins needed to withdraw, and the U.S. Court of Appeals for the Fourth Circuit appointed me in January 2010 to substitute for Hudgins.

5. Our first responsibility was to obtain the complete district court record. I relied on Mr. Woodward to order transcripts of all district court proceedings and to assemble or obtain all remaining parts of the district court record and send them to me. In part this was because he already had many of the relevant documents at his law firm. In part it was because he was best positioned to obtain any documents that he did not have at his office. He was geographically close to the federal courthouse in Norfolk, he knew that court's procedures, and he knew the prosecutors.

6. In October 2010, ten months after I was appointed, I still did not have the complete trial record. I compiled a list for Mr. Woodward of records that I knew were missing, including certain defense and prosecution trial exhibits, several sealed pleadings, the court record of each party's peremptory strikes, and some juror questionnaires. See Ex. 1.

Page 1 of 3

EXHIBIT 36

7.    I eventually saw most of the items on this list. However, I have no memory of seeing the court's strike list or any juror questionnaires. I recently searched my electronic files and confirmed that I did not receive the court's strike list or any juror questionnaires. I do not know why I did not obtain those documents, but I knew the importance of obtaining the complete district court record, and any failure to do so was not a strategic decision.

8.    In late May 2011, Mr. Woodward moved to withdraw from the appeal because there had been a complete breakdown in communication between Mr. Woodward and Mr. Runyon. Several weeks later, the Fourth Circuit granted this motion and appointed Seth Farber, who was then a partner at Dewey & LeBoeuf LLP, in New York City, as co-counsel. In the same order, the court of appeals changed my designation to lead counsel.

9.    In reviewing the record, Mr. Farber and I recognized that there had been a number of very serious errors in the proceedings for Mr. Runyon's trial. Unfortunately, several of these errors were not properly preserved for appeal because trial counsel had failed to object. I can recall only a few other capital cases that I have worked on in the past 25 years where defense counsel made so few objections on the record.

10.   Because of trial counsel's failure to object, Mr. Runyon could appeal these errors only under the unfavorable "plain error" doctrine. That is what we decided to do.

11.   Notwithstanding Mr. Woodward's failure to object to these errors, as well as other instances of deficient performance that we recognized in the trial record, we chose not to include in the appeal any issues of ineffective assistance by trial counsel. Based on my extensive experience in habeas cases, I knew that such claims are best presented in collateral proceedings. I also knew that the Supreme Court does not require appellate counsel to include allegations of ineffective assistance by trial counsel.

12.   Because Mr. Farber had a more extensive support staff than me, we agreed that he would be responsible for the preparation and physical production of the appellate briefs and would assemble all of the documents for the joint appendix.

13.   We knew that we had a 100-page limit, and that the Fourth Circuit had twice denied us additional pages. This was a significant constraint.

14.   I was aware of the fact that Mr. Farber produced the brief using Microsoft Word, Times New Roman, 14 point, and this is indicated on the certificate of

EXHIBIT 36

Mr. Runyon's opening brief. I knew that Microsoft Word and WordPerfect offer a variety of fonts. I did not consider or think to suggest to Mr. Farber that he switch to a different qualifying font in order to free up space for additional arguments.

I declare under penalty of perjury that the foregoing is true and correct. Executed on ____Sep. 29____, 2015.

Teresa L. Norris

EXHIBIT 36

Additional Sealed Documents Needed

Dkt. #21   – Affidavit of Indigence (Obtained)
Dkt. #179 – Two Sealed Exhibits on missing records and remaining interviews
Dkt. #214 – Sealed Exhibit
Dkt. #231 – Sealed Notice (Obtained)
Dkt. #276 (Obtained), #277 (Obtained) – Sealed Psychiatric Reports of USA Experts provided to defense (Dkt. #250)
Defense Mental Health Reports Provided to USA (Dkt. #246 (Obtained))
Dkt. #240 – Two Sealed Exhibits
Dkt. #278 – Sealed Order (Obtained)

Additional Exhibits Needed

Exhibits        1 Audio
                47-87 Financial Documents
                104-131 Telephone Toll Records
                160-205 Audio
                308 Knowles Plea Agreement
                309 Schlossman Plea Agreement
                310 Fodrey Plea Agreement
                314 Video of Runyon/Pina
                327 Video of Memorial
                328 Video from Voss home
                330 Audio of Runyon Statement
                ??   Audio of Runyon/Draven Call played in USA Sentencing Closing

                D Exh. 1 Audio of Voss Statement 5/3/07
                D Exh. 2 Transcripts of Audio
                R Exh. 1 Movie Script
                R Exh. 1 Cunningham CV
                R Dem. Exh. 1 Cunningham Powerpoint Disk/Slides Judge Ruled Out
                R Exh. 2 Army Records
                R Exh. 3 Runyon Photos
                R Exh. 4 ??
                R Exh. 5 Voss Booking Photo
                R Exh. 6 Davy's Statement
                R Exh. 7 ??

Need court record of jury selection/strikes used and Juror Questionnaires for Seated Jurors/Alternates

EXHIBIT 36