## Declaration of Michele J. Brace

1. My name is Michele J. Brace. I am an attorney licensed in the Commonwealth of Virginia. I am appointed counsel to David Anthony Runyon in the matter David Anthony Runyon, Petitioner, versus United States of America, Respondent, in the United States District Court for the Eastern District of Virginia, No. 4:15cv108, Original Criminal No. 4:08cr16.

2. I have reviewed documents provided under seal by the court in this matter that relate to jury selection, including (1) a statistical breakdown of the individuals drawn for the petit jury venire by race, gender, and age; and (2) a list of the reasons for disqualifications, excusals, or exemptions from the petit jury venire, and the race, gender and age of those individuals; (3) an "Excused Table Listing" that contains the codes and descriptions of 25 reasons for disqualification, excusals, or exemptions; and (4) a listing of the codes for race. As relevant here, I also have received a CD that contains a redacted version of the Norfolk 2007 Master Jury Wheel and Qualified Jury Wheel.

3. Based on my review of these materials, I have alleged, in Claim 15 of Mr. Runyon's Amended Motion Under 28 U.S.C. § 2255, that there was a failure to fully and accurately comply with the court's Jury Selection Plan and the provisions of 28 U.S.C. § 1861 et seq., and that Mr. Runyon's trial counsel rendered ineffective assistance by failing to request or examine any jury selection records.

4. To comply with 28 U.S.C. § 1867(d), I am executing this sworn statement identifying facts which, if true, would constitute a substantial failure to comply with the provisions of 28 U.S.C. § 1867 and would entitle Mr. Runyon's attorneys to present testimony of the jury commissioner or clerk, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, to prove the allegations in Claim 15.

5. The facts presented here are based on the documents provided by the court, which I have presumed to be true and accurate. They are not based on my personal knowledge, except to the extent that I calculated percentages or performed similar arithmetic computations.

6. There were 423 prospective jurors called for the petit jury in Mr. Runyon's case. Of this number, 180 were disqualified, excused, or exempted, and the remaining 243 completed juror questionnaires.

7. Of the group of 180 who were disqualified, excused, or exempted, the numbers of individuals, percentage of the whole, and reasons were as follows:

1

EXHIBIT 39

10 (5.6%) – over age 70
3 (1.7%) – deceased
7 (3.9%) – no longer in the jurisdiction
2 (1.1%) – emergency personnel
2 (1.1%) – job-related or student reasons
2 (1.1%) – small children
1 (0.6%) – military
5 (2.8%) – previous service
94 (52.2%) – court order
54 (30%) – no stated reason

8. The "court order" category identifies no reason why an order was needed or given. Together, the "court order" and "no reason given" categories account for 148 (82.2%) of the 180 potential jurors who were disqualified, excused, or exempted.

9. The group of 423 jurors called for the petit venire in this case included two Native Americans; 100% of them were excluded—one by court order and one for no reason. The group of 423 included sixteen Asians; more than half of them were excluded—five by court order, three for no reason, and one because he was no longer in the jurisdiction.

10. 28 U.S.C. § 1866(d) states that whenever a person is disqualified, excused, exempt, or excluded from jury service, the jury commission or clerk shall note the specific reason therefor. The Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Eastern District of Virginia also provides at page 5 that the clerk shall note the specific grounds for exemption, excuse, or exclusion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 4, 2016.

Michele J. Brace

2

EXHIBIT 39