**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

_____

DAVID ANTHONY RUNYON,
      Petitioner,

       v.

UNITED STATES OF AMERICA,
      Respondent.

_____

:
:
:
:
:
:
:
:
:
:
:

No. 4:15-cv-108
Initial Criminal No. 4:08-cr-16-3
CAPITAL §2255 PROCEEDINGS

HON. REBECCA BEACH SMITH

_____

**SECOND MOTION FOR DISCOVERY**
**AND CONSOLIDATED MEMORANDUM OF LAW**

David Anthony Runyon, by counsel, hereby files this motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Equal Protection and Due Process clauses of the Fifth Amendment, and the Eighth Amendment. In this motion Runyon asks for a court order requiring the Virginia Department of Forensic Science to release to undersigned counsel copies of all records related to forensic services in FS Lab #T07-4553. This request includes reports, requests for examination, certificates of analysis, bench notes, handwritten and typed notes, charts, drawings, diagrams, digital photographs in .pdf format, color copies of film photographs, email, memoranda and written correspondence.

An order of the Court is necessary for undersigned to obtain access to the records. The Department of Forensic Science has records related to Runyon's case but, citing an exclusion to the Virginia Freedom of Information Act, declines to release them. (Attachment A, Letter from Amy M. Curtis). The Department will provide the records pursuant to a subpoena duces tecum or a court order. *Id.*

A full discussion of the rules for discovery in Section 2255 cases is set forth in Runyon's first motion for discovery and is incorporated herein. ECF No. 491 pp.2-5. In short, if Runyon demonstrates "good cause" then discovery should be granted. "Good cause" for discovery is established when (1) the movant makes credible allegations of a constitutional violation; and (2) the requested discovery will enable the movant to investigate and prove his claims. *Bracy v. Gramley*, 520 U.S. 899, 904, 908-09 (1997).

The requested records are relevant to Runyon's Claim 3 which alleges that counsel were ineffective for failing to investigate, present, emphasize and/or argue evidence that created reasonable doubt or supported Runyon's innocence. ECF No. 511, p.21. To prevail on an ineffective assistance of counsel claim, Runyon must demonstrate that counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). Trial counsel have been found ineffective for failing to investigate and present ballistics evidence that is inconsistent with the prosecution's case. *See, e.g.*, *Draughon v. Dretke*, 427 F.3d 286 (5th Cir. 2005) (counsel's failure to retain a ballistics expert was prejudicial where the prosecution

2

relied on ballistics evidence); s*ee also Hinton v. Alabama*, 134 S.Ct. 1081 (2014) (counsel ineffective where his investigation into ballistics evidence was unreasonably limited).

During Runyon's trial, the prosecutor told the jury that the five bullets used in the crime were fired from the same gun and the bullets are "the only evidence that was left behind by the killer." Tr. 218.[1] The prosecution's theory necessarily relied on ballistics evidence to show a correlation between the five bullets from the crime and a gun owned by Runyon. A forensic examiner from the Virginia Department of Forensic Science, John Willmer, testified that the bullets used in the crime were fired from the same gun. Tr. 362. The Certificate of Analysis on the bullets generated by James Pickelman from the Virginia Department of Forensic Science was introduced into evidence. Gov't Tr. Ex. 23. Four bullets and one bullet jacket and fragment were also introduced into evidence. Gov't Tr. Ex. 5 & 22. Willmer testified the bullets were .38 class and that .38 caliber bullets could be fired from a .357 revolver. Tr. 362, 364. Testimony and exhibits were introduced to show that Runyon purchased a Taurus .357 revolver the day of the crime and that he pawned the same revolver on separate occasions before his arrest. The prosecution's presentation of Willmer's testimony and proof of Runyon's gun ownership "could not fail to suggest an inference that this was the weapon used to commit the offense for

---

[1] Four bullets and one bullet jacket and fragments were recovered and this is referred to as five bullets.

3

which [Runyon] was on trial." *Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 845 (4th Cir. 1964).

Defense counsel's performance was deficient due to an inadequate investigation into Runyon's .357 revolver and the prosecution's ballistics evidence. As discussed in Claim 3, counsel failed to investigate and present lay-witness evidence distinguishing Runyon's revolver from the silver or steel, five-shot handgun alleged to be the murder weapon. For example, Chad Costa handled and observed Runyon's .357 and described it as a black, six-shot revolver.

In addition, the Certificate of Analysis (Gov't Tr. Ex. 23) should have alerted counsel to inconsistencies between the ballistics evidence and Runyon's revolver. An obvious discrepancy is that it does not mention the Taurus brand of .357 revolvers. It states that the bullets were "fired from the same firearm having a barrel rifled with six (6) lands and grooves inclined to the right[.]" Gov't Tr. Ex. 23. Firearms which produce those characteristics include .357 Magnum revolvers "with the brand names Astra and Llama" and include .38 Special revolvers "with the brand names Astra, Beistegui, Charter Arms, Llama, Quality Firearms, Rossi and Taurus[.]" *Id.*; *see also* Tr. 369 (Pickelman's report includes .38 special brands of firearms and brands of firearms that can fire .357 magnum cartridges that have those rifling specifications). Counsel failed to adequately investigate, cross-examine and/or rebut the testimony of the forensic examiner which was used to connect Runyon's Taurus .357 revolver to the .38 bullets used in the crime.

4

It is anticipated that records regarding the bullets in this case that are held by the Virginia Department of Forensic Science will support the claim that Runyon's defense was prejudiced by counsel's failure to investigate. The records should include, but are not limited to, a written report, bench notes of the examiner describing the physical characteristics of the bullets, and photographs depicting the bullets. *See*, Tr. 359. Those records were used by Willmer for the purpose of identifying the five bullets as having been fired from one firearm. Tr. 358, 362. They are especially important because the actual bullets, Government trial exhibits 5 and 22, cannot be located and therefore cannot be physically examined.[2] The DFS records presently constitute the best and only evidence of what was left at the scene "by the killer."

Had counsel investigated the ballistics issue and/or consulted with a ballistics expert, the jurors would have learned of discrepancies between Runyon's .357 revolver and the ballistics evidence. *See*, *Soffar v. Dretke*, 368 F.3d 441, 476 (5th Cir.) *amended on rehearing in part on other grounds*, 391 F.3d 703 (5th Cir. 2004) ("defense counsel were deficient in not seeking out a ballistics expert when there were such readily apparent discrepancies between the ballistics evidence and the State's theory of the case."). The fact that Runyon's gun was not the murder weapon might not have been absolute proof of Runyon's innocence, but had it been

---

[2] The clerk's office has informed counsel that the bullets were returned to the ATF agent for safe-keeping.  The ATF has informed the parties that it cannot locate the bullets that were Government exhibits 5 and 22.

made known, "it might well have nurtured, even generated, a reasonable doubt as to guilt." *Barbee*, 331 F.2d at 847. Since no other evidence directly places Runyon at the crime scene there is a reasonable probability that at least one juror—presented with evidence that Runyon did not possess the murder weapon—would have found Runyon not-guilty. *Soffar*, 368 F.3d at 478-79 (counsel's failure to consult with a ballistics expert was prejudicial where there was no "clear objective evidence" of guilt as demonstrated through forensics). If these allegations are true, Runyon is entitled to a new trial.

The allegations supporting Claim 3 establish good cause for factual development regarding the ballistics evidence because additional information "might demonstrate" Runyon is entitled to relief based on trial counsel's ineffectiveness in this aspect of the case. *Hill v. Ozmit*, 339 F.3d 187, 201 (4th Cir. 2003). *See also Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (denial of discovery was an abuse of discretion where it may establish the prejudice required for an ineffective assistance of counsel claim); *Toney v. Gammon*, 79 F.3d 693, 696 (8th Cir. 1996) (denial of discovery was an abuse of discretion where it was requested to support counsel's ineffectiveness for failing to "highlight lack of evidence linking [the defendant] to the crime[.]").

For these reasons, Runyon requests a court order requiring the Virginia Department of Forensic Science to release to undersigned counsel copies of all records related to forensic services in FS Lab #T07-4553 regarding the bullets

6

and/or firearm involved in this case, including but not limited to, reports, requests for examination, certificates of analysis, bench notes, handwritten and typed notes, charts, drawings, diagrams, digital photographs in .pdf format, color copies of film photographs, email, memoranda and written correspondence.

Respectfully Submitted,


_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
 Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: April 1, 2016

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, I have electronically filed the foregoing Second Motion for Discovery and Consolidated Memorandum of Law with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels, Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Jeffrey A. Zick, Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

Lisa R. McKeel, Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Petitioner*
*David Anthony Runyon*

8