IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,          )
                               )
        Petitioner             )       CRIMINAL ACTION NO.: 4:08cr16
                               )       CIVIL ACTION NO.: 4:15cv108
v.                             )
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

**RESPONSE OF THE UNITED STATES TO PETITIONER'S SECOND MOTION FOR DISCOVERY AND CONSOLIDATED MEMORANDUM OF LAW**

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States Attorney, and submits this Response of the United States to Petitioner's Second Motion for Discovery and Consolidated Memorandum of Law, filed by DAVID ANTHONY RUNYON ("Runyon").  (ECF 530)

## I.       Procedural Background

Runyon was convicted of conspiracy to commit murder-for-hire (Count 1) (18 U.S.C. § 1958(a)), carjacking resulting in death (Count 2) (18 U.S.C. §§ 2119 and 2), murder with a firearm in relation to a crime of violence (Count 5) (18 U.S.C. § 924(j)), was sentenced to death on Counts 1 and 5, and those convictions and death sentences were affirmed on direct appeal.  *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).  The Supreme Court denied Runyon's petition for a writ of certiorari.  *Runyon v. United States*, 135 S. Ct. 46 (Oct. 6, 2014).

On October 5, 2015, Runyon filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.  (ECF 478).  Before the United States filed its response to Runyon's

1

§ 2255 motion, he filed a motion for discovery seeking the production of documents, leave to propound interrogatories, and leave to issue subpoenas to third parties. (ECF 491). The United States responded to Runyon's § 2255 motion on January 11, 2016 (ECF 497), and the discovery motion on January 15, 2016. (ECF 500).

Runyon then filed an amended § 2255 motion on February 4, 2016. (ECF 511). Again, before the United States responded to the amended motion, Runyon filed a second motion for discovery on April 1, 2016, seeking records from the Commonwealth of Virginia Department of Forensic Science related to Claim 3 in his amended § 2255 motion. (ECF 530).

## II.      Legal Requirements for Discovery in § 2255 Proceedings

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in this setting can occur only with leave of the court, upon a showing of good cause. *See* Rule 6(a) of the Rules Governing § 2255 Cases. In other words, a defendant "may invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of discretion and for good cause shown, grants leave to do so, but not otherwise." *Hall v. United States*, 30 F. Supp.2d 883, 899 (E.D. Va. 1998). "Good cause" for discovery exists when a petition for habeas corpus establishes a prima facie case for relief. *See Harris v. Nelson*, 394 U.S. 286, 290 (1969). Specifically, discovery is warranted under Supreme Court and Fourth Circuit precedent, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908–09 (citing *Harris v. Nelson*, 394 U.S. 286, 295 (1969)); *United States v. Roane*, 378 F.3d 382, 402–03 (4th Cir. 2004) (affirming denial of multiple discovery requests). In *Roane*, the Fourth Circuit rejected the defendants' argument that the trial judge erred by granting summary judgment on some claims without first permitting discovery.

*Roane*, 378 F.3d at 403-04.  Particularly applicable here, a request for discovery must rely on specific factual allegations: discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence." *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir.1999); *accord, United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990).  A defendant may not use discovery to go on a "'fishing expedition' through the Government's files in search of evidence to support an imagined and fanciful claim." *United States v. Lighty*, 2014 WL 5509205, at *3 (D. Maryland Oct. 30, 2014) (citing *Wilson*, 901 F.2d at 381)).

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996); *see Roane*, 378 F.3d at 403 (reviewing, for abuse of discretion, the denial of discovery in a § 2255 case).  Once good cause is shown, the district court has discretion regarding the scope and extent of discovery. *Bracy*, 520 U.S. at 909.

### III.     Runyon Has Failed to Establish Good Cause for Discovery

In his second request for discovery, Runyon seeks discovery related to Claim 3 in his amended § 2255 motion.  (ECF 511, at 32–34).  Specifically, he asks for a court order requiring the Virginia Department of Forensic Science to release all documents related to forensic services in FS Lab #T07-4553.  This request relates to the ballistics testing completed on the recovered bullets and bullet jacket.  Runyon is not entitled to discovery here because he cannot establish a prima facie for relief. *Bracy*, 520 U.S. at 908–09.

In Claim 3, Runyon contends his trial counsel were ineffective for failing to challenge the scientific validity of John Willmer's testimony and failing to correct the "mis-impression" that the bullets found in this case could have been fired from the gun Runyon purchased on the day of the murder—a Taurus .357 revolver.  Willmer, a forensic firearms and toolmark expert, testified that

3

a microscopic analysis of the bullets recovered from the victim's truck and the bullet jacket and lead fragments recovered from the victim's body, demonstrated that the bullets were fired from the same firearm.  TT, pgs. 361–62; GX 23.[1]  The bullets were found to be characteristic of .38 special class bullets, encompassing a couple of calibers together.  TT, pg. 362.  The analysis also found that "the bullets are characteristic of being revolver ammunition components, and the predominate ammunition component in that caliber is .38 special and .357 magnum revolvers that would be typical of firing this particular bullet with the rifling specifications that it has."  *Id*. Because only the bullets were recovered, there was no way to determine whether the ammunition came from .38 special or .357 magnum cartridges, but the ammunition could be used for both the .38 and .357 firearms.  *Id*. at 363–64.[2]  Willmer testified that that the list of firearms that could have fired the bullets in GX 23 was not all inclusive—there could be other firearms not listed that could have fired the bullets in this case.  *Id*. at 369–70.  In fact, the list of revolvers that are chambered to fire the .38 Special cartridge includes the Taurus brand.  *See* GX 23.

Runyon has failed to show good cause entitling him to discovery.  The gravamen of Runyon's claim is that trial counsel was ineffective for failing to challenge Willmer's testimony as exaggerated, inaccurate or misleading.  First, there was nothing unreliable in the scientific validity of Willmer's testimony, and Runyon offers no study or evidence that rebuts the validity of the analysis that Willmer or other experts performed on the bullets.  Second, there was nothing misleading about Willmer's analysis or testimony.  Runyon contends that the list of firearms in GX 23 that could have fired the bullets only named Astra and Llama brand firearms.  ECF 511, pg. 32.  But Willmer testified that the list was not all-inclusive and the Taurus .357 magnum

---

[1] In addition to his independent examination of the bullets and bullet jacket, Willmer relied on the analysis completed by another forensic expert.  *See* TT, pgs. 359–60; GX 23.

[2] George Koski, the person who sold Runyon the .357 magnum five-shot revolver on the day of the murder, also testified that the gun he sold to Runyon would shoot .38 special bullets.  TT, p. 849.

revolver can shoot .38 Special bullets.  TT, pg. 370; GX 23.  Moreover, Runyon's reliance on Chad Costa's recollection of Runyon having a six-shot Taurus revolver adds little to his claim.  George Koski testified that on the day of the murder he sold Runyon a .357 magnum five-shot revolver. TT, p. 843, 849; GX 103 and 103A.

Given this evidence, it was reasonable for trial counsel to forgo a more forceful challenge to the ballistics evidence.  Runyon offers no theory, credible or otherwise, challenging Willmer's testimony.  More importantly, the ballistics evidence was but one small piece of evidence demonstrating Runyon's guilt.  Even without the ballistics evidence, the evidence of guilt against Runyon was overwhelming.  *See Runyon*, 707 F.3d at 521 ("There is simply no question that Runyon fired five bullets into the body of an innocent naval officer—at close range and in cold blood.")  Runyon purchased a .357 handgun with ammunition on the day of the murder, TT, pgs. 843–51; GX 103–103B, which was later pawned by a friend of Runyon's in West Virginia.  TT, pgs. 1190–95.  A map of Newport News with a description of Corey Voss's vehicle and reference to the location where Voss was eventually murdered was found in Runyon's vehicle along with a photograph of Draven and Cat Voss and their social security numbers.  TT, pgs. 1025–30, 1324– 26; GX 214 and 215.  In Runyon's former residence, agents found a box of Winchester .357 magnum hollow point bullets with five missing from the box.  TT, p. 1044; GX 236 and 237. There were numerous phone calls and emails between Runyon, Draven and Cat Voss establishing their relationship, the murder-for-hire scheme and its cover-up.  GX 159–173A.

Runyon fails to demonstrate that trial counsel fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 690.  Likewise, Runyon fails to show prejudice resulting from counsel's alleged error.  *Id*. at 693.  Given the mountain of evidence demonstrating guilt, Runyon cannot show a reasonable likelihood that the result of his trial would have been different

had trial counsel more fully challenged the ballistics evidence. This Court should deny Runyon's discovery request because there is no reason to believe that he "may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908–09.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Runyon's Second Motion for Discovery.

DANA J. BOENTE
UNITED STATES ATTORNEY

By:  _____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

By:  _____/s/_____
Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov

By:_____/s/_____
Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States

6

United States Attorney's Office
Fountain Plaza Three, Suite 300
21 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Jeffrey.Zick@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on April 12, 2016, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system.  I further certify that I caused a true and correct

copy of the foregoing to be mailed to the following non-ECF user:

**Michele Jill Brace**
Virginia Capital Representation Resource Center
2421 Ivy Rd., Suite 301
Charlottesville, VA  22903
Ph:  434-817-2970, 202-223-6380
Email: mbrace@mindsort.com

**Dana Catherine Hansen Chavis**
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay St, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Fax:  (865) 637-7999
Email:  dana_hansen@fd.org

By:　＿＿＿＿＿＿＿/s /＿＿＿＿＿＿＿＿＿＿
　　　　Jeffrey A. Zick
　　　　Special Assistant United States Attorney
　　　　Attorney for the United States
　　　　United States Attorney's Office
　　　　Fountain Plaza Three, Suite 300
　　　　721 Lakefront Commons
　　　　Newport News, Virginia 23606
　　　　Phone: 757-591-4000
　　　　Fax: 757-591-0866
　　　　Email: Jeffrey.Zick@usdoj.gov