**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

_____

|  |  |  |
|---|---|---|
| DAVID ANTHONY RUNYON, | : | No. 4:15-cv-108 |
|     Petitioner, | : | Original Criminal No. 4:08-cr-16-3 |
|  | : | CAPITAL §2255 PROCEEDINGS |
|       v. | : |  |
|  | : | HON. REBECCA BEACH SMITH |
| UNITED STATES OF AMERICA, | : |  |
|     Respondent. | : |  |
|  | : |  |
| _____ | : | _____ |

**MOTION FOR LEAVE TO SUPPLEMENT**
**SECOND MOTION FOR DISCOVERY**
**AND CONSOLIDATED MEMORANDUM OF LAW**

Pursuant to Local Civil Rule 7(F)(1) and Local Criminal Rule 47(F)(1), David Runyon, by counsel, hereby seeks leave to file the declaration of John Nixon as a supplement to his pending second motion for discovery. ECF No. 530. The second motion for discovery requests a court order requiring the Virginia Department of Forensic Science to release to undersigned counsel copies of all records related to forensic services in FS Lab #T07-4553. This request includes reports, requests for examination, certificates of analysis, bench notes, handwritten and typed notes, charts, drawings, diagrams, digital photographs in .pdf format, color copies of film photographs, email, memoranda and written correspondence. Runyon supported his request with case law finding counsel ineffective for failing to investigate physical evidence, an unpresented witness's statement that contradicts the prosecution's description of Runyon's gun, and discrepancies in the prosecution's trial evidence.

In opposition to the motion for discovery, Respondent asserted Runyon had not shown good cause, mainly because he had not proffered a "study or evidence" to rebut the prosecution expert's trial testimony about the bullets. ECF No. 532, p.4.

In reply, Runyon pointed out that he seeks access to evidence his counsel were entitled to at trial and which his current counsel should have been able to examine, but for the fact that the custodian of the bullets reports they are missing. ECF No. 533, pp.1-2. Although he need not "rebut" the trial evidence in order to obtain discovery, Runyon referred to the 2009 National Academy of Sciences Report cited within his ineffective assistance of counsel claim and discussed additional scientific and scholarly reports and articles on the unreliability of ballistics and toolmark testimony. ECF No. 533, pp.3-5 & n.1 & 2. Runyon also discussed a recent Department of Justice program designed to review cases involving forensics—including firearms and ballistics—for testimonial inaccuracies. ECF No. 533, p.5. Runyon had previously referred to inaccuracies in the forensic evidence presented at his trial. ECF No. 530, pp.4-5.

Now, Runyon wishes to submit in support of his second discovery motion a declaration from John Nixon, a Board Certified Forensic Engineering Scientist. Mr. Nixon has reviewed the record currently available and questions the trial testimony regarding bullet, toolmark, and firearms identification. He has requested the records of the forensic examination performed by the Virginia Department of Forensic Sciences so that he may further assist counsel in Runyon's case.

In his declaration Mr. Nixon indicates, *inter alia*, that there are serious questions about whether the bullets are associated with a Taurus .357 magnum revolver, and that he needs the forensic bench notes and photographs to help identify the caliber. He reports that in searching his database for brands and models of guns of nominal 9mm bore diameter with 6 lands and grooves

2

and a right twist, he identified more than 350 such semiautomatic pistols, more than 65 such .38 revolvers, and more than 35 such .357 revolvers. He also reports that experts in his field were cautioned in 2009 about concluding that bullets were fired from a particular firearm, especially when no firearm was available for comparison.

WHEREFORE, Runyon respectfully requests leave to submit the declaration of John Nixon as a supplement to his second motion for discovery and in support of his request for a court order requiring the Virginia Department of Forensic Science to release to undersigned counsel copies of all records related to forensic services in FS Lab #T07-4553 regarding the bullets and/or firearm involved in this case, as detailed in his motion. ECF No. 530.

Respectfully Submitted,


_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
  Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: May 24, 2016


3

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, I have electronically filed the foregoing **Motion for Leave to Supplement Second Motion for Discovery and Consolidated Memorandum of Law** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Petitioner*
*David Anthony Runyon*

4