**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

DAVID ANTHONY RUNYON,
    Petitioner,

    v.

UNITED STATES OF AMERICA,
    Respondent.

:
:
:
:
:
:
:
:
:
:
:
:

No. 4:15-cv-108
Original Criminal No.4:08-cr-16-3
CAPITAL §2255 PROCEEDINGS

HON.REBECCA BEACH SMITH

**REPLY TO RESPONSE TO MOTION FOR LEAVE TO SUPPLEMENT
SECOND MOTION FOR DISCOVERY
AND CONSOLIDATED MEMORANDUM OF LAW**

Comes now David Runyon, by and through his attorneys, and hereby replies to the Response of the United States to Petitioner's Motion for Leave to Supplement Second Motion for Discovery and Consolidated Memorandum of Law. ECF No. 542. The response does not argue the "good cause" standard but asserts (for the first time and without argument or citation to authority or to the record) that the evidence Runyon seeks to discover is relevant only to a portion of Claim 3 that is new, does not relate back to Runyon's original petition, and therefore is allegedly time-barred. ECF No. 542, p.2. Respondent's new ground for opposing discovery should be rejected. It is without merit because Runyon's allegations in amended Claim 3 relate back to the original Claim 3.

Responding to Runyon's second discovery motion, Respondent asserted Runyon had not shown good cause mainly because he had not proffered a "study or

evidence" in support of his ineffective assistance of counsel allegations nor rebutted the prosecution expert's trial testimony about the bullets.[1] ECF No. 532, p.4. Runyon noted in reply that to obtain discovery he need not prove his claim, or disprove the prosecution's evidence, but only show that the requested information might demonstrate he will be entitled to relief on his claim. ECF No. 533, p.3. Nevertheless, Runyon provided a more detailed explanation of the NAS Report which was mentioned in his initial §2255 motion as well as a discussion of additional scholarly and scientific critiques of toolmark and firearms identification testimony, *and* the Department of Justice's recent initiative to review cases with such testimony for inaccuracies. *Id.*, pp.3-5. Runyon then moved to supplement his second discovery request with the declaration of a Board Certified Forensic Engineering Scientist. ECF No. 541. Thus, while Runyon maintains that his discovery motion demonstrates "good cause" and should be granted on that basis, Runyon has provided the very "study or evidence" the Respondent claimed was lacking. ECF No. 532.

Now, instead of arguing the "good cause" standard, Respondent takes the position that whether Runyon proffered a "study or evidence" in support of his discovery motion did not matter at all. Like in the amended answer, Respondent offers an allegation of untimeliness of amended Claim 3 as an affirmative defense

---

[1] The government did not raise the untimeliness argument in its opposition to discovery (ECF No. 532), but two weeks later it did make that argument in its answer to the amended motion (ECF No. 536).

without argument and without citation to authority or to the record. Neither the Court, nor Runyon, is charged with fulfilling that duty. S*ee Halm v. Shinseki*, No. 08-2811, 2010 WL 17043, at *1 (Vet. App. Jan. 5, 2010) (citing *Obert v. Saville*, 624 N.E.2d 928, 931 (Ill. App. 1993)) ("A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented, and it is not a repository into which an appellant may foist the burden of argument and research."). In any event, the assertion of untimeliness is incorrect because the allegations regarding ballistics evidence relate back to Runyon's initial §2255.

The §2255 motion pled that trial counsel were ineffective for failing to investigate, present, highlight, and/or argue evidence that supported the reasonable doubt defense and Runyon's innocence. Among several areas of investigation, counsel failed to investigate and present evidence countering the prosecution's evidence and argument that Runyon's revolver was the murder weapon. The allegations regarding the ballistics evidence assert the same type of attorney ineffectiveness and arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (relation-back is allowed when the claim added by amendment arises from the same core facts). There is nothing completely new about the bullet allegations and Respondent does not allege there is. Nor does Respondent argue that bad faith or undue prejudice prevents the amended allegations.[2]

---

[2] Respondent's summary assertion that discovery would be futile because the evidence of guilt "was overwhelming" is unavailing. Runyon's ineffective assistance

Claim 3 in Runyon's initial §2255 sufficiently put Respondent on notice that trial counsel were ineffective for failing to investigate and present evidence supporting the reasonable doubt defense and Runyon's innocence, in particular, evidence countering the prosecution's attempt to connect Runyon's Taurus .357 to the crime. ECF No. 478, pp.19-22 and n.7, pp.23-24, 27-28; *see also* ECF No. 526, pp.18-19, 21, 23-24 (further discussing counsel's failure to present testimony that was inconsistent with idea that Runyon's gun was the murder weapon). Runyon pled facts regarding the physical characteristics of Runyon's revolver which are inconsistent with the prosecution's evidence. For example, Runyon owned a black or "blued" six-shot revolver but the victim was shot five times and with an ATM photo showing a "shine" off the perpetrator's gun. Claim 3 presented additional facts undermining the prosecution theory that Runyon's revolver was the murder weapon: the list of items portrayed by the prosecution as items needed for the crime did not include a gun, although (coincidentally) Runyon did not own the revolver before the day of the crime; Runyon's ownership and purchase of firearms was not consistent with the idea that Runyon was the trigger man; and, Runyon was in West Virginia at the time of the crime.

---

of counsel claim is measured without the distorting effects of hindsight. At the time counsel failed to investigate whether Runyon's gun was the murder weapon they could not know what, or how strong, the prosecution's case would be. *Elmore v. Ozmint*, 661 F.3d 783, 865-66 (4th Cir. 2011) (discussing *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984) and *Kimmelman v. Morrison*, 477 U.S. 365, 386-87 (1986)).

Runyon's amended Claim 3 details further facts and argument in support of the original allegations based on counsel's failure to investigate and present evidence that Runyon's gun was not the murder weapon. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 469-70 (4th Cir. 2007) (Rule 15 seeks to ensure that a factual nexus exists between the amendment and the prior pleading and that a defendant had sufficient notice of new claims such that defendant does not suffer prejudice). The additional details and allegation that the prosecution's presentation of Willmer's firearms and ballistics testimony should have been investigated by counsel, therefore, arise out of the conduct, transaction or occurrence set forth in the original §2255.

As stated above, Respondent has not argued he is prejudiced by the amendment and, importantly, the amendment was filed before any discovery has occurred. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). In fact, Runyon's motions for discovery remain pending. Moreover, before the amended §2255 was filed, Respondent had actual knowledge through informal contacts between the parties that Runyon was attempting to investigate and inspect the physical evidence in the case, especially the bullets which are now missing. For all these reasons, the ballistics allegations are properly presented in the amended §2255 and Runyon is entitled to discovery thereon.

WHEREFORE, Runyon respectfully requests leave to submit the declaration of John Nixon as a supplement to his second motion for discovery and in support of his request for a court order requiring the Virginia Department of Forensic Science

5

to release to undersigned counsel copies of all records related to forensic services in

FS Lab #T07-4553 regarding the bullets and/or firearm involved in this case, as

detailed in his motion. ECF No. 530.

Respectfully Submitted,


_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
   Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
   Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: May 31, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2016, I have electronically filed the foregoing **Reply to Response to Motion for Leave to Supplement Second Motion for Discovery and Consolidated Memorandum of Law** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Petitioner*
*David Anthony Runyon*