UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

      Petitioner,

                                  ACTION NO. 4:15cv108
   v.                    [ORIGINAL CRIMINAL NO. 4:08cr16-3]

UNITED STATES OF AMERICA,

      Respondent.

ORDER

    This matter comes before the court on the Petitioner's Motion for Leave to Supplement Second Motion for Discovery and Consolidated Memorandum of Law ("Motion"), filed on May 24, 2016. ECF No. 541. The government filed its Response on May 26, 2016, ECF No. 542, and the Petitioner filed his Reply on May 31, 2016. ECF No. 543. The Motion is now ripe for review, and for the reasons stated herein, the court **GRANTS** the Motion.

    On April 1, 2016, the Petitioner filed his Second Motion for Discovery, in which he requested a court order requiring the Virginia Department of Forensic Science to release copies of all records related to the ballistics evidence in his case. ECF No. 530, at 1.[1] This Second Motion for Discovery is still

---

[1] This discovery request relates to Part H of Claim Three of the Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence, in which he argues that counsel was ineffective for failing to challenge the ballistics tests and present sufficient evidence and testimony

pending, and the Petitioner now seeks to supplement it with a declaration by John Nixon, a Board Certified Forensic Engineering Scientist. Mot. at 2.

The government argues that the request should be denied as the underlying challenge to the ballistics evidence was added in the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence, which was filed outside the one-year statute of limitations in 28 U.S.C. § 2255(f), and thus, the claim should be considered untimely. Resp. at 2. The government further contends that the ballistics argument has no merit, and allowing the Petitioner to supplement his discovery request would be futile. Id. at 2-3. However, at this point, the court is not ruling on the timeliness of the ballistics argument in Claim Three or the merits of the Second Motion for Discovery. With respect to the instant Motion, the Petitioner has explained how the declaration will support his discovery request, and the government has failed to show any prejudice that would result if the Petitioner were to supplement his Second Motion for Discovery with Mr. Nixon's declaration.

Accordingly, in order to aid the court in resolving the Petitioner's Second Motion for Discovery, the court **GRANTS** the instant Motion and permits the Petitioner to file the

_____

about the murder weapon, so as to create reasonable doubt about the Petitioner's guilt. ECF No. 511, at 32-34.

2

declaration by John Nixon within five (5) days of the entry date of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Petitioner and to the United States Attorney at Newport News.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

June 7 , 2016

3