**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

_____

DAVID ANTHONY RUNYON,
    Petitioner,

        v.

UNITED STATES OF AMERICA,
    Respondent.

_____

:
:
:
:
:
:
:
:
:
:
:

_____

No. 4:15-cv-108
Original Criminal No. 4:08-cr-16-3
CAPITAL §2255 PROCEEDINGS

HON. REBECCA BEACH SMITH

_____

**PETITIONER'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR EXPEDITED ACCESS TO MATERIALS SUBPOENAED**
**AND FILED UNDER SEAL**

Petitioner David Anthony Runyon, a federal prisoner under sentence of death, hereby moves the Court for an order allowing him access to all materials subpoenaed, filed under seal and reviewed by the Court during the course of adjudicating Runyon's Amended § 2255 Motion (ECF No. 552 & 555, Orders). Runyon is not seeking to unseal those materials; only to be granted access.

On July 12, 2016, the Court entered an order for a subpoena duces tecum directing the Virginia Department of Forensic Science (DFS) to produce under seal all records related to the above-captioned case, with corresponding FS Lab #T07-4553. ECF No. 552.[1] The Court's Opinion refers to those records.[2] ECF No. 560-1, p.65.

_____

[1] A subpoena was issued the following day, ECF No. 553, and the subpoena was received on July 18, 2016, ECF No. 554.

[2] On April 1, 2016, Runyon filed a discovery request for a subpoena for the records related to this case in the possession of the Virginia Department of Forensic Science. ECF No. 530, Second Discovery Motion; ECF No. 533, Discovery Reply; ECF No. 545-1, Supplement to Second Discovery Motion (Nixon Declaration). Runyon reasonably believed that the Court subpoenaed the

On July 26, 2016, the Court directed the U.S. Attorney to file ex parte and under seal the grand jury testimony of Chad Costa. ECF No. 555. The Court's Opinion refers to Chad Costa's grand jury testimony. ECF No. 560-1, p.49 & nn.16, 17, p.50.

Runyon's counsel have not seen or reviewed either group of documents that were filed under seal, and Runyon's expert John Nixon[3] has not seen or reviewed the records from the Virginia Department of Forensic Science. Undersigned counsel are currently reviewing the Court's Opinion and preparing a motion under Federal Rules of Civil Procedure, Rule 59(e), however, counsel are unable to address those portions of the Opinion that reference the sealed documents. Accordingly, counsel respectfully request access to review the material that remains sealed, and to do so with the assistance of Runyon's previously identified expert. Counsel specifically request the opportunity to access the originals of any photographic materials because copies may have diminished quality. Counsel also request the opportunity to measure and inspect the originals of any physical evidence that was produced by DFS in response to the Court's subpoena, and for their expert to be allowed to do the same. If the Court be so inclined, counsel have no objection to the presence of a neutral monitor, such as a member of the Clerk's office or a federal marshal, to ensure the integrity of the materials during this review.

After this review, Counsel may need to identify and further discuss these materials

---

DFS materials in order to determine which of them should be provided in discovery. Discovery was denied within the Court's final opinion, for the same reason that the Court denied the merits of Claim 3 in Runyon's Amended § 2555 motion. ECF No. 560-1, p.65.

[3] Nixon's declaration was submitted in support of the second discovery motion and in support of Claim 3. ECF No. 545-1 & 551-2.

with each other or with their expert, to call them to the attention of this Court (and, if appropriate, to co-counsel) in conjunction with a pleading, or make them available to the court of appeals as part of the record of the case. Counsel therefore request the ability to tag materials with Post-It notes, and for the Court to direct the Clerk to provide him with one photocopy of each tagged item. These copies should be provided under seal, subject to a protective order that permits counsel to make one copy for co-counsel and one copy for further review by Runyon's expert, if necessary. Should counsel notify the Court of their intention to use any such copy as an exhibit to a pleading filed in this Court, they will provide the Clerk with a copy for filing under seal. If either party designates all or a part of these materials for inclusion in a sealed volume of the joint appendix on appeal, that volume will be prepared and filed consistent with Fourth Circuit Local Rules 10 and 25.

With respect to access and review of the materials from the Virginia Department of Forensic Science, counsel further request that the Court direct the Clerk to provide a list of items which were produced by DFS that cannot be duplicated (such as physical items) or items which were produced but duplication would likely result in a degraded copy (such as a microphotograph that will lose detail if duplicated on an ordinary copier). For any such items, permission is sought for Runyon's expert to inspect the physical items and photographs at the courthouse at a time convenient to the clerk and under the clerk's supervision.

Finally, undersigned request any list in the Court's possession that identifies any physical items in this case that DFS retained for security or conditions-of-preservation reasons and did not produce to the Court.

WHEREFORE, Runyon respectfully requests that the Court enter an order:

3

(1) Granting undersigned counsel access to all the records related to the above-captioned case, with corresponding FS Lab #T07-4553 that the Virginia Department of Forensic Science provided to the Court and are filed under seal, *see* ECF No. 552 & 553;

(2) Providing a list of items produced by DFS that are not readily duplicated, if any, and a list of any items that DFS retained for security or conditions-of-preservation reasons; and,

(3) Granting undersigned counsel access to the grand jury testimony of Chad Costa that is filed under seal, *see* ECF No. 555.

Respectfully Submitted,

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
 Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: February 1, 2017

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2017, I have electronically filed the foregoing Petitioner's Memorandum in Support of Motion for Expedited Access to Materials Subpoenaed and Filed Under Seal with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Petitioner*
*David Anthony Runyon*