# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

|  |  |
|---|---|
| DAVID ANTHONY RUNYON,<br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | :        No. 4:15-cv-108<br>: Original Criminal No. 4:08-cr-16-3<br>: CAPITAL §2255 PROCEEDINGS<br>: HON. REBECCA BEACH SMITH<br>:<br>:<br>: |

## MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO ALTER OR AMEND UNDER FED. R. CIV. P. 59(e)

Petitioner David Runyon, by counsel, has moved the Court, pursuant to Fed. R. Civ. P. 59(e), to alter or amend its Opinion issued on January 19, 2017 and Judgment entered on January 20, 2017, denying Runyon's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner is not re-presenting every allegation of error, although he asserts all claims in his § 2255 motion have merit. Petitioner only addresses those issues that demonstrate a manifest error of law and fact, or present a manifest injustice. Runyon's decision not to address any particular claim in this motion constitutes neither a waiver nor a withdrawal of a claim. In support of this motion, Runyon states the following grounds:

## I.    PROCEDURAL HISTORY

Runyon filed his § 2255 motion on October 5, 2015. ECF No. 478. On February 4, 2016, Runyon filed an amended motion. ECF No. 511. He requested an opportunity to reply to Respondent's answer, to engage in discovery and request expansion of the record, and to present evidence at an evidentiary hearing on claims involving material factual disputes. *Id.*, p.140.

On December 9, 2015, and April 1, 2016, Runyon requested discovery on factual issues raised by the pleadings. ECF No. 491 & 530; *see also* ECF No. 506 & 533.

Respondent filed an answer, ECF No. 536, and Runyon replied on July 7, 2016. ECF No. 551. Respondent did not file a motion to dismiss or a motion for summary judgment.

On January 19, 2017, without taking any evidence, this Court issued an opinion denying Runyon's § 2255 motion and discovery requests. ECF No. 560. Judgment was entered on January 20, 2017. ECF No. 561. Runyon now moves to alter and amend pursuant to Fed. R. Civ. P. 59(e).

## II.    RULE 59(e) AND APPLICABLE STANDARDS

Rule 59(e) was adopted "to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." It gives a district court a chance to correct its own mistake if one has been made. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal citation and quotation marks omitted); *see also Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). A Rule 59(e) motion is appropriate when a court bases its order on a factual error. It also lies when a manifest error of law has occurred. Relief also is appropriate to consider evidence that was not available to the Court when it issued its decision or to prevent manifest injustice. *Zinkand*, 478 F.3d at 637. A district court abuses its discretion under Rule 59(e) when it fails to take relevant factors intended to guide its discretion into account or when it acts on the basis of "legal or factual misapprehensions" respecting those factors. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 402-03 (4th Cir. 1998) (quoting *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993)).

## III.    THE COURT COMMITTED LEGAL ERROR IN DENYING THE AMENDED § 2255 MOTION WITHOUT THE BENEFIT OF AN EVIDENTIARY HEARING

Runyon requested an evidentiary hearing on various claims alleged in his § 2255 motion, but the Court denied the motion without the benefit of any factual development. The denial of a hearing constituted a manifest error of law because it does not comport with the applicable standards for when such a hearing must be granted. The Court's opinion also committed legal error by making

2

determinations despite the existence of material factual disputes. Runyon respectfully requests that this Court reconsider its opinion denying an evidentiary hearing on his § 2255 claims.

**A. The standard governing evidentiary hearings in § 2255 proceedings is a liberal one, under which there is a presumption in favor of holding a hearing whenever disputed issues of fact are alleged.**

Runyon had alleged specific facts which, if proved, would entitle him to relief and he was "entitled to careful consideration and plenary processing of [his] claims including full opportunity for presentation of the relevant facts." *Harris v. Nelson*, 394 U.S. 286, 298 (1969); *Townsend v. Sain*, 372 U.S. 293, 311-12 (1963) *superseded on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). The use of mandatory language in 28 U.S.C. § 2255(b) and Rule 8 of the § 2255 RULES indicates an evidentiary hearing is almost always required. This is because "[i]t is the typical, not the rare, case in which constitutional claims turn upon the resolution of contested factual issues." *Townsend*, 372 U.S. at 312.

Respondent's answer contested many of Runyon's factual allegations but did not contest Runyon's request for an evidentiary hearing. The answer argued only that Runyon's Amended § 2255 Motion should be denied. ECF No. 536, p. 157. Respondent did not file a motion to dismiss or motion for summary judgment.

Exceptions to the evidentiary hearing requirement are inapplicable in this case. An exception exists when—unlike Runyon's case—there is conclusive evidence the petitioner is not entitled to relief. 28 U.S.C. § 2255(b). Summary dismissal was also not appropriate in Runyon's case because the allegations he set forth are not "palpably incredible" or "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 77 (1977) (internal citation and quotation marks omitted). And, while summary judgment—which Respondent did not seek—may provide a mechanism for resolving a § 2255 motion, an evidentiary hearing is "especially warranted" when, as here, Runyon's "factual allegations 'relate[] primarily to purported occurrences outside the Courtroom and upon which the record could,

3

therefore, cast no real light,' *Machibroda v. United States*, 368 U.S. 487, 494-95, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)[.]" *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004); *See also United States v. Witherspoon*, 231 F.3d 923, 925-26 (4th Cir. 2000) (Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing in open court mandatory). Also, when credibility determinations are necessary to resolve a claim—as in Runyon's case—an evidentiary hearing is "especially warranted." *White*, 366 F.3d at 302 (citing *Raines v. United States*, 423 F.2d 526, 530 (4th Cir.1970)).

A hearing in § 2255 proceedings will frequently be necessary because the claim most often litigated in such proceedings is that trial counsel rendered ineffective assistance – a claim which ordinarily cannot be resolved on the extant record because it involves events and occurrences that took place outside the Courtroom. As the Court explained in *Massaro v. United States*, 538 U.S. 500, 504-06 (2003):

> In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the Court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. Under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial. The evidence introduced at trial, however, will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the *Strickland* analysis. If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. *See Guinan, supra*, at 473 (Easterbrook, J., concurring) ("No matter how odd or deficient trial counsel's performance may seem, that lawyer may have had a reason for acting as he did. . . . Or it may turn out that counsel's overall performance was sufficient despite a glaring omission . . ."). The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them. And evidence of alleged conflicts of interest might be found only in attorney-client correspondence or other documents that, in the typical criminal trial, are not

4

introduced. *See, e.g., Billy-Eko*, [8 F.3d] at 114. Without additional factual development, moreover, an appellate court may not be able to ascertain whether the alleged error was prejudicial.

*See also Machibroda*, 368 U.S. at 494-95.

An evidentiary hearing was required because this case contains material factual disputes, the record does not conclusively refute Runyon's claims, and specific allegations—if true—entitled him to relief. *See* Runyon's Amended § 2255 Motion, ECF No. 511; Runyon's reply, ECF No. 551; Runyon's discovery motions, ECF No. 491, 506, 530, 533, 541, 544.

**B.  Because factual development through an evidentiary hearing, including compulsory process, was required to resolve many of Runyon's claims, the *sua sponte* dismissal of his Amended § 2255 Motion is manifest error.**

There are significant factual disputes arising outside of the trial record and an evidentiary hearing was warranted, including but not limited to the following.

<u>Claim 1:</u>     **The participation of two dishonest law enforcement officers tainted Runyon's trial.**

Claim 1 asserts a due process claim based on the participation of two dishonest law enforcement officers in Runyon's case and alleges trial counsel were ineffective if information about these individuals was known and counsel failed to act. ECF No. 511, pp.11-16; ECF No. 551, pp.10-15. Claim 1 relies upon new facts that were discovered after trial and, therefore, they are not contained in the trial record. Runyon requested discovery on this claim. ECF No. 491, pp.26-33.

This claim involves factual disputes regarding: (a) the scope of ATF Agent Posey's involvement in Runyon's case, including the recorded conservations between the co-defendants and the handling of Runyon's firearms and the bullets from the crime scene, ECF No. 511 p.15; (b) the scope and nature of defense investigator Robert Glenn Ford's criminal acts, *id.*, pp.11-14; (c) the extent

and timing of the prosecution's knowledge of (a) and (b); and (d) the extent and timing of Runyon's trial counsel's knowledge, if any, of (a) and (b).

Material factual disputes arise not only from the claim itself but also from Respondent's opposition to the claim. Respondent argued this claim should have been raised on direct appeal and, because it was not, Respondent asserted a procedural default. Respondent's procedural defense and general opposition to the merits rely upon facts outside the record. *See* ECF No. 551, pp.10-15. For example, the asserted procedural default depends upon counsel's knowledge of the facts. *See* ECF No. 551, pp.10-11. Although Respondent relied upon trial counsel Woodward's declaration, ECF No. 511-6, that declaration is silent or ambiguous on the specific facts at issue including counsel's actual knowledge and the timing of that knowledge, if any. ECF No. 551, p.13.

**Claim 2:** The ***Brady*** **violation.**

Claim 2 asserts a due process violation based on the prosecution's failure to disclose favorable evidence to rebut an aggravating circumstance and to support mitigating circumstances. ECF No. 511, pp.16-21; ECF No. 551, pp.15-22. Claim 2 relies upon new facts that were discovered after trial and facts not contained in the trial record, including facts the prosecution withheld about co-defendant Draven's adjudicated and unadjudicated criminal and violent conduct, *see* Claim 2, facts contained in trial counsel's recent declaration, ECF No. 551-1, pp.3-4 at ¶¶12-16, and facts uncovered by undersigned counsel's independent investigation, *see* ECF No. 491, pp. 22-25 & ECF No. 491-2; ECF No. 487 & 490.

The only disputed element of Runyon's *Brady* claim was materiality. ECF No. 536, p.24 (Respondent acknowledged the information was not revealed to Runyon's counsel but argues materiality). An evidentiary hearing should have been held on the fact-driven issue of materiality. *White*, 366 F.3d at 297. Factual development is warranted because Runyon has alleged facts which, if

6

true, entitle him to relief.[1] *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970) (discussing fact-finding procedures); *see also* § 2255 RULES, Rules 6-8.

Respondent's answer created material factual disputes with respect to Runyon's *Brady* allegations. *White*, 366 F.3d at 297 (citing *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977)); 28 U.S.C. §2255 (requiring an evidentiary hearing on a habeas claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Respondent not only disputed the significance of the withheld evidence but alternatively asserted the claim was procedurally defaulted, and that the withheld evidence was inadmissible and cumulative. ECF No. 536, pp.24, 26. A determination regarding admissibility (if required) and/or cumulativeness can only be made after the evidence has been presented and tested at an evidentiary hearing. *See* ECF No. 551, pp.20-21. These disputes required fact-finding on the newly-discovered evidence about co-defendant Draven. *Townsend*, 372 U.S. at 313; *Wolfe v. Clark*, 691 F.3d 410, 421-22 (4th Cir. 2012).

**Claims 3, 4, 5, 6:        Ineffective assistance of counsel.**

Runyon has alleged specific facts demonstrating trial and/or appellate counsel rendered ineffective assistance at different stages of the prior proceedings. ECF No. 511, pp.21-83, ECF No. 551, pp. 22-61. "When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). "Ineffective-assistance of counsel claims often depend on evidence

---

[1] Runyon filed a discovery request that set forth good cause for the release of information relevant to materiality. ECF No. 491, pp.21-25; ECF No. 506, pp.13-16. The information that was discovered during this § 2255 proceeding adds additional support to at least one mitigating circumstance. Without discovery, the quantity and content of records that could have been used to impeach the co-defendant's testimony and exculpate Runyon is unknown. The discovery requests should have been granted.

outside the trial record[,]" *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012), and Claims 3-6 rely upon such facts, including: expert reports;[2] declarations;[3] other records related to counsel's representation of Runyon;[4] other records related to David Runyon;[5] and, scholarly articles and government reports.[6] *See also ibid.*

Allegations contained in Claims 3-6 are interrelated, especially with respect to counsel's failure to investigate and present evidence of Runyon's compromised mental state. An evidentiary hearing should be had on any claim that is closely related to, or intertwined with, another issue on which a hearing is held. *See, e.g.*, *Stano v. Dugger*, 901 F.2d 898, 905 (11th Cir. 1990).

Respondent's answer created material factual disputes with respect to Runyon's allegations of counsel's ineffective assistance. Respondent raised factual issues including: admissibility, credibility, and strength of the evidence that counsel failed to investigate and present; the scope of counsel's investigation; whether information was available at the time of trial; and, the reasonableness of counsel's actions. In resolving these disputed facts, the Court made findings for which an evidentiary

---

[2] ECF No. 511-2, 511-3, 511-8, 511-29, 511-35, 511-38/ECF No. 506-2; ECF No. 545-1/ECF No. 551-2; ECF No. 551-3.

[3] ECF No. 511-4, 511-7, 511-9, 511-10, 511-11, 511-12, 511-13, 511-26, 511-27, 511-28, 511-31, 511-32, 511-33; ECF No. 551-1.

[4] ECF No. 491-1, 491-2, 491-3; ECF No. 511-5, 511-6, 511-15, 511-19, 511-21, 511-34, 511-36; ECF No. 551-4, 551-5.

[5] ECF No. 511-16, 511-17, 511-18, 511-20, 511-22, 511-23, 511-24, 511-25, 511-30, ECF No. 526-1.

[6] ECF No. 506-1; ECF No. 511-14, 511-37; ECF No. 533-1, 533-2 & 533-3; ECF No. 545-1.

hearing was necessary and should have been held. A few examples of material factual disputes are discussed below.

For example, when resolving disputed facts regarding **Claim 3,**[7] the opinion rejects allegations establishing that Runyon was in West Virginia at the time of the crime and states, "the court cannot assume the witness [Paula Dalton] would have testified to something based solely on a conclusory statement of the Petitioner[,]" and notes that Paula Dalton's declaration did not address facts regarding cell phone calls from Runyon. ECF No. 560-1, p.56 & n.20. Although Runyon respectfully disagrees with the first statement (there is no "declaration requirement" for obtaining an evidentiary hearing), he notes that if an evidentiary hearing had been granted, Paula Dalton would have testified in accordance with her first declaration (ECF No. 511-11), and with the second declaration, attached hereto as Attachment A.

Regarding **Claim 6,**[8] with respect to the allegation that Hudgins' performance was affected by a lack of preparation time, the opinion states: "Hudgins may have felt constrained by the amount of

---

[7] Respondent did not dispute that counsel failed to investigate and present witnesses with knowledge about Runyon's whereabouts at the time of the crime and knowledge that could have provided an alternative explanation for evidence that the prosecution asserted related to the crime. Respondent did not dispute that the defense failed to investigate the prosecution's cell-tower tracking evidence and ballistics evidence. Respondent raised factual issues by proposing hypothetical reasons (contradicted by trial counsel's declarations) for counsel's failure. *See, e.g.*, ECF No. 536, pp.30, 32, 34, 36. Respondent also disputed Runyon's allegations regarding the reliability and validity of the prosecution's testimonial forensic evidence, and re-cast the prosecution's guilt-phase theory. *See, e.g.*, ECF No. 532, pp.4-5; ECF No. 551, pp.31-34.

Regarding **Claim 4**, Respondent created questions of fact when he proposed hypothetical reasons for counsel's failures at the eligibility phase and also disputed the factual proof submitted by Runyon. *See, e.g.*, ECF No. 536, pp.38-40; ECF No. 551, pp.40-42.

Regarding **Claim 5**, Respondent disputed the facts counsel knew or should have known. *See, e.g.*, ECF No. 536, pp.43, 44; ECF No. 551, pp.42-47.

[8] Regarding **Claim 6**, Respondent raised a factual issue about information that counsel provided experts and disputed the facts (and nature of the facts) counsel knew or should have known. *See, e.g.*, ECF No. 536, pp.60, 61-62, 69; ECF No. 551, pp.53-59. Respondent disputed the mitigating

9

time he had on the case and the lack of communication with Babineau … but the fact is that Hudgins joined a team that had already done much work on the case." ECF No. 560-1, p.82. Yet, counsel has, in a sworn declaration, stated that "The time Mr. Babineau spent working on David Runyon's case was not much benefit to me[,]" ECF No. 551-1, p.1 ¶3, indicating that counsel were significantly behind in preparing their mitigation case on the eve of trial and underscoring the need for further inquiry at an evidentiary hearing. This is just one of many factual disputes the Court resolved by providing its opinion as to why trial counsel might or might not have acted, despite counsel having said something contrary in his declaration and without hearing from counsel directly at a hearing.

**Claims 12, 13, 14, 16:**

Runyon has alleged other constitutional claims that require redress. For some of the claims below, material factual disputes exist that can only be resolved after an evidentiary hearing. If any of the claims have been defaulted, it is because prior counsel were constitutionally ineffective, and ineffective assistance of counsel may constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Determining whether a procedural default occurred and if so whether "cause" and "prejudice" exist involves factual questions which should be resolved at an evidentiary hearing. *See Barnard v. Collins*, 13 F.3d 871, 878-79 (5th Cir. 1994) (the district court's determination that petitioner did not show "cause and prejudice" "seems premature in the absence of an evidentiary

---

value of mental health evidence that counsel failed to investigate and contests the fact that brain scans of Runyon conducted before trial reveal brain damage. *See, e.g.*, ECF No. 536, p.62 n7. Another fact disputed by Respondent was whether information provided to Runyon's current experts was available at the time of trial. *Id.*, p.72. Finally, Respondent proposed hypothetical reasons (contradicted by trial counsel's declarations among other facts in the record) for counsel's failure to investigate and present mitigation evidence. *See, e.g.*, ECF No. 536, pp.57, 60, 66, 77; ECF No. 551 pp.52-56, 59-60.

hearing or other appropriate proceeding" because it is a "fact-intensive inquiry"). *See also Jenkins v. Anderson*, 447 U.S. 231, 234 n.1 (1980).

**Claim 12** asserts a selective prosecution claim and counsel's failure to raise the claim which rely upon facts outside the trial record, including facts related to Claim 2. *See, e.g.*, ECF No. 506-1/511-37, 506-2/511-38; ECF No. 551-5. Respondent did not dispute the facts but asserted Runyon is not entitled to relief. In addition, Runyon requested discovery related to this claim. ECF No. 491, pp.7, 12-15; ECF No. 506, pp.5-10. Runyon made "a credible showing of different treatment of similarly situated persons" and discovery should have been granted. *United States v. Armstrong*, 517 U.S. 456, 470 (1996). Runyon should be afforded the opportunity to present evidence in support of his claim at an evidentiary hearing.

**Claim 13** asserts an Eighth Amendment violation where, under the circumstances of this case, the death penalty is disproportionate and arbitrary and Runyon requested discovery. ECF No. 491, pp.15-21, 35-36; ECF No. 506, pp.11-12. Respondent's defenses to this claim raised issues of fact that should be determined after an evidentiary hearing. *See, e.g.*, ECF No. 551, p.91.

**Claim 14** alleges that the death sentence violates the Eighth Amendment because Runyon is severely mentally ill. Factual development, with respect to other claims in the § 2255 motion involving Runyon's mental state, is relevant to this claim. Runyon also requested discovery. ECF No. 491, pp.35-36; ECF No. 506, pp.11-12, 35-36. He should be provided an opportunity to present evidence establishing his severe mental illness and demonstrating how his execution would violate evolving standards of decency. In addition, Respondent's asserted procedural bar (ECF No. 536, p.129) may be overcome through a showing of ineffective assistance of prior counsel.

**Claim 16** asserts the prosecution impermissibly discriminated in the exercise of peremptory strikes and that counsel was ineffective for failing to raise the issue. This claim relies upon facts outside

the record, including the strike lists prepared by the Courtroom deputy, the completed juror questionnaires, and, statistical analysis of the jury selection process based upon Fischer's exact test, and appellate counsel's declaration. *See, e.g.*, ECF No. 511-36, p.1 ¶¶5-7; ECF No. 551, p.109, & 511-5; ECF No. 551, pp.116-17. How the jury was selected, and evidence of Respondent's reasons for its strikes should be resolved at a hearing.

In answer, Respondent raised factual issues, including, Runyon's race and why prosecutors struck female and black jurors. *See, e.g.*, ECF No. 536, pp.146, 148; ECF No. 551, pp.106-07. The reason the Government struck women and blacks is the precise question to be answered in this claim and there is a clear conflict in the evidence before the Court. Runyon asserts an impermissible motive of bias; the Respondent asserts a permissible motive. A hearing should be held to resolve this conflict. *See Williams v. Louisiana,* 136 S.Ct. 2156, 2156 (2016) (Mem.) (remanding for further consideration and admonishing "it does not matter that the prosecutor might have had good reasons; what matters is the real reason [jurors] were stricken") (internal citation and quotation marks omitted).

## IV. THE OPINION SHOULD BE ALTERED OR AMENDED TO CORRECT LEGAL ERROR.

In **Claim 9**, Runyon argued his conviction for murder with a firearm in relation to a crime of violence, 18 U.S.C. § 924(c), (j), is unconstitutional because it was procured in violation of the Due Process Clause, the Equal Protection Clause, and the Fifth, Sixth, and Eighth Amendments of the Constitution, as set forth in *Johnson v. United States,* 135 S.Ct. 2551 (2015). ECF No. 511, p.88. While *Johnson* focused on the definition of violent felony found in the ACCA, 18 U.S.C. § 924(e), its reasoning applied with equal force to the definition of crime of violence found in 18 U.S.C. § 16(b) and to convictions arising under 18 U.S.C. § 924(c), (j). ECF No. 511, p.90. The Fourth Circuit regularly relies on case law interpreting the ACCA to interpret 18 U.S.C. § 16(b) as well as 18 U.S.C. § 924(c). ECF

12

No. 511, p.90 & n.42. Runyon noted a circuit split had developed on whether *Johnson* applies to convictions arising under 18 U.S.C. § 16(b) and § 924(c)(3)(B). ECF No. 551, pp. 68-69. In particular, in *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015), the court held 18 U.S.C. § 16(b) unconstitutional based on *Johnson.* ECF No. 551, p.68.

The Fourth Circuit has held the language of cases discussed 18 U.S.C. § 16(b) is relevant to cases analyzing § 924(c)(3)(B). *See United States v. Fuertes*, 805 F.3d 485, 500 (4th Cir. 2015); *In re Hubbard,* 825 F.3d 225, 231 n.3 (4th Cir. 2016) (same). Thus, *Dimaya* is persuasive authority. On September 29, 2016, the Supreme Court granted certiorari in *Dimaya. Lynch v. Dimaya*, No. 15-1498, 137 S.Ct. 31 (2016) (Mem.).

The opinion noted there is a circuit split, that the Supreme Court is poised to resolve the circuit split in *Dimaya, supra*, and that the Fourth Circuit has not ruled on the issue "under the principle of constitutional avoidance." ECF No. 560-2, p.139. The opinion also denied the *Johnson* claim because the Supreme Court has not held *Johnson* applies retroactively to cases under § 924(c). *Id.*, p.140.

The Fourth Circuit has held cases in abeyance pending resolution of *Dimaya.* In *United States v. Ali,* the appellant Ali was convicted of carrying or using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), among other crimes, and received a sentence of nearly 100 years in prison. Relying in part on *Dimaya,* he argued his Section 924(c) convictions were unconstitutional under *Johnson.* Ali argued that "Because the residual clause in § 16(b) is identical to the residual clause in § 924(c)(3)(B) and precedent for § 16(b) is controlling over § 924(c)(3)(B), the outcome in *Lynch v. Dimaya* should also decide whether the residual clause in § 924(c)(3)(B) is unconstitutionally vague." *United States v. Ali*, No. 15-4433 (4th Cir. Sept. 30, 2016), Unopposed Motion to Hold Case in Abeyance and Suspend Oral Argument, Doc. 81, p.3. The Fourth Circuit

13

agreed and is holding the case in abeyance pending the Supreme Court's decision in *Dimaya*. *Ali*, Order filed October 4, 2016, Doc. 82, p.1.

The case of *United States v. Simms,* No. 15-4640 (4th Cir.) is also held in abeyance. *Sims*, Order filed January 12, 2017, Doc. 48, p.1. Sims was convicted of crimes based upon § 924(c) and argued his convictions were unconstitutional, relying in part on *Dimaya.*

Further, at least one district court in this circuit is holding a capital § 2255 motion in abeyance pending resolution of *Dimaya. Barnette v. United States*, No. 3:12-cv-327-V, 2016 WL 7175637, at *3 (W.D.N.C. Dec. 8, 2016). The district court found that in the interest of judicial economy, a stay was appropriate. *Id.*

This Court's opinion should be altered to hold this case in abeyance pending the Fourth Circuit's resolution of this issue in light of the anticipated *Dimaya* opinion.

The opinion also stated questions remain over whether *Johnson* would apply retroactively to § 924(c)(3) cases on collateral review. ECF No. 560-2, p.140. Runyon respectfully suggests that *Johnson, supra,* and *Welch v. United States,* 136 S.Ct. 1257 (2016)*,* resolved retroactivity as related to the residual clause of the ACCA. Because the crime of violence portion of Section 924(c)(3) is linguistically and analytically similar to the ACCA residual clause definition of crime of violence, and because the Fourth Circuit has held caselaw analyzing the provisions is interchangeable, the reasoning of *Johnson* and *Welch* control the outcome here. In *Johnson,* the Supreme Court narrowed the scope of conduct that could be punished under the residual clause of the ACCA. Similarly, *Johnson* narrows the scope of conduct that is punishable under 18 U.S.C. § 924(c)(3).

The Fourth Circuit has held that claims raised in an initial §2255 proceeding do not require a finding of retroactivity by the Supreme Court. *United States v. Thomas,* 627 F.3d 534, 536-37 (4th Cir. 2010) (noting that appeals courts in the Sixth, Eleventh, Third, Seventh and Fifth Circuits have held

that a district court may make a retroactivity determination in cases filed pursuant to § 2255(f)(3)). Accordingly, this Court may apply the principles of *Johnson, supra,* and *Welch, supra,* and find the rule in *Johnson* applies retroactively to Mr. Runyon's case.

With respect to **Claim 11**, Respondent conceded that the statutory aggravating factors were duplicative of the elements of his underlying offense. See ECF No. 536, pp. 116, 41, 40. Absent the statutory factors which were inherent in Runyon's conviction, and with the non-statutory aggravating factors removed from death's side of the scale, there is a reasonable possibility that the balance between death and life imprisonment would have been changed for at least one juror. Accordingly, the opinion should be altered and amended to order that Runyon's sentence of death be vacated and his sentence reduced to life imprisonment.

In Runyon's case, the statutory aggravating factors failed to narrow the class of defendants eligible for the death penalty. It may well be true that the Eighth Amendment permitted California and Louisiana to narrow the class of defendants eligible for the death penalty at a separate eligibility phase prior to the sentencing phase (California) or at the guilt phase (Louisiana). Regardless of where narrowing occurs, however, it must genuinely narrow the class of eligible defendants. *Zant v. Stephens,* 462 U.S. 862, 877 (1983). Narrowing did not occur in this case because the statutory aggravating factors added nothing beyond the elements of the offense.

The California and Louisiana death penalty sentencing schemes narrow in different manner from each other and the FDPA. Under the California sentencing scheme, narrowing occurs when a jury, after first finding the defendant guilty of first degree murder, then finds the presence of one or more eligibility factors. *Tuilaepa v. California,* 512 U.S. 967, 975 (1994). As the Court observed in *Tuilaepa,* the eligibility factor cannot apply to every defendant convicted of the underlying offense. *Tuilaepa,* 512 U.S. at 972. In other words, while every defendant convicted of the underlying offense

15

(*i.e.*, first degree murder) might be sentenced to death, California accomplishes the requisite narrowing by also requiring the jury to find an additional circumstance which "[did] not apply to every defendant" convicted of the same crime. *Id.*

Under the Louisiana sentencing scheme, the class of persons eligible for the death penalty is narrowed by strictly limiting the offenses for which death was an available punishment. Louisiana turned five circumstances into elements of the underlying offense. In doing so, however, Louisiana simply changed when the group of "every defendant" was narrowed to just certain defendants, not whether it occurred. *Lowenfield v. Phelps*, 484 U.S. 231, 246 (1988).

In contrast, the FDPA broadly defines capital offenses and provides for narrowing by jury findings of aggravating circumstances at the penalty phase. *United States v. Caro*, 597 F.3d 608, 623 (4th Cir. 2010) (at least one statutory aggravating factor must be established before a death sentence may be considered); *United States v. Higgs*, 353 F.3d 281, 294 (4th Cir. 2003) (a jury is required to find at least one statutory aggravating factor before it can consider whether to impose death).

Respondent has conceded here that the statutory aggravating factors upon which they relied during the eligibility phase of Runyon's capital trial were "inherent" in the underlying offenses. ECF No. 536, pp. 116, 41, 40. Thus, every defendant convicted of those offenses would be eligible for the death penalty. This the Eighth Amendment does not allow. *Zant v. Stephens*, 462 U.S. at 877; *Tuilaepa v. California*, 512 U.S. at 972; *Arave v. Creech*, 507 U.S. at 474.

This Court should alter and amend its January 19, 2017 opinion (ECF No. 560) to hold the aggravating circumstances upon which the Government relied during the eligibility phase of Runyon's capital trial failed to narrow the class of defendants eligible for the punishment of death as required under the Eighth Amendment and order that Runyon's sentence of death be vacated and his sentence reduced to life imprisonment.

Even assuming, *arguendo*, the opinion correctly determined "there is a common-sense meaning to the factors, which is easily understood by a jury, and the factors could not fairly apply to every defendant eligible for the death penalty," ECF No. 560-3, p.155, the constitutional prohibition against vague and overbroad aggravating circumstances is based on dual grounds.

The Supreme Court in *Ring v. Arizona*, recognized aggravating factors are to be treated as elements of a capital sentence. *Ring*, 536 U.S. at 609 (citing *Apprendi v New Jersey*, 530 U.S. 466, 494 (2000)). That being the case, it is firmly established that an element of a crime is vague and overbroad when: (1) it fails to provide the trier of fact with sufficient guidance to prevent arbitrary enforcement;[9] or, (2) it fails to provide an ordinary citizen with notice of the consequences of his actions. *United States v. Harriss*, 347 U.S. 612, 617 (1954). The Supreme Court recently confirmed that this requirement extends to notice that past conduct may later be used to enhance the penalty for a later anticipated criminal act. *Johnson*, 135 S.Ct. at 2557.

Here, the vagueness (in fact, the completely indeterminate nature) of non-statutory aggravating circumstances permitted under 18 U.S.C § 3593(a)(2) deprived Runyon of notice at the time he, according to the jury's verdict, killed Cory Voss that such past conduct as "abuse of women" or "military training" (and/or other as-yet-unspecified factors) could be used years later to expose him to the death penalty. The prosecution's use of non-statutory aggravating circumstances of which Runyon did not have notice at the time of the offense violated the "first essential of due process of law." *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391 (1926).

---

[9] *See Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972) ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.")

Absent the statutory factors inherent in his convictions and with the non-statutory aggravating factors removed from death's side of the scale, there is a reasonable possibility the balance between death and life imprisonment would have been changed for at least one juror. This Court should alter and amend its opinion to hold the non-statutory aggravating circumstances upon which the death sentence rest violate the Fifth Amendment's prohibition against the use of vague and overbroad factors to enhance a criminal sentence and order that Runyon's sentence of death be vacated and his sentence reduced to life imprisonment.

## V.    THE COURT SHOULD REVISIT, UNDER THE CORRECT STANDARD, WHETHER A CERTIFICATE OF APPEALABILITY SHOULD ISSUE.

A certificate of appealability was denied "for the reasons stated in this Opinion." ECF 560-4, p.241. The opinion denies Runyon's claims on their merits, applying standards different from the standard for granting a certificate of appealability (hereinafter "COA"). To obtain a COA, a movant must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which is different from showing he should prevail on the merits. *Slack v. McDaniel*, 529 U.S. 473 (2000). In *Slack*, the Court held:

> a COA should issue ... if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

A claim is substantial when it "has some merit," *Martinez*, 132 S. Ct. at 1318.

Runyon will not address the debatability of each of his claims; however, he asserts that all of them present questions of some substance that deserve further review. For example, **Claim 9** presents an issue under *Johnson*, 135 S.Ct. 2551, and is illustrative of a claim that is debatable among jurists of reason. ECF No. 560-2, pp.138-39 (discussing the circuit split in applying *Johnson* outside the ACCA residual clause). The *Johnson* claim is also adequate to deserve encouragement to proceed further; as

noted in the opinion, the Fourth Circuit has yet to rule on the issue. *Id.*, p.139. The Fourth Circuit has granted successor status in cases raising the constitutionality of § 924(d) under *Johnson*, and Runyon's claim deserves appellate review.

As another example, **Claim 16** argues that where counsel's ineffectiveness results in structural error (here, the *Batson* error), prejudice is presumed. ECF No. 511, pp.125-26, 131-32. The Supreme Court recently granted a writ of certiorari on this question: "Whether a defendant asserting ineffective assistance that results in a structural error must, in addition to demonstrating deficient performance, show that he was prejudiced by counsel's ineffectiveness?" *Weaver v. Massachusetts*, No. 16-240, 2017 WL 125663 (2017) (Mem.). The Supreme Court's review of the issue demonstrates its debatability among jurists of reason and, therefore, it deserves appellate review.

Accordingly, Runyon respectfully requests that the Court alter or amend its opinion and grant a certificate of appealability on each of his claims.

WHEREFORE, because the Court's Opinion and Judgment is based on mistakes of law and fact, relief under Fed. R. Civ. P. Rule 59(e) is appropriate. In particular, Runyon respectfully asks the Court to provide the following relief:

1.  alter, amend and set aside its Opinion and Judgment on all the issues addressed herein; and,

2.  grant Runyon an evidentiary hearing; or,

3.  reopen the proceedings and grant whatever relief this Court deems just.

Respectfully Submitted,

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
 Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: February 16, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2017, I have electronically filed the foregoing Memorandum in Support of Motion to Alter or Amend Judgment Under Fed. R. Civ. Pro. 59(e) with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Petitioner*
*David Anthony Runyon*

21