**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Newport News Division

DAVID ANTHONY RUNYON,

     Petitioner,

                                                **CIVIL NO. 4:15cv108**

v.                        **[ORIGINAL CRIMINAL NO. 4:08cr16-3]**

UNITED STATES OF AMERICA,

     Respondent.

<u>ORDER</u>

This matter comes before the court on the Petitioner's Motion for Access to Materials Subpoenaed and Filed under Seal ("Motion"), ECF No. 564, and the accompanying Memorandum in Support ("Memorandum"), ECF No. 565, which were both filed on February 1, 2017. The government did not respond, and the time for doing so has expired; the Motion is ripe for review. The Petitioner requests access to the sealed materials referenced in the court's Opinion Denying the Petitioner's Motion to Vacate and the Petitioner's First and Second Motions for Discovery ("Opinion"), issued January 17, 2017, ECF No. 560. Mem. at 1-2.

The Petitioner first requests the FS LAB #T07-4553 forensic records, which the court had subpoenaed from the Virginia Department of Forensic Science and then filed under seal for <u>in camera</u> review by the court. Mem. at 1; <u>see</u> Opinion at 65. The

Petitioner previously requested these same records in the Petitioner's Second Motion for Discovery. Mem. at 1-2, n.2; <u>see</u> Second Motion for Discovery, ECF No. 530. The court denied the Petitioner's Second Motion for Discovery. Opinion at 65. The Petitioner's Motion and Memorandum raise no new arguments of merit or substance related to the requested forensic records. The Petitioner cannot make an "end run" around the court's discovery ruling simply by stating that counsel would otherwise be "unable to address those portions of the Opinion that reference the sealed documents." Mem. at 2. Counsel can address the matters discussed in the Opinion on this issue, and access to the sealed documents is not necessary to do so.[1] The court **DENIES** the Petitioner's Motion for Access with respect to the aforementioned forensic records for the same reasons it denied the Petitioner's Second Motion for Discovery.[2]

The Petitioner also requests access to the grand jury testimony of Chad Costa, which was filed ex parte and under seal. Mem. at 2; ECF Nos. 555, 556. Rule 6(e) of the Federal

---

[1] The court has fully reviewed the documents <u>in camera</u> and, to the extent the Petitioner questions this court's review and conclusions thereon, the court of appeals likewise will have full access to the sealed documents for <u>in camera</u> review, if it so chooses.

[2] The Petitioner further requests access to "originals of any photographic materials." Mem. at 2. To the extent these photographic materials are not part of the FS LAB #T07-4553 forensic records, the Petitioner's request is too vague and unclear to be granted.

Rules of Criminal Procedure "generally bars disclosure of 'matter[s] occurring before the grand jury.'" United States v. Ahmad, No. 1:14CR164, 2014 WL 2766121, at *3 (E.D. Va. June 18, 2014) (quoting Fed. R. Crim. P. 6(e)(2)) (alteration in original). This general rule is subject to some exceptions, one of which authorizes disclosure "preliminarily to or in connection with a judicial proceeding." See Fed. R. Crim. P. 6(e)(3)(E)(i). However, a party seeking access to grand jury testimony must first "'make a strong showing of particularized need'" for such materials. Redd v. United States, No. 1:97CR6, 2013 WL 6185178, at *2 (E.D. Va. Nov. 26, 2013), aff'd in part, appeal dismissed in part, 559 F. App'x 201 (4th Cir. 2014) (quoting United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983)). The Petitioner has not even alleged, let alone made the required "strong showing," that he has a particularized need for such materials. Accordingly, the court **DENIES** the Petitioner's Motion for Access to Materials with respect to the grand jury testimony of Chad Costa.

For the reasons stated herein, the Petitioner's Motion for Access to Materials Subpoenaed and Filed under Seal, ECF No. 564, is **DENIED**. The Petitioner has simply received all documents to which he is entitled, and the court finds no reason to revisit its previous rulings.

3

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Petitioner and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

February 21 , 2017

4