**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

_____

DAVID ANTHONY RUNYON,
    Petitioner,

    v.

UNITED STATES OF AMERICA,
    Respondent.

_____

:
:
:    No. 4:15-cv-108
:  Original Criminal No. 4:08-cr-16-3
:  CAPITAL §2255 PROCEEDINGS
:  HON. REBECCA BEACH SMITH
:
:
:
:
:

_____

**MOTION TO HOLD PETITIONER'S RULE 59(e)
MOTION IN ABEYANCE AND INCORPORATED
MEMORANDUM IN SUPPORT**

David Runyon, by counsel, moves this Court hold Petitioner's Rule 59(e)

Motion in abeyance until the Supreme Court releases its opinion in _Sessions v._

_Dimaya,_ No. 15-1498, now pending before the United States Supreme Court. In

_Dimaya,_ the Supreme Court granted certiorari to determine whether 18 U.S.C. §

16(b) is unconstitutionally vague under the reasoning in _Johnson v. United States,_

135 S.Ct. 2551 (2015). The Court heard argument in _Dimaya_ on January 17, 2017,

and an opinion is expected later this term. In the _Dimaya_ case, both parties

discussed 18 U.S.C. § 924(c) in their briefs, _available at_

http://www.scotusblog.com/case-files/cases/lynch-v-dimaya, and the Solicitor

General referred to that statute several times at oral argument, _transcript available_

_at_ https://www.supremecourt.gov/oral_arguments/argument_transcripts/2016/15-

1498_m647.pdf]. Because the Supreme Court's resolution of the _Dimaya_ case may

determine whether Runyon's conviction under 18 U.S.C. § 924(c),(j) is

unconstitutional in light of *Johnson,* a stay in proceedings is warranted so that the parties and this Court may have the benefit of the Supreme Court's ruling.

## I. Procedural History

On July 17, 2009, a jury convicted Runyon of conspiracy to commit murder for hire, 18 U.S.C. § 1958(a); carjacking resulting in death, 18 U.S.C. §§ 2119 and 2; and murder with a firearm in relation to a crime of violence, 18 U.S.C. § 924(c), (j) and 2. ECF No. 245. On August 27, 2009, the jury imposed death for conspiracy to commit murder for hire and murder with a firearm in relation to a crime of violence and life without parole for carjacking resulting in death. ECF No. 291, p.5.

On February 25, 2013, the Fourth Circuit Court of Appeals affirmed the convictions and sentences, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), and on October 6, 2014, the Supreme Court denied his petition for writ of certiorari. *Runyon v. United States*, 135 S.Ct. 46 (2014).

On June 26, 2015, the Supreme Court released its opinion in *Johnson v. United States,* 135 S.Ct. 2551 (2015), holding the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutional because its definition of a violent felony was impermissibly vague and did not provide adequate notice.

On October 5, 2015, Runyon timely filed a motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. ECF No. 478. On February 4, 2016, Runyon filed an amended motion pursuant to 28 U.S.C. § 2255. ECF No. 511.

One of his claims for relief in both versions of the § 2255 motion is that his conviction for murder with a firearm in relation to a crime of violence, 18 U.S.C. §

2

924(c), (j), is unconstitutional because it was procured in violation of the Due Process Clause, the Equal Protection Clause, and the Fifth, Sixth, and Eighth Amendments of the Constitution, as set forth in *Johnson*. ECF No. 511, p.88. Runyon noted that while *Johnson* focused on the definition of a violent felony found in the ACCA, 18 U.S.C. § 924(e), its reasoning applied with equal force to the definition of a crime of violence found in both 18 U.S.C. § 16(b) and 18 U.S.C. § 924(c). Runyon moved that his conviction under 18 U.S.C. § 924(c), and its accompanying sentence, be set aside and his case be remanded for a new sentencing hearing. ECF No. 511, p.89.

On April 18, 2016, the Supreme Court held *Johnson* applies retroactively. *Welch v. United States*, 136 S.Ct. 1257 (2016).

On July 7, 2016, Runyon filed a Reply to Response of the United States to Amended Motion, ECF No. 551, noting a circuit split had developed on whether *Johnson* applies to the identically worded definitions set forth in 18 U.S.C. § 16(b) (definition of crime of violence) and § 924(c)(3)(B)(possession of firearm in furtherance of crime of violence). ECF No. 551, pp.68-69. In particular, Runyon noted that in *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), the Ninth Circuit held 18 U.S.C. § 16(b) unconstitutional based on *Johnson*. ECF No. 551, p.68. Runyon further explained that because the Fourth Circuit considers caselaw interpreting § 16(b) to be persuasive in interpreting § 924(c)(3)(B), the Ninth Circuit's opinion in *Dimaya* is persuasive authority in his case. ECF No. 551, p.73.

3

On September 29, 2016, the Supreme Court granted certiorari in *Dimaya*. *Lynch v. Dimaya*, 137 S.Ct. 31 (2016).

On January 19, 2017, two days after oral argument in *Dimaya*, this Court issued an opinion denying Runyon's §2255 motion, including the *Johnson* claim, and the Clerk issued the Court's judgment. In its opinion, this Court correctly noted the circuit split and that the Supreme Court appears poised to resolve the circuit split in *Dimaya, supra*. ECF No. 560-2, pp.138-40. This Court further commented that the Fourth Circuit has not ruled on the issue "under the principle of constitutional avoidance." ECF No. 560-2, p.139. This Court ultimately concluded it would act in "accordance" with the district courts in the Fourth Circuit that have declined to extend the *Johnson* ruling to cover convictions under § 924(c)(3), and it denied Runyon's *Johnson* claim. ECF No. 560-2, p.140.

## II.    Argument

This Court overlooked the fact that the Fourth Circuit itself is holding cases in abeyance pending resolution of *Dimaya*, which is appropriate precedent for this Court to do the same. In *United States v. Ali,* No. 15-4433 (4th Cir.), the appellant Ali was convicted of carrying or using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), among other crimes, and received a sentence of nearly 100 years in prison. Relying in part on *Dimaya,* he asserted that his § 924(c) convictions were unconstitutional under *Johnson*. Ali argued that "Because the residual clause in § 16(b) is identical to the residual clause in § 924(c)(3)(B) and precedent for § 16(b) is controlling over § 924(c)(3)(B), the outcome

4

in [*Sessions*] *v. Dimaya* should also decide whether the residual clause in § 924(c)(3)(B) is unconstitutionally vague." *United States v. Ali*, No. 15-4433 (4th Cir. Sept. 30, 2016), Unopposed Motion to Hold Case in Abeyance and Suspend Oral Argument, Doc. 81, p.3. The Fourth Circuit agreed and is holding the case in abeyance. *Ali*, Order filed October 4, 2016, Doc. 82, p.1.

The Fourth Circuit is also holding *United States v. Simms,* No. 15-4640, in abeyance. Simms was convicted of crimes based upon § 924(c) and received a substantial sentence of 115 months followed by 84 months. *Simms*, Brief of Appellant, Doc. 17, p.4 of 14. He had argued that his § 924(c) convictions were unconstitutional, relying in part on *Dimaya. Id.*, pp.11-12 of 14. The Fourth Circuit is holding his case in abeyance pending the decision in *Dimaya. Simms*, Order, Doc. 48, p.1.

Further, at least one district court within the Fourth Circuit is holding a capital § 2255 motion in abeyance pending resolution of *Dimaya. See Barnette v. United States,* No. 3:12cv327-V, 2016 WL 7175637, at *3 (W.D.N.C. Dec. 12, 2016). The district court found that in the interest of judicial economy, a stay was appropriate. *Id.*

Accordingly, given that *Dimaya* may resolve the issue and provide guidance to the parties and to the Court, Runyon respectfully moves this Court to hold resolution of the Rule 59 motion in abeyance pending issuance of the *Dimaya* opinion. The Fourth Circuit has held the language of cases discussed 18 U.S.C. § 16 is relevant to cases analyzing § 924(c)(3)(B). *See United States v. Fuertes,* 805 F.3d

5

485, 500 (4th Cir. 2015); *In re Hubbard,* 825 F.3d 225 n.3 (4th Cir. 2016) (same). The Fourth Circuit has held that *Dimaya* will be relevant to its interpretation of *Johnson* claims challenging the constitutionality of § 924(c).

Principles of judicial economy call for holding Runyon's case in abeyance pending resolution of *Dimaya.* If the Court be so inclined, Runyon suggests that it could further hold Runyon's case in abeyance pending the Fourth Circuit's decisions on this issue in *Simms* and *Ali.*

Wherefore, Runyon respectfully moves that the Court hold resolution of his Rule 59(e) motion in abeyance pending resolution of *Dimaya.*

Respectfully Submitted,

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
   Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
   Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: February 22, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2017, I have electronically filed the foregoing Motion to Hold Petitioner's Rule 59(e) Motion in Abeyance and Incorporated Memorandum in Support with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Petitioner*
*David Anthony Runyon*

7