IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,            )
                                 )
        Petitioner               )        CRIMINAL ACTION NO.: 4:08cr16
                                 )        CIVIL ACTION NO.: 4:15cv108
v.                               )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

**RESPONSE OF THE UNITED STATES TO PETITIONER'S MOTION TO ALTER OR AMEND UNDER FED. R. CIV. P. 59(e) AND PETITIONER'S MOTION TO HOLD THE JUDGMENT IN ABEYANCE**

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States Attorney, and submits this Response of the United States to Petitioner's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) (ECF No. 567), and Motion to Hold Petitioner's Judgment in Abeyance (ECF No. 569), filed by DAVID ANTHONY RUNYON ("Petitioner"). (ECF 567)

## I.      PROCEDURAL BACKGROUND

Petitioner was convicted of conspiracy to commit murder-for-hire (Count 1) (18 U.S.C. § 1958(a)), carjacking resulting in death (Count 2) (18 U.S.C. §§ 2119 and 2), murder with a firearm in relation to a crime of violence (Count 5) (18 U.S.C. § 924(j)), was sentenced to death on Counts 1 and 5, and those convictions and death sentences were affirmed on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). The Supreme Court denied Petitioner's petition for a writ of certiorari. *Runyon v. United States*, 135 S. Ct. 46 (Oct. 6, 2014).

1

On October 5, 2015, Petitioner filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 478. Before the United States filed its response to Petitioner's § 2255 motion, he filed a motion for discovery seeking the production of documents, leave to propound interrogatories, and leave to issue subpoenas to third parties. ECF No. 491. The United States responded to Petitioner's § 2255 motion on January 11, 2016, ECF No. 497, and the discovery motion on January 15, 2016. ECF No. 500.

Petitioner then filed an amended § 2255 motion on February 4, 2016. ECF No. 511. Again, before the United States responded to the amended motion, Petitioner filed a second motion for discovery on April 1, 2016, seeking records from the Commonwealth of Virginia Department of Forensic Science related to Claim 3 in his amended § 2255 motion. ECF No. 530. The government filed its response to the second discovery motion on April 8, 2016, ECF No. 532, and Petitioner filed a reply on April 13, 2016. ECF No. 533. The government filed its response to Petitioner's amended § 2255 motion on April 22, 2016, ECF No. 536, and Petitioner filed a reply on July 16, 2016. ECF No. 551.

On January 19, 2017, this Court denied Petitioner's amended § 2255 motion. ECF No. 560; No. 4:15 CV 108, 2017 WL 253963 (E.D. Va. Jan. 19, 2017). The Court also denied Petitioner's First and Second Discovery Motions. *Id*. Petitioner filed a timely motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure on February 16, 2017. ECF No. 567.

## II.    APPLICABLE LAW

Rule 59(e) of the Federal Rules of Civil Procedure allows for the reconsideration of a final judgment upon the filing of a motion to alter or amend a judgment that has been entered. The decision to grant or deny a Rule 59(e) motion is discretionary. *Bogart v. Chapell,* 396 F.3d 548,

555 (4th Cir. 2005); *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). Reconsideration of an earlier judgment is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Although the text of the rule does not provide a standard guiding when a Rule 59(e) motion may be granted, the Fourth Circuit has recognized the following grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5 (2008) (internal citation and quotation marks omitted). With respect to motions alleging clear error of law, something more than mere disagreement with a court's application of relevant legal standards is required. Hutchinson, 994 F.2d at 1082.

## III.   PETITIONER FAILS TO DEMONSTRATE THE COURT COMMITTED LEGAL ERROR IN DENYING HIS § 2255 MOTION WITHOUT AN EVIDENTIARY HEARING

Petitioner contends that the Court's denial of an evidentiary hearing constituted a manifest error of law because the Court failed to apply the applicable standard in which to grant a hearing. He also argues that the Court erred "by making determinations despite the existence of material factual disputes." ECF No. 567, at 3. Petitioner fails to show that the Court committed a clear error of law and there is no basis for granting relief under Rule 59(e).

### A.   Petitioner failed to demonstrate the need for an evidentiary hearing on claims raised in his § 2255 motion.

Petitioner argues that he was entitled to an evidentiary hearing on various claims he raised in his § 2255 motion. Specifically, he contends that § 2255(b) mandates that a hearing is "almost

3

always required," and his case warrants an evidentiary hearing because there are material factual disputes and the record does not conclusively refute his claims. Petitioner fails to demonstrate that the Court committed clear error in denying Petitioner an evidentiary hearing on his claims.

Contrary to Petitioner's contention, § 2255 does not mandate an evidentiary hearing in every case. Generally, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *United States v. Witherspoon*, 231 F.3d 923, 925–26 (4th Cir. 2000); *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Evidentiary hearings on § 2255 motions are the exception, not the norm, and there is a heavy burden on the movant to demonstrate that an evidentiary hearing is warranted. *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court judge. *Raines*, 423 F.2d at 530. Where a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). This Court need not hold an evidentiary hearing when the record is adequate to dispose of Petitioner's collateral motion. *Mueller v. Angelone*, 181 F.3d 557, 586–87 (4th Cir. 1999).

Petitioner argues that because the government did not move for summary judgment, there are material facts that are in dispute requiring an evidentiary hearing. He also contends the government's response to his amended § 2255 motion created material factual disputes. But, Petitioner cites to no authority stating that the government's failure to move for summary judgment compels an evidentiary hearing. The government instead challenged Petitioner's claims as either procedurally defaulted or lacking in merit based on the evidence in the record. In either instance, the claims do not deserve an evidentiary hearing. Moreover, the Court denied Petitioner's claims

4

after reviewing the pleadings, files and record in this case—the exact standard of review § 2255 requires. The Court found that Petitioner was not entitled to relief on any claim, thereby negating the need for an evidentiary hearing.

### B.    Specific claims

**Claim 1**:    **Dishonest law enforcement officers involved in case**

In Claim 1 of his § 2255 motion, Petitioner asserted that Robert Glenn Ford and Clifford Dean Posey, who both assisted in the investigation of his case, were involved in criminal activity both prior to and/or during participation in his case. ECF No. 511, at 11–16. The Court denied Petitioner's claim, finding that the claims regarding Ford and Posey were procedurally defaulted and in the alternative without merit. ECF No. 560, at 24–35. Petitioner contends that the Court erred in failing to order an evidentiary hearing on this claim because there are material factual disputes and the claim relies on new facts that were discovered after his trial. This request should be denied.

There are no new facts discovered after Petitioner's trial that warrant further evidentiary development. Ford, who was appointed at the request of Petitioner's trial counsel as an investigator for the defense, was indicted for a scheme where he accepted bribes from criminal defendants in exchange for making false representations that the defendants had assisted him in homicide investigations nearly six months after Petitioner was sentenced and nearly a year after his trial. ECF No. 560, at 26. Ford's indictment and trial was a matter of public record. This Court found this claim procedurally defaulted, noting that Petitioner's appellate counsel "had full benefit of knowledge of Ford's public indictment, trial, and sentencing," prior to filing the opening appellate brief. *Id*. Moreover, the Court found that this claim lacked merit and Petitioner "only speculates about what dishonest acts Ford may have been involved with regard to Ford's

5

investigation of Petitioner's case." *Id.* at 27.  Moreover, there was no evidence presented in Ford's case that involved Petitioner.  *Id.*  Petitioner presents no new evidence or arguments suggesting that Ford's dishonest acts were connected to Petitioner or that his claim has merit.  The record before the Court was adequate to dispose of this claim.  *Mueller*, 181 F.3d at 586–87.  This claim remains without merit and Petitioner's request for an evidentiary hearing through his Rule 59(e) motion should be denied.

Likewise, the Court found Petitioner's due process claim regarding Posey was procedurally defaulted and lacked merit as it was speculative.  *Id.* at 32–33.  Posey was an ATF special agent that assisted in the investigation of the murder, but did not testify at trial.  On April 5, 2011, Posey was indicted for embezzlement, money laundering, wire fraud, possessing or receiving stolen firearms, and false statements.  *United States v. Posey*, No. 3:11 cr 94, ECF. No. 3.  Posey was sentenced in this case on September 16, 2011.  *Id.* at ECF No. 38.  These facts were known to Petitioner's appellate counsel prior to the filing of the opening brief.  Even had appellate counsel known of these facts, the Court found the claim entirely speculative.  ECF No. 560, at 33–34.  The record indicates that Posey had a minimal role in the investigation into Corey Voss's death.  The Court found that Petitioner "can point to no specific harm, and is simply guessing that Posey may have converted firearms or falsified records, <u>without</u> <u>indicating</u> <u>any</u> <u>such</u> <u>record</u> <u>or</u> <u>any</u> <u>shred</u> <u>of</u> <u>evidence</u> to support this claim."  *Id.* at 33 (emphasis in original).  Petitioner provides no new evidence or argument to support his request to reopen this claim or for an evidentiary hearing.

Other than claiming that there are material factual disputes arising from the Posey and Ford claims, Petitioner fails to describe any material facts requiring an evidentiary hearing.  These claims are without merit and Petitioner fails to demonstrate he is entitled to relief.  There are no credibility determinations that need to be made, nor are there any material disputes as to the facts.

This Court found that Petitioner failed to show how gaining access to government records would yield additional information about Posey's role that would lead to relief. Petitioner's request here should be denied.

**Claim 2**:       **Failure to Disclose Evidence Concerning Michael Draven**.

Petitioner asserts that the Court erred in failing to conduct an evidentiary hearing on his claim that the government failed to provide him with exculpatory information regarding co-defendant Michael Draven's violent criminal history. ECF No. 567, at 6–7. Specifically, Petitioner alleged that this information would have added weight to the equally culpable defendants mitigating factor and reduced the weight of the government's "abuse of women" aggravating factor. He claims that the materiality of information regarding Draven is an issue deserving an evidentiary hearing. This claim should be denied.

This Court found this claim procedurally defaulted and in the alternative meritless. The Court noted that evidence of Draven's past violent history was not relevant to the issue of Petitioner's guilt, nor was it material to Petitioner's sentence. ECF No. 560, at 37, 41–43. This information would not have changed the outcome regarding the equally culpable defendants mitigating factor as the jury had already found that mitigator. ECF No. 291 (Special Verdict Form). Moreover, evidence regarding Draven's past was not relevant to Petitioner's past abuse of women and would not have lessened Petitioner's culpability as to his role in the crime as compared to his co-defendants. ECF No. 560, at 42–43.

Petitioner presents no new evidence or arguments in support of his claim that the Court erred in failing to grant an evidentiary hearing. He points to no credibility issues or "material" factual disputes requiring an evidentiary hearing. Petitioner's reliance on *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004), is misplaced. In *White*, the issue was whether the district court

7

erred in refusing to grant an evidentiary hearing on a claim that the government promised that the petitioner's guilty plea was conditional. *Id*. at 295. There, the petitioner presented evidence alleging that the government made an oral agreement that his guilty plea would be conditional, subject to the appeal of the denial of his suppression motion. *Id*. at 297. The government did not present any evidence refuting the allegation and nothing in the written plea agreement contravened his allegation. In addition, the parties agreed that the guilty plea was involuntary based on constitutionally ineffective counsel's advice that the petitioner could appeal his suppression motion. *Id*. The court held that these facts presented the type of extraordinary circumstances that warrant an evidentiary hearing. *Id*. at 300.

In contrast to *White*, there are no issues of credibility referencing this claim that need be determined. The issue is whether information of Draven's past violence is material to Petitioner's case. This Court found it was not. Petitioner cites no authority and presents no compelling argument providing that the materiality determination requires an evidentiary hearing. The Court made this determination based on a review of the record and determined that Petitioner is not entitled to relief. *Mueller*, 181 F.3d at 586–87. This claim should be denied.

**Claims 3, 4, 5 and 6**:          **Ineffective assistance of counsel**.

Petitioner claims the Court erred in failing to hold an evidentiary hearing on several of his claims of ineffective assistance of counsel raised in his § 2255 motion. ECF No. 567, at 7–12. He asserts that the government's response to his § 2255 motion created material factual disputes warranting an evidentiary hearing. In his motion, Petitioner only focuses on a particular aspect of Claim 3—a new declaration from Paula Dalton stating that the only calls she received on Petitioner's son's phone were from Petitioner. ECF No. 567-1. Petitioner fails to demonstrate that the Court committed legal error in failing to hold an evidentiary hearing on his claims.

First, Petitioner's argument that the government created factual disputes in its response to the amended § 2255 motion is without merit. Disputing the merits of Petitioner's arguments does not create material factual disputes. The issues raised here were easily disposed of by a review of the record. Second, this Court, in a detailed opinion, denied claims 3, 4, 5, and 6, finding no merit in any of the claims. Because Petitioner failed to present any colorable Sixth Amendment claim showing disputed facts beyond the record and necessary credibility determinations to resolve the issues, there was no need for an evidentiary hearing.

Petitioner's examples of material factual disputes fall far short of needing an evidentiary hearing.[1] To warrant an evidentiary hearing, Petitioner must present a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record. *Magini*, 973 F.2d at 264. But Petitioner presented no colorable Sixth Amendment claims.

In Claim 3, Petitioner alleges that a new affidavit from Paula Dalton contains facts which require an evidentiary hearing. This Court denied this aspect of Claim 3 (the whereabouts of the Petitioner on the day of the murder), finding that trial counsel's lack of additional questions confirming Petitioner's cell phone use on the day of the murder was reasonable, and that additional questions would not have led to a different outcome. The Court noted that a declaration from Paula Dalton did not address the issue of whether someone other than Petitioner ever called her on the cell phone Petitioner provided to her or whether she was given another phone number to reach

---

[1] Petitioner alleges that the government created factual disputes or disputed facts thus creating the need for an evidentiary hearing. ECF No. 567, at 9 n.7, 8. But a review of Petitioner's citations reveal that the government simply provided arguments based on the record. For example, in Claim 6, Petitioner states that the government raised a factual issue regarding information that trial counsel provided experts and disputed facts that trial counsel knew or should have known. *Id*. at n.8 (citing ECF No. 536, pp. 60, 61–62). The government's response, however, recited evidence from the record, quoting from correspondence from defense experts, pleadings, and testimony of experts. The response did not create a material factual dispute requiring an evidentiary hearing.

him.  ECF No. 560-1, at 56 n.20.  The Court found that Petitioner's argument overreached and second-guessed trial counsel to the extent of frivolity and abuse of process.  *Id.*

Petitioner continues in his overreaching.  He submits a new declaration from Paula Dalton stating that she knew Petitioner had two cell phones, one for him and one for his son, and the only number she was given was Petitioner's cell phone number.  ECF No. 567-1, ¶¶ 3–4.  She also states that the only calls to Petitioner's son's phone, which she possessed when she watched Petitioner's son, were from Petitioner.  *Id.* at ¶ 5.  But this declaration does not change the outcome of this claim.  Trial counsel elicited the fact that there were no cell phone records indicating that either of Petitioner's cell phones were ever in Newport News, Virginia, on the day of the murder.  Tr. at 1478–79.   The additional information from Dalton's recent declaration would not have changed the outcome, much less provide a material factual dispute.

Likewise, Petitioner's contention that an evidentiary hearing is necessary on Claim 6 regarding an alleged lack of preparation time afforded trial counsel is without merit.  He contrasts this Court's holding that trial counsel joined the defense team when most of the work on the case had already been done with trial counsel's declaration stating that trial counsel felt that the previous work done on the case before he joined the defense team was not of much benefit.  ECF No. 567, at 10.  This Court reviewed trial counsel's declaration and the entire record in this case and found that trial counsel "took reasonable and proper steps to investigate the Petitioner's mental health and psycho-social history, both before and after [trial counsel] was appointed to the case, and that the Petitioner suffered no prejudice by the later addition of [trial counsel] to the defense team."  ECF No. 560-1, at 82.  Petitioner's disagreement with the Court's determination alone fails to demonstrate a reason to alter or amend the judgment.

**Claim 12, 13, 14, and 16**:

Petitioner alleges that this Court committed a clear error of law in failing to hold an evidentiary hearing on various constitutional claims in his amended § 2255 motion.  In each of these claims, Petitioner makes conclusory statements arguing that an evidentiary hearing was necessary.  The legal issues regarding these claims, however, were ripe for decision based on the record without the need for an evidentiary hearing.  Some of these claims were procedurally defaulted and Petitioner failed to demonstrate "cause and prejudice" to overcome his default because the claims have no merit.

In Claim 12, Petitioner alleged a selective prosecution claim and a claim of ineffective assistance of counsel for failure to raise this claim.  ECF No. 511, at 105.  This Court denied Petitioner's claim finding that he failed to show that the government had any discriminatory effect or intent.  ECF No. 560-3, at 164–65.  The Court also found that Petitioner was not prejudiced by trial and appellate counsels' failure to raise a selective prosecution claim, as it had no merit.  Petitioner disagrees with the Court's decision and states that he made a credible showing of selective prosecution.  He offers no additional argument or evidence demonstrating a clear error of law.  Petitioner simply disagrees with this Court's determination and seeks to relitigate this matter.  *Baker,* 554 U.S. at 486 n.5.  Petitioner is not entitled to Rule 59(e) relief.

Similarly, Petitioner is not entitled to relief on Claims 13 and 14.  Claim 13 asserted an Eighth Amendment violation based on an allegation that the death penalty was disproportionate and arbitrary.  ECF No. 511, at 111.  Claim 14 alleged that the death sentence violated the Eighth Amendment because Petitioner is severely mentally ill.  *Id*. at 115.  This Court found both claims procedurally defaulted and without merit.  ECF 560-3, at 178, 185.

In Claim 13 Petitioner contends that the government's response to his amended § 2255 motion raised issues of fact that require an evidentiary hearing. ECF No. 567, at 11. But he cites his own pleading which answered the procedural defenses the government raised to Claim 13. *Id.* (citing ECF No. 551, at 91). There are no factual disputes raised in this purely legal claim. Likewise, in Claim 14 Petitioner argues that the procedural defenses raised by the government can be overcome by counsel's ineffectiveness. But this argument simply relitigates old matters. This Court found the claim meritless, and Petitioner offers no new arguments entitling him to relief.

In Claim 16, Petitioner alleged that the government prosecutors discriminated on the basis of race and gender when using peremptory strikes, in violation of the Fifth Amendment and *Batson v. Kentucky*, 476 U.S. 79 (1986), and *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127 (1994). ECF No. 511, at 124. After reviewing the statistical evidence Petitioner alleged in both claims, this Court found Petitioner's claims procedurally defaulted and without merit. ECF No. 560-3, at 200; ECF No. 560-4, at 201–11. Petitioner claims that an evidentiary hearing is necessary based on his allegation of impermissible motive for the government's strikes. But an evidentiary hearing is not necessary because Petitioner did not make out a prima facie case of discrimination, thus his claim has no merit. Again, Petitioner is attempting to relitigate a foreclosed issue which he is not entitled to do under Rule 59(e). *Baker*, 554 U.S. at 486 n.5.

**IV. THE COURT PROPERLY DENIED PETITIONER'S CLAIM THAT THE HOLDING *JOHNSON v. UNITED STATES* INVALIDATED HIS CONVICTION, AND DID NOT ERR IN DENYING PETITIONER'S CHALLENGE TO THE AGGRAVATING FACTORS.**

<u>**Claim 9**</u>

In Claim 9 of his amended § 2255 motion, Petitioner argued that the recent Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), applies to his case and causes his convictions to be

12

in violation of the Fifth, Sixth, and Eighth Amendments, the Equal Protection Clause, and the Due Process Clause. ECF No. 511, at 88–98. Petitioner proffers no compelling argument that the Court committed clear legal error in denying this claim.

Petitioner was convicted of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958(a) (Count One); carjacking resulting in death, in violation of 18 U.S.C. §§ 2119 and 2 (Count Two); and murder with a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(j) and 2 (Count Five). ECF No. 3 (Indictment); ECF No. 245 (Jury Verdict Form). This Court found that the ACCA did not apply to Petitioner's case. ECF No. 560-2, at 134. The Court noted that although the language in the ACCA residual clause and § 924(c)(3) are similar, they are not identical. *Id*. at 138. The Court cited the three circuits that have specifically held that *Johnson* does not invalidate § 924(c)(3)(B). *Id*. citing *United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016); *United States v. Hill*, 832 F.3d 135, 146 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340, 378–79 (6th Cir. 2016). The Court further noted that the Fourth Circuit has not decided whether the language of § 924(c)(3)'s residual clause is void for vagueness after *Johnson*, and that the district courts in this circuit have declined to extend the ruling in *Johnson* to the residual clause in § 924(c)(3). Id. at 138–40 (citing cases).

Petitioner now asks this Court to stay its decision regarding this claim pending the Supreme Court's ruling in *Lynch v. Dimaya*, 137 S. Ct. 31 (Mem). In *Dimaya*, the Supreme Court will address whether *Johnson* extends to invalidate 18 U.S.C. § 16(b) when applied in a civil immigration proceeding. In its petition for a writ of certiorari, the Solicitor General argued that removal "has been consistently classified as a civil rather than a criminal procedure." *Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952). The Solicitor General also argued the "[t]he degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair

enforcement—depends in part on the nature of the enactment." *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982). And the Supreme Court has "expressed greater tolerance of enactments with civil rather than criminal penalties" in addressing vagueness challenges, at least where the civil consequences do not threaten "the right of free speech or of association" or another substantive constitutional guarantee. *Id*. at 498–99.

The Supreme Court may very well find that the vagueness doctrine applies differently in civil immigration proceedings than in a criminal case, thus the ruling in *Dimaya* may not resolve *Johnson's* application to § 924(c)(3). Petitioner's claim would still fail even if the Supreme Court holds § 16(b) void for vagueness because § 924(c)(3) is distinguishable from § 16(b). In its petition for a writ of certiorari, the Solicitor General also noted that, despite the similarity of the language in § 924(c)(3)(B) and § 16(b), "Section 924(c) contains a structural feature that distinguishes it from Section 16(b), as incorporated into 8 U.S.C. 1101(a)(43)(F): Section 924(c) requires that the defendant committed the offense with a specific nexus to a firearm." 2016 WL 3254180 at *27 n.5. There is no compelling reason to stay the judgment on this claim.

Finally, the ruling in *Dimaya* and whether *Johnson* is extended to § 924(c)(3)(B) is of no consequence to Petitioner's case. The jury was instructed that the possible predicate crimes of violence were conspiracy to commit murder for hire and carjacking. The carjacking statute, 18 U.S.C. § 2119 provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so . . . .

Carjacking necessarily involves a "taking by force and violence or by intimidation," and has as an element the use, attempted use, or threatened use of physical force—thus meeting the definition of § 924(c)(3)(A) (the force clause).

14

The Fourth Circuit's recent opinion in *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017), makes clear that federal carjacking is categorically a crime of violence under the force clause of § 924(c)(3)(A). Given that the federal carjacking statute satisfies § 924(c)(3)(A), whether *Johnson* should be extended to invalidate § 924(c)(3)(B) is of no consequence to Petitioner's case. Petitioner's conviction, regardless of whether *Johnson* is applicable to § 924(c)(3)(B), is valid. There is no need to stay the judgment in this case.

**<u>Claim 11</u>**

In Claim 11 of his amended § 2255 motion, Petitioner argued that the statutory aggravating factors unconstitutionally mirrored the elements of the conduct required for conviction, and the non-statutory aggravating factors were arbitrary and overbroad. ECF No. 511, at 102–05. The Court found Petitioner's claim regarding the statutory aggravating factors procedurally defaulted and without merit. Specifically, the Court held that the statutory aggravating factors "performed the required narrowing function to prevent arbitrary application of the death penalty." ECF No. 560-3, at 151–52. Regarding the non-statutory aggravating factors, the Court held the non-statutory factors in Petitioner's case were not vague or overbroad, and did not lead to an arbitrary or capricious application of the death penalty. *Id*. at 155.

Petitioner fails to demonstrate he is entitled to relief under Rule 59(e). He cites to no intervening change in the law regarding the interpretation of aggravating factors, nor does he provide any authority showing the Court committed a clear error of law in determining this claim. Petitioner simply disagrees with the Court's opinion and attempts to relitigate the issue. This is not allowed under Rule 59(e). *Baker,* 554 U.S. at 486 n.5.

## V.      THE COURT PROPERLY DENIED A CERTIFICATE OF APPEALABILITY.

Petitioner contends that the Court erred in denying a certificate of appealability ("COA") and asserts that all of his claims in his amended § 2255 motion deserve further review. The Court declined to issue a COA "for the reasons stated in this Opinion." ECF. 560-4, at 241.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has held that the COA inquiry is not coextensive with a merits analysis. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Id*. (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

The Court here found that each of Petitioner's claims, including those that were procedurally defaulted or barred under the relitigation doctrine, were without merit.[2] Because none of his claims had merit, the Court necessarily found that Petitioner failed to make a substantial showing of the denial of a constitutional right. Petitioner fails to demonstrate that reasonable jurists would find the Court's decision on each of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court should deny Petitioner's request to alter or amend its opinion and deny a certificate of appealability on each of his claims.

## VI.     CONCLUSION

For the foregoing reasons, the Court should deny Petitioner's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e). Specifically, the Court should deny Petitioner's request to alter, amend, or set aside this Court's opinion and judgment, deny his request for an

---

[2] Like Petitioner, the government will not address the debatability of each of his claims.

16

evidentiary hearing, deny his request to hold the judgment in abeyance, and deny his request to reopen the proceedings for any reason.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____/s/_____

Lisa R. McKeel
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

By: _____/s/_____

Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov

By:_____/s/_____

Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
21 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000

17

Fax: 757/591-0866
Email: Jeffrey.Zick@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on March 31, 2017, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system.  I further certify that I caused a true and correct

copy of the foregoing to be mailed to the following non-ECF user:

**Michele Jill Brace**
Virginia Capital Representation Resource Center
2421 Ivy Rd., Suite 301
Charlottesville, VA  22903
Ph:  434-817-2970, 202-223-6380
Email: mbrace@mindsort.com

**Dana Catherine Hansen Chavis**
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay St, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Fax:  (865) 637-7999
Email:  dana_hansen@fd.org

By: _____/s /_____
       Jeffrey A. Zick
       Special Assistant United States Attorney
       Attorney for the United States
       United States Attorney's Office
       Fountain Plaza Three, Suite 300
       721 Lakefront Commons
       Newport News, Virginia 23606
       Phone: 757-591-4000
       Fax: 757-591-0866
       Email: Jeffrey.Zick@usdoj.gov