IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Petitioner | ) | CRIMINAL ACTION NO.: 4:08cr16 |
| | ) | CIVIL ACTION NO.: 4:15cv108 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE OF THE UNITED STATES TO PETITIONER'S THIRD MOTION FOR
DISCOVERY AND CONSOLIDATED MEMORANDUM OF LAW**

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente,

United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J.

Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States

Attorney, and submits this Response of the United States to Petitioner's Third Motion for

Discovery and Consolidated Memorandum of Law, filed by DAVID ANTHONY RUNYON

(hereinafter "Runyon").  (ECF 570).

## I.    Procedural Background

On October 5, 2015, Runyon filed a timely motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct a sentence.  (ECF 478).  Before the United States filed its response to Runyon's

Section 2255 motion, he filed a motion for discovery seeking the production of documents, leave

to propound interrogatories, and leave to issue subpoenas to third parties.  (ECF 491).  The United

States responded to Runyon's Section 2255 motion on January 11, 2016 (ECF 497), and the

discovery motion on January 15, 2016.  (ECF 500).

Runyon then filed an amended Section 2255 motion on February 4, 2016.  (ECF 511).

Again, before the United States responded to the amended motion, Runyon filed a second motion

for discovery on April 1, 2016, seeking records from the Commonwealth of Virginia Department of Forensic Science related to Claim 3 in his amended Section 2255 motion. (ECF 530). The United States filed its response to the second discovery motion on April 8, 2016, (ECF 532), and Runyon filed a reply on April 13, 2016. (ECF 533). The United States filed its response to Runyon's amended Section 2255 motion on April 22, 2016, (ECF 532), and Runyon filed a reply on July 16, 2016. (ECF 551).

On January 19, 2017, this Court denied Runyon's amended Section 2255 motion. (ECF 560; No. 4:15 CV 108, 2017 WL 253963 (E.D. Va. Jan. 19, 2017)). The Court also denied Runyon's two motions for discovery. *Id.* Runyon filed a timely motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure on February 16, 2017. (ECF 567).

On February 24, 2017, Runyon filed a Third Motion for Discovery and Memorandum of Law. In this motion, Runyon requests an order from the Court requiring the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE) to release Government trial exhibits to a defense expert so that forensic testing may be conducted.

## II.    Legal Requirements for Discovery in Section 2255 Proceedings

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Although Runyon refers to the Federal Rules of Criminal Procedure in demanding a right to inspect these trial exhibits, the procedural setting has changed. Discovery in the habeas setting can occur only with leave of the Court, upon a showing of good cause. *See* Rule 6(a) of the Rules Governing § 2255 Cases. In other words, a defendant "may invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of discretion and for good cause shown, grants leave to do so, but not otherwise." *Hall v. United States*, 30 F. Supp.2d 883, 899 (E.D. Va. 1998). "Good cause" for discovery exists when a

2

petition for habeas corpus establishes a prima facie case for relief. *See Harris v. Nelson*, 394 U.S. 286, 290 (1969). Specifically, discovery is warranted under Supreme Court and Fourth Circuit precedent, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908–09 (citing *Harris v. Nelson*, 394 U.S. 286, 295 (1969)); *United States v. Roane*, 378 F.3d 382, 402–03 (4th Cir. 2004) (affirming denial of multiple discovery requests). In *Roane*, the Fourth Circuit rejected the defendants' argument that the trial judge erred by granting summary judgment on some claims without first permitting discovery. *Roane*, 378 F.3d at 403-04. Particularly applicable here, a request for discovery must rely on specific factual allegations: discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence." *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir.1999); *accord, United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). A defendant may not use discovery to go on a "'fishing expedition' through the Government's files in search of evidence to support an imagined and fanciful claim." *United States v. Lighty*, 2014 WL 5509205, at *3 (D. Maryland Oct. 30, 2014) (citing *Wilson*, 901 F.2d at 381)).

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996); *see Roane*, 378 F.3d at 403 (reviewing, for abuse of discretion, the denial of discovery in a § 2255 case). Once good cause is shown, the district court has discretion regarding the scope and extent of discovery. *Bracy*, 520 U.S. at 909.

### III.     Runyon Has Failed to Establish Good Cause for Discovery

In his third request for discovery, Runyon again seeks discovery related to the ballistics related evidence introduced at his trial and related to Claim 3 in his amended Section 2255 motion.

3

Runyon is not entitled to discovery here because, similar to his prior request for discovery, he cannot establish a prima facie for relief. *Bracy*, 520 U.S. at 908–09.    In his second request for discovery, Petitioner sought a court order requiring the Virginia Department of Forensic Science to release all documents related to forensic services in FS Lab #T07-4553. This request related to the ballistics testing completed on the recovered bullets and bullet jacket, but was denied by the Court in its consideration of Claim 3 of Runyon's amended Section 2255 motion.  (ECF 560-1, 65).

In Claim 3, Runyon contended his trial counsel were ineffective for failing to challenge the scientific validity of John Willmer's testimony and failing to correct the "mis-impression" that the bullets found in this case could have been fired from the gun Runyon purchased on the day of the murder—a Taurus .357 revolver.  Willmer, a forensic firearms and toolmark expert, testified that a microscopic analysis of the bullets recovered from the victim's truck and the bullet jacket and lead fragments recovered from the victim's body, demonstrated that the bullets were fired from the same firearm. TT, pgs. 361–62; GX 23.  The bullets were found to be characteristic of .38 special class bullets, encompassing a couple of calibers together. TT, pg. 362. The analysis also found that "the bullets are characteristic of being revolver ammunition components, and the predominate ammunition component in that caliber is .38 special and .357 magnum revolvers that would be typical of firing this particular bullet with the rifling specifications that it has." *Id*. Because only the bullets were recovered, there was no way to determine whether the ammunition came from .38 special or .357 magnum cartridges, but the ammunition could be used for both the .38 and .357 firearms. *Id*. at 363–64. Willmer testified that that the list of firearms that could have fired the bullets in GX 23 was not all inclusive—there could be other firearms not listed that could

have fired the bullets in this case. *Id*. at 369–70. In fact, the list of revolvers that are chambered to fire the .38 Special cartridge includes the Taurus brand. *See* GX 23.

On July 12, 2016, the Court ordered that a subpoena *duces tecum* be issued directing the Virginia Department of Forensic Science to produce records for *in camera* review by the Court. (ECF 552). In the Court's order denying Petitioner's Section 2255 motion, the Court also denied Petitioner's second discovery request and rejected the very grounds on which he again offers in support of his third discovery motion. (ECF 560-1, 63 – 65). Contrary to Petitioner's claim that there existed a mis-impression that .38 bullets could have been fired from Petitioner's Taurus .357 because the Certificate of Analysis excluded the Taurus brand of .357 firearms, the Court found that the Certificate did not, in fact, exclude the Taurus .357. (ECF 560-1, 64). The Court also rejected Petitioner's claim that trial counsel was ineffective for failing to hire a ballistics expert and failing to conduct a more thorough cross-examination about the reliability of ballistics tests. (ECF 560-1, 64). The Court found that there was no evidence that trial counsel was unaware of certain ballistics studies and that "[d]ecisions about evidence and expert testimony are vital parts of trial strategy and the court gives much deference to counsel's decisions on these matters." (ECF 560-1, 65). Finally, after the Court reviewed the ballistics records obtained from the Virginia Department of Forensic Science, it found "nothing contrary to the evidence presented at trial." The Court concluded that Runyon had failed to show ineffective assistance of counsel on this ground and also denied the second discovery request. *Id.*

Runyon's third request, although focused on the physical evidence rather than the Certificate of Analysis, truly reiterates the same ground as his second request – the issue of whether trial counsel was ineffective for failing to challenge or investigate the ballistics evidence, which, has been fully reviewed and denied by the Court. In view of the Court's disposition of Claim 3,

including the Court's *in camera* review of the Virginia Department of Forensic records, Runyon again has failed to show good cause entitling him to discovery. Although Runyon claims that he has hitherto been unaware of and been unable to examine the recovered bullets and jacket introduced as Government Exhibits 5 and 22, his argument is unchanged from his second request for discovery and the result should be the same. The Court has already found that no prejudice exists regardless of the fact that counsel did not challenge the evidence or request copies of the ballistics records. (ECF 560-1, 65). According to Runyon, what should have triggered trial counsel's attention to this issue was the Certificate of Analysis, not the bullets themselves. The Court has already this issue in denying relief on Claim 3.

Contrary to the claim of Petitioner that the Certificate of Analysis should have alerted counsel to inconsistencies between the ballistics evidence and Runyon's revolver, the Court found that no such inconsistencies exist. (ECF 560-1, 64). There was nothing unreliable in the scientific validity of Willmer's testimony, and Runyon again offers no study or evidence that rebuts the validity of the analysis that Willmer or other experts performed on the bullets. Second, there was nothing misleading about Willmer's analysis or testimony. Willmer testified, and the Court also found, that the list of possible firearms on the Certificate of Analysis was not all-inclusive and the Taurus .357 magnum revolver can shoot .38 Special bullets. TT, pg. 370; GX 23. Runyon claims that had counsel investigated the ballistics issue and/or consulted a ballistics expert "the jury would have learned of discrepancies between Runyon's .357 revolver and the ballistics evidence." (ECF 570 at 8). But there simply were no such discrepancies.

Given this evidence, it was reasonable for trial counsel to forgo a more forceful challenge to the ballistics evidence. There was nothing in the Certificate of Analysis that would have prompted an examination of the bullets, to which trial counsel had access to prior to trial. Thus,

the location of these exhibits now (to which the Certificate of Analysis relates) does not alter the analysis of trial counsel's performance under *Strickland*.

Runyon continues to offer no theory, credible or otherwise, challenging Willmer's testimony. The ballistics evidence was but one small piece of evidence demonstrating Runyon's guilt. Even without the ballistics evidence, the evidence of guilt against Runyon was overwhelming. *See Runyon*, 707 F.3d at 521 ("There is simply no question that Runyon fired five bullets into the body of an innocent naval officer—at close range and in cold blood.") Runyon purchased a .357 handgun with ammunition on the day of the murder, TT, pgs. 843–51; GX 103–103B, which was later pawned by a friend of Runyon's in West Virginia. TT, pgs. 1190–95. A map of Newport News with a description of Corey Voss's vehicle and reference to the location where Voss was eventually murdered was found in Runyon's vehicle along with a photograph of Draven and Cat Voss and their social security numbers. TT, pgs. 1025–30, 1324– 26; GX 214 and 215. In Runyon's former residence, agents found a box of Winchester .357 magnum hollow point bullets with five missing from the box. TT, p. 1044; GX 236 and 237. There were numerous phone calls and emails between Runyon, Draven and Cat Voss establishing their relationship, the murder-for-hire scheme and its cover-up.  GX 159–173A.

Runyon again fails to demonstrate that trial counsel fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 690. Likewise, as the Court found in its treatment of Claim 3, Runyon fails to show prejudice resulting from counsel's alleged error. *Id*. at 693. Given the mountain of evidence demonstrating guilt, Runyon cannot show a reasonable likelihood that the result of his trial would have been different had trial counsel more fully challenged the ballistics evidence or conducted an independent examination of the bullets. This Court should deny Runyon's third discovery request because there is no reason to believe that he "may, if the facts

are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908–09.

### III.    CONCLUSION

In this request, Runyon continues to attempt "to explore [his] case in search of its existence." *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir.1999); *accord, United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). For the reasons herein, as well as the Court's own analysis of the matters pertaining to Claim 3, to which this request also pertains, the Court should deny Petitioner's third request for discovery.

DANA J. BOENTE
UNITED STATES ATTORNEY

By:    _____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

By:    _____/s/_____
Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866

Email: Brian.Samuels@usdoj.gov

By:        /s/

    Jeffrey A. Zick
    Special Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    Fountain Plaza Three, Suite 300
    21 Lakefront Commons
    Newport News, Virginia 23606
    Phone: 757/591-4000
    Fax: 757/591-0866
    Email: Jeffrey.Zick@usdoj.gov

9

CERTIFICATE OF SERVICE

I certify that on March 31, 2017, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system.  I further certify that I caused a true and correct

copy of the foregoing to be mailed to the following non-ECF user:

**Michele Jill Brace**
Virginia Capital Representation Resource Center
2421 Ivy Rd., Suite 301
Charlottesville, VA  22903
Ph:  434-817-2970, 202-223-6380
Email: mbrace@mindsort.com

**Dana Catherine Hansen Chavis**
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay St, Suite 2400
Knoxville, TN  37929
Ph:  (865) 637-7979
Fax:  (865) 637-7999
Email:  dana_hansen@fd.org


By:  _____/s /_____
      Brian J. Samuels
      Assistant United States Attorney
      Attorney for the United States
      United States Attorney's Office
      Fountain Plaza Three, Suite 300
      721 Lakefront Commons
      Newport News, Virginia 23606
      Phone: 757-591-4000
      Fax: 757-591-0866
      Email: Brian.Samuels@usdoj.gov