**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Petitioner, | ) | No. 4:15-cv-108 |
| | ) | Original Criminal No. 4:08-cr-16-3 |
| v. | ) | CAPITAL §2255 PROCEEDINGS |
| | ) | HON. REBECCA BEACH SMITH |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S UNOPPOSED EMERGENCY MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b), SEEKING WITHDRAWAL OF THE ORDER DATED ON APRIL 27, 2017, AS ECF NO. 579, AND RE-ISSUANCE OF THE SAME ORDER PRIOR TO JUNE 26, 2017, AND INCORPORATED MEMORANDUM OF LAW**

Because this Court's order, dated April 27, 2017, was not served electronically or by mail on Petitioner, David Runyon, or on the Government, until June 19, 2017, and the order was not entered on the electronic docket, Petitioner moves the Court under Fed. R. Civ. P. 60(b)(1) and 60(b)(6) to *withdraw* the order dated April 27, 2017, ECF No. 579 and to *re-issue prior to June 26, 2017,* the same order, but with the new filing date. The Government does not oppose this motion. The reasons for Runyon's motion are as follows.

**The Errors in Entry and/or Service**

This Court issued an opinion on January 19, 2017, ECF No. 560, denying Runyon's motion under 28 U.S.C. § 2255 to vacate his conviction and/or sentence of death. On February 16, 2017, Runyon filed a timely motion under Fed. R. Civ. P. 59(e), asking the Court to alter or amend its judgment, ECF No. 566 ("Rule 59(e) motion"). On February 22, 2017, Runyon filed a second motion, ECF No. 569, asking the Court to hold the Rule 59(e) motion in abeyance pending the United States Supreme Court's decision in the case now named *Sessions v. Dimaya*, No. 15-1498. Two days later, on February 24, 2017, Runyon filed his third motion for discovery, ECF No. 570.

All three motions were filed on the public docket and served on opposing counsel. The United States filed a response to these motions on March 31, 2017, also on the public docket, in ECF Nos. 573 and 574, and these were served on Runyon's counsel. Runyon has been waiting for the Court to act on these motions.

On June 6, 2017, Runyon filed, as supplemental authority in support of his motion to alter or amend, the Supreme Court's order of June 5, 2017, in *Carpenter v. United States* granting review of an issue related to one of the claims in Runyon's § 2255 motion. ECF No. 581. Runyon suggested that a decision on his motion to alter or amend should be withheld until a decision is issued in *Carpenter*. In response, the Government alleged that a decision in *Carpenter* will have no effect on the Court's resolution of Runyon's claim and asserted that the "Court should deny Petitioner's request to await a decision in *Carpenter* before deciding his Rule 59(e) motion." ECF No. 582, p.2.

On Friday afternoon, June 16, 2017, the Court issued a Record Notation Order, ECF No. 583, in response to Runyon's notice of supplemental authority. Footnote 2 of that Order began with the following surprising statement: "The court has already ruled on the Petitioner's Rule 59(e) Motion in its Memorandum Order of April 27, 2017, ECF No. 579." Upon reading this footnote, Runyon's counsel checked the public docket. No entry appeared on April 27th. (Attachment A, June 16, 2017 PACER download).

As evidenced by Runyon's filing of a supplemental authority in support of the Rule 59(e) motion and the Government's response urging the Court to rule, neither party's attorneys received a CM/ECF notification (or other notification) that the Court had entered an order ruling on the Rule 59(e) Motion or his third discovery motion, ECF No. 570. Although Runyon's counsel have periodically checked the docket on PACER, they did not and could not have discovered that ECF No. 579 existed (much less downloaded a copy of the order the Court referenced in its footnote)

because ECF No. 579 was not entered on the public docket on April 27, or when they filed the supplemental authority or when counsel retrieved a copy of the Government's response. To counsel's knowledge, when the most recent notice of supplemental authority was filed, the Court had not yet entered a ruling on the Rule 59(e) motion.

Runyon's counsel reviewed the public docket on Monday morning, June 19, and as of mid-afternoon, the Court's order (ECF No. 579) denying Runyon's third motion for discovery and denying Runyon's Rule 59(e) motion still did not appear on the electronic docket. (Attachment B, June 19, 2017 morning capture). Runyon's counsel only had notice of a ruling by the Court because of a footnote in a Record Notation Order that was entered on June 16, 2017, and they had not been served with the order (ECF No. 579) and were unaware of its contents.

Also on the morning of June 19, counsel communicated with counsel for the Government about the footnote indicating the Court had ruled on Runyon's Rule 59(e) motion. Like counsel for Runyon, counsel for the Government had not received a notice of electronic filing regarding the Court's order, ECF No. 579. Counsel for the Government indicated he would inquire with the clerk's office. At 4:04 p.m. on June 19, 2017, counsel received a CM/ECF notice dated June 19, 2017, showing the filing of ECF No. 579 on April 27, 2017. (Attachment C, June 19, 2017, 4:04 p.m. PACER email). At the same time, ECF No. 579 was inserted into the public docket at April 27, 2017. (Attachment D, June 19, 2017 afternoon capture). There is no docket notation of the back-filing and no order providing for a filing nunc pro tunc.

**The Consequences**

The Court's failure to notify counsel of the issuance of ECF No. 579, and its omission from the public docket, are errors that have significant detrimental consequences for Runyon. Entry of an order disposing of a Rule 59(e) motion starts the 60-day clock for filing a notice of appeal. Fed. R. App. P. 4(a)(1)(B)(i) and 4(a)(4)(A)(iv). A footnote in the Court's recent Record Notation Order

3

indicates an order was entered on April 27, 2017, accordingly, the last day on which Runyon can file a notice of appeal is Monday, June 26, 2017. Rather than having 60 days to prepare for filing a notice of appeal, the current circumstances allow Runyon 7 days or less to prepare before filing the notice of appeal. The shortened time will have significant detrimental consequences.

First, counsel have not yet discussed an appeal with their client. Ordinarily this is something counsel would not do until they have received the order disposing of the Rule 59(e) motion, reviewed that order, provided the client with a written copy of the order and instructions, and allowed time for him to review that order. As stated above, counsel did not know until later on the afternoon of June 19, 2017, the grounds for the denial of Runyon's Rule 59(e) motion and could not communicate the same to Runyon. Given the unreliability of speedy mail delivery and the limited time-slots for secure attorney-client telephone calls to death row inmates, it is uncertain that all of this could be done before the current filing deadline.

Second, the 60 days provided in Appellate Rule 4 is intended to give counsel appropriate time to prepare for the appeal. This includes a complex process of weighing the issues, and the difficulty is exacerbated by the number and complexity of some of the issues in Runyon's case and not knowing, until the afternoon of June 19, 2017, the most-recent grounds for denial. This process generally must be completed before filing the notice of appeal. That is because within 14 days of the appeal being docketed, appellant's counsel must file a docketing statement that includes the issues Runyon wants to present to the appellate court, with the additional identification of which issues are ones of first impression. Fourth Circuit Local Rule 3(b).[1]

Third, the 60 days provided in Appellate Rule 4 allows counsel reasonable time to arrange their schedules. Runyon's attorneys have both immediate and long-term obligations in other

---

[1] Runyon must present this same information if he wants to appeal issues on which this Court denied a certificate of appealability.

matters, and counsel need to arrange to accommodate these obligations before they initiate an appeal.

### The Unopposed Remedy

Because ECF No. 579 was not entered on the public docket and counsel for both parties were not notified of its issuance until 53 days had passed, there was an error of entry and/or service. At a minimum, this was a mistake by the Court that falls within the scope of Rule 60(b)(1). To the extent the error of entry and/or service was other than a mistake, it constitutes "any other reason that justifies relief" under Rule 60(b)(6).  Either way, there can be no dispute that all counsel should have received timely notification of ECF No. 579, and they did not.  ECF No. 579 should have been entered on the public docket on the date it was signed so counsel could have timely identified it and obtained access to its contents via PACER, and it was not.

The simplest and most appropriate remedy for this error is for the Court to withdraw ECF No. 579 and then to re-issue the same order, but with the appropriate new filing date, *prior to June 26, 2017*.[2] This is necessary because the district court lacks the authority to extend the length of time for filing a Notice of Appeal. But withdrawing the order and re-issuing it will remove the detrimental consequences of the errors associated with the initial filing of ECF 579, and will restore the parties to the position they otherwise would have occupied. Most particularly, it will restart the 60-day clock for Runyon's counsel to file a timely notice of appeal. Counsel for the Government have been consulted and do not oppose this remedy.

Runyon calls to the Court's attention the Fourth Circuit's approval of a nearly identical error and remedy in *Correll v. Thompson*, 63 F.3d 1279 (4th Cir. 1995). In that case, the district court issued an order denying habeas relief under §2254, but Correll's counsel did not receive

---

[2] This is 60 days from April 27, 2017, *see* ECF No. 583, fn.1, but, as explained, to back-file the order on this date provides counsel only 7-days' notice.

notice of that decision until after the deadline to file a Rule 59(e) motion. Correll then filed a Rule 60(b) motion for relief, identifying the untimely service of the order as the error. For the remedy, he asked the district court to vacate its §2254 judgment and to reenter the same judgment with the new date so that Correll could file a timely Rule 59(e) motion. The district court granted the Rule 60(b) motion and reentered the judgment. On Virginia's appeal, the Fourth Circuit found no error in this remedy. In particular, it noted that Correll's counsel were not at fault for untimely receipt of the original judgment, and that the Commonwealth suffered no prejudice from the district court's grant of Rule 60(b) relief. *Id.* at 1285 n.3. The Government does not oppose the same remedy for this case.

WHEREFORE, Runyon asks the Court to grant relief under Rule 60(b), to vacate ECF No. 579, to re-issue ***prior to June 26, 2017,*** that same order but with the new filing date so as to re-start the time for filing a notice of appeal, to provide all counsel with notice of the entry of filing the new order, and to place the newly filed order on the public docket.

Respectfully Submitted,
_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
 Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

Dated: June 20, 2017

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2017, I have electronically filed the foregoing PETITIONER'S UNOPPOSED MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b), SEEKING WITHDRAWAL OF THE ORDER DATED APRIL 27, 2017, AS ECF NO. 579, AND RE-ISSUANCE OF THE SAME OR ORDER PRIOR TO JUNE 26, 2017 using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

_____/s/_____
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817 2970
Fax (434) 817 2972

7