UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

       Petitioner,

  v.

                            CIVIL NO. 4:15cv108
                [ORIGINAL CRIMINAL NO. 4:08cr16-3]

UNITED STATES OF AMERICA,

       Respondent.

## ORDER

This matter comes before the court on the Petitioner's "Unopposed Emergency Motion for Relief under Federal Rule of Civil Procedure 60(b), Seeking Withdrawal" and incorporated Memorandum of Law ("Emergency Rule 60(b) Motion"), ECF No. 584, and the Petitioner's Motion to Expedite Ruling on the 60(b) Motion ("Motion to Expedite"), ECF No. 585, both filed on June 20, 2017.

I.

On April 27, 2017, the court issued a Memorandum Order denying the Petitioner's Rule 59(e) Motion. ECF No. 579. The clerk erroneously entered the court's Memorandum Order of April 27, 2017, on a court-only docket drive, as opposed to a public access docket drive. Consequently, copies of the Memorandum Order were not electronically distributed to counsel

for the Petitioner and the United States Attorney, as reflected on the clerk's docket entry. See ECF No. 579. Moreover, the public docket did not show the substance or date of entry of the Memorandum Order of April 27, 2017, as required by Rule 79.[1]  As a result, neither the United States nor the Petitioner had access to or received notice of the Memorandum Order of April 27, 2017.

On June 6, 2017, believing that a previous Rule 59(e) Motion, ECF No. 566, remained pending, the Petitioner filed a Notice of Supplemental Authority. ECF No. 581. On June 16, 2017, the court issued a Record Notation Order, ECF No. 583, stating that it had already ruled on the Rule 59(e) Motion in its Memorandum Order of April 27, 2017. On June 19, 2017, counsel informed the clerk that the Memorandum Order of April 27, 2017, was neither visible nor accessible on the public docket, and that they had not received the Memorandum Order. On the afternoon of June 19, 2017, the clerk immediately corrected the error and made the Memorandum Order of April 27, 2017, publicly available.

## II.

The court now **DIRECTS** the clerk specifically to re-enter the Memorandum Order of April 27, 2017, on the public docket

---

[1] Federal Rule of Civil Procedure 79(a)(3) requires that docket entries "show . . . the substance and date of entry of each order."

2

with a new, separate docket entry.[2] See generally Correll v. Thompson, 63 F.3d 1279, 1285 n.3 (4th Cir. 1995). The court **DISMISSES** the Petitioner's Emergency Rule 60(b) Motion, ECF No. 584, and the Petitioner's Motion to Expedite, ECF No. 585, as **MOOT**. The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Petitioner and to the United States Attorney at Newport News.

       **IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

June 21, 2017

---

[2] As set out by Federal Rule of Appellate Procedure 4(a), "A judgment or order is entered for purposes of this Rule 4(a) . . . when the judgment or order is entered in the civil docket." Fed. R. App. P. 4(a)(7). The clock limiting the time for filing a notice of appeal runs from the date of entry of an order. Fed. R. App. P. 4(a)(1).