UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

      Petitioner,

                                CIVIL NO. 4:15cv108
   v.                   [ORIGINAL CRIMINAL NO. 4:08cr16-3]

UNITED STATES OF AMERICA,

      Respondent.

<u>MEMORANDUM ORDER</u>

This matter comes before the court on the Petitioner's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) ("Rule 59 Motion") and accompanying Memorandum in Support, filed on February 16, 2017. ECF Nos. 566, 567. On January 19, 2017, the court issued an Opinion denying, among other motions, the Petitioner's Motion to Vacate under § 2255. ECF No. 560 ("§ 2255 Opinion"). The § 2255 Opinion is the subject of the instant Rule 59 Motion.

Additionally, on February 22, 2017, the Petitioner filed a Motion to Hold Petitioner's Rule 59(e) Motion in Abeyance and Incorporated Memorandum in Support. ECF No. 569 ("Abeyance Motion"). On February 24, 2017, the Petitioner filed a Third Motion for Discovery and Consolidated Memorandum of Law. ECF No. 570 ("Discovery Motion"). On March 31, 2017, after being granted

an extension of time to file, the government filed its Responses to the Petitioner's Rule 59 Motion, Abeyance Motion, and Discovery Motion. ECF Nos. 573, 574. The Petitioner filed a Reply to the government's Response to the Discovery Motion on April 6, 2017. ECF No. 576. The Rule 59 Motion, Abeyance Motion, and Discovery Motion are ripe for review.  For the reasons below, the court **DENIES** the Rule 59 Motion (ECF No. 566), Abeyance Motion (ECF No. 569), and Discovery Motion (ECF No. 570).

## I.

The Abeyance Motion requests that the court hold the Rule 59 Motion in abeyance pending resolution of Sessions v. Dimaya, 137 S. Ct. 31 (2016) (granting certiorari). At a threshold level, Dimaya is inapplicable, as it concerns the constitutionality of 18 U.S.C. § 16(b), which is not a controlling issue in the Petitioner's Rule 59 Motion and was not a controlling issue in the Petitioner's Motion to Vacate under § 2255. See § 2255 Opinion at 138-39. Moreover, the Abeyance Motion is perplexing in and of itself. The Petitioner appears to argue that the court should hold his Rule 59 Motion in abeyance pending Dimaya, but part of the Rule 59 Motion asks the court to amend its § 2255 Opinion in order to hold the Petitioner's § 2255 Motion in abeyance pending Dimaya. See Rule 59 Mot. at 1. Thus, the court could not hold the § 2255 Motion in abeyance

2

without first amending the § 2255 Opinion under Rule 59, which necessitates denial of the Abeyance Motion. However, finding no good reason to hold the Petitioner's Rule 59 Motion in abeyance,[1] the court **DENIES** the Petitioner's Abeyance Motion and considers the Petitioner's Rule 59 Motion.

The Petitioner's Rule 59 Motion requests the court to alter or amend its § 2255 Opinion. There are three grounds for amending a judgment under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993). Parties may not use Rule 59(e) "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the

---

[1] The court further observes that, if the Petitioner's Rule 59 Motion were meritorious, and, as the Petitioner claims, the court had actually committed manifest errors of law and fact, there would be no reason to hold either the Rule 59 Motion or the § 2255 Motion in abeyance. The Petitioner's argument for abeyance is nonsensical and "smacks" of an attempt to delay and convolute these proceedings, thereby increasing the costs of unnecessary protracted litigation.

3

first instance." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion is not warranted by "'mere disagreement with the court's ruling.'" United States v. Carter, No. 3:15cv161, 2016 WL 1752761, at *4 (E.D. Va. Apr. 29, 2016), aff'd, No. 16-1689, 2016 WL 6123513 (4th Cir. Oct. 20, 2016) (quoting Smith v. Donahoe, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013)). Nor does Rule 59(e) provide "'an unhappy litigant one additional chance to sway the judge.'" Id. (quoting Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

The Petitioner states that he "is not re-presenting every allegation of error," and instead "only addresses those issues that demonstrate a manifest error of law and fact, or present a manifest injustice." Mem. Supp. at 1. However, the Petitioner's Memorandum in Support "is no more than an expression of a view of the law contrary to that set forth in the [c]ourt's opinion." Durkin, 444 F. Supp. at 889. Accordingly, the court "has no proper basis upon which to alter or amend the [Opinion] previously entered." Id. The Petitioner cannot use Rule 59 as a platform to argue line by line with the court's § 2255 Opinion, as he attempts to do. Simply put, the Petitioner is attempting to use the Rule 59 Motion to reargue issues already decided by the court, and it raises no new matters of merit or substance to warrant Rule 59 relief.

## A.

First, the Petitioner argues that "the court committed legal error in denying the Amended 2255 Motion without the benefit of an evidentiary hearing." Mem. Supp. at 2. The Petitioner asserts that the denial of an evidentiary hearing was "a manifest error of law because it does not comport with the applicable legal standards for when such a hearing must be granted." Id. The Petitioner goes on to allege that the court "also committed legal error by making determinations despite the existence of material factual disputes." Id. at 2-3. He requests that the court "reconsider its opinion denying an evidentiary hearing." Id. at 3. Evidentiary hearings are not required under § 2255, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see United States v. Witherspoon, 231 F.3d 923, 925 (4th Cir. 2000). The court previously found that no material factual disputes remained and, thus, that no evidentiary hearing was necessary to resolve the Petitioner's claims. § 2255 Opinion at 24, n.10.

The Petitioner argues that certain "specific allegations— if true—entitled [Runyon] to relief." Mem. Supp. at 5. However, the Petitioner's speculative theories are not issues of fact that require an evidentiary hearing. Hypothetical musings such as that Agent Posey "may have converted firearms or ammunition

5

that was confiscated from Runyon," that "[h]e may have falsified transcriptions of recorded conversations or otherwise altered or fabricated evidence," see Amended Motion to Vacate, ECF No. 511, at 15, or that Ford could theoretically file false reports in order to obtain bribe money, see id. at 12-13, for example, are not properly considered factual disputes.[2] It was, and remains, clear from the record that the Petitioner was not entitled to relief, and no evidentiary hearing was, or is, necessary. Because the court finds no manifest injustice or error of law or fact in its resolution of these claims, the court **DECLINES** to alter or amend its § 2255 Opinion based on the Petitioner's argument that an evidentiary hearing was required.

**B.**

The Petitioner's next argument is that "the opinion should be altered or amended to correct legal error." Mem. Supp. at 12. The Petitioner argues that the "opinion should be altered to hold this case in abeyance pending the Fourth Circuit's resolution of this issue in light of the anticipated Dimaya opinion"[3] and that the § 2255 Opinion should also be altered "to hold the aggravating circumstances upon which the Government

---

[2] The Petitioner did not see fit to address every issue that he classifies as a "significant factual dispute," see Mem. Supp. at 5, and thus, the court finds no reason to address all of them individually, particularly when it already dealt with these issues in detail in its § 2255 Opinion.

[3] See supra Part I at 2-3.

relied . . . failed to narrow the class of defendants . . . as required under the Eighth Amendment." Id. at 14, 16. The Petitioner expresses disagreement with the court's application of the law, and requests that the court alter or amend its ruling accordingly. However, this disagreement of law is not a sufficient basis for a Rule 59(e) motion, but rather a ground for appeal. The Petitioner's Rule 59(e) Motion raises no new matters of merit or substance in this argument. Because the court finds no legal error in its resolution of these claims, the court **DECLINES** to alter or amend its § 2255 Opinion based on the Petitioner's argument of legal error.

### C.

Finally, the Petitioner argues that "the court should revisit, under the correct standard, whether a certificate of appealability should issue." Id. at 18. In so doing, he states that he "will not address the debatability of each of his claims." Id. The court agrees that the test for certificates of appealability is not whether the claim is meritorious, but rather, that the issue is debatable among jurists of reason. See Buck v. Davis, 137 S. Ct. 759, 777 (2017). In cases "[w]here a district court has rejected the constitutional claims on the merits," 28 U.S.C. § 2253(c) requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

7

wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In those cases where "the district court denies a habeas petition on procedural grounds," the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Petitioner has made no such showing. The court declined to issue a certificate of appealability for the numerous reasons outlined in the § 2255 Opinion. The court thoroughly evaluated each of the Petitioner's claims in its § 2255 Opinion, and it painstakingly explained in detail the many deficiencies of the Petitioner's claims. In this case, the deficiencies were so great that they left no room for reasonable debate. The Petitioner's claims were neither meritorious nor debatable, and, in this court's assessment, no jurist of reason could disagree with the court's resolution of them. Accordingly, the court **DECLINES** to alter or amend its § 2255 Opinion to grant a certificate of appealability.

## II.

In the Discovery Motion, the Petitioner requests an order directing that bullets and bullet jackets be released to the Petitioner's expert for forensic testing. Discovery Mot. at 1. The Petitioner's Discovery Motion makes no factual allegations

8

to support the request. The Petitioner now seeks discovery of evidence not previously requested—bullets and bullet jackets instead of the previously requested ballistics documents—to support the Petitioner's argument in Claim Three of his § 2255 Motion. Discovery Mot. at 4. In § 2255 proceedings, a judge may authorize discovery, if the petitioner shows good cause. § 2255 Rule 6; see Hall v. United States, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998). Here, the Petitioner has not shown good cause, but instead has made a request that amounts to an impermissible "fishing expedition." See Hall, 30 F. Supp. 2d at 900.

The Petitioner protests that "[c]ounsel is unable to address [the court's] rulings without access to the information relied upon by the [c]ourt." Reply at 1-2. However, the purpose of a Rule 59(e) motion is not to "address" the court's ruling. This court's § 2255 Opinion is not a pleading to which the Petitioner is entitled to respond line by line, nor is the court an opposing party whose assertions entitle the Petitioner to discovery. The court's § 2255 Opinion is a ruling, and a Rule 59(e) Motion is a request that the court alter or amend such a ruling, not an invitation to rehash arguments rejected by the court. Indeed, much of the argument in the Petitioner's Discovery Motion is identical to that of a previously denied discovery motion. Compare Discovery Motion, ECF No. 570, at 5-8, with Second Motion for Discovery, ECF No. 530, at 3-6. The

9

Petitioner has not shown good cause for further discovery, and, thus, the Discovery Motion is **DENIED**.

### III.

The court issued its § 2255 Opinion on January 19, 2017, ECF No. 560, addressing in detail all grounds raised by the Petitioner, even including frivolous ones such as ineffective assistance of appellate counsel for not using a smaller font so as to be able to raise more grounds on direct appeal, even though appellate counsel used a font approved by the Fourth Circuit Court of Appeals and the United States Supreme Court. § 2255 Opinion at 132-133. The collateral review is completed in this court and the case is now ripe for appeal, without further tactics of delay and repetition, thereby impeding resolution of the matter and increasing costs and fees.[4]

The Petitioner's Rule 59 Motion, Abeyance Motion, and Discovery Motion are **DENIED**. The court declines to issue a certificate of appealability for the reasons stated herein, and in the § 2255 Opinion. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the Petitioner and to the United States Attorney at Newport News.

---

[4] _See supra_ note 1.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
- RBS - Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

April 27, 2017

11