-IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON, )
          Petitioner, )      No. 4:15-cv-108
           )      Original Criminal No. 4:08-cr-16-3
          v. )
           )      CAPITAL §2255 PROCEEDINGS
UNITED STATES OF AMERICA, )      HON. REBECCA BEACH SMITH
          Respondent. )

## SWORN STATEMENT OF RETURNED DOCUMENTS

I, Michele J. Brace, hereby certify that on November 15, 2021, I returned to the Court the paper records and the CDs containing information about the grand and petit jury selection process in Runyon's case.

I swear that Runyon's counsel have maintained the paper records and CDs containing this information under seal. With one exception, no copies thereof of any nature — paper, electronic, or otherwise — have been made or exist, other than those maintained under seal by the Court. The exception is that in ECF 594-1, this Court expressly expanded the record on habeas appeal to include jury selection documents. This expansion made it possible, and appropriate, for Runyon's counsel to provide Lantagne Legal Printing in Richmond, Virginia, with 62 completed juror questionnaires from the first day of voir dire, as documentary support for Runyon's appellate claim that jury selection in his case violated *Batson v. Kentucky*, 476 U.S. 79 (1986). The juror questionnaires were reprinted in sealed volumes of the Joint Appendix to Runyon's appeal to the U.S. Court of Appeals for the Fourth Circuit, and they were the only record-based source of information about each individual juror—information that the Court did not elicit in

1

voir dire. The sealed volumes of the J.A. are not supposed to be available to the general public, but Runyon's counsel cannot swear here that those volumes do not exist or that they are irrelevant. The same is true of the Sealed Additional Materials document that Runyon filed in the Fourth Circuit along with the Joint Appendixes, and which supplements and summarizes *Batson*-related facts for the relevant jurors. Because it is sealed, the Additional Materials document should not be available to the general public, but Runyon's counsel cannot swear that the Sealed Additional Materials document does not exist.

I swear that no contact, direct or indirect, has been made by Runyon's team with any juror, grand or petit, who actually served or who was named in any lists, CDs, or records produced pursuant to this Court's order.

The sealed materials that I have today returned to the Court, consist of the following:

(1) Two sealed cartons that together contain the juror questionnaires of all 243 prospective jurors who completed a questionnaire in this case.

(2) One sealed paper envelope containing the Court's strike lists, identifying each prospective juror in this case who was struck peremptorily and by which party.

(3) Two sealed envelopes (one of which is padded) that together contain redacted CDs of the 2005 and 2007 master and qualified jury wheels for Newport News and Norfolk, with plus statistical information about the grand jury, statistical information about the individuals drawn for the petit jury venire, and the trial court's list of reasons for any disqualifications, excusals, or exemptions.

I further swear that Runyon's counsel have made no contact, direct or indirect, with any juror, grand or petit, who actually served or who was named in any lists, CDs, or records produced pursuant to this Court's order.


Counsel for Defendant/Petitioner, David Anthony Runyon:


_____          _____

Michele J. Brace                           Date                _Nov. 15, 2021_


_____
**United States District Court Judge**