### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
### Newport News Division

DAVID ANTHONY RUNYON,     )
     Petitioner,     )     No. 4:15-cv-108
     )     Original Criminal No. 4:08-cr-16-3
     v.     )
     )     CAPITAL §2255 PROCEEDINGS
UNITED STATES OF AMERICA,     )     HON. REBECCA BEACH SMITH
     Respondent.     )

## AGREED PRE-EVIDENTIARY HEARING SCHEDULING ORDER

Upon the motion of the United States and the Petitioner, DAVID ANTHONY RUNYON, by and through counsel, it is hereby, ORDERED that:

On February 12, 2021, the Fourth Circuit Court of Appeals issued an order partially reversing and remanding this case for an evidentiary hearing to determine, pursuant to Petitioner's Claim 6 of Runyon's § 2255 Motion, whether his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness. *United States v. Runyon*, 994 F.3d 192 (Feb. 12, 2021).

On November 15, 2021, in a status conference, the Court consulted with the parties concerning the schedule associated with the evidentiary hearing. By agreement, the parties shall abide by the following scheduling order in anticipation of an additional status hearing to take place in 2022:

January 31, 2022     Deadline for the Petitioner to complete production of discoverable matters relevant to the claim of ineffective assistance of counsel. Counsel shall specifically provide all matters contained in the trial counsel file as related to trial defense counsel's investigation, strategy, and failure to present mitigation as set forth in Petitioner's Habeas Claim 6, to include documents related to relevant communications with any expert consultants, mitigation consultants, and potential expert witnesses, as well as materials provided to or otherwise relied upon by mitigation and expert consultants and potential expert witnesses. The Court notes that, by agreement of the parties, Petitioner shall provide discovery on a rolling basis throughout this time

period.

Deadline for the Government to complete review of its files and produce any matters relevant to Petitioner's Habeas Claim 6, if not previously produced. Specifically, the Government shall provide all matters, should they exist, related to Petitioner's brain injury and mental illness, such matters that would have been disclosed if mental health evidence had been fully exchanged between the parties and presented to the jury.

February 11, 2022    Deadline for the parties to meet and confer regarding status of discovery.

February 21, 2022    Deadline for parties to file motions related to discovery produced by Petitioner to date pursuant to Rule 6(a) of the Rules Governing § 2255 Cases and the Federal Rules of Civil Procedure.

February 28, 2022    Deadline for the parties to file responses related to any Government motions referenced in the preceding paragraph.

March 16, 2022    The Court shall conduct an in-person status conference in this case, at which the parties shall discuss any additional anticipated needs for investigation and further motions to conduct discovery, pursuant to Rule 6(a) of the Rules Governing § 2255 Cases and the Federal Rules of Civil Procedure. Parties shall discuss anticipated needs for discovery, potential expert concerns, and suggested dates for a further status conference and/or the evidentiary hearing.

Any party seeking to extend any deadline set out in this Order shall file a motion setting forth good cause at least one week before the expiration of the deadline sought to be extended.

The Clerk is directed to send a copy of this Order to counsel for the Petitioner and to the United States Attorney at Newport News.

IT IS SO ORDERED.

_____/s/_____ —

Rebecca Beach Smith
Senior United States District Judge

The Hon. Rebecca Beach Smith
Senior United States District Court Judge

January 27, 2022

3