**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | No. 4:15-cv-108 |
| | ) | Original Criminal No. 4:08-cr-16-3 |
| v. | ) | |
| | ) | CAPITAL §2255 PROCEEDINGS |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |

**UNITED STATES' MOTION TO PERMIT TRIAL COUNSEL TO
RESPOND TO PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS
FILED PURSUANT TO TITLE 28 U.S.C. § 2255**

The United States of America, by and through its attorneys of record, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Carrie Ward, Trial Attorney, United States Department of Justice, respectfully request the Court to permit and direct former trial counsel to provide a response to the United States to the ineffective assistance of counsel Claim 6 outlined in Petitioner's Section 2255 motion, initially filed on October 5, 2015. ECF 478. This request is made in anticipation of a forthcoming evidentiary hearing Section 2255 Motion.

1.     On October 5, 2015, pursuant to 28 U.S.C. § 2255, petitioner David Anthony Runyon (hereinafter "the defendant" or "Runyon") filed a motion to vacate, set aside, or correct his sentence ("the Section 2255 motion"). Thereafter, the Court ordered the government to respond. ECF 479. Attached as an exhibit to the Section 2255 motion were declarations from defendant's two trial counsel, Lawrence H. Woodward, Jr., and Stephen A Hudgins, who is now a General District Court Judge in York-Poquoson, Virginia. ECF 478-5, 478-6. The declaration of Attorney Woodward indicated that he had discussed the case with current habeas counsel for

1

Runyon on September 10, 2015, and that he would be willing to make a further declaration once informed as to the claims being asserted.  Attorney Woodward requested to know, but was not advised, as to the claims being made by habeas counsel in the Section 2255 motion.  ECF 478-6.

2.      The United States filed its response to the section 2255 motion on January 11, 2016. ECF 497.  On February 4, 2016, Runyon filed an amended Section 2255 motion, adding little to his original motion and containing, as exhibits, the previously-filed declarations from former trial counsel.  ECF 511. On March 28, 2016, the defendant filed a reply to the United States' original response.  ECF 526.

3.      The United States responded to the defendant's amended Section 2255 motion on April 22, 2016.  ECF 536. On July 7, 2016, the defendant filed his reply to the United States' amended response.  ECF 551.  This reply included a second declaration from Judge Hudgins as well as entries from Judge Hudgins' calendar in 2009.  ECF 551-1, 551-4.  The second declaration, dated June 22, 2016, contained additional information beyond the first declaration from September 2015.  The second declaration contained opinion and comments related to information provided by habeas counsel to Judge Hudgins.  As this second declaration was included in Runyon's reply brief, the government did not have the opportunity to investigate the substance of this declaration, how it was prepared or to discuss such declaration in its pleadings before this Court.

4.      On January 19, 2017, the Court filed its opinion denying Runyon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF 560. The Court also denied a certificate of appealability.  The defendant appealed and the United States Court of Appeals issued a limited certificate of appealability on four issues, including Claim 6 related to the alleged failure to investigate and/or introduce mental health evidence in the selection phase of

the trial.  ECF 607.

5.      On February 12, 2021, the Fourth Circuit Court of Appeals issued an order partially reversing and remanding this case for an evidentiary hearing to determine, pursuant to Petitioner's Claim 6 of Runyon's Section 2255 Motion, whether his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness. *United States v. Runyon*, 994 F.3d 192 (Feb. 12, 2021). ECF 622.  Accordingly, the evidentiary hearing will focus on whether former trial attorneys Woodward and Hudgins were ineffective and whether prejudice accrued to the defendant.  To date, the United States has not spoken with either former trial counsel about the subject of the allegations in Claim 6 or how the previous declarations were prepared.

6.      On November 15, 2021, in a status conference with the parties, the Court consulted with the parties and inquired as to the schedule associated with the evidentiary hearing.   The parties advised the Court that discovery issues were being discussed and that the United States indicated at that time that it would require access to trial counsel's file and the ability to be able to seek a response from former trial counsel in preparation for the anticipated evidentiary hearing.

7.      The United States recently provided certain discovery materials (that had previously been produced to trial counsel) to current counsel for Runyon.  The United States is working with habeas counsel to obtain the relevant portions of trial counsel's file.

8.      To this end, on January 27, 20222, the Court entered an agreed Pre-Evidentiary Hearing Scheduling Order that established deadlines for the production of discovery materials. ECF 657.  The deadline for habeas counsel to produce relevant materials from former trial counsel's file is January 31, 2022.  The United States will then need to review the trial file in order

to determine what other investigative steps will need to be taken in advance of the anticipated evidentiary hearing and to prepare for such hearing.

9.    Although the United States has yet to receive the relevant portions of trial counsel's file, given the nature Claim 6 and the declarations submitted from former trial counsel, the United States will have to obtain a response from former trial counsel in view of these particular allegations of ineffectiveness made by Runyon.  Counsel for the United States has contacted Mr. Woodward and Judge Hudgins (through Mr. Woodward) to request responses.  Both trial counsel indicated that they would be willing to speak with counsel for the United States and provide such a response if provided for under an order of this Court.

10.    The United States anticipates that both former trial counsel will be witnesses at the evidentiary hearing.  Although Rule 7 of the Rules Governing § 2255 proceedings specifically authorize affidavits as a method to expand the record in § 2255 actions, and declaration have been submitted, Rule 7(c) provides that an opposing party must be given an opportunity to review additional materials and an opportunity to admit or deny their correctness.  The United States has not had the opportunity to discuss and review such declaration with either trial counsel.

11.    "[A] petitioner who claims ineffective assistance of counsel in a habeas petition waives the protection of attorney-client privilege over information that is relevant to those claims." *LaBorde v. Virginia*, No. 1:10cv493, 2011 WL 2358510, at *2 (E.D.Va. June 9, 2011); *see Courtade v. United States*, 243 F. Supp. 3d 699, 702 (E.D. Va. 2017); *see also United States v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010); *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009) ("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by

4

implication waives the attorney-client privilege with respect to those communications."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1179 (11th Cir. 2001) ("[T]here should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").

12.    For petitioners bringing ineffective assistance claims in federal court, "the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).  The United States understands that the waiver of any privilege is not limitless and relates to the communications that are subject of the particular claim of ineffective assistance and to the Section 2255 proceeding.  *See Courtrade*, 243 F. Supp. 3d at 702; Fed. R. Evd. 502(a).  The inquiry made by the United States will focus on a response to Claim 6 of the Section 2255 motion, where the defendant has challenged his counsel's conduct.

13.    Both former trial counsel have advised as to their willingness to be interviewed if an order of the Court so permits and directs.  The Local Rules of this court establish that, with limited exception, the Virginia Rules of Professional Conduct ("VRPC") govern the "ethical standards relating to the practice of law" in cases before this court. E.D. Va. Crim. R. 57.4(1); E.D. Va. Civ. R. 83.1(1). VRPC 1.6(a) prohibits the disclosure of information protected by the attorney-client privilege except in limited circumstances. VRPC 1.6(b) permits an attorney to disclose privileged information "[t]o the extent [the] lawyer reasonably believes necessary ... to comply

with ... a court order" or "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Id. 1.6(b) (1)–(2).

14. The defendant has certainly put the conduct of his trial counsel into issue in Claim 6. He has filed multiple declarations from his counsel relating to interviews by habeas counsel. The United States did not participate in this process and had no opportunity to interview prior trial counsel. It is clear that attorney Woodward was not advised as to the nature of the claims made in the Section 2255 motion. It is not clear if Judge Hudgins was provided with the nature of the claims, although it is apparent that current habeas counsel provided Judge Hudgins with various facts/claims that he was then asked to comment upon in the course of his second declaration submitted in June 2016.

15. In order to fully develop the facts and prepare for an evidentiary hearing, the government requests this Court permit and direct former trial counsel to respond to Claim 6 of the Section 2255 motion by submitting to interviews and providing any materials and/or documents related to this specific claim of ineffective assistance of counsel. *See Courtrade*, 243 F. Supp. 3d at 706 (acknowledging that government may need to interview witnesses "including former counsel" and obtain supporting documents for preparation of its response and for any evidentiary hearing that might occur).[1]

---

[1] The United States also notes that Rule 8 of the Rules Governing § 2255 Proceedings describes that in an evidentiary hearing, prior witness statements must be provided under Federal Rule of Criminal Procedure 26.2(a) – (d) and (f). The United States will certainly be requesting any other witness statements of attorneys Woodward and Hudgins (as may be contained in the trial file) related to their anticipated testimony at the evidentiary hearing that exists and is not provided in any discovery production.

16.     Counsel for the United States provided a draft of this motion and accompanying order to Attorney Woodward, who confirmed that it would provide the necessary authorization for he and Judge Hudgins to provide a response to the United States.

17.     Upon request, after discussions related to the aforementioned scheduling order that has been entered, counsel for the United States also provided a draft of this motion to habeas counsel on January 25, 2022.  Counsel for the United States has not received the position of habeas counsel to this motion but seeks this access and response to trial counsel given the deadlines set forth in the scheduling order and the next status hearing in March 2022.

WHEREFORE, the United States requests an order permitting and directing former trial counsel Lawrence H. Woodward, Jr., and Stephen A. Hudgins to submit to interviews and provide such materials and/or documents are as necessary to respond to Claim 6 of Runyon's Section 2255 motion in anticipation of the pending evidentiary hearing.

JESSICA D. ABER
UNITED STATES ATTORNEY


By:                      /s/
          Lisa R. McKeel
          Assistant United States Attorney
          Brian J. Samuels
          Assistant United States Attorney
          Carrie Ward, Trial Attorney, Department of Justice
          Attorney for the United States
          United States Attorney's Office
          Fountain Plaza Three, Suite 300
          721 Lakefront Commons
          Newport News, VA 23606
          Ph:  (757) 591-4000
          Fax: (757) 591-0866
          Email: Lisa.McKeel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on January 28, 2022, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system who will send notice to all filers.  Furthermore, I

certify that I caused to be sent an electronic copy of this motion and accompanying order to the

following former trial counsel for the defendant:

Lawrence H. Woodward, Jr., Esq.
317 30th Street
Virginia Beach, Virginia 23451
E-mail: lwoodward@srgslaw.com


By:                    /s/
        Brian J. Samuels
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        Fountain Plaza Three, Suite 300
        721 Lakefront Commons
        Newport News, Virginia 23606
        Phone: 757-591-4000
        Fax: 757-591-0866
        Email: Brian.Samuels@usdoj.gov

8