**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | : | |
| Petitioner, | : | No. 4:15-cv-108 |
| | : | Original Criminal No. 4:08-cr-16-3 |
| v. | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | HON. REBECCA BEACH SMITH |
| | : | |

**PETITIONER'S RESPONSE TO**
**RESPONDENT'S MOTION TO PERMIT TRIAL COUNSEL TO RESPOND TO**
**PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**

Petitioner, David Anthony Runyon, by counsel, states the following in response to the

Respondent's Motion to Permit Trial Counsel to Respond to Petitioner's Ineffective Assistance of

Counsel Claims Filed Pursuant to Title 28 U.S.C. § 2255 ("Motion"), ECF No. 658:

Mr. Runyon requests that any order regarding the Respondent's communications with trial

counsel set further parameters to limit Respondent's inquiries to the scope of Mr. Runyon's narrow

waiver of attorney-client privilege and provide for procedures, *i.e.*, disclosures through depositions

or interrogatories, to ensure any disclosures are consistent with Mr. Runyon's constitutional and

statutory rights and trial counsel's ethical responsibilities. The Respondent's Motion, essentially a

request for discovery, and the Proposed Order, are vague, overbroad, and ambiguous. Providing

specificity will allow the Court's Protective Order, ECF No. 652, to be appropriately enforced,

will ensure that any materials produced to the Respondent fall within the scope of Mr. Runyon's

narrow waiver, and will better ensure that any information Mr. Woodward and Judge Hudgins

provide to the Respondent does not violate their duties under the Virginia Rules of Professional

1

Conduct. It is well-established that this Court has the authority to issue an order governing production of information protected by attorney-client privilege, including the method by which privileged information is disclosed. *See Courtade v. United States*, 243 F. Supp. 3d 699, 705 (E.D. Va. 2017) (citing *Harris v. United States*, No. 3:15-cv-07814, 2016 U.S. Dist. LEXIS 5757, at *7 (S.D. W. Va. Jan. 19, 2016)). Mr. Runyon requests that any order issued by the Court regarding the Respondent's communications with Mr. Runyon's trial counsel include limitations that will preserve a record of the information exchanged in these communications and protect Mr. Runyon's right to due process of law, his Sixth Amendment right to the effective assistance of counsel, his right under 18 U.S.C. § 3599 to the assistance of counsel, and his right under 28 U.S.C. § 2255 to a fundamentally fair post-conviction proceeding.

## 1. **Relevant background**

On October 5, 2015, Mr. Runyon filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 478. In Claim 6 of his § 2255 motion, Mr. Runyon alleged that his trial counsel failed to provide him with effective assistance, in violation of the Sixth Amendment, by failing to investigate adequately his brain injury and potential mental illness and introduce such evidence in mitigation during the penalty phase of trial.

Throughout 2015–2017, Mr. Runyon sought discovery, which Respondent opposed.[1] Respondent chose not to seek discovery, including depositions of trial counsel, yet Respondent's Motion now claims "the government did not have the opportunity to investigate the substance of

---

[1] *See, e.g.*, First Motion for Discovery, ECF No. 491; Response in Opposition, ECF No. 500; Second Motion for Discovery, ECF No. 530; Response in Opposition, ECF No. 532; Motion for Leave to File Supplement to Second Motion for Discovery, ECF No. 541; Response in Opposition, ECF No. 542.

[trial counsel's] declaration, how it was prepared or to discuss such declaration in its pleadings before this Court." ECF No. 658 at 2; *see also id.* at 6 ("The United States … had no opportunity to interview prior trial counsel.").

On December 23, 2020, the United States Court of Appeals for the Fourth Circuit concluded that an evidentiary hearing should be conducted to resolve whether trial counsel's performance was objectively unreasonable as alleged in Claim 6, *United States v. Runyon*, 994 F.3d 192, 208 (4th Cir. 2020), and remanded Mr. Runyon's case, *id.* at 212.

On November 30, 2021, the Court entered an Agreed Protective Order. ECF No. 652. The Order included a provision that, "the attorney-client privilege . . . shall not be deemed automatically waived in any other federal or state proceeding," and "[t]he affidavits and documents supplied by the Petitioner's former counsel shall be limited to use in this § 2255 proceeding, as shall any interviews the government conducts with potential witnesses." ECF No. 652 at 2; *see also id.* (prohibiting the United States from using "affidavits, information, and documents possessed by the Petitioner's former counsel" outside of this § 2255 proceeding without a court order or a written waiver from Mr. Runyon). The Court retained the authority to vacate or modify the Protective Order "as appropriate and/or necessary." *Id.*

On January 27, 2022, the Court entered an Agreed Pre-Evidentiary Hearing Scheduling Order. ECF No. 657. The Order set January 31, 2022, as the deadline for Petitioner to complete production of discoverable matters as related to Petitioner's Habeas Claim 6, and February 21, 2022, as the deadline for parties to file motions related to discovery produced by the Petitioner to date. *Id.* In fact, on or before the agreed-upon January 31st deadline, Mr. Runyon provided Respondent with materials from trial counsel's files.

3

On January 28, 2022, the Respondent submitted its Motion requesting that the Court enter an order "permitting and directing" Lawrence H. Woodward, Jr., and Stephen A. Hudgins, to "submit to interviews and provide such materials and/or documents are as [sic] necessary to respond to Claim 6 of Runyon's Section 2255 motion." ECF No. 658 at 6. The Motion does not describe the nature of trial counsel's requested "response," and the Proposed Order does not provide details about the substance of the "inquiry" beyond that it concerns Petitioner's Claim 6.

2. **A limited waiver of the attorney-client privilege is afforded protection by courts and counsel**

Mr. Runyon has not waived generally his rights of attorney-client privilege but, by raising allegations in Claim 6 of his 28 U.S.C. § 2255 Motion that trial counsel did not provide effective assistance in the investigation and presentation of mental health evidence relevant to the sentence determination in his death penalty trial, he has impliedly waived attorney-client privilege with respect to communications with his attorneys necessary to prove or disprove his claim. *See, e.g.*, *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009). The question before the Court and therefore determinative of Respondent's need for disclosure of privileged information is whether—with respect to the allegations and mitigating evidence in Claim 6—counsel's "investigations into mitigating evidence . . . comprise efforts to discover *all reasonably available mitigating evidence* and evidence to rebut any aggravating evidence that may be introduced by the prosecutor[?]" *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (emphasis added).

Mr. Runyon recognizes and agrees with the Respondent's acknowledgment that "the waiver of any privilege is not limitless and relates to the communications that are subject of the particular claim of ineffective assistance and to the Section 2255 proceeding," ECF No. 658 at 5 (citing *Courtade*, 243 F. Supp. 3d at 702; Fed. R. Evid. 502(a)). In fact, pursuant to the Agreed

Pre-Evidentiary Hearing Scheduling Order, ECF No. 657, Mr. Runyon does not dispute that the Respondent is entitled to receive certain materials from trial counsel's files in discovery, and voluntarily provided 231 .pdf files consisting of material from trial counsel's files to the Respondent on or before the January 31, 2022, agreed-upon deadline. Considering this production, the Respondent has not explained what it seeks, or why it has shown "good cause" to warrant the production of "materials and/or documents," ECF No. 658 at 7, directly from trial counsel. *But see Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (the Rule 6(a) "good cause" requirement must relate to "specific allegations."). Mr. Runyon's habeas counsel already have provided: "all matters contained in the trial counsel file as related to trial defense counsel's investigation, strategy, and failure to present mitigation as set forth in Petitioner's Habeas Claim 6, to include documents related to relevant communications with any expert consultants, mitigation consultants, and potential expert witnesses, as well as materials provided to or otherwise relied upon by mitigation and expert consultants and potential expert witnesses," ECF No. 657 at 2. Anything in trial counsel's file beyond that which habeas counsel already produced is not "reasonably necessary" to respond to allegations in this proceeding and would fall outside the scope of Mr. Runyon's implied waiver of attorney-client privilege.

A court must be careful to "impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). Therefore, any order for trial counsel to speak with counsel for the Respondent in a case involving a claim of ineffective assistance of counsel should "be carefully tailored to protect [the petitioner's] Sixth Amendment rights," *Pinson*, 584 F.3d at 972. If a district court exercises its discretion to allow discovery, "it must enter appropriate orders clearly delineating the contours of the limited waiver

5

before the commencement of discovery, and strictly police those limits thereafter." *Bittaker*, 331

F.3d at 728. This is critical because:

> the narrow waiver rule . . . is not self-enforcing. That is to say, unlike the usual situation where those given access to confidential materials have an independent ethical, and perhaps legal, obligation to maintain that confidence (such as the ethical constraints on lawyers, doctors and the clergy), those who are given access to confidential attorney-client materials under our limited waiver rule have no such obligation or incentive. Given this absence of external constraints (external to the case), district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.

*Id.* at 727–28.

The Court also must consider "the professional and ethical responsibilities" of former counsel, "as they have 'a basic duty under any jurisdiction's standards of professional conduct to protect [Mr. Runyon's] attorney-client privilege.'" *See Courtade*, 243 F. Supp. 3d at 703 (quoting *Harris*, 2016 U.S. Dist. LEXIS 5757, at *2–3). The Eastern District of Virginia Local Rules provide that the Virginia Rules of Professional Conduct govern "ethical standards relating to the practice of law" in this Court. E.D. Va. Crim. R. 57.4(I); E.D. Va. Civ. R. 83.1(I). Virginia Rule of Professional Conduct 1.6(a) prohibits the disclosure of information protected by the attorney-client privilege except in limited circumstances.[2] Virginia Rule of Professional Conduct 1.6(b) provides: "[t]o the extent a lawyer *reasonably believes necessary*, the lawyer *may* reveal," Va. R. Prof. Conduct 1.6(b) (emphasis added), "such information . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client," Va. R. Prof. Conduct 1.6(b)(2).

---

[2] The attorney's duty of confidentiality is broader than the attorney-client privilege. *See* Va. R. Prof. Conduct 1.6, Comment 3.

6

Prior counsel cannot simply volunteer privileged information without constraint, even if there has been a waiver of privilege. As the language of Virginia Rule of Professional Conduct 1.6 and its Comments makes clear, the scope of any exception to the general rule requiring protection of the confidentiality of client information must be construed narrowly. A lawyer may respond only "[t]o the extent a lawyer reasonably believes necessary," Va. R. Prof. Conduct 1.6(b), and "disclosure should be no greater" and "made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable," Va. R. Prof. Conduct 1.6, Comment 10.

3. **Formal discovery procedures should not be circumvented because they are designed for these situations**

In the circumstances of this case, the best way to protect Mr. Runyon's rights and to ensure the interests of the Court, trial counsel, and the Respondent to avoid infringing on those rights, is to conduct any interview between the Respondent and trial counsel within a formal deposition or by interrogatories. This would allow Mr. Runyon's habeas counsel to protect Mr. Runyon's interests as appropriate, and provide the Court (and potentially subsequent courts) a record on which to assess whether the scope of Respondent's inquiry and information revealed exceeded the scope of Mr. Runyon's limited waiver.[3] *See, e.g.*, *United States v. Stone*, 874 F. Supp. 2d 176, 188

---

[3] Habeas counsel's involvement in this process would be consistent with trial counsel's duty to facilitate the work of successor counsel set forth by the American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (rev. ed. 2003) ("ABA Guidelines"), ABA Guidelines 10.13, 10.14, which have been recognized by the Supreme Court as "guides to determining what is reasonable," *Wiggins*, 539 U.S. at 524. The ABA Guidelines explain that this duty requires trial counsel to "continue to safeguard the interests of

(D. Me. 2011) ("[A]n order requiring a formal deposition limited to information material to the habeas petitioner's claim finds support in case law emphasizing the purposes of attorney-client privilege as well as decisions stressing the Sixth Amendment's guarantee to a fair trial."); *cf.* Virginia State Bar, Virginia Legal Ethics Opinion 1859 at 2 (June 6, 2012) (explaining that there is a benefit to disclosing information "under judicial supervision in a formal proceeding, after a full determination of what information should be revealed, and without the danger of revealing more information than would be permitted by Rule 1.6(b)(2)").

One of Mr. Runyon's trial counsel, Stephen A. Hudgins, is now a General District Court Judge, *see* ECF No. 658 at 1. In recent proceedings in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 2254, a petitioner moved to take the deposition of the Honorable John R. Doyle, III, who had been the Commonwealth's Attorney prosecuting the petitioner at the time of alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Order at 2, *Juniper v. Hamilton*, 3:11-cv-00746 (E.D. Va. Dec. 3, 2018), ECF No. 281. The Court "order[ed] limited discovery of Judge Doyle," "[r]ecognizing comity and respect for state judges and former elected officials." *Id.* Instead of a deposition, the Court authorized the petitioner to serve written questions "in the format typically used in interrogatories." *Id. See also* Order at 1, *Juniper v. Hamilton*, 3:11-cv-00746 (E.D. Va. Mar. 15, 2019), ECF No. 313 (noting that the petitioner's request to depose Judge Doyle "required the Court to balance the unseemliness of deposing a sitting judge against the need to develop the evidence that might affect the imposition of the death penalty on [the petitioner]"). In light of the fact that Judge Hudgins now is a state

---

the client. Specifically, they must cooperate with the professionally appropriate strategies of successor counsel." ABA Guidelines 10.13, *Commentary*.

court judge, the most appropriate method of discovery as to Judge Hudgins may similarly involve written questions and answers.

Respondent's Motion cites a case which exemplifies the real risk that trial counsel could improperly reveal privileged information and the government could seek to improperly use that information against Mr. Runyon. *See* Motion, ECF No. 658 at 4. The Fourth Circuit case of *United States v. Nicholson*, 611 F.3d 191 (4th Cir. 2010), involved attorney Jon Babineau, who also represented David Runyon until he was removed from the case shortly before trial and replaced by Judge Hudgins. At issue in *Nicholson* was whether Babineau labored under an actual conflict of interest that rendered him constitutionally ineffective. *Nicholson*, 611 F.3d at 205. Notably, Babineau testified in a deposition and at an evidentiary hearing. *Id.* at 203. The Court of Appeals granted § 2255 relief. *Id.* at 216. In so doing, it addressed the government's argument that a resentencing would be moot because the defendant had no chance of successfully pursuing a self-defense departure since Babineau had revealed confidential communications which negated the defense. *Id.* at 216–17. The Court rejected this argument, stating, "[w]e are surprised by and disagree with the Government's position and its underlying premise[.]" *Id.* The Court adopted the reasoning of the Ninth Circuit in *Bittaker*, *supra*, said the defendant was entitled to a protective order on remand, and directed the assignment of a new judge for the resentencing proceedings. *Id.* This Court has entered a Protective Order, but Respondent's request for an off-the-record, unilateral interview of counsel presents an unnecessary risk of the improper disclosure of privileged information. Just as in *Nicholson*, 611 F.3d at 204, where attorney Babineau did not perceive the actual conflict of interest later found by the Fourth Circuit, the attorneys at Mr. Runyon's trial—Mr. Woodward and Judge Hudgins—are not best-positioned to perceive the scope

of Mr. Runyon's Claim 6 and whether Respondent's questions remain within the confines of the limited waiver of the attorney-client privilege.

Formal discovery procedures serve the interest of judicial efficiency, as they allow counsel to make objections before any privileged communications are disclosed. Depositions, for example, would preserve a record of the information exchanged, which would be necessary if the Court was later called upon to enforce its Protective Order and restrict the further release of such information in other proceedings. Permitting trial counsel to be deposed in regard to allegations of ineffective assistance of counsel has precedent in the district courts of this circuit. *See, e.g.*, *Britton v. United States*, No. 5:12-cr-00014-02, 2017 U.S. Dist. LEXIS 59411, at *12 (W.D. Va. Apr. 19, 2017) (citing trial counsel's deposition in considering an ineffective assistance of counsel claim); *Lovern v. United States*, 689 F. Supp. 569, 589 (E.D. Va. 1988).

4. **The Court may permit—but not direct—trial counsel to respond to informal questions, and counsel can only respond to any inquiry if answers to questions are deemed "reasonably necessary"**

In the alternative, Mr. Runyon requests that an order provide for his current habeas counsel to be present during interviews of his trial counsel by the Government. *See Amato v. United States*, No. 19-19449, 2021 U.S. Dist. LEXIS 5507, at *9–10 (D.N.J. Jan. 12, 2021) (requiring that habeas counsel be permitted to attend the government's interview with trial counsel regarding petitioner's ineffective assistance of counsel claims to "allay any fears Petitioner has about the scope of [the government]'s questioning"); *United States v. Soomai*, 928 F. Supp. 2d 170, 173 (D.D.C. 2013) (granting petitioner's request for a protective order requiring that any communications and disclosures between previous counsel and the government regarding his ineffective assistance of counsel claims occur in the presence of his current counsel to best "protect all relevant interests,

10

including the ethical obligations of former counsel, the need for a movant to protect his ongoing interests in the attorney-client relationship, and the need for both parties to litigate the claim"). However, any order for contact between the Respondent and trial counsel, outside of a formal proceeding such as a deposition, must be permissive rather than mandatory. A court does not have jurisdiction to compel a non-party to submit to informal discussions. *See, e.g.*, *Simmons v. Grissom*, No. 1:07-cv-01058, 2016 U.S. Dist. LEXIS 72194, at *2–3 (E.D. Ca. June 2, 2016) ("[T]he Court does not have jurisdiction in this case over any other than [sic] Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. . . . Accordingly, the Court cannot compel a non-party to act on Plaintiff's behalf." (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006))); *EEOC v. Boston Mkt.*, CV03-4227, 2004 U.S. Dist. LEXIS 27338, at *22–23 (E.D.N.Y. Dec. 16, 2004) (finding that a "court cannot order a non-party to engage in ex parte discussions"); *Corp. Bohrer v. Merrill-Dow Pharm.* 122 F.R.D. 217, 218 (D.N.D. 1987) (finding that "nothing short of a subpoena could compel [non-party witnesses] themselves to cooperate with defendant, and then not ex parte").

Finally, Mr. Runyon requests that, rather than directing Mr. Woodward and Judge Hudgins to respond to the inquiry of the Respondent, the Court's order provide that they may respond to an inquiry, only "[t]o the extent [it is] reasonably believe[d] necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client," Va. R. Prof. Conduct 1.6(b), as set out in Runyon's Claim 6. The Proposed Order from the Respondent provides broadly that trial counsel "are permitted and directed to respond to the inquiry of the United States." *See*

ECF No. 658, Proposed Order. However, such a directive would require disclosures far broader than the Virginia Rules of Professional Conduct allow, because it would fail to limit disclosures to those "reasonably necessary," Va. R. Prof. Conduct 1.6(b), "to respond to allegations," Va. R. Prof. Conduct 1.6(b)(2). An order allowing trial counsel to respond only to the extent permitted by Virginia Rule of Professional Conduct 1.6 is appropriate, and consistent with the narrow scope of an implied attorney-client privilege waiver. *See, e.g.*, *Pinson*, 584 F.3d at 979 (finding that the lower court's order "did little to indicate precisely what information the attorney was required to disclose, other than to refer generally to the claims of ineffective assistance of counsel," and "such a requirement should ideally be carefully tailored to protect prisoners' Sixth Amendment rights"); *cf. United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (approving a "narrow waiver rule"); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("Implied waivers are consistently construed narrowly."); *Bittaker*, 331 F.3d at 720 ("[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. . . . Courts . . . that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question."). It would acknowledge that trial counsel still must use discretion in determining how to respond, and indeed that counsel would still ethically be bound by an objective standard separate and apart from any order of the Court. Such an order also would be consistent with the type of limitations imposed by this Court in past cases. *See Courtade*, 243 F. Supp. 3d at 707 (ordering that trial counsel's affidavits disclose information "to the extent reasonably necessary to respond to the allegations in the § 2255 Motion").

Petitioner respectfully requests that any order entered by the Court in this case permitting trial counsel to respond to an inquiry of the Respondent regarding petitioner's ineffective

12

assistance of counsel Claim 6 establish parameters setting the proper means and method of trial counsel's response, rather than allowing for a generalized "inquiry." Specifically, Mr. Runyon requests that the Court order disclosure of privileged information under formal discovery procedures: that trial counsel may respond to an inquiry only to the extent reasonably necessary to respond to allegations in this proceeding concerning Claim 6 of Mr. Runyon's 28 U.S.C. § 2255 motion; and that the inquiry be conducted on the record by deposition, interrogatories, or by another proceeding that would allow Mr. Runyon's habeas counsel to protect Mr. Runyon's rights and ensure that the Respondent's inquiry does not exceed the scope of the narrow waiver of the attorney-client privilege, or of this Court's Protective Order, ECF No. 652.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2022, I have electronically filed the foregoing PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO PERMIT TRIAL COUNSEL TO RESPOND TO PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
Federal Defender Services of
Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Nancy_Hernandez@fd.org

14