**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | No. 4:15-cv-108 |
| | ) | Original Criminal No. 4:08-cr-16-3 |
| v. | ) | |
| | ) | CAPITAL §2255 PROCEEDINGS |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |

**REPLY OF THE UNITED STATES TO PETIONER'S RESPONSE TO UNITED**
**STATES'MOTION TO PERMIT TRIAL COUNSEL TO**
**RESPOND TO PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**
**FILED PURSUANT TO TITLE 28 U.S.C. § 2255**

The United States of America, by and through its attorneys of record, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Carrie Ward, Trial Attorney, United States Department of Justice, respectfully submits its reply to the Petitioner's response to a request by the United States to the Court permit and direct former trial counsel to provide a response to the United States to the ineffective assistance of counsel Claim 6 outlined in Petitioner's Section 2255 motion. ECF 660. While appreciative of the concerns raised by current habeas counsel, the United States submits that the necessary protections are in place to safeguard Petitioner's rights and that habeas counsel's efforts to preclude necessary inquiries of former trial counsel are unavailing.

**BACKGROUND**

On October 5, 2015, pursuant to 28 U.S.C. § 2255, Petitioner David Anthony Runyon (hereinafter "the defendant", "the Petitioner" or "Runyon") filed a motion to vacate, set aside, or correct his sentence ("the Section 2255 motion"). Thereafter, the Court ordered the Government to respond. ECF 479. The United States filed its response to the section 2255 motion on January

1

11, 2016.  ECF 497.  On February 4, 2016, Runyon filed an amended Section 2255 motion.  On March 28, 2016, the defendant filed a reply to the United States' original response.  ECF 526.  The United States responded to the defendant's amended Section 2255 motion on April 22, 2016.  ECF 536. On July 7, 2016, the defendant filed his reply to the United States' amended response.  ECF 551.

On January 19, 2017, the Court filed its opinion denying Runyon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF 560. The Court also denied a certificate of appealability.  The defendant appealed and the United States Court of Appeals issued a limited certificate of appealability on four issues, including Claim 6 related to the alleged failure to investigate and/or introduce mental health evidence in the selection phase of the trial.  ECF 607.

On February 12, 2021, the Fourth Circuit Court of Appeals issued an order partially reversing and remanding this case for an evidentiary hearing to determine, pursuant to Petitioner's Claim 6 of Runyon's Section 2255 Motion, whether his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness. *United States v. Runyon*, 994 F.3d 192 (Feb. 12, 2021). ECF 622.  Accordingly, the evidentiary hearing will focus on whether former trial attorneys Lawrence H. Woodward, Jr., and Stephen A. Hudgins were ineffective and whether prejudice accrued to the defendant.  Mr. Runyon has, of course, waived his attorney-client privilege as it relates to Claim 6.  *United States v. Pinson,* 584 F.3d 972, 978 (10th Cir. 2009); *see also, Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer.") To a large extent, this limited waiver of the attorney-client privilege

is not contested in this case, and habeas counsel have provided some documentation regarding former counsel's communications with prior mental health experts and agreed to provide any materials relied upon by their proposed experts.

To date, the United States has not spoken with either former trial counsel about the subject of the allegations in Claim 6 or how previous declarations submitted by former trial counsel were prepared. On November 15, 2021, in a status conference with the parties, the Court consulted with the parties and inquired as to the schedule associated with the evidentiary hearing. The parties advised the Court that discovery issues were being discussed and that the United States indicated at that time that it would require access to trial counsel's file and the ability to be able to seek a response from former trial counsel in preparation for the anticipated evidentiary hearing. Habeas counsel for the defendant made no stated objection to this request or process.

The United States and the defendant have recently exchanged certain discovery materials and review of such materials is underway. On January 28, 2022, the United States filed a motion and proposed order with the Court, seeking the Court's permission for former trial counsel to respond to the allegations of Claim 6. (ECF 658). On February 11, 2022, the defendant filed a response to the motion of the United States.

### DISCUSSION

In his response, the defendant requests narrow parameters for any inquiry and/or response of former trial counsel. The defendant further contends that the request of the United States is "vague, overbroad, and ambiguous." (ECF 660 at 1). The defendant expresses concern over the waiver of attorney-client privilege and the ethical duties of trial counsel not to violate their duties under the Rules of Professional Conduct.

3

Respectfully, based on the prior assertions of both parties at the November status conference, this motion was not intended as a formal request to engage in discovery, pursuant to Rule 6, Rules Governing § 2255 Procedures ("The Rules")). Rather, former trial counsel agreed to meet and confer with the United States, once authorized by this Court, with a full understanding that such discussions are restricted by the limited waiver of attorney-client privilege. Thus, as the defendant aptly points out, the requested order is permissive, not mandatory. ECF 660 at 11 (citing *Simmons v. Grissom,* No. 1:07-cv-01058, 2016 U.S. Dist. LEXIS 72194, at *2-3 (E.D. Ca. June 2, 2016). However, "[t]his implied waiver rests on the 'fairness principle' that 'prevent[s] a party from using the privilege as both a shield and a sword.'" *United States v. Stone,* 824 F. Supp. 2d 176, 186 (D. Me. 2011) (quoting *Bittaker,* 331 F.3d at 719).

The United States fully expects that such preliminary interviews and investigation will yield the information necessary to properly scope more formal requests for discovery pursuant to Rule 6.[1] However, it is worth noting that —at least at this time— there is no need for the expense and time-consuming nature of depositions when it is fully anticipated that former trial counsel will be witnesses at a forthcoming evidentiary hearing. Counsel for the United States should be permitted to inquire of trial counsel as to the issues that will be raised at such hearing, in order to best prepare for that hearing. The motion and proposed order are permissive in nature because former trial counsel have indicated their willingness to speak with counsel for the United States should the Court enter an order permitting such inquiry and disclosure.

---

[1] While former counsels' declarations touch upon what potentially could have been done as far as a mental health investigation, it does not answer the questions as to why former counsel pursued certain strategies in the investigation and subsequently implemented at trial. Based on the discussions with counsel, both sides anticipate more formal discovery after adequate opportunity to review the document productions, which were completed by January 31, 2022. That would necessarily include the hiring of government expert consultants to review relevant materials, exchanging witness lists and motioning for additional subpoena duces tecum and possible depositions for either party.

Former trial counsel are skilled and experienced lawyers and certainly well familiar with their responsibilities under the Virginia Rules of Professional Conduct.  It is not the job of habeas counsel to stand in for former trial counsel in this regard.  Moreover, the Agreed Protective Order entered by the Court on November 30, 2021 (ECF 652) certainly provides protection to the defendant for any disclosures by former trial counsel.  Such order even contemplates interviews with witnesses. *Id.*

The motion and proposed order submitted by the United States does expressly narrow its inquiry to Claim 6.  Of course, the defendant, in his original and amended Section 2255 motions, raised a host of claims about his trial counsel's performance and submitted declarations from former trial counsel.  Certainly, there can be no privilege still attaching to those subjects about which current habeas counsel have questioned former trial counsel that are included in such filed declarations.  But the defendant appears to view the waiver of privilege as very limited indeed, such that any inquiry beyond the alleged failure to investigate adequately and introduce his alleged brain injury and mental illness exceeds the scope of the waiver of attorney-client privilege.

The problem with this narrow approach is that it does not contemplate that former trial counsel may have made a strategic decision to forego the limited mental health information then available, in order to pursue a mitigation presentation that was focused on different aspects of the defendant's character, record and/or circumstances of the offense. *See e.g., Meyer v. Branker*, 506 F.3d 358, 372 (4th Cir. 2007) ("There are many strategically valid reasons why defense counsel . . . may decide not to offer mental health mitigation testimony: it may not be persuasive; it may appear to be a 'flight into theory' without proper grounding in the facts of the case . . . .")  For example, what if, as appears likely from certain other materials reviewed in the disclosures

5

received to date, a mitigation strategy based on mental health was abandoned as a conflict to the guilt phase strategy and/or other penalty phase strategies.  The United States should be permitted to make such inquiry if former trial counsel are willing to discuss.  There are necessarily two prongs to establishing ineffective assistance of counsel, performance, and prejudice, and both are subject to investigation and challenge in the adversarial process.  "[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions." *Strickland v. Washington,* 466 U.S. 668, 61 (1984).

The defendant has made his former counsels' decision points relevant to his claim, and questions regarding performance and strategy are well within the purview of Claim 6.  But the remedy for an unlikely over-disclosure is not walling the United States from an effective investigation, it is the Court's protective order that prevents improper use of material that may, in fairness, rest in privilege.  Additionally, habeas counsel request that any order provide for his current habeas counsel to be present during any interviews of former trial counsel.  This is predicated on a concern that the United States may exceed the scope of the waiver or inquire into improper areas.  Of course, counsel for the United States were permitted no opportunity to participate in the interviews of former trial counsel that produced the declarations attached to the defendant's Section 2255 motion.  Certainly, one of the areas of inquiry would be how those declarations were, in fact, prepared.  There is no reason for habeas counsel to be present during any interviews conducted by the United States and this may have a chilling effect.  The Agreed Protective Order certainly provides all the protection needed in terms of the use of any information from such interviews.

6

Again, the United States sought this proposed order after discussions with former trial counsel, who both indicated they would agree to be interviewed if this was permitted by the Court. Although habeas counsel would appear to seek to preclude and restrict such voluntary interviews, if former counsel are willing to provide such interviews (as they each have so indicated) then habeas counsel should not be able to impede the investigation.   While the United States understands and appreciates the concerns of current habeas counsel, the United States submits that the proposed order that limits the disclosures to Claim 6 and the previously entered Agreed Protective Order address these concerns.

There is simply no need for formal discovery procedures that will only serve to increase the delay and expense of this matter.  The defendant has claimed that his former trial counsel were ineffective in a manner that will have to be examined at an evidentiary hearing and they will assuredly be called as witnesses to both defend and rebut the claim.  The United States should be permitted to make inquiry of former trial counsel in preparation for such hearing and after receiving certain discovery from current habeas counsel.  *See Lonchar v. Thomas*, 517 US 314, 326 (1996) (district courts retain substantial discretion in the conduct of 2255 cases).

To the extent this Court requires a statement of good cause, other courts have aptly found that similar requests to voluntarily meet and confer with formal counsel are appropriate under Rule 6.  For example, asserting that the United States needs such access in order to prepare its rebuttal to a Section 2255 claim was sufficient, and they were authorized to meet and confer with former counsel as requested here. *United States v. Carter,* (D. MN, #2:13-cr-00196-NY, Dkt. 66, filed Aug. 25, 2015).  District courts retains substantial discretion in the conduct of Section 2255 cases, and how to fashion discovery.  *Lanchar v. Thomas*, 517 U.S. 314, 326 (1996).  Both parties have

7

proceeded in good faith in informal discovery.  Both parties recognize the limited nature of the waiver of the attorney-client privilege.  Both parties voluntarily requested the protective order to ensure that any investigation, which will necessarily involve review of previously confidential materials, will not overreach the limits of the waiver to the defendant's detriment.

The information sought is voluntarily given by former counsel, subject to the Court's grant of authority.  Access to this information will cause a more efficient and fluid investigation, result in better informed formal motions for discovery if needed, and ensure that the evidentiary hearing is properly scoped and focused on those matters that remain in contention. "[E]very effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington,* 466 U.S. 668, 689 (1984).  Good cause thus exists for the Court to grant a permissive order, allowing former counsel to meet and confer with the Government on matters relevant to Claim 6.

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter the previously submitted proposed order, permitting the United States to make inquiry of former trial counsel.

JESSICA D. ABER
UNITED STATES ATTORNEY


By:_____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Brian J. Samuels
Assistant United States Attorney
Carrie Ward, Trial Attorney, Department of Justice

Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Ph:  (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

9

CERTIFICATE OF SERVICE

I certify that on February 17, 2022, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system who will send notice to all filers.  Furthermore, I

certify that I caused to be sent an electronic copy of this motion and accompanying order to the

following former trial counsel for the defendant:

Lawrence H. Woodward, Jr., Esq.
317 30th Street
Virginia Beach, Virginia 23451
E-mail: lwoodward@srgslaw.com


By:                    /s/
    Brian J. Samuels
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    Fountain Plaza Three, Suite 300
    721 Lakefront Commons
    Newport News, Virginia 23606
    Phone: 757-591-4000
    Fax: 757-591-0866
    Email: Brian.Samuels@usdoj.gov

10