IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | No. 4:15-cv-108 |
| | ) | Original Criminal No. 4:08-cr-16-3 |
| v. | ) | |
| | ) | CAPITAL §2255 PROCEEDINGS |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |

<u>JOINT MOTION TO CONTINUE STATUS HEARING</u>

The United States of America and the Petitioner, DAVID ANTHONY RUNYON, by and through counsel, hereby move this honorable Court to briefly continue the status hearing in this matter currently scheduled for March 16, 2022, and relatedly, to briefly extend a motions deadline for discovery related motions.  In support thereof, the parties aver as follows:

1.      On October 5, 2015, pursuant to 28 U.S.C. § 2255, Petitioner David Anthony Runyon (hereinafter "the defendant", "the Petitioner"  or "Runyon") filed a motion to vacate, set aside, or correct his sentence ("the Section 2255 motion").

2.      On January 19, 2017, the Court filed its opinion denying Runyon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF 560. The Court also denied a certificate of appealability.  The defendant appealed and the United States Court of Appeals issued a limited certificate of appealability on four issues, including Claim 6 related to the alleged failure to investigate and/or introduce mental health evidence in the selection phase of the trial.  ECF 607.

3.      On February 12, 2021, the Fourth Circuit Court of Appeals issued an order partially reversing and remanding this case for an evidentiary hearing to determine, pursuant to Petitioner's Claim 6 of Runyon's Section 2255 Motion, whether his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness. *United States v. Runyon*, 994 F.3d 192 (Feb. 12, 2021). ECF 622.

1

4.     On November 15, 2021, the Court convened a status conference with the parties and discussed the schedule associated with the evidentiary hearing. The United States and the defendant have recently exchanged certain discovery materials and review of such materials is underway.  The next status hearing is currently scheduled for March 16, 2022.

5.     In preparation for this hearing, the United States arranged to bring the defendant from his place of incarceration to the Tidewater area.  On January 21, 2022, however, the defendant filed an unopposed motion to appear for the March 16th status conference by video teleconference.  ECF 654.  This motion was granted on January 24, 2022.

6.     The defendant's transport to the Tidewater area by the United States Marshals Service (USMS) had already begun prior to January 21, 2022.  The prisoner transportation process has experienced various delays through the COVID-19 pandemic.  Although arrangements have been made to return the defendant to his original place of incarceration in Terre Haute, Indiana, the parties recently learned within the past few days that the defendant is still in the process of transport.  The parties have been advised by USMS and the Bureau of Prisons that the defendant will be in transport the week of March 14, 2022, and will not arrive at his original place of incarceration until on or about March 21, 2022.  It is uncertain where he will physically be in the transport process on March 16, 2022.  Thus, the defendant's appearance by video teleconference would not be certain.

7.     The parties are also attempting to work through various discovery issues and recently obtained an extension of a deadline to file motions related to the exchange of discovery disclosures date from February 21, 2022, to March 7, 2022.  ECF 663.  Although the Court directed that a copy of this order be sent to the defendant at the Penitentiary at Terre Haute, Indiana, the defendant was not present to receive it.  The parties continue to attempt to work through discovery issues informally and have obtained a measure of success in doing so.  Due to the delay in the defendant returning to

2

his original BOP facility and ongoing efforts to reach resolutions on discovery matters, the parties respectfully request a further two-week extension until March 21, 2022.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter the proposed order, providing for a brief continuance in the March 16, 2022, status conference and providing an extension in the deadline to file motions related to the exchange of discovery disclosures date from March 7, 2022, to March 21, 2022.

Respectfully submitted,

DAVID ANYTHONY RUNYON
Petitioner

JESSICA D. ABER
United States Attorney

_____/s/_____
Elizabeth J. Peiffer
Virginia Bar No. 71353
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Phone: (434) 817-2970
Fax: (434) 817-2972
Email: epeiffer@vcrrc.org
*Counsel for David Anthony Runyon*

_____/s/_____
Lisa R. McKeel
Virginia Bar No. 28652
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov
*Attorney for the United States of America*

_____/s/_____
Dana C. Hansen Chavis
*Pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of
Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999
E-mail: Dana_Hansen@fd.org
*Counsel for David Anthony Runyon*

_____/s/_____
Brian J. Samuels
Virginia Bar No. 65898
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov
*Attorney for the United States of America*

3

CERTIFICATE OF SERVICE

I certify that on March 4, 2022, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system who will send notice to all filers.  Furthermore, I

certify that I caused to be sent an electronic copy of this motion and accompanying order to the

following former trial counsel for the defendant:

Lawrence H. Woodward, Jr., Esq.
317 30th Street
Virginia Beach, Virginia 23451
E-mail: lwoodward@srgslaw.com


By:                    /s/
    Brian J. Samuels
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    Fountain Plaza Three, Suite 300
    721 Lakefront Commons
    Newport News, Virginia 23606
    Phone: 757-591-4000
    Fax: 757-591-0866
    Email: Brian.Samuels@usdoj.gov

4