**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | : | |
| Petitioner, | : | Original Criminal No. 4:08-cr-16-3 |
| | : | Original Civil No. 4:15-cv-108 |
| v. | : | **CAPITAL §2255 PROCEEDINGS** |
| | : | |
| UNITED STATES OF AMERICA, | : | HON. REBECCA BEACH SMITH |
| Respondent. | : | |

**MOTION FOR PETITIONER RUNYON TO
PARTICIPATE VIA VIDEO-CONFERENCE AT APRIL 13 STATUS CONFERENCE**

Petitioner, David Anthony Runyon, after consultation with counsel and of his own accord, pursuant to Fed.R.Crim.P. 43(b)(3) and Rule 12 of the RULES GOVERNING §2255 PROCEEDINGS ("2255 RULES") moves this Court for an order allowing him to waive his physical presence and to participate by video-conference at the upcoming status conference.

Mr. Runyon appeared by video-conference at a previous status conference and he seeks the same for the next scheduled status conference.

On August 20, 2021, the Court directed the parties to contact the Calendar Clerk to schedule a status conference in this matter. (ECF No.638 p.2). The Court ordered that Petitioner Runyon "shall be present for this status conference." *Id.*   Shortly thereafter a status conference was scheduled for November 15, 2021, at 2:00 p.m., at the United States District Court for the Eastern District of Virginia, Norfolk.   On September 17, 2021, Mr. Runyon filed a motion seeking to participate at the November status conference via video-conference.  (ECF No. 641).[1] The

---

[1] On September 21, 2021, a Notice of Correction was entered on the docket sheet by the clerk's office to modify the original filed text to reflect the correct case/filer of the document.

1

government did not oppose this motion. The Court granted Mr. Runyon's motion on September 21, 2021.  (ECF No. 642).

On November 15, 2021, a status conference was held before the Honorable Rebecca Beach Smith at the United States District Court for the Eastern District of Virginia, Norfolk.  On December 1, 2021, a follow-up status conference was scheduled for March 16, 2022.

On January 11, 2022, Mr. Runyon advised counsel that he wished to waive his in-person presence at the upcoming status conference, and participate via video-conference, and provided a signature with a motion filed January 21, 2022, asking that Mr. Runyon be allowed to participate by video-conference.  (ECF No. 654).  The Court granted his motion. (ECF No. 655).

On March 4, 2022, a motion to continue the status conference was filed, which explained that Mr. Runyon would not be returned to USP Terre Haute by March 16th, and would be in the transport process on that date.  (ECF No. 664).  The Court granted the motion. (ECF No. 665). On March 10, the date of the status conference was changed to April 13, 2022, at 2 p.m.  Nothing about the date change altered Mr. Runyon's desire to avoid travel to the status conference.  On March 11, 2022, Mr. Runyon filed a motion repeating Mr. Runyon's wish to waive his in-person presence at the upcoming status conference, and participate via video-conference.  (ECF No. 667).  Prior to filing the motion, undersigned counsel spoke with Mr. Runyon by telephone and confirmed that his position had not changed.   Based on Mr. Runyon's confirmation of his January 2022 signed request that the Court permit his appearance at the upcoming status hearing via video-conference, that signed request was included with the March 11, 2022, motion.

The government did not oppose the motion.   On March 17, 2022, the Court filed an Order (ECF No. 668) directing the Petitioner to resubmit his motion requesting to participate via video-

conference at the upcoming status conference currently scheduled for April 13, 2022, with a signature including a date indicating that Mr. Runyon has executed the motion with the knowledge of the April 13, 2022, hearing date.

Fortunately, counsel know Mr. Runyon's current location.[2]   A few days ago, Mr. Runyon contacted counsel from a facility in Oklahoma.   Staff at the facility arranged for Mr. Runyon to sign the signature page of this motion and staff emailed the signed document to counsel for submission to the Court.

Mr. Runyon does not waive his attendance at the status conference but requests that the Court allow for his attendance via video-conferencing for the following reasons:

1) There is a reasonable expectation that the length of the status conference will be relatively short and will not address Mr. Runyon's substantive or Constitutional rights;

2) Mr. Runyon seeks to avoid additional unnecessary risk of exposure to COVID-19. Mr. Runyon is at greater risk because he is vulnerable: he is without freedom to control his environment, maintain distance from other people, or freely engage in sanitary practices like handwashing, using hand sanitizer, and sanitizing surfaces.

3) Additionally, Mr. Runyon has weighed concerns for his physical safety against the nature of the status conference in making the instant request. In addition to the substantial risk posed by the pandemic Mr. Runyon is now legally blind in both eyes. One eye is correctible with glasses, but he remains without peripheral vision and depth perception. This, coupled with other physical ailments, creates balance problems. He is at risk for falls and physical injury

---

[2]  Since the week of January 17, 2022, when he was removed from USP Terre Haute, counsel have not always known Mr. Runyon's location nor been able to communicate with him.

especially when he is in unfamiliar surroundings. In a new prison or jail setting, he is vulnerable to being taken advantage of or physically harmed by others.

Counsel for the government have been consulted about this motion and, if the Court is willing to permit a remote appearance through the use of technology, the government has advised that it does not object.

Mr. Runyon does not waive his right to physically appear at future proceedings that will address his substantive and/or Constitutional rights.

I, DAVID ANTHONY RUNYON, waive my right to appear in court in-person at the status conference on April 13, 2022, and request to appear by videoconference.

WHEREFORE, Mr. Runyon respectfully requests the Court enter an order allowing him to waive his physical appearance at the upcoming status conference hearing and permit his appearance via video conference.

Respectfully Submitted,

Dated: 18 MAR 2022

DAVID ANTHONY RUNYON
Petitioner

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I have electronically filed the foregoing MOTION FOR PETITIONER RUNYON TO PARTICIPATE VIA VIDEO-CONFERENCE AT APRIL 13 STATUS CONFERENCE with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org

5