UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

          Petitioner,

v.                                             CIVIL NO. 4:15cv108
                                    [ORIGINAL CRIMINAL NO. 4:08cr16]
UNITED STATES OF AMERICA,

          Respondent.

### ORDER

This matter comes before the court on the Fourth Circuit's limited remand of Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Motion to Vacate"). ECF No. 478. The Fourth Circuit remanded the matter for an evidentiary hearing to explore a single issue, raised in Claim Six of the Motion to Vacate: whether Petitioner's counsel "failed to provide him with effective assistance, in violation of the Sixth Amendment, by failing to investigate adequately his brain injury and potential mental illness and introduce such evidence in mitigation during the penalty phase of trial." United States v. Runyon, 994 F.3d 192, 204-209 (4th Cir. 2021); ECF No. 478 at 34-75.

A status conference to resolve preliminary matters, including discovery issues, and to set the evidentiary hearing, was scheduled for April 13, 2022. Pursuant to Petitioner's written request and waiver of right to be physically present, ECF No. 669, the court authorized Petitioner to appear by video conference from USP Terre

Haute, where he is incarcerated, see ECF No. 671. On the day the hearing was to take place, counsel for Petitioner and the United States were present in court but, due to the Bureau of Prisons' ("BOP") technical difficulties, Petitioner was unable to participate by video as planned.[1] Petitioner also had counsel with him at the prison, but they were only able to connect to the court by telephone, and it was not clear on the record that his attorney with him at the prison could even hear some of the proceedings.

For these reasons, and for the reasons stated from the bench, the court exercised its discretion and declined to go forward with only a telephonic hearing.[2] As a result, the court **DIRECTED** counsel to contact the Calendar Clerk to reschedule the hearing to the nearest date practicable. The court also **DIRECTED** that Petitioner appear in person at the hearing, and that the United States seek the writ necessary to produce Petitioner at the rescheduled hearing.

The court also informed the parties that all outstanding matters properly before the court will be addressed at this

---

[1] Due to unknown technical problems at the prison, staff at USP Terre Haute could not connect the video with the court. There were no known issues with the court's facilities, equipment, or internet connection, and court staff successfully tested the connection two (2) days prior to the hearing.

[2] Despite Petitioner's willingness to go forward with the hearing by telephone only, and his counsel's request that the court do so, the request was denied.

2

hearing, including Petitioner's outstanding Discovery Motion, ECF No. 670, and potential bifurcation of the evidentiary hearing to address the two prongs of the ineffective assistance of counsel inquiry, see Strickland v. Washington, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense.").

In sum, the parties should be prepared to address all outstanding matters properly before the court for resolution at the newly scheduled hearing so that a date for the evidentiary hearing can be set. Moreover, the court did not rule on any substantive matters during the April 13, 2022, telephonic proceedings, as these matters will be addressed at the newly scheduled hearing.

The parties are hereby **ORDERED** to comply with the court's instructions, and the Clerk is **DIRECTED** to forward a copy of this Order to counsel for Petitioner, the United States Attorney at Newport News, and the BOP.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 15, 2022