UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| DAVID ANTHONY RUNYON,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent, | No. 4:15-cv-108<br>Original Criminal Code No.<br>4:08-cr-16-3<br><br>CAPITAL § 2255 PROCEEDINGS<br><br>HON. REBECCA BEACH SMITH |

## MOTION TO VACATE

Runyon, hereby files, pro se, timely under § 2255 (f)(3) a Motion To Vacate his Count 5 conviction, 18 USC § 924(c) using a firearm in relation to a crime of violence, as now confirmed unconstitutional in light of Borden v. U.S., 593 U.S. _____ (10 Jun 2021).

### 1. SUBSTANTIVE AND RETROACTIVE AUTHORITY:

Until Borden the circuit courts differed in addressing the question Borden raises. Because Borden is a substantive interpretation case it applies retroactively on collateral review under § 2255(f)(3). Borden is not a constitutional decision so it wasn't "made

retroactive by the Supreme Court "to qualify under § 2255(h)(2). See In re Jackson, 776 F.3d 292 (5th Cir. 2015) (explaining in detail the difference between §§ 2255(f)(3) and 2255(h)(2). Had the 4th Cir.'s recent ruling on Runyon's § 924(c) claim conceded relief as was proper under the new substantive ruling of Johnson / Davis [instead of, ex post facto, prejudicially switching to the force clause to REJUSTIFY said capital conviction] this new Borden claim would not require such urgent and timely settlement before this court now. Runyon's Borden claim DOES NOT FOLLOW THE JOHNSON/DAVIS PATH because the unconstitutionality of the 'residual clause' is no longer in dispute by any party. To be clear Borden is a statutory interpretation case focused on a NEW ATTACK VECTOR in direct rebuttal response to the 4th Cir's recent ruling on 02/12/2021 [Amended Published Opinion] siding with the gov't's NEWLY MISAPPLIED § 924(c)(3)'s force clause. Runyon timely files within the one year time limit stated in § 2255(f)(3) and states that said § 924(c) conviction without a qualified predicate 'violent felony'

- 2 -

cannot NOW survive judicial review in light of Borden and the gov't must now concede as it has always done for decades earlier; "that a conspiracy offense cannot serve as a valid predicate under the 'Force Clause,' Gov. Br. 24; and that previously asserted procedural default arguments are meritless, Gov. Br. 21 fn. 2."

2.   <u>CURRENT MOTIONS BEFORE THIS COURT</u>

Runyon already has § 2255 motions before this court... The 4th Cir. Ct. of Appeals recent § 2255 ruling; affirmed in part and vacated in part only to the extent of dismissing without a hearing Runyon's IAC claim for failure to investigate and present evidence of his long history of brain damage and coinciding mental health, thus remanding said claim for discovery development and a proper evidentiary hearing. In this specific NEW § 2255 MOTION, Runyon challenges the court's recent affirmation of his § 924(c) conviction's flawed arguments and conclusion by use of improper statutory construction: "A court does not get to delete inconvenient language and insert convenient language to yield the court's preferred meaning." (Borden, Id at ___1825___).

— 3 —

3. RELEVANT PROCEDURAL HISTORY

The previous court's ruling concluded that Runyon's Count 1, 18 USC § 1958(a) conspiracy to commit murder-for-hire IS a 'violent felony' under § 924(c)(3)'s force clause. Runyon now states pertinent legal history on this issue for proper context only. Runyon, pro se, does not waive a claim for a violation of due process noting his 2008 indictment of Count 5, § 924(c) was until recently always justified by the gov't under the now unconstitutional (b) 'residual clause'. The gov't and courts both acknowledged the FACT that the residual clause can no longer apply. But instead of giving Runyon relief for his long pre-existing Johnson/Davis claim the gov't was allowed to switch and, ex post facto, apply the 'force clause' to REJUSTIFY his § 924(c) conviction. Runyon, pro se, at this time feels pressing a due process violation is moot as Borden rules in his favor with the expected same result. Guided by his limited legal knowledge chooses only to focus this Motion To Vacate solely in direct rebuttal on proper statutory construction by Borden explaining why said prior ruling was in error. Furthermore, in the interests of 'fair' justice and the integrity of due process, Runyon argues that a resentencing hearing BEFORE his § 924(c) conviction is vacated would be prejudicially harmful. Runyon's § 924(c) gun conviction is a capital felony for which he currently is facing the death penalty, said conviction rests solely on the question now

— 4 —

before this court: Is §1958(a) conspiracy to commit [AN INCHOATE CRIME] murder-for-hire a qualified predicate 'violent felony' by §924(c)(3)'s force clause definition? Borden in exacting detail confirms for Runyon and this court that IT IS NOT. Runyon implicitly adopts Borden's entire majority opinion written by SCOTUS Kagan, J. herein although he will still attempt to summarize this legal rebuttal to the best of his ability.

4. IMPORTANT APPOSITE LEGAL CONTEXT

For starters, the historical context of the ACCA and the FDPA must be acknowledged. These 'enhanced criminal statutes' were enacted by Congress ONLY to address the "special danger" associated with "armed career criminals" as Congress found a "small percentage of repeat offenders... commit a large percentage" of all violent crimes. And when such a habitual violent offender carries a gun he poses a serious risk of wreaking harm. At that time being tough on crime was politically popular and the national level of violent crimes dramatically on the rise needed a solution. The ACCA and FDPA was passed into law by Congress only to specifically "allay" this problem. National records

prove that these extremely severe penalties did not work as a deterrent as hoped. This U.S. cultural 'tougher on crime' is now archaic and other national models have proven much more effective by addressing the root of the problems, ie: MENTAL HEALTH, re-education and re-training for ECONOMIC STABILITY, drug rehabilitation, anger management, as well as other social deficiencies. Now also MILITARY VETERANS are formally recognized as a special class of people who suffer specialized medical problems that the U.S. govt has taken official positive steps to address within the Veterans Administration and its hospitals, the Dept. of Justice, and even the Fed. Bureau of Prisons. Runyon very pointedly brings all of these issues to the attention of this court for the record...adamantly stating that ALL of these above mentioned issues have been either twisted and misused against Runyon or denied to Runyon when it should benefit him since his arrest in 2007 for the current crimes... Count 1, 2, and 5 on record. Runyon humbly begs this court to acknowledge and re-evaluate this herein for proper context before reviewing all current § 2255 issues now before this court.

5. CONTEXT, CATEGORICAL APPROACH, AND Mens Rea IN CURRENT STATUTORY CONSTRUCTION

These much greater penalty enhancements ONLY KICKED IN when the offender met the required pre-existing criminal history with a specified number of qualifying `violent felonies`...not just any felony with an element of violence... but only those that specifically met this new [higher statutory] definition. To decide whether an offense satisfies the ACCA's elements clause, courts MUST [PROPERLY] use the categorical approach. Thus the facts of a given case are irrelevant, instead the focus is on determining the mental state of the offender, the mens rea required, of the LEAST CULPABLE... of the ACTS CRIMINALIZED within the statute of conviction and analyzing the VOLITIONAL HIGHER level of physical force targeted at another. Without this proper context objectively and categorically applied one could successfully argue that almost every criminal felony would qualify as nearly every form of violence against another is already criminalized with its own lower pre-existing penalty. To interpret otherwise only allows widespread selective prejudicial applications by the govt. This clearly (judicial misconduct) has been applied to Runyon. Runyon states it is self-evident, on the record continuously over the last 14 years, and thus irrefutable. Runyon humbly begs this court to acknowledge and re-evaluate this herein as well, before reviewing all current § 2255 issues now before

— 7 —

this court.

6. <u>PREDICATE CRIMES; CONSPIRACY IS NOT A 'VIOLENT FELONY'</u>

Because the qualifying act and corresponding mens rea for anykind of conspiracy is so low they CANNOT qualify as a 'violent felony' under the ACCA or FDPA's intent to more severely punish ONLY the small number of career [more] violent offenders. Conspiracy, an inchoate crime, does not require any ACTIVE PHYSICAL FORCE to be completed against another...nor does the gov'ts burden of proof require anykind of active physical force completed to convict any offender; hearsay testimony about overhearing conspiratorial whispers,...emails, writings, phone calls, etc... and more importantly the mental state of an offender committing said types of pretend, emotional and/or temporary outbursts, or serious criminal UNFORCEFUL ACTS will always categorically fall far short of the ACCA's or FDPA's 'violent felony' definition which is the MOST DETERMINATIVE FACTOR at issue here.

Recklessness and negligence are the least culpable mental states because they involve insufficient concern with a risk of injury to anyone. In the most common formulation, a person acts recklessly when he

— 8 —

"consciously disregards a substantial and unjustifiable risk" attached to his conduct, in "gross deviation" from accepted standards. Model Penal Code §2.02(2)(c); see Voisine v. U.S., 579 U.S. 686, ___ (2016)(slip op., at 4). Here in Borden, SCOTUS finally answers what they did not in Leocal and Voisine and rules that all offenses criminalizing reckless conduct do NOT meet the element's clause's [ACCA] definition of "violent felony" which requires the "use of physical force against another," pointing out definitively that reckless conduct is not aimed in that prescribed manner," because doing so "would impose large sentencing enhancements on individuals far afield from the 'armed career criminals' ACCA addresses..." Begay v. U.S., 553 US at 145 (2008). Both in Leocal's interpretation of §16(a)'s 'crime of violence' and Johnson's language construing 'physical force' in ACCA's definition of violent felony...[both] elaborate how

— 9 —

context determines meaning and both decisions construed the definitions at issue to "mark out a narrow category of violent, active crimes." Johnson v. U.S., 559 US, at 140; Id., at 139-140, Leocal 543 US at 11.

7. <u>INCHOATE CRIMES LACK TARGETED ACTIVE PHYSICAL FORCE REQUIRED IN ACCA'S "ELEMENT'S" OR "FORCE CLAUSE" of §924(c)(3)</u>

Previously you may have noted that Runyon stated that `conspiracy` was an INCHOATE CRIME. Here is how Black's Law Dictionary defines inchoate crimes: "[a] step toward the commission of another crime, the step itself being serious enough to merit punishment." Offense, Black's Law Dictionary (11th ed. 2019). Common inchoate offenses include "attempt" to commit an underlying crime; "conspiracy" to commit an underlying crime; and "solicitation" to commit an underlying crime.

Because by federal definition of an inchoate crime combined with a common mens rea of recklessness for said offense, categorically Runyon's §1958(a), Count 1, conviction DOES NOT MEET the narrower

definition of a "crime of violence" or "violent felony" within the context of ACCA's "elements" or "force" clause, § 924(e)(2)(B)(i) in Borden v. US., 141 S.ct. 1817 (2021). Even in US. v. Walker, No. 15-4301 (4th Cir. 2019) the court ruled in defendant's favor stating that 18 USC § 1201(a) kidnapping and brandishing a firearm during a crime of violence in violation of 18 USC 924(c) was NOT a "violent felony" because "when a statute defines an offense in a way that allows for both violent and non-violent means of commission, that offense is NOT CATEGORICALLY a crime of violence under the force clause."

8. <u>PRECEDENCE OF JOHNSON AND DAVIS 'NEARLY IDENTICAL' LANGUAGE STILL HOLDS HERE FOR BORDEN</u>

Furthermore, the Supreme Court has treated the ACCA and § 924(c) similarly in ruling in Johnson / Davis especially noting that the language of the FDPA was drawn from the ACCA and the only appreciable

— 11 —

difference is the addition of force to property. Recently, all parties agreed that AFTER BORDEN, offenses that can be committed recklessly are not "crime [s] of violence" under § 924(c)'s nearly identical elements clause, 924(c)(3)(A). U.S. v. Toki, 822 F. App'x 848 (10th Cir. 2020) on remand from SCOTUS... see Toki, Id. Appellate case: 17-4153 Document: 010110638863 (01/31/2022). Moreover, Toki agrees with Runyon above, that the new rule announced by Borden applies retroactively to his instant appeals. Substantive rules include decisions "that narrow the scope of a criminal statute by interpreting its terms." Id.; see also Bousley v. U.S., 523 US 614, 620-21 (1998) (holding that the rule announced in Bailey v. U.S., 516 US 137 (1995), which narrowed the scope of the term "use" in § 924(c) applied retroactively).

9.  <u>CONCLUSION: BORDEN APPLIES RETROACTIVELY TO THIS CLAIM REQUIRING RELIEF: MOTION TO VACATE § 924 (c) CONVICTION SHOULD BE GRANTED</u>

Borden is properly understood as establishing a substantive rule because it interpreted the language

of ACCA's elements clause - which, as described above, is materially identical to § 924(c)'s elements clause - and held it did NOT reach predicate crimes that can be committed recklessly. Borden, 141 S. Ct. at 1825. Accordingly, Runyon requests the gorts concession that Borden's rule applies to his § 924(c) claim herein. And finally, in light of Borden, Runyon states he is entitled to prompt relief from his Count 5 conviction, § 924(c), and humbly requests this court to vacate said conviction BEFORE any resentencing hearing.

Respectfully Submitted,

David A. Runyon

DAVID RUNYON
57997-083
USP Terre Haute - SCU
PO Box 33
Terre Haute, IN 47808-0033

— 13 —

## MAILING CERTIFICATION

Runyon hereby filing, pro se, invokes the 'mailbox rule' coined by the U.S. Supreme Court, stating that because prisoners have no control over when and __if__ prison staff will deliver the legal mail to the prison mail system in order to be filed by the court in a timely manner... that once handed to staff, it's as good as filed with the clerk, no matter when it arrives (actually) at the court. Houston v. Lack, 487 US 266 (1988).

Under the penalty of perjury Runyon states the enclosed Motion To Vacate Count 5, §924(c) by §2255(f)(3) under Borden was, sealed and given to FBOP staff, Mr. Weyranch REFUSED TO SIGN

SIGNATURE OF STAFF

for mailing to the court clerk on __4 MAY 2022__,

DATE

with proper address and postage.

respectfully submitted,

David A. Runyon

DAVID RUNYON
57997-083
USP Terre Haute-SCU
PO Box 33
Terre Haute, IN 47808-0033