**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **CAPITAL §2255 PROCEEDINGS** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |

**SUPPLEMENT TO MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner, David Anthony Runyon, hereby supplements Claim 9 of his amended 28 U.S.C. § 2255 motion as follows with the Supreme Court's recent decision of *Borden v. United States,* 141 S. Ct. 1817, 1821-22 (2021), holding that under the categorical approach recklessness does not suffice to establish a crime of violence under the force clause. Mr. Runyon submits the *Borden* case in support of his claim that the predicate crimes (conspiracy to commit murder for hire and carjacking) to the § 924(c) conviction under Count 5 do not qualify as crimes of violence under § 924(c)'s force clause.

In *Borden,* 141 S. Ct. at 1821-22, the Supreme Court revisited whether a predicate offense may qualify as a crime of violence. The Court held that an offense cannot qualify as a crime of violence under the force clause "if it requires only a *mens rea* of recklessness-a less culpable mental state than purpose or knowledge." *Id.* Consequently, "[i]f any—even the least culpable—of the acts criminalized do not entail" a *mens rea* greater than recklessness, "the statute of conviction does not categorically match the federal standard and so cannot serve as an ACCA predicate." *Id.* at 1822. Recklessness is generally defined as the conscious disregard of a "substantial and unjustifiable risk' attached to his conduct in 'gross deviation' from accepted

standards." *Id.* at 1824. Accordingly, in *Borden,* the Supreme Court clarified that recklessness cannot suffice to establish a crime of violence.

The Fourth Circuit Court of Appeals acknowledged that conspiracy does not necessarily implicate the use of force. *United States v. Runyon*, 994 F.3d 192, 203 (4th Cir. 2021). But the Court determined that conspiracy resulting in death is a crime of violence under the force clause. *Id.* at 204.

In light of *Borden,* Runyon renews his challenge to the use of his conviction for conspiracy to commit murder for hire as a predicate for the § 924(c) conviction. Conspiracy to commit murder for hire that results in death can be committed by accidental force. Under *Borden,* this Court must vacate his § 924(c) conviction and order a new sentencing hearing.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
　Nancy Hernandez
　Paralegal, Capital Habeas Unit
　nancy_hernandez@fd.org

3