UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

               Petitioner,

v.

                                     CIVIL NO. 4:15cv108
                     [ORIGINAL CRIMINAL NO. 4:08cr16]

UNITED STATES OF AMERICA,

               Respondent.

## ORDER

This matter comes before the court on Petitioner's "Supplement to Motion to Vacate Sentence Under 28 U.S.C. § 2255" ("Supplement"), filed by counsel on June 7, 2022. ECF No. 679.

### I.

In his Supplement, Petitioner argues that the court should reconsider its denial of Claim 9 of his Motion to Vacate, ECF No. 511, in light of the Supreme Court's recent decision in Borden v. United States, 141 S. Ct. 1817, 1821-22 (2021). ECF No. 679 at 1-2. In Claim 9, Petitioner argued that his conviction for Murder With a Firearm In Relation to a Crime Of Violence is unconstitutional because it was not based on a valid predicate "crime of violence." ECF No. 511 at 88-98. The court denied this claim, and the Fourth Circuit affirmed this decision. See United States v. Runyon, 994 F.3d 192, 204 (4th Cir. 2021).

In his Supplement, Petitioner once again argues that the court "must vacate his § 924(c) conviction and order a new sentencing

hearing," because "[c]onspiracy to commit murder for hire that results in death can be committed by accidental force," and therefore is not a "crime[] of violence under [18 U.S.C.] § 924(c)'s force clause." See id. at 1-2. This invites the court to revisit a claim that was already rejected by the Fourth Circuit, albeit before the Supreme Court decided Borden. See Runyon, 994 F.3d at 204.

The Circuit Court did not direct or authorize the undersigned to reevaluate Petitioner's Claim 9 on remand. See id. at 197, 212. Rather, the court's duty in the instant proceedings is limited to conducting an evidentiary hearing on Claim 6 of the Motion to Vacate, concerning Petitioner's "claim that his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness . . . ." See id. Accordingly, the Supplement is a "second or successive [§ 2255] motion," as it attempts to relitigate a claim decided on its merits with the benefit of new case law. 28 U.S.C. § 2255(h)(2). Specifically, before this court may consider Petitioner's argument, the successive motion "must be certified as provided in [28 U.S.C. § 2244]" by the Fourth Circuit "to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." Id. Without such certification, the court will not disturb the Fourth Circuit's decision as it applies to Claim 9.[1]

## II.

For these reasons, the court **CONSTRUES** Petitioner's Supplement as a successive § 2255 motion, which the court **DENIES** for lack of the requisite Circuit Court authorization. For the reasons explained in this Order, the court declines to issue a certificate of appealability under Rule 11(a) of the Rules Governing § 2255 Proceedings. The Clerk is **DIRECTED** to forward a copy of this Order to the United States Attorney at Newport News and counsel for Petitioner.

**IT IS SO ORDERED.**

/s/

Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 29, 2022

---

[1] Without reaching the merits of Petitioner's Supplement, the court observes that, on its face, the Fourth Circuit's reasoning concerning Claim 9 appears entirely consistent with the Borden decision. See Runyon, 994 F.3d at 204 (holding that the specific intent required to sustain Petitioner's conviction "ensures that the victim's death was necessarily the result of a use of physical force and not merely from negligence or accident").