## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | No. 4:15-cv-108 |
| | ) | Original Criminal No. 4:08-cr-16-3 |
| v. | ) | |
| | ) | CAPITAL §2255 PROCEEDINGS |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |

### SWORN STATEMENT OF RETURNED DOCUMENTS

I, Dana Hansen Chavis, hereby certify that on October 18, 2022, I returned to the Court the paper records and CD containing information about the grand and petit jury selection process in Mr. Runyon's case.

I swear that Mr. Runyon's counsel has maintained the paper records and CD containing this information under seal. With one exception, no copies thereof of any nature — paper, electronic, or otherwise — have been made or exist, other than those maintained under seal by the Court. The exception is that in ECF 594-1, this Court expressly expanded the record on habeas appeal to include jury selection documents. This expansion made it possible, and appropriate, for Mr. Runyon's prior counsel, Michele Brace, to provide Lantagne Legal Printing in Richmond, Virginia, with 62 completed juror questionnaires from the first day of voir dire, as documentary support for Mr. Runyon's appellate claim that jury selection in his case violated *Batson v. Kentucky*, 476 U.S. 79 (1986). The juror questionnaires were reprinted in sealed volumes of the Joint Appendix to Mr. Runyon's appeal to the U.S. Court of Appeals for the Fourth Circuit, and they were the only record-based source of information about each individual juror—information

1

that the Court did not elicit in voir dire. The sealed volumes of the JA are not supposed to be available to the general public, but Mr. Runyon's counsel cannot swear here that those volumes do not exist or that they are irrelevant. The same is true of the Sealed Additional Materials document that Mr. Runyon filed in the Fourth Circuit along with the Joint Appendixes, and which supplements and summarizes *Batson*-related facts for the relevant jurors. Because it is sealed, the Additional Materials document should not be available to the general public, but Mr. Runyon's counsel cannot swear that the Sealed Additional Materials document does not exist.

I swear that no contact, direct or indirect, has been made by Mr. Runyon's legal team with any juror, grand or petit, who actually served or who was named in any lists, CDs, or records produced pursuant to this Court's order.

The sealed materials that I have returned to the Court, consist of the following:

(1) One sealed box that contains the juror questionnaires of 242 prospective jurors who completed a questionnaire in this case.[1]

(2) One sealed paper envelope containing the Court's strike lists, identifying each prospective juror in this case who was struck peremptorily and by which party.

(3) One envelope that contains a redacted CD of the 2005 and 2007 master and qualified jury wheels for Newport News and Norfolk, with statistical information about the grand jury, statistical information about the individuals drawn for the petit jury venire, and the trial court's list of reasons for any disqualifications, excusals, or exemptions.

---

[1] Counsel did not receive all 243 prospective juror questionnaires from attorney Brace. The questionnaire for Juror 76 was not included in the material sent by Ms. Brace, which were sent by attorney Brace in two separate mailings and on two separate dates.

2

I further swear that Mr. Runyon's counsel has made no contact, direct or indirect, with any juror, grand or petit, who actually served or who was named in any lists, CDs, or records produced pursuant to this Court's order.

Counsel for Defendant/Petitioner, David Anthony Runyon:


_____          ___10/18/2022_____

Dana C. Hansen Chavis                          Date


_____
**United States District Court Judge**