**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| vs. | ) | |
| | ) | **CAPITAL § 2255 PROCEEDINGS** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | HON. REBECCA BEACH SMITH |
| | ) | |

**MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR
ATTORNEY BALES TO APPEAR *PRO HAC VICE***

DAVID ANTHONY RUNYON, by and through counsel, renews his motion that the Court

allow the admission *pro hac vice* of, and appoint pursuant to 18 U.S.C. § 3599(c), as the Court

deems necessary,[1] Helen Susanne Bales (Levi) (hereinafter "Bales") of Federal Defender Services

of Eastern Tennessee, Inc. (FDSET), as counsel of record in this case. In support of this Motion,

Mr. Runyon states as follows:

Mr. Runyon is an indigent federal prisoner, sentenced to death. ECF No. 313. As such, he

is entitled to appointment of counsel for the development and presentation of claims for relief

pursuant to 28 U.S.C. § 2255. *See* 18 U.S.C. § 3599(c). Consistent with § 3599, on November 10,

---

[1] Because she is an employee of the FDSET, Bales does not technically need to be appointed to this case under 18 U.S.C. § 3599, or other provision of law. As noted, *infra*, she will not seek compensation for her time or reimbursement for expenses under the Criminal Justice Act. The Court's docket has designated Bales's FDSET colleague Chavis as "retained" counsel (distinct from "CJA Appointed"), and Bales could receive the same designation. Mr. Runyon seeks Bales's appointment to the extent the Court finds that necessary in order for her to fully participate in Runyon's representation.

2014, the Court appointed counsel, Michele Brace, a staff attorney with the Virginia Capital Representation Resource Center (VCRRC). ECF No. 410.

On May 20, 2015, Brace filed a motion to appoint co-counsel, Mot. Appoint Counsel, ECF No. 432 (Mot.), and supporting memorandum, Mem. Supp. Mot. Appoint Counsel, ECF No. 433 (Mem.). She argued that her VCRRC colleagues were not able to assist on the case, and the work required exceeded her individual capacity. She sought second counsel, and noted that she had anticipated assistance from third counsel, who apparently was later considered conflicted from helping. Mem. at 6–7, ECF No. 433. She sought appointment of the FDSET, with Dana Hansen Chavis as supervising attorney for that office; Brace noted that Chavis was prepared to assign assistant federal public defender Bales to the case. *Id.* at 8, ECF No. 433. The motion asked for Chavis's appointment. Mot., ECF No. 432.

On May 22, 2015, Chavis and Bales each filed an application to appear *pro hac vice*. ECF Nos. 436 (Chavis), 437 (Bales). Chavis's application was granted, Order, ECF No. 438, and Bales's was denied, Order, ECF No. 439. The Court's June 3, 2015, Order, ECF No. 439, noted that Brace's motion did not ask that Bales be appointed, and provided no information about her qualifications and no justification for appointing third counsel. Order at 2–3, ECF No. 439. The Court advised that, if there was a specific reason for third counsel, the Court should be notified. *Id.* at 3, n. 3. The Court indicated that Hansen and Brace were free to work with colleagues on the case, including Bales.

On June 19, 2015, AUSA/DOJ Attorney Jeffrey Zick entered his appearance as third counsel representing the government in this post-conviction matter. ECF 441.[2] On November 15,

---

[2] Mr. Zick remains on the docket of this case as lead attorney, although he no longer is listed on pleadings and has not personally appeared in this Court in years. He appeared along with the

2021, the Court granted AUSA C. Ward's application to appear *pro hac vice* on behalf of the government, without comment or inquiry into her qualifications or the need for her involvement as third counsel on behalf of the government in this case. ECF 645.

On October 12, 2022, Mr. Runyon filed a motion for the appointment of Bales as counsel. Mot. Appointment Co-Counsel, ECF No. 691. The motion explained that Bales has worked on Mr. Runyon's case since 2015, and that she assisted in drafting the appellate brief and argued the case in the United States Court of Appeals for the Fourth Circuit. Mem. Supp. Mot. Appointment of Co-Counsel at 2, ECF No. 692. The motion also argued that because Petitioner anticipates presenting over 20 witnesses and offering over 140 exhibits at the hearing, her assistance as a third attorney will be necessary to provide adequate representation at the February 2023 hearing. *Id.* at 3. As noted above, the government has been represented by three attorneys in post-conviction proceedings in this case since 2015.

This Court heard argument on the 2022 motion for the appointment of Bales at the October 18, 2022, status conference. 10/18/2022 Conference Tr. at 16–17, 22–23, ECF No. 700. The Court took the motion under advisement and directed Petitioner to renew the motion should the need arise. Order at 2, ECF No. 695. Mr. Runyon now renews the motion.

There are at least five reasons why the participation of Attorney Bales is needed and appropriate for Mr. Runyon to have the effective assistance of counsel at his evidentiary hearing.

First, Attorney Bales's participation in the hearing is required for continuity and adequate assistance of counsel during the presentation of proof. Bales has worked with Chavis since the

---

government's current counsel, Mr. Samuels and Ms. McKeel, in the United States Court of Appeals in that Court's review of these proceedings. Appearance, *United States v. Runyon*, No. 17-5 (4th Cir. Sept. 1, 2017), ECF No. 11.

latter's appointment, and has knowledge of the facts and issues in the case. As colleagues at FDSET, Chavis and Bales worked in concert with Brace to prepare Mr. Runyon's § 2255 Motion and litigated it to initial conclusion.[3] Three attorneys—Brace,[4] Chavis, and Bales—presented Mr. Runyon's appeal to the Fourth Circuit, with Bales arguing the case to the panel. On remand, three attorneys—Elizabeth Peiffer,[5] Chavis, and Bales—have been working towards presenting proof to the Court in accordance with the Fourth Circuit's remand. Chavis and Bales have far greater exposure than Peiffer to the client, witnesses, and factual and legal issues to be addressed at the hearing. During the evidentiary hearing, Bales's presence at counsel table is needed to adequately advise Mr. Runyon and to assist counsel in the proper presentation of testimony and other evidence for the Court's consideration.[6] Depriving Mr. Runyon of her assistance will interfere with Mr. Runyon's ability to present the strongest case he believes is available. *Cf. United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006) ("[T]he Sixth Amendment . . . commands . . . that the accused be defended by the counsel he believes to be best."); *id.* at 150 ("We have little trouble concluding that erroneous deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate unquestionably qualifies as 'structural error.'" (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 282 (1993)).

Second, Attorney Bales's participation in the hearing is needed to present proof. The upcoming hearing, requiring the testimony of more than twenty expert and lay witnesses, is a

---

[3] At no time after the appointment of Ms. Chavis and during the initial § 2255 proceedings was there an in-court appearance or proceeding requiring counsel's presence before the court.

[4] As noted above, Brace did not have the assistance of other VCRRC staff.

[5] Elizabeth Peiffer, also an attorney with VCRRC, substituted for Michele Brace when Ms. Brace retired from the practice of law.

[6] Counsel understand that only attorneys officially representing a party may sit before the bar and at counsel table. In a prior court hearing, Attorney Bales was directed to sit in the gallery.

significant undertaking for habeas counsel who are not seasoned trial lawyers. Indeed, even Respondent's counsel, who are seasoned trial lawyers, are appearing and participating in this case and the upcoming hearing as a group of three. Moreover, even highly experienced trial lawyers would have been challenged by the geographic diversity of witnesses in this case and the need to travel to prepare those witnesses, where witnesses span from Florida to Alaska, Texas to New Jersey, and in between. Counsel's schedules and professional and other obligations have required the distribution of responsibilities in preparing witnesses and evidence for the evidentiary hearing, including extensive and detailed testimony and exhibits from expert witnesses. *See, e.g.*, 10/18/2022 Conference Tr. at 8–9, ECF No. 700. As mentioned during the October 18, 2022, status conference, *id.,* attorney Bales has worked extensively with the experts and her familiarity with the witnesses and evidence is critical to the effective presentation of evidentiary support for Mr. Runyon's claims.

Third, Bales is specially qualified to represent Mr. Runyon at the evidentiary hearing. As explained in Mr. Runyon's original motion for Bales's appointment, Bales is an assistant federal defender within FDSET's 11-person Capital Habeas Unit (CHU), and is fully qualified for appointment under 18 U.S.C. § 3599. She has more than fifteen years of experience representing capital habeas petitioners in federal court and has served as lead counsel on two capital habeas cases that proceeded to evidentiary hearings. In addition, as discussed *supra*, Ms. Bales has worked extensively on Mr. Runyon's case, is familiar with the client, witnesses, and issues, and has worked specifically to develop expert testimony and evidence essential to the presentation and an accurate assessment of the evidence at issue in the upcoming evidentiary hearing.

Fourth, Bales's appearance at the evidentiary hearing is both efficient and cost-effective. She has extensive experience representing defendants in precisely this kind of case. And, as an

employee of the FDSET, she will not seek compensation for her time contributed to this case, expenses incurred, or for any other case-related services.

Finally, Bales's appearance *pro hac vice* in this case does not diminish or interfere with in any way the interest of the government, which will have the benefit of three attorneys to develop and present the government's case at the evidentiary hearing.

Ms. Bales is not currently a member of the Virginia State Bar, but she has assembled the necessary paperwork and is prepared to petition for her admission *pro hac vice* should the Court enter an order granting Ms. Bales's appearance or appointment.

The circumstances exist to justify the appearance and appointment of a third habeas counsel, and therefore Mr. Runyon asks the Court to allow the admission *pro hac vice* of Susanne Bales, Assistant Federal Defender, Federal Defender Services of Eastern Tennessee, Inc., and to appoint her as necessary to secure her full participation in Mr. Runyon's representation in these proceedings.

WHEREFORE, Mr. Runyon respectfully requests that the Court allow the admission *pro hac vice* of Ms. Bales in this case and appoint her as necessary to represent Mr. Runyon in collateral proceedings under § 2255. Ms. Bales's contact information is:

Susanne Bales
Assistant Federal Defender
Federal Defender Services of Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN 37929-9714
Phone (865) 637-7979
Fax (865) 637-7999
Susanne_Bales@fd.org

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Virginia Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, I have electronically filed the foregoing **Memorandum in Support of Renewed Motion for Attorney Bales to Appear *Pro Hac Vice*** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
  Nancy Hernandez
  Paralegal, Capital Habeas Unit
  nancy_hernandez@fd.org