**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| David Anthony Runyon, )<br>            Petitioner, )<br> )<br>v.                                  )<br> )<br>United States of America, )<br>            Respondent. )<br> )<br> ) | Original Criminal No. 4:08-cr-16-3<br>Original Civil No. 4:15-cv-108<br>**Capital § 2255 PROCEEDINGS**<br><br>HON. REBECCA BEACH SMITH |

**Memorandum of Law in Support of**
**Petitioner's Motion to Exclude Evidence Unrelated to the *Strickland* Inquiry**

Petitioner David Anthony Runyon, by and through undersigned counsel, hereby files this memorandum in support of his motion in limine to exclude any evidence presented by the government in rebuttal that falls outside the scope of inquiry of *Strickland v. Washington*, 466 U.S. 668 (1984), and to prohibit all arguments based on any such evidence at the upcoming evidentiary hearing. This prohibition may include, but is not limited to, the government's use of previously undeveloped or unavailable expert testimony to rebut the prejudice prong of Runyon's ineffective assistance of counsel claim. From the government's disclosures,[1] it appears that this may include, at a minimum, large portions of the testimony of Dr. Geoffrey Aguirre.

---

[1] The government disclosed Dr. Aguirre's final report, CV, and cases in which he testified during the previous four years, on January 20, 2023. The government indicated to Runyon's counsel on January 23, 2023, that Dr. Aguirre is the only expert it plans to present.

1

In support of his accompanying motion, Petitioner states the following:

**Argument**

The Sixth Amendment right to effective assistance of counsel "exists, and is needed in order to protect the fundamental right to a fair trial." *Strickland*, 466 U.S. at 684. Therefore, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686; *see also id.* at 694 ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome."). To analyze an ineffective assistance of counsel claim, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

The focus of a Sixth Amendment claim that counsel was ineffective necessarily remains on defense counsel, because the constitutional right to counsel applies only to the defense. A proper *Strickland* prejudice inquiry therefore must examine the effects of trial counsel's errors or omissions in light of the case actually presented, not a re-imagined one with newly presented government witnesses and evidence. *See, e.g., Williams v. Quarterman*, 551 F.3d 352, n.4 (5th Cir. 2008) (holding that "because Xavier was not a witness at the trial at which Williams was convicted and because the jury never heard Xavier's testimony, this evidence is irrelevant to the question determinative of an ineffective assistance of counsel claim in a habeas case-whether there is a reasonable probability that the outcome of the trial would have been different if counsel had performed effectively."). Practically speaking, this means that the only *new* evidence appropriately considered for ineffective-assistance-of-counsel prejudice purposes is that which is presented by

the petitioner to show what a defense conducted by an effective attorney would have consisted of. *See Elmore v. Ozmint*, 661 F.3d 783, 868 (4th Cir. 2011), *as amended* (Dec. 12, 2012) (finding that the *Strickland* prejudice standard requires the court to evaluate "the collective trial evidence together with the collective evidence that a reasonable investigation . . . would have uncovered"); *id.* at 870 (making a prejudice determination by comparing the evidence "the jury heard" to what "the jury would have learned" had defense lawyers performed effectively).

The government's ability to develop and present its own case—such as rebuttal evidence that might be properly presented at a resentencing—is simply not relevant to the limited determination of whether defense counsel acted ineffectively at trial, and it should therefore be barred from this evidentiary hearing. Instead, when considering the prejudice prong, "a court hearing an ineffectiveness claim must consider the totality of the evidence *before the judge or jury*" at the time of trial, and then taking the sentencer's "unaffected [factual] findings as a given, and taking due account of the effect of the errors on the remaining findings, [the] court [] must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Strickland*, 466 U.S. at 695 (emphasis added). A reviewing court is permitted only to examine the effect of the alleged trial omissions on the case the jury heard, not whatever new case the government can conceive. *See, e.g.*, *United States v. Runyon*, 994 F.3d 192, 209 (4th Cir. 2020) ("The prejudice inquiry would require us to "consider 'the totality of the available mitigation evidence — both that adduced at trial, and the evidence adduced in the habeas proceeding' — and 'reweigh it against the evidence in aggravation.'" (quoting *Porter v. McCollum*, 558 U.S. 30, 41 (2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 397–98 (2000) (cleaned up)))). "*Strickland* [*v. Washington*] does not permit the court to reimagine the entire trial," but requires it to "leave undisturbed the prosecution's case," and "only envision what [counsel]

3

should have presented in [the defendant]'s defense and determine how that would have altered the trial." *Hardy v. Chappell*, 849 F.3d 803, 823 (9th Cir. 2016). "In doing so, [the court] may not invent arguments the prosecution could have made if it had known its theory of the case would be disproved." *Id.*; *see also id.* at 824 ("Though we might assume the State would attempt to rehabilitate [a witness who would have been impeached by the evidence effective counsel would have presented] as a witness, we cannot simply presume it would have been successful in doing so. Nor can we presume the State would have altered the entire theory of its case in response or been successful doing so."); *see also Weeden v. Johnson*, 854 F.3d 1063, 1072 (9th Cir. 2017) (dismissing state's argument that the jury would have assigned little weight to new defense expert's testimony: "[w]hile that criticism may support a line of cross-examination at retrial, [expert's] testimony is uncontradicted on the record before us, and is directly probative of a critical element in the case.").

The government's proposed rebuttal evidence is not relevant to the prejudice determination under *Strickland* and should not be allowed. Dr. Geoffrey Aguirre was not included in the prosecution's Rule 12.2 disclosures at trial, had never consulted on a federal capital case until at least 2013, and only testified for the first time in 2016—seven years after Runyon's trial. Moreover, the vast majority of his pre-hearing report consists of his opinion (formed in the last few months) disagreeing with other experts about Runyon's brain imaging. While this type of government evidence could be appropriate to present to a jury during a resentencing, it has no relevance to the hearing in this Court.[2]

---

[2] The government is, of course, not precluded from presenting *any* rebuttal evidence; its case at this hearing is merely constrained by what occurred at trial. In this case, however, Dr. Daniel Martell, the expert the government retained for the initial trial as a rebuttal witness, agrees with Runyon's experts regarding Runyon's brain damage.

To allow the government to retry the case at this evidentiary hearing by calling witnesses to rebut Runyon's proof, by introducing new expert testimony, or by introducing new evidence to defeat a finding of prejudice, would deprive Runyon of his right to a fair trial in front of a jury. *See* U.S. Const. amend. VI; *see also McDowell v. Dixon*, 858 F.2d 945, 950 (4th Cir. 1988) (refusing to consider testimony in a state post-conviction hearing in which witnesses recanted a suppressed exculpatory statement because it was "undisputed that they stood by their story at the time they were initially questioned about it by the police," and therefore, it was "the province of *the jury* to determine whether it believed the story [given in the initial statement] . . .") (emphasis added); *cf. Walker v. Lockhart*, 763 F.2d 942, 949 (8th Cir. 1985) (holding that in determining materiality under *Brady*, "the issue is not whether the district court [] would find the new evidence credible, but whether the evidence possesses sufficient credibility that it should be heard by the real factfinder: the jury"). If, when considering the mitigation evidence adduced at trial, and the unpresented mitigation evidence, in light of only the evidence presented by the government *at trial*, confidence in the sentencing verdict is undermined, *Strickland*, 466 U.S. at 694, then Runyon's sentence was obtained in violation of his rights to effective assistance of counsel and a fair trial, and he is entitled to a new sentencing proceeding before a jury. The government may then move to introduce rebuttal evidence, and jurors may weigh that evidence. However, the government may not, at this hearing, introduce new or additional aggravating evidence or new rebuttal evidence to defeat a finding of prejudice and deprive Runyon of his right to have jurors weigh his mitigation evidence against the government's rebuttal evidence and use that evidence to make a prejudice determination.

## CONCLUSION

For the reasons stated above, petitioner David Runyon respectfully requests that the Court bar the government from presenting any additional aggravating evidence or rebuttal evidence outside of the trial record, such as the testimony of Dr. Geoffrey Aguirre.


Respectfully Submitted,

David Anthony Runyon,
By Counsel

/s/ Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, Virginia 22906
(434) 817-2970
(434) 817-2972 (facsimile)
epeiffer@vcrrc.org


/s/ Dana C. Hansen Chavis *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, Tennessee 37929
(865) 637-7979
(865) 637-7999 (facsimile)
Dana_hansen@fd.org

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I have electronically filed the foregoing **Memorandum**

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:


Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov


Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax (202) 305-9779
Carrie.Ward@usdoj.gov


/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org