**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| David Anthony Runyon, | ) | |
|        Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
|  | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **Capital § 2255 PROCEEDINGS** |
|  | ) | |
| United States of America, | ) | HON. REBECCA BEACH SMITH |
|        Respondent. | ) | |
|  | ) | |
|  | ) | |

**Memorandum of Law in Support of**
**Petitioner's Motion to Exclude Testimony or Evidence**
**That Violates Petitioner's Protections Under the Attorney-Client**
**Privilege, the Rules of Confidentiality, and the Duty of Loyalty**

Petitioner David Anthony Runyon, by and through undersigned counsel, hereby moves in limine to exclude any testimony or other evidence that violates protections guaranteed under the attorney-client privilege, rules of confidentiality, and the duty of loyalty. In support of his accompanying motion, Petitioner states the following:

**Procedural History**

On November 30, 2021, this Court entered an agreed protective order acknowledging that "David Runyon ha[d] waived the attorney-client privilege *limited to the ineffective assistance of counsel claim which is the subject of the Fourth Circuit Court of Appeals opinion dated February 12, 2021, and Claim 6 of Runyon's § 2255 Motion.*" Agreed Protective Order at 1, ECF No. 652 (Nov. 30, 2021) (emphasis added). The Court's order therefore required that documents be "redacted if they address other aspects of counsel's representation of the Petitioner that are not necessary for resolution of the Petitioner's claims about counsel's conduct." *Id.*

1

The government then moved to permit trial counsel to respond to Runyon's ineffective assistance of counsel claims, acknowledging that "the United States understands that the waiver of any privilege is not limitless and relates to the communications that are [the] subject of the particular claim of ineffective assistance and to the Section 2255 proceedings," and assuring the Court that "[t]he inquiry made by the United States will focus on a response to Claim 6 of the Section 2255 motion, where the defendant has challenged his counsel's conduct." United States' Mot. Permit Trial Counsel Respond to Pet'r's Ineffective Assistance of Counsel Claims Filed Pursuant to Title 28 U.S.C. § 2255 at 5, ECF No. 658 (Jan. 28, 2022). Runyon responded to the government's motion, asserting that the government's proposed order was "vague, overbroad, and ambiguous," and requesting that the Court instead enter an order setting "further parameters to limit Respondent's inquiries to the scope of Mr. Runyon's narrow waiver of attorney-client privilege and provide for procedures . . . to ensure any disclosures are consistent with Mr. Runyon's constitutional and statutory rights and trial counsel's ethical responsibilities." Pet'r's Resp. Respondent's Mot. Permit Trial Counsel Respond to Pet'r's Ineffective Assistance of Counsel Claims at 1, ECF No. 660 (Feb. 11, 2022). The Court entered the government's proposed order without including the additional protections requested by Runyon. Order Permitting and Directing Former Trial Counsel Respond to Pet'r's Claims in Section 2255 Mot., ECF No. 666 (Mar. 8, 2022).

On March 21, 2022, Runyon moved for an "order directing opposing counsel to include habeas counsel at the interview of trial counsel for the purpose of protecting Petitioner's rights and maintaining the narrow scope of the waiver of the attorney-client privilege." Pet'r's First Mot. Discovery and to Protect Pet'r's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, and Consolidated Mem. of Law at 2, ECF No. 670 (Mar. 21, 2022). The

government responded on April 4, 2022, indicating that government counsel had interviewed trial counsel on March 29, 2022, while Petitioner's motion for counsel to be present at the interviews was pending before the Court. Resp. of United States to Pet'r's First Mot. for Discovery and to Potect [sic] Pet'r's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, and Consolidated Mem. of Law at 6 n.1, ECF No. 672 (Apr. 4, 2022). Runyon replied, requesting that the government "disclose the substance of the conversations, including any notes and written documents or emails surrounding the meetings with each trial attorney." Pet'r's Reply to Resp. of United States to Pet'r's First Mot. for Discovery and to Protect Pet'r's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, and Consolidated Mem. of Law at 2, ECF No. 673 (Apr. 11, 2022). The government disclosed one set of typed notes from each interview with trial counsel on June 15, 2022. *See* 7/20/2022 Hearing Tr. at 6, ECF No. 686 (Aug. 4, 2022).

Without ever seeing those notes, the Court entered a memorandum order indicating that the restrictions Runyon had requested "were not necessary to preserve Petitioner's rights," because "Petitioner's trial counsel, who are both experienced attorneys in this court and the courts of Virginia, were capable of tailoring their responses to the United States' questioning to comply with their ethical obligations to their former client, as well as to a challenge of their ineffective assistance of counsel," and because "[t]he interview order was appropriately tailored to communications concerning [Claim Six], permitting and directing trial counsel to respond to inquiries concerning Petitioner's Claim Six in his § 2255 petition – not every aspect of his trial defense strategy." Mem. Order at 8–9, ECF No. 685 (July 28, 2022).

**Argument**

As both this Court, *id.* at 9, and the government, United States' Mot. Permit Trial Counsel Respond to Pet'r's Ineffective Assistance of Counsel Claims Filed Pursuant to Title 28 U.S.C. § 2255 at 5, ECF No. 658 (Jan. 28, 2022), have acknowledged, Runyon's waiver of his rights to the attorney-client privilege and confidentiality is limited in scope. *See, e.g.*, *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc); *cf. United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (approving of a "narrow waiver rule (quoting *Bittaker*, 331 F.3d at 722–23)). Runyon has waived his rights only with respect to information that is necessary to prove or disprove his claim of ineffective assistance of counsel that is before the Court. *See* Va. R. Prof. Conduct 1.6(b) (stating that a lawyer may reveal information protected by attorney-client privilege only "[t]o the extent a lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client"); *see also* E.D. Va. Crim. R. 57.4(I) (providing that the Virginia Rules of Professional Conduct govern "ethical standards relating to the practice of law" in this Court); E.D. Va. Civ. R. 83.1(I) (same); Mem. Order at 8 (acknowledging that trial counsel are "bound by the Virginia Rules of Professional Conduct"). The claim that has been remanded to this Court is a claim "that [Mr. Runyon's] counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness . . . ." *See United States v. Runyon*, 994 F.3d 192, 197 (4th Cir. 2020). Therefore, the scope of his waiver is limited to information that is "necessary" for resolution of that claim.

Runyon moves in limine to exclude any testimony from trial counsel or evidence that exceeds the scope of this limited waiver of the attorney-client privilege. This Court has already ordered that any documents containing such information be redacted, Agreed Protective Order at

1, ECF No. 652 (Nov. 30, 2021), and Runyon requests a similar order barring the government's use or presentation of any testimony or other evidence that violates the guaranteed protections under the attorney-client privilege and rules of confidentiality, and duty of loyalty. Such an order is necessary because the government's notes from its interviews with counsel demonstrate the government elicited, and counsel provided, information outside of the narrow scope of Runyon's waiver and of trial counsel's ethical obligations. Runyon's narrow waiver only extends to information related to the performance prong—information necessary for counsel to reveal to defend their conduct. To the extent counsel revealed privileged information relating only to *Strickland*'s prejudice prong, that was beyond the scope of Runyon's narrow waiver. Counsel improperly revealed what they alleged to be Runyon's opinions about the scope of the investigation, preferences as to calling particular witnesses, Runyon's own opinions on whether he had a mental illness, and the substance of communications with Runyon regarding whether Runyon desired to plead guilty or assert his right to a jury trial. This information is irrelevant to the issue for this remand: whether "counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness." *Runyon*, 994 F.3d at 197.

Counsel's duty to investigate existed regardless of Mr. Runyon's opinions. For example, even *if* Runyon was hesitant or "reluctant to cooperate," "[c]ounsel ha[d] the obligation to conduct a reasonable investigation." *Matthews v. Evatt*, 105 F.3d 907, 920 (4th Cir. 1997) (citing *Blanco v. Singletary*, 943 F.2d 1477, 1503 (11th Cir. 1991)). "[L]awyers may not 'blindly follow' [their clients'] commands [not to investigate]" because "the lawyer first must evaluate potential avenues and advise the client of those offering possible merit." *Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir. 1986). "This principle "especially holds true where a possible impairment prevents the client from exercising proper judgment . . . ." *Newland v. Hall*, 527 F.3d 1162, 1208 (11th Cir.

2008); *see also Thompson*, 787 F.2d at 1451–52. Further, the decision about "which witnesses to call is a classic tactical decision left to counsel . . . and it remains a decision for counsel even when the client disagrees." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). Counsel need not even consult with the client about such tactical decisions. *Id.* Therefore, evidence regarding issues such as Runyon's alleged opinions about the scope of the investigation, desires not to call a particular witness, Runyon's own opinion of his mental health, or Runyon's desire to assert his right to a jury trial on the issue of guilt or innocence is not relevant to the claim before this Court. Runyon's counsel even admitted as much in their interviews with the government, explaining that they did not rule out a mental health defense because of Runyon's alleged opinions and that had they found evidence of mental health issues, they would have put it on regardless. Any testimony or evidence on such matters should be excluded as both beyond the scope of Mr. Runyon's waiver (and consequently violative of his rights under the attorney-client privilege, the rules of confidentiality, and the duty of loyalty) and irrelevant to the proceedings presently before this Court.

Runyon's trial counsel also revealed to government counsel what Runyon's mother's opinion allegedly was regarding the death penalty. This constitutes "information gained in the professional relationship . . . the disclosure of which would . . . likely be detrimental to the client," Va. R. Prof. Conduct 1.6(a), and therefore should not have been revealed unless "necessary" to address Runyon's claim, Va. R. Prof. Conduct 1.6(b). This information has no bearing on whether or not counsel conducted a reasonable investigation into mitigating evidence of potential brain damage and potential mental illness. Nor is it relevant to counsel's strategy because counsel presented Runyon's mother as a witness regardless of her alleged opinion about the death penalty.

6

Therefore, it was not reasonably necessary for the resolution of Runyon's claim and counsel's disclosure of this information violated their duty of confidentiality and loyalty.

In light of the procedural background, and the information previously elicited by the government and revealed by counsel, it has become apparent that counsel is not only hostile to Runyon's interests but also not "capable of tailoring their responses to the United States' questioning to comply with their ethical obligations to their former client," Mem. Order at 8, ECF No. 685 (July 28, 2022). Therefore, an order in limine excluding evidence of the type described herein from introduction or consideration in these proceedings, as well as any other testimony or evidence beyond the scope of Mr. Runyon's waiver, is necessary to protect Mr. Runyon's rights.

## Conclusion

For the reasons stated above, petitioner David Runyon respectfully requests that the Court bar any testimony or evidence that exceeds the scope of Runyon's limited waiver of his rights under the attorney-client privilege, that violates his counsel's ethical obligations, or that is otherwise irrelevant to this proceeding, including, but not limited to: (1) evidence regarding Runyon's wishes as to the scope of the investigation, which witnesses should or should not be called, his own opinions on his mental health, and his desire to assert his right to a jury trial; and (2) Runyon's mother's opinion about the death penalty.

Respectfully Submitted,

/s/_____
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, Virginia 22906
(434) 817-2970
(434) 817-2972 (facsimile)
epeiffer@vcrrc.org

/s/_____
Dana C. Hansen Chavis (*pro hac vice*)
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, Tennessee 37929
(865) 637-7979
(865) 637-7999 (facsimile)
Dana_hansen@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I have electronically filed the foregoing Memorandum of Law in Support of Petitioner's Motion to Exclude Testimony or Evidence That Violates Petitioner's Protections Under the Attorney-Client Privilege, the Rules of Confidentiality, and the Duty of Loyalty with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org

9