**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **CAPITAL § 2255 PROCEEDINGS** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR WITNESS**
**TO TESTIFY BY VIDEO CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 43(a), Petitioner, DAVID ANTHONY RUNYON, moves this Court for an order permitting Dr. James Merikangas to testify at the upcoming evidentiary hearing "in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Good cause exists for permitting Dr. Merikangas to testify by contemporaneous video transmission, because he is under doctor's orders not to travel or testify in open court due to his compromised medical condition. Dr. Merikangas is eighty-three years old and exceptionally vulnerable to experiencing adverse outcomes were he to contract COVID-19.

Federal Rule of Civil Procedure 43(a) permits the Court to receive testimony by contemporaneous transmission from a different location, for good cause and in compelling circumstances. The 1996 Notes of the Advisory Committee on Rules explain that testimony by transmission from a different location may be warranted if the witness is unable to attend trial for reasons such as illness or accident and he is able to testify from a different location. This justification applies here.

Good cause exists for permitting Dr. Merikangas to testify remotely. His advanced age and underlying medical conditions make traveling amid the increased circulation of the new COVID-19 subvariant XBB.1.5 dangerous to his health and well-being. His doctor advises against travel and testifying in person. (Attachment A). Traveling to and testifying in person at the upcoming hearing would pose a significant risk to Dr. Merikangas's health. Witnesses for this hearing will travel to Norfolk, Virginia, from locations including Alaska, Georgia, Washington, Florida, Alabama, Oklahoma, Kansas, and New Jersey. Many of these witnesses will testify in court after lengthy air travel. Counsel will travel from Tennessee to attend the hearing. The Center for Disease Control and Prevention ("CDC") classifies much of eastern Virginia as having high or medium community levels of COVID-19. The COVID-19 subvariant XBB.1.5 is highly transmissible and able to evade traditional immune protections conferred by vaccines and prior exposures. *See, e.g.*, Ed Browne, *Why COVID's XBB.1.5 'Kraken' Variant Is So Contagious*, Scientific Am. (Jan. 10, 2023), https://www.scientificamerican.com/article/why-covids-xbb-1-5-kraken-variant-is-so-contagious/; John Hopkins University of Medicine Coronavirus Resource Center *, What You Need To Know About XBB.1.5, Omicron's Latest Variant* (Jan. 10, 2023).  It currently accounts for 49.1 percent of new COVID-19 cases.  *See* CDC COVID Data Tracker; *Omicron subvariant XBB.1.5 makes up nearly half of U.S. COVID cases-CDC* (Jan. 20, 2023), https://www.reuters.com/world/us/omicron-sub-variant-xbb15-accounts-nearly-half-us-covid-cases-cdc-2023-01-20/. Given Dr. Merikangas's age, underlying conditions, and the highly transmissible nature of COVID-19, and the currently prevalent subvariant XBB.1.5 in particular, his physician has determined that it is unsafe for Dr. Merikangas to travel to Virginia to appear in court in person. There is good cause for him to testify remotely.

Compelling circumstances also exist. Dr. Merikangas's testimony is necessary for Mr. Runyon to support both *Strickland* prongs regarding Claim 6, and will provide relevant evidence. Trial counsel retained Dr. Merikangas, a neuropsychiatrist, in Mr. Runyon's case, but failed to provide to him the 2009 MRI that the doctor ordered, and failed to follow up with him regarding a final opinion. When Dr. Merikangas finally reviewed the 2009 MRI in 2015 at habeas counsel's request, he identified hyperintensities that corroborate the fact that Mr. Runyon is brain-damaged. Dr. Merikangas's testimony is relevant to demonstrating Mr. Runyon was a brain-damaged individual at the time of the crime, and that trial counsel prematurely ended the mental health investigation. The United States Court of Appeals for the Fourth Circuit discussed Dr. Merikangas and the subject matter of his testimony to be presented at the evidentiary hearing. *United States v. Runyon*, 994 F.3d 192, 205–06 (4th Cir. 2020); *id.* at 208 ("Hudgins also had in hand a preliminary report from Dr. Merikangas flagging that Runyon 'suffer[ed] from delusions' and 'clearly ha[d] impaired executive functions suggestive of frontal lobe brain damage.' These red flags clearly pointed to potential mitigating evidence."). For these reasons, it is important to obtain Dr. Merikangas's testimony by any means possible.

Mr. Runyon requests that the Court permit Dr. Merikangas to testify remotely. Dr. Merikangas is familiar with Zoom, and is prepared to testify over Zoom or another contemporaneous transmission method the Court deems appropriate. Good cause and compelling circumstances support this request.

The government was asked for its position on this motion but did not respond.

In the alternative, and in lieu of Dr. Merikangas's live testimony by video, Mr. Runyon requests for the same reasons that the Court expand the record with the following reports and documents. *See* Rules Governing Section 2255 Cases in the United States District Courts, Rule 7.

1. Preliminary Report of James Merikangas, MD, dated August 5, 2009, (Attachment B, ECF No. 511-2 pp. 5–6).

2. Report of James Merikangas, MD, dated September 25, 2015, (Attachment C; ECF No. 511-2 pp. 1–4).

These documents were attached to Mr. Runyon's amended habeas petition, *see supra,* were considered by the Fourth Circuit on appeal of the denial of habeas relief, and are relevant to this Court's determination of counsel's effectiveness at the sentencing phase. If the Court disallows Dr. Merikangas's testimony by video then the record should be expanded to include these documents.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I have electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR WITNESS TO TESTIFY VIA VIDEO CONFERENCE AND ATTACHMENTS A-C** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org