**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| | ) | |
| David Anthony Runyon, | ) | |
|       Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **Capital § 2255 PROCEEDINGS** |
| | ) | |
| United States of America, | ) | HON. REBECCA BEACH SMITH |
|       Respondent. | ) | |
| | ) | |
| | ) | |

**Petitioner's Second Motion for Discovery
and Consolidated Memorandum of Law**

Petitioner David Runyon, by counsel, hereby moves for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 26 of the Federal Rules of Civil Procedure, Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), the Due Process Clause of the Fifth Amendment, and the Eighth Amendment. In this Motion, Runyon asks for the production of materials relating to Dr. Daniel Martell, materials related to the government's meeting(s) with trial counsel, and an updated witness and exhibit list. The following Memorandum shows that Petitioner should be allowed the requested discovery.

**PROCEDURAL HISTORY**

On December 23, 2020, the United States Court of Appeals for the Fourth Circuit remanded this case "in order to further develop the evidence regarding counsel's mitigation investigation." *United States v. Runyon*, 994 F.3d 192, 216 (4th Cir. 2020) (Gregory, J., concurring in part and dissenting in part). The Court found that the "record remain[ed] unclear" and "the relevant evidence [was] murky." *Runyon*, 994 F.3d at 208.

1

On March 21, 2022, Runyon filed his first discovery motion, requesting: (1) records of communication between the prosecution team and the prosecution's mental health experts; (2) depositions and subpoenas duces tecum for the government's mental health experts; and (3) for habeas counsel to be physically present at the government's interviews with trial counsel. *See* Pet'r's First Mot. for Discovery and to Protect Pet'r's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, and Consolidated Mem. of Law, ECF No. 670 (Mar. 21, 2022). While that motion was pending, the government met with Runyon's trial counsel outside of habeas counsel's presence, so Runyon amended his request to ask for disclosure of the substance of the conversations with trial counsel, including notes, written documents, and emails surrounding the meetings. *See* Pet'r's Reply to Resp. to Pet'r's First Mot. for Discovery and to Protect Pet'r's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, and Consolidated Mem. of Law, at 9, ECF No. 673 (Apr. 11, 2022). The government voluntarily turned over items relating to the first request, as well as two "Reports of Investigation" in response to the third request, and the Court denied the remainder of Runyon's request. *See* Mem. Order at 11, 20, ECF No. 685 (July 28, 2022). Petitioner now files his second discovery motion.

## LEGAL STANDARD

A habeas corpus petitioner is entitled to discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts if he can establish "good cause" for his request. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). A petitioner establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *see also* Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts.

When a habeas petitioner has shown good cause for discovery (i.e., he has shown that the requested discovery will assist in proving the facts pled, which in turn would entitle him to relief), discovery must be allowed: "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 909 (quoting *Harris*, 394 U.S. at 299).

"Good cause" for discovery exists when: (1) the petitioner makes credible allegations of a constitutional violation; and (2) the requested discovery will enable the petitioner to investigate and prosecute his claims. *See Bracy*, 520 U.S. at 908–09. In *Bracy*, the Supreme Court noted the petitioner's allegations were "only a theory at this point," and "not supported by any solid evidence[.]" *Id.* at 908. The allegations, however, were specific enough to establish good cause for factual development even if the petitioner ultimately would "be unable to obtain evidence sufficient" for actual relief. *Id.* at 909. A sufficient showing of good cause, as required by Rule 6(a), therefore exists simply when a "petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) (citing *Harris*, 394 U.S. at 300).

The Supreme Court in *Blackledge v. Allison*, described "specific factual allegations" as allegations which are not "vague [or] conclusory," "palpably incredible," nor "patently frivolous or false." 431 U.S. 63, 75–76 (1977) (internal quotation marks and citations omitted). As applied in the Fourth Circuit, a petitioner could satisfy Rule 6(a) by making a "plausible indication" that a discovery request "might demonstrate" an entitlement to relief. *See Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003). "More specifically, a petitioner must 'state what he hope[s] to find,'" and how the information will "'help him prosecute his [action].'" *Lenz v. True*, 370 F. Supp. 2d 446, 455 n.2 (W.D. Va. 2005) (quoting *Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (per curiam)). When good cause is established, discovery must be allowed. *Harris*, 394 U.S. at 299–

3

300; *see also id.* at 291 ("It is now established beyond the reach of reasonable dispute that the federal courts not only may grant evidentiary hearings to applicants, but must do so upon an appropriate showing."); *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991) ("A court should grant discovery in its discretion where there is 'good cause' why discovery should be allowed.").

The Fourth Circuit's opinion in this case conclusively establishes that Petitioner's claim makes credible allegations of a constitutional violation. *See Runyon*, 994 F.3d at 209 ("[W]e conclude that Runyon has made a colorable claim that his trial counsel's performance was objectively unreasonable and that the material facts necessary to resolve this issue are fairly in dispute."). By remanding for an evidentiary hearing, the Fourth Circuit determined Petitioner's allegations are not "so palpably incredible, so patently frivolous or false as to warrant summary dismissal," *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004) (quoting *Blackledge*, 431 U.S. at 76) (setting forth the legal standard for an evidentiary hearing). The query remaining is whether the requested discovery will enable Petitioner to investigate and prosecute his claims. For the reasons set forth below, Runyon submits that the discovery requested herein meets this standard.

### REQUESTED DISCOVERY

**A.    Reports, opinions, and notes from Dr. Daniel Martell, records of communications with Dr. Daniel Martell, and any favorable evidence relating to Dr. Daniel Martell**

On November 14, 2022, counsel for the government informed Runyon's counsel that it would be advisable to speak to the government's expert witness, Dr. Daniel Martell, as he was favorable to Runyon. Martell is a neuropsychologist who was retained by the government as a rebuttal expert for Runyon's capital trial. Martell was on the government's November 1, 2022, witness list for the upcoming evidentiary hearing, Exhibit List, ECF No. 699-1 (Nov. 1, 2022), but as a result of his favorable opinions as to Runyon's brain damage, the government released him as

an expert just this month, and he was recently retained as an expert witness for Runyon. Runyon requests any and all communications that the government had with Martell, from 2008 through the present, as well as any reports, notes, or other documents within the government's possession that reflect Martell's favorable opinion regarding Runyon's case and brain damage.

In light of the government's representations, the requested documents "may well contain favorable, material information," that would support Runyon's claim of brain damage. *See Dung The Pham v. Terhune*, 400 F.3d 740 (9th Cir. 2005) (finding "good cause" for discovery in a habeas case where the documents met this standard). This information is relevant particularly to the prejudice prong of Runyon's *Strickland* claim, and there is therefore good cause for this discovery. *See* Mem. Order at 14, ECF No. 685 (July 28, 2022) (finding that "any discovery requested must bear on an aspect of the two-pronged *Strickland* inquiry"); *see also Bracy*, 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 299).

Further, this discovery is requested pursuant to the government's duty to disclose favorable information. Because § 2255 proceedings are "a continuing part of the criminal proceeding," Rule 6, Rules Governing Section 2255 Cases in the United States District Courts, advisory committee's note,[1] the government has an "ongoing" duty to disclose favorable evidence in its possession, such as that relating to Martell. *Carter v. Bigelow*, 787 F.3d 1269 (10th Cir. 2015) (citing *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997)); *High v. Head*, 209 F.3d 1257, 1265 n.8 (11th Cir. 2001) (finding that the duty to disclose favorable evidence is "ongoing" including "throughout habeas proceedings" (quoting *Thompson v. Calderon*, 151 F.3d 918, 935 n.12 (9th Cir. 1998) (Reinhardt, J., concurring and dissenting))); *Steidl v. Fermon*, 494 F.3d 623, 629 (7th Cir. 2007); *United States v. Le*, 306 F. Supp. 2d 589, 592 n.4 (E.D. Va. 2004) (quoting *Smith*, 115 F.3d at

---

[1] This case is also docketed as a criminal case.

820). The government's representations to Runyon indicate that Martell provided information to the government that was favorable to Runyon, and Runyon now requests that this Court order the government to comply with its duties and disclose that evidence.

**B.    Contemporaneous notes of the interviews with Runyon's trial counsel and any communications, notes, or statements of subsequent conversations with trial counsel**

On March 29, 2022, counsel for the government interviewed Runyon's trial counsel outside of Runyon's presence. Resp. of the United States to Pet'r's First Mot. for Discovery and to Potect [sic] Pet'r's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, and Consolidated Mem. of Law at 6 n.1, ECF No. 672 (Apr. 4, 2022). The government disclosed "Reports of Investigation" from the interviews with trial counsel on June 15, 2022. *See* 7/20/2022 Hearing Tr. at 6, ECF No. 686 (Aug. 4, 2022). These Reports of Investigation contained typed summaries of the interviews with trial counsel. At least five people were present at the interviews of counsel Stephen Hudgins and Larry Woodward: AUSA Brian Samuels, AUSA Lisa McKeel, Criminal Paralegal Margaret Jahn, DOJ Attorney Carrie Ward, and ATF Special Agent Anthony Ambrose. Runyon now requests any contemporaneous notes from those interviews (whether handwritten or typed), as well as any records of communications between the government and Runyon's trial counsel, including notes, summaries, or otherwise documented statements from any meetings, and emails or other written documents surrounding these meetings.

The Reports of Investigation that have been provided to Runyon include statements made by trial counsel that are inconsistent with other statements counsel have made, including their sworn declarations, as well as with documentary evidence. The additional requested discovery will provide more details as to what counsel said at those interviews and any subsequent interviews, as well as information about how these statements came to be. In light of trial counsel's statements in the Reports of Investigation, these documents would likely include additional information

impeaching trial counsel's credibility. Given that the Fourth Circuit remanded this case to determine whether counsel's choices were strategic, *see Runyon*, 994 F.3d at 208, trial counsel's credibility will certainly bear on the performance prong of Runyon's *Strickland* claim, and materials related to their credibility are therefore discoverable, especially because trial counsel is scheduled to testify at the upcoming evidentiary hearing, *cf. Fudge v. Broomfield*, No. 2:95-cv-05369, 2021 U.S. Dist. LEXIS 259866, at *11 (C.D. Cal. Dec. 8, 2021) (finding no good cause for discovery of a witness's recorded prior statement where that witness was not testifying at the evidentiary hearing).

Disclosure of these documents is also necessary to protect Runyon's right to attorney-client privilege and to enforce the guarantees of confidentiality and loyalty. This Court has recognized that Runyon's waiver of attorney-client privilege is "limited," and has issued a protective order requiring that "[o]utside of this § 2255 proceeding, the United States is prohibited from otherwise using the . . . information, and documents possessed by Petitioner's former counsel, without further order of a court of competent jurisdiction or a written waiver by the Petitioner." Agreed Protective Order at 1–2, ECF No. 652 (Nov. 30, 2021). That Order can only be enforced if Runyon is made aware of what "information and documents" the government obtained from Runyon's trial counsel.

## C.    An updated witness and exhibit list

Pursuant to this Court's order, Runyon and the government each disclosed a witness and exhibit list on November 1, 2022. Since that time, it appears the government's witness list has changed. On January 20, 2023, the government disclosed to Runyon a final report, curriculum vitae, and case list from a doctor who was not on the government's witness list from November. The government has also subpoenaed three unknown witnesses for the evidentiary hearing. *See* ECF Nos. 723, 724. In light of the fact that no scheduling order has been entered requiring further

disclosures, *see* Notice of Joint Proposed Scheduling Order, ECF No. 707 (Nov. 17, 2022) (pending), Runyon requests an order directing the parties to file final witness and exhibit lists by January 31, 2023, one week before the beginning of the evidentiary hearing.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Nancy Hernandez
   Nancy Hernandez
   Paralegal, Capital Habeas Unit
   nancy_hernandez@fd.org

9