**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **CAPITAL §2255 PROCEEDINGS** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |

### Memorandum of Law in Support of Motion
### Requesting Early Production of Jencks Material

Petitioner has moved under 18 U.S.C. § 3500, the Due Process Clause of the Fifth Amendment, and the Eighth Amendment, for this Court to order that the government provide Jencks materials by February 2, 2023, five days before the evidentiary hearing begins. This includes any and all prior statements of government witnesses as defined in 18 U.S.C. § 3500. In support of his motion, Petitioner states the following.

### Procedural History

On November 17, 2022, the parties filed a Joint Proposed Scheduling Order. ECF No. 707. This Order included a proposed deadline of January 6, 2023, for the disclosure of any Jencks material. *See id.* at 1. This Court did not enter the proposed scheduling order, and there is no scheduling order in this case. The parties subsequently agreed on a schedule for disclosures via email, which included a deadline of January 3, 2023, for expert disclosures and Jencks materials from the government. Petitioner did not receive anything from the government on January 3, 2023, and since then has received only a draft expert report from Dr. Geoffrey Aguirre on January 6, 2023, and a final expert report from Aguirre on January 20, 2023.

1

**Argument**

Due to the nature, complexity, and seriousness of this case, it is essential that the Petitioner has sufficient time to be adequately prepared for trial. To be adequately prepared, the Petitioner must have Jencks material in advance of trial so that counsel will have time to review the statements, to potentially investigate various aspects of the statements, and to prepare to cross-examine the witness related to each statement.

Disclosure of Jencks materials in advance of trial promotes judicial economy. It also promotes fundamental fairness in allowing the defense to be as prepared as possible when defending cases at trial. As the Sixth Circuit has noted:

> While technically the government may withhold Jencks Act material until the conclusion of the direct examination of a witness, the better practice - and that followed in most federal courts today - is for the government to produce such material well in advance of trial so that defense counsel may have an adequate opportunity to examine that which is not in dispute and the court may examine the rest in camera, usually in chambers. This avoids the inevitable delay of the trial when the material is withheld until the witness concludes his direct examination.

*United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992).

Courts in this district, in recognition of the benefits of advance disclosure of Jencks Act materials, have ordered that they be disclosed prior to trial. *See, e.g.*, *United States v. Tsoa*, No. 1:13cr137, 2013 U.S. Dist. LEXIS 89159, at *21–22 (E.D. Va. June 25, 2013) (ordering that Jencks materials be provided fourteen days prior to trial in response to the defendant's claim that additional time was "necessary to fairly review and investigate the issues that may arise from such materials"); *United States v. Armed Muse Salad*, No. 2:11cr34, 2012 U.S. Dist. LEXIS 199391, at *2 (E.D. Va. Nov. 19, 2012) (noting that the court entered an agreed discovery order requiring that Jencks materials be produced at least ten days before trial); *United States v. Soza*, No. 1:12-CR-

278, 2012 U.S. Dist. LEXIS 105412, at *5–6 (E.D. Va. July 20, 2012) (ordering, with agreement from the government, that Jencks materials be produced no later than five days before trial).

The Petitioner respectfully submits that in light of the volume of material in this case, as well as a the complexity of the scientific and medical information at issue, early disclosure of Jencks material is appropriate. Therefore, Runyon requests this Court to Order the Government to provide all Jencks materials in this case by February 2, 2023.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org