**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| | ) | |
| David Anthony Runyon, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **Capital § 2255 PROCEEDINGS** |
| | ) | |
| United States of America, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |
| | ) | |

### Reply in Support of Petitioner's Motion to Exclude Testimony or Evidence That Violates Petitioner's Protections Under the Attorney-Client Privilege, the Rules of Confidentiality, and the Duty of Loyalty

Petitioner's Motion to Exclude Testimony or Evidence That Violates Petitioner's Protections Under the Attorney-Client Privilege, the Rules of Confidentiality, and the Duty of Loyalty, ECF Nos. 731, 732, was filed on January 23, 2023. Though the government now implies that this filing was out of time, *see* Resp. of United States to Pet'r's Mot. to Exclude Testimony or Evidence that Violates Pet'r's Protections Under Attorney-Client Privilege, Rules of Confidentiality, and Duty of Loyalty, at 5, ECF No. 740 [hereinafter Gov. Resp.], the Motion was filed by the deadline that counsel for both parties agreed upon for motions to exclude evidence. *See* Ex. A.[1]

The government concedes in its response that "trial counsel had a duty, *independent of the Petitioner's own wishes*, to conduct a reasonably diligent investigation into avenues of potential

---

[1] The government also claims that they "requested any materials from former trial counsel Jon Babineau and Dr. Evan Nelson related to Claim Six, including notes and billing records," but that "[t]o date, no interview notes or billing records have been provided from habeas counsel." Gov. Resp. at 4. Runyon's counsel has no memory of the government making this informal request, but in any event, Runyon has made every effort to provide the government with all information to which they are entitled.

mitigation." Gov. Resp. at 5 (emphasis added). Because this duty existed regardless of the Petitioner's own views, evidence regarding these alleged views is irrelevant to a determination of the reasonableness of counsel's investigation and should be barred from this proceeding.

The government argues that such evidence should be permitted because the reasonableness of counsel's investigation "is not the issue at bar" since "counsel did conduct a penalty phase investigation, utilizing the assistance of a mitigation specialist, an assigned investigator, at least four mental health experts, and capital resource counsel." *Id.* This is plainly inconsistent with the mandate of the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit remanded this case for a hearing to determine "whether [Mr. Runyon's] counsel was constitutionally ineffective in *failing to investigate* mitigating evidence of brain injury and potential mental illness." *See United States v. Runyon*, 994 F.3d 192, 197 (4th Cir. 2020) (emphasis added). The reasonableness of counsel's investigation is precisely the "issue at bar" in these proceedings, notwithstanding the government's premature and conclusory arguments that the investigation was adequate. And, the government's argument that counsel's investigation must be reasonable merely because they made some efforts is inconsistent with the law. "[C]ounsel's effort to present some mitigation evidence" does not "foreclose an inquiry into whether a facially deficient mitigation investigation might have prejudiced the defendant" or constituted unreasonable performance. *Sears v. Upton*, 561 U.S. 945, 954–56 (2010); *see also Rompilla v. Beard*, 545 U.S. 374, 381–82 (2005) (finding that counsel's investigation was unreasonable even though "this [wa]s not a case in which defense counsel simply ignored their obligation to find mitigating evidence, and their workload as busy public defenders did not keep them from making a number of efforts, including interviews with Rompilla and some members of his family, and examinations of reports by three mental health experts who gave opinions at the guilt phase"); *id.* at 388–89 (rejecting the state's

argument that "defense counsel's efforts to find mitigating evidence by other means excused them from [what they unreasonably failed to investigate]").

The government notes that Runyon's claim involves both the failure to investigate and the failure to present mitigating evidence, arguing that it therefore requires a determination as to whether counsel's "strategy was reasonable." Gov. Resp. at 6. However, counsel's choices may be granted deference only insofar as they result from "thorough investigation of law and facts relevant to plausible options." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 691; *see also Correll v. Ryan*, 539 F.3d 938, 949 (9th Cir. 2008) ("An uninformed strategy is not a reasoned strategy. It is, in fact, no strategy at all."). Therefore, even to determine the reasonableness of counsel's purportedly "strategic" choice not to present mitigating evidence, this Court must look to the reasonableness of counsel's investigation—to which the Petitioner's views are irrelevant.

To the extent that the failure to present the mitigating evidence in counsel's possession can be separated from the failure to perform a reasonable investigation, Runyon's general alleged opinions regarding trial strategy, the scope of investigation, and the decision to plead not guilty and exercise his constitutional right to a jury trial at the guilt phase are also not relevant. Trial counsel expressed what they alleged to be Runyon's general views and opinions regarding trial strategy. This is plainly not relevant to the question of whether counsel's failure to investigate and present evidence was reasonable. Runyon could not have been fully advised on the advantages and disadvantages of presenting specific available evidence because of counsel's inadequate investigation. *See, e.g.*, *Williams v. Woodford*, 384 F.3d 567, 622 (9th Cir. 2002) (finding that an adequate investigation is necessary regardless of the client's alleged wishes so that counsel can

"advise the defendant of the potential consequences of failing to introduce mitigating evidence, thereby assuring that the defendant's decision regarding such evidence is informed and knowing").

As the government points out, trial counsel has made clear that Runyon's alleged views did not impact their decisions at all and would not have impacted their decisions had they had additional evidence, *see* Gov. Resp. at 5. Fourth Circuit caselaw makes clear that the decision about whether to present witnesses and evidence is "a classic tactical decision left to counsel . . . and it remains a decision for counsel even when the client disagrees." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). The government wrongly claims that evidence of the Petitioner's wishes is relevant because "the views of a client . . . must be considered by counsel." Gov. Resp. at 6. This is inaccurate. Decisions about which "witnesses to call" and "arguments to advance," "do not require client consent," *McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018) (quoting *Gonzalez v. United States*, 553 U.S. 242, 249 (2008)),[2] and "counsel need not consult with the client about [such] matter[s]," *Chapman*, 593 F.3d at 369. Therefore, such evidence is not relevant to an assessment of counsel's performance[3] and should not be considered in this proceeding.

---

[2] The government's claim that the Court in *McCoy* "found error when counsel . . . conceded guilt during the penalty phase of his trial" is incorrect. Gov. Resp. at 8 n.1 (citing *McCoy*, 138 S. Ct. at 1503). Because the Court in *McCoy* found that counsel's admission of guilt in the guilt phase over the client's objection was error, it made no finding about counsel's conduct in the penalty phase. Further, whether or not counsel should have conceded guilt is not the issue in this case.

[3] The government appears to argue that Runyon's waiver of attorney-client privilege extends to information "reasonably necessary" to resolve the prejudice prong of his ineffective assistance of counsel claim. However, the "self-defense exception" to attorney-client privilege and the duty of confidentiality, ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 456 (2010), under Virginia State Bar Guideline 1.6(b)(5) exists in order to allow an attorney to "respond to the extent . . . necessary to establish a defense" to an allegation of "complicity . . . or other misconduct of the lawyer involving representation of the client." Virginia State Bar Guideline 1.6(b)(5), cmt. A finding that although an attorney performed deficiently, the client was not prejudiced, cannot be said to be a "defense" for the lawyer, and therefore is not within the scope of Runyon's narrow waiver of the attorney-client privilege.

The government also misrepresents the case of *United States v. Davis*, 285 F.3d 378, 384–85 (5th Cir. 2002), as concluding that a defendant's penalty phase strategy, "attack[ing] the strength of the government's case as to his guilt" was in direct conflict with his counsel's aim to present traditional mitigation evidence. What the government omits is that the defendant in *Davis* had waived his right to counsel and was acting *pro se* but the trial court nevertheless appointed "independent counsel" to present traditional mitigation evidence during the penalty phase, which was against the defendant's wishes and chosen penalty phase strategy as a *pro se* defendant. *Id.* The conflict in *Davis* was more fundamental: it was about "Davis's self-representation right," *id.* at 384.

The government argues that counsel should be allowed to testify regarding Runyon's communications with them about his own beliefs about his mental health and his desire to plead not guilty because these "denials would have come out in the course of any mental health evidence . . . since his experts relied upon Petitioner's own assertions about the nature of the case . . . in reaching their findings." Gov. Resp. at 7. But these statements are only relevant insofar as they are contained in the expert reports that counsel had and declined to present. Trial counsel need not testify to additional communications with their client regarding these issues, as these communications would not have come out at trial.

Finally, the government argues that Runyon's mother's opinion about the death penalty is relevant to Runyon's claim about counsel's failure to present evidence of brain damage and mental health issues because it "evidence[s] the scope of counsel's investigation," and shows "how it impacted their risk assessment of using potentially antagonistic witnesses." Gov. Resp. at 7. Had counsel not called Runyon's mother, her opinion on the death penalty could be relevant to explain that decision, but counsel *did* call her. The government does not explain how her opinion about

the death penalty is "reasonably necessary" to respond to Runyon's claim, which discusses his mother in arguing that: (1) counsel should have conducted a reasonable investigation based on the contents of her medical records, Am. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, at 54, ECF No. 511; and (2) counsel should have elicited additional testimony from her relating to the family violence mitigating factor, *id.* at 59.

The government also repeatedly misrepresents the relief Runyon has requested. Contrary to the government's assertions, Runyon has not moved to exclude testimony from trial counsel as to the circumstances of their interviews with habeas counsel. As this information does not involve communications with Runyon or "information gained in the professional relationship" with Runyon, Virginia State Bar Guideline 1.6(a), it is not covered by attorney-client privilege or the duty of confidentiality. The government also claims that the granting of this motion would "wall[] the United States from an effective investigation," Gov. Resp. at 11, but Runyon's requested relief would not impact their *investigation*, as they have already conducted these interviews and obtained this information. It would only dictate what evidence may or may not be elicited at the hearing. Runyon's Motion merely seeks to prevent the government from presenting irrelevant information that violates his right to attorney-client privilege and the duties of confidentiality and loyalty. This information includes, as far as Runyon is currently aware:[4] Runyon's opinions and views on trial strategy and the scope of the investigation; his opinions and views on his own mental health,

---

[4] The government has met with counsel Woodward and Hudgins no less than once more and has yet to update its disclosures by providing their notes from those meetings. Runyon's request for these documents is pending before the Court. *See* Pet'r's Second Mot. for Discovery and Consolidated Mem. of Law, at 6–7, ECF No. 737.

discussions relating to his choice to plead not guilty; and his mother's opinion on the death penalty.

Runyon therefore requests that his motion be granted.[5]

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

---

[5] The government also uses its response brief to move for discovery of any statements within the scope of Rule 8(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* Gov. Resp. at 5. However, Runyon has already provided the government with all statements of trial counsel as defined in Fed. R. Crim. P. 26.2(f).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, I have electronically filed the foregoing **Reply to Response to Motion to Exclude** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
 Nancy Hernandez
 Paralegal, Capital Habeas Unit
 nancy_hernandez@fd.org