**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| vs. | ) | **CAPITAL § 2255 PROCEEDINGS** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |
| | ) | |

**MOTION TO EXPAND THE RECORD AND SUPPORTING MEMORANDUM**

Petitioner, DAVID ANTHONY RUNYON, moves this Court for an order permitting him to expand the record by submitting additional evidence by document, declaration, affidavit, or exhibit. *See* U.S.C. § 2255 Proc. R. 7. Mr. Runyon moves to expand the record with several documents that are relevant to his claim that his counsel were constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness. The documents include the following:

- Prior written statements and reports of Neuropsychologist Allan Mirsky;

- Dr. Richard Dudley's 2015 psychiatric evaluation of Mr. Runyon;

- Co-defendant Catherina Voss's sworn statement;

- Trial prosecution witness Captain Jeffrey Harris's sworn statement; and

- Attorney Woodward's 2015 sworn statement.

As described in the following supporting legal memorandum, *see* Local Rule 7(F)(1), these documents are all relevant to the claim before the Court, and are appropriate for inclusion in the record pursuant to Rule 7.

**Argument**

This Court should expand the record for this hearing to include as substantive evidence for the upcoming hearing several documents that are relevant to the ineffective assistance of counsel claim before the Court. Most of the documents were exhibits to Mr. Runyon's 28 U.S.C. § 2255 motion, and were considered by the Fourth Circuit on appeal. As the government has already acknowledged, "the Court may consider additional exhibits and information already in the record." Notice, at 2, ECF No. 699. Expansion of the record is therefore warranted.

Rule 7 of the Rules Governing Section 2255 Proceedings grants this Court the authority and flexibility to receive documentary evidence relevant to Mr. Runyon's ineffective assistance of counsel claim. Types of evidence contemplated by Rule 7 include documents, exhibits, answers to interrogatories, and affidavits. *See* 28 U.S.C. § 2255 Proc. R. 7(b). The United States Court of Appeals for the Fourth Circuit has found visitor and mail records are also appropriate for consideration under Rule 7. *Raines v. United States,* 423 F.2d 526, 530 n.2 (4th Cir. 1970) (citing *Machibroda v. United States,* 368 U.S. 487, 495 (1962)); *see also Harris v. Nelson,* 394 U.S. 286, 299–300 (1969) (holding that this Court has the flexibility to take live testimony as well as consider documentary evidence). The Advisory Committee Notes accompanying the adoption of Rule 7 note an "expanded record may also be helpful when an evidentiary hearing is ordered."[1]

The following documents are relevant to Mr. Runyon's claim that trial counsel ineffectively failed to investigate and present evidence of Mr. Runyon's brain injury and mental

---

[1] The Notes accompanying the Rules Governing Section 2255 Proceedings direct the reader to the Advisory Committee Note to Rule 7 of the § 2254 rules for a full discussion of the reasons for expanding the record.

illness. They fall within the purview of evidence contemplated as appropriate to expand the record under Rule 7. This Court should expand the record to include these documents.

1.    **Documents related to Neuropsychologist Allan Mirsky, PhD:**

The following documents elucidate Dr. Mirsky's role in Mr. Runyon's case, and reveal trial counsel abruptly terminated the sentencing investigation, even though there were red flags that compelling mitigating evidence existed. Many of the following documents are referred to and quoted by the Fourth Circuit in its opinion remanding this case for an evidentiary hearing. *See, e.g.*, *United States v. Runyon*, 994 F.3d 192, 205, 206, 208 (4th Cir. 2020).

Dr. Nelson, a psychologist, advised sentencing counsel to have Mr. Runyon assessed by an expert in neurology. Sentencing counsel hired Dr. Allan Mirsky, a neuropsychologist who has experience assessing and treating men who have served in the military. *See* Mirsky c.v., ECF No. 206. Dr. Mirsky administered neuropsychological testing that revealed neurological deficits indicating that Mr. Runyon suffered brain damage. Dr. Mirsky urged sentencing counsel that additional imaging could be helpful to inform a final diagnosis. He also advised counsel it would be helpful to have results of additional psychological and neuropsychological testing, including the MMPI. In 2015, when habeas counsel asked Dr. Mirsky to complete his work, Dr. Mirsky confirmed the brain damage diagnosis. Dr. Mirsky also administered the MMPI-2, which revealed Mr. Runyon likely suffers a delusional disorder.

Dr. Mirsky will be ninety-four years of age at the time of the evidentiary hearing. He is medically unable to travel to court in Norfolk, Virginia, and to testify. Undersigned counsel have requested a supporting doctor's statement from Dr. Mirsky however Dr. Mirsky's capacity to obtain such documentation and forward it to counsel is unclear. To date, counsel have not received a note from Dr. Mirsky's physician.

a.    **2009.07.02 Dr. Mirsky Fax to Sentencing Counsel Hudgins:**

In this fax, Dr. Mirsky explained to Sentencing Counsel Hudgins that he spent six hours testing Mr. Runyon, and that "it is clear from the data that there is strong evidence that he is suffering from a neurological disorder." Dr. Mirsky urged it is "essential" for Mr. Runyon to be evaluated by a neurologist and have the necessary tests administered to establish the nature of the disorder. (Attachment A) (ECF No. 511-20)

b.    **2009.07.20 Dr. Mirsky's Sealed Report**:

Dr. Mirsky's testing revealed neurological impairment indicating brain damage. He deferred a diagnosis until further testing was completed and until he received further information.[2] (Report of Dr. Allan Mirsky, 06/26/2009, pp. 5-6)

c.    **2009.07.23 Dr. Mirsky Email to Sentencing Counsel Hudgins:**

Sentencing Counsel Hudgins informed Dr. Mirsky that defense mental health reports would be due August 6, 2009. Dr. Mirsky responded that he was "firmly convinced" that Mr. Runyon suffered from the effects of blast injuries and motor vehicle accidents. He explained that impaired attention, quickness to anger, impulsivity, and dizziness are symptomatic of brain injury, and Mr. Runyon should be considered a "wounded warrior." (Attachment B) (ECF No. 511-21)

d.    **2009.08.05-07 Dr. Mirsky Emails to Sentencing Counsel Hudgins**:

These emails reflect that Mr. Runyon would undergo MRI and PET scans, and that Sentencing Counsel Hudgins would "file a supplement once we have the results of those tests." (Attachment C) (Ex 110 to Doc. 713). Dr. Mirsky answered this email, stating that he finds Mr. Runyon is impaired and this should be considered in sentencing. (Attachment C)

---

[2] The Report references the evaluation that occurred on June 29, 2009. It is not otherwise dated, but was filed under seal with the Court on July 20, 2009. *See* ECF No. 246 (sealed filing).

### e.    2009.09.18 Dr. Mirsky Letter to Sentencing Counsel Hudgins:

In this letter, Dr. Mirsky explained to sentencing counsel that Mr. Runyon's exposure to grenades exploding close to him, with at least one of these explosions causing unconsciousness, caused him to suffer blast injury. He explained this causes damage to "white matter tracts, which serve the vital function of connecting various cortical areas." At a minimum, Mr. Runyon would qualify for a diagnosis of "mild traumatic brain injury, in the presence of a normal MRI." Dr. Mirsky also noted neuropsychological testing showed Mr. Runyon performed in the very impaired range on tests of sustained attention, which can be symptomatic of mTBI, as well as PTSD. (Attachment D) (ECF No. 511-22).

### f.    2015.08.28 Neuropsychological Evaluation Report by Dr. Mirsky:

At the request of habeas counsel, Dr. Mirsky assessed Mr. Runyon in 2015 by administering a battery of neuropsychological tests and administering the MMPI-2. Dr. Mirsky opined that Mr. Runyon is brain-damaged, and suffers from psychosis, possibly schizophrenia. Dr. Mirsky noted Mr. Runyon has a genetic predisposition to mental illness and that the psychosis can be "released" by the cumulative effect of head injuries. (Attachment E) (ECF No. 511-35)

### 2.    2015.09.29 Report by Psychiatrist Richard Dudley, MD:

At the request of habeas counsel, Dr. Dudley assessed Mr. Runyon in 2015. Dr. Dudley reviewed numerous records, including school records, medical records, military records, and declarations of friends and family who knew Mr. Runyon. He also reviewed family medical records. Finally, he reviewed the mental health evaluations prepared in 2009 (pre-trial) and in 2015 during habeas proceedings. He found Mr. Runyon suffers from Posttraumatic Stress Disorder, Borderline Personality Disorder, Schizoaffective Disorder, Bipolar Type, and Neurocognitive

Disorder. (Attachment F). This is evidence of possible mental illness relevant to the ineffective assistance of counsel claim.

Dr. Dudley has retired from his forensic psychiatric practice. (Attachment G). He is unable to testify. His report is relevant to Mr. Runyon's claim that sentencing counsel was ineffective. This Court should expand the record to include this report.

3.      **2015.09.15 Sworn Statement of Catherina Voss:**

The record should be expanded to include the sworn statement of Catherina Voss. (Attachment H) (ECF No. 511-9). Ms. Voss declares that when she told Mr. Runyon about Mr. Voss "inappropriately touching" their children, Mr. Runyon started to cry. This statement is relevant to Mr. Runyon's brain damage and mental health. Jurors found as a mitigating factor that Mr. Runyon acted under the belief that Mr. Voss was molesting his children. Catherina Voss's statement would have allowed jurors to give this finding more weight, because it shows Mr. Runyon was distraught over the Voss children being molested.

Catherina Voss is currently incarcerated in a federal prison.

4.      **2016.01.13 Sworn Statement of Jeffrey Harris**:

Captain Jeffrey Harris of the Fayetteville, Georgia, police department testified for the prosecution about Mr. Runyon's service in law enforcement. Prior to trial, he was interviewed by a member of Mr. Runyon's defense team, and he told the investigator that Mr. Runyon had trouble retaining information. Mr. Runyon could not advance in the training session because he had to start from scratch almost every day. (Attachment I) (ECF No. 511-33). This is symptomatic of neurologic deficits and brain damage and it is relevant to the ineffective assistance of counsel claim. Mr. Runyon's counsel failed to elicit this evidence at trial, and allowed the government's aggravating evidence that Mr. Runyon was a competent police officer to go unchallenged.

Captain Harris is still employed full-time with the Fayetteville Police Department. He will acknowledge his signature on his declaration but he no longer has an independent recollection of the events described. His live testimony would consist solely of "recorded recollection" testimony under Federal Rule of Evidence 803(5).

5.   **2015.09.24 Sworn Statement of Guilt Phase Attorney Woodward:**

Attorney Woodward declared under the penalty of perjury that he was primarily responsible for the guilt phase of the case. When Attorney Babineau was on the case, Babineau was primarily responsible for the penalty phase. Then Attorney Hudgins replaced Babineau, and Hudgins "assumed the role of working on the mitigation portion of the case." Sentencing Phase Attorney Hudgins had primary contact with the experts and prepared the witnesses for the sentencing phase. (Attachment J) (ECF No. 511-6). Guilt Phase Attorney Woodward's sworn statement was presented to the Court along with Mr. Runyon's § 2255 petition. It is relevant to the ineffective assistance of counsel claim before the Court because it delineates the role he played in Runyon's case. Since Woodward was responsible for the guilt phase of the case and he was not responsible for the mitigation portion of the case, his live testimony is not relevant to this proceeding. The record should be expanded to include this sworn statement.

### Conclusion

Rule 7 of the Rules Governing Section 2255 Proceedings gives this Court the flexibility to expand the record to include documentary evidence. Evidence relevant to the merits of Mr. Runyon's claim that his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness should be included in the record. This is particularly so for experts who assessed Mr. Runyon at the time of trial, such as Dr. Mirsky, or at the time of the filing of the habeas petition, such as Dr. Dudley, but now—due to the passage of

time before the United States Court of Appeals remanded the case and required this Court to hold an evidentiary hearing regarding Mr. Runyon's Claim 6—are no longer able to testify at the hearing. The findings of Drs. Mirsky and Dudley and the declarations of lay witnesses are relevant to this Court's resolution of Mr. Runyon's claim. The Motion to Expand the Record should be granted.

The Government was asked for its position on this issue. It has not responded regarding the prior statements and reports of Drs. Mirsky and Dudley. It opposes the remainder of the requests in this motion.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, *pro hac vice*
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 02, 2023, I have electronically filed the foregoing **Motion and Memorandum** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
 Nancy Hernandez
 Paralegal, Capital Habeas Unit
 nancy_hernandez@fd.org