|  |  |
|---|---|
| David Anthony Runyon, ) | |
| Petitioner, ) | Original Criminal No. 4:08-cr-16-3 |
| ) | Original Civil No. 4:15-cv-108 |
| v. ) | **Capital § 2255 PROCEEDINGS** |
| ) | |
| United States of America, ) | HON. REBECCA BEACH SMITH |
| Respondent. ) | |

**Petitioner's Reply to the Government's Response to Petitioner's Motion to Exclude**
**Evidence Unrelated to the *Strickland* Inquiry**

**I.      The Government Misunderstands Mr. Runyon's Motion.**

The government fundamentally misunderstands Mr. Runyon's motion. He does not seek to preclude any and all rebuttal testimony. Rather, he seeks merely to prevent the government from introducing *new* evidence that is only appropriate for a resentencing proceeding—not a *Strickland* hearing. Dr. Aguirre's proposed testimony[1] falls outside the relevant scope and should be barred.

In its response, the government writes that Mr. Runyon has "filed a motion to prohibit the United States from presenting *any evidence in rebuttal*, a prohibition which 'may include, but is not limited to, the government's use of previously undeveloped or unavailable expert testimony to rebut the prejudice prong of the Petitioner's ineffective assistance of counsel claim.'" Doc. 742 at 3 (emphasis added) (quoting Doc. 730, at 1). This is not at all accurate. In fact, Mr. Runyon's motion very specifically requested the Court "exclude any evidence presented by the government

---

[1] The substance of his anticipated testimony is based on his report and statements made by the government in filings.

1

in rebuttal *that falls outside the scope of inquiry of Strickland v. Washington*." Doc. 730 at 1. This is an important distinction, one that this reply seeks to clarify.

As Mr. Runyon noted in his original motion, the proper *Strickland* prejudice inquiry must examine the effects of trial counsel's errors or omissions in light of the case actually presented, not a re-imagined one with newly presented government witnesses and evidence. The government, however, misconstrues the Fourth Circuit's remand. The "Court of Appeals noted that the record also precluded a determination that the Petitioner was prejudiced, which would require a court to consider and weigh the *mitigation evidence – both that adduced at trial and that adduced in the habeas proceedings – against the evidence in aggravation*." Doc. 742 at 3 (emphasis added). The Fourth Circuit is very specific in its language—the evidence to be "adduced in the habeas proceedings," *United States v. Runyon*, 994 F.3d 192, 209 (4th Cir. 2021) (quoting *Porter v. McCollum*, 558 U.S. 30, 41 (2009)), is *mitigation* evidence. The plain language of the Court of Appeals opinion makes clear that it is being precise in differentiating between two types of evidence. On one side, there is mitigation evidence, which includes both that brought out at trial *and* at the evidentiary hearing. This is to be weighed against the "evidence in aggravation." The clear implication of not including any mention of aggravation evidence being "adduced in the habeas proceedings," is that the Court of Appeals, following established Supreme Court precedent, did not believe it appropriate or relevant[2] for the government to be introducing any new aggravation evidence at an evidentiary hearing focused on the failings of defense counsel.

---

[2] The government uses the term "relevance" loosely. *See, e.g.*, Doc. 742 at 11. Relevance is a relative term and one must always ask "relevant to what?" The government seems to argue that Dr. Aguirre is relevant to its prosecution case as a whole. Even if that were true, it is not the question before this Court: Dr. Aguirre is clearly not relevant to a *Strickland* analysis that is before this Court on the remand from the Fourth Circuit.

As Mr. Runyon's initial pleading demonstrated, the government simply may not introduce hypothetical aggravation in rebuttal at this juncture. Mr. Runyon cited multiple cases supporting this proposition. The government's response fails to address a single one.

In one of those previously cited cases, *Hardy v. Chappell*, 849 F.3d 803 (9th Cir. 2016), the Ninth Circuit agreed with the state court that trial counsel was ineffective in investigating and presenting evidence that the state's key witness actually committed the murder. It disagreed, however, that petitioner suffered no prejudice, finding the state court's *Strickland* analysis flawed. *Id.* at 820. Importantly, the court emphasized that "*Strickland* does not permit the court to reimagine the entire trial." *Id.* Instead, it requires a court to "leave undisturbed the prosecution's case" and "only envision what [counsel] should have presented in [petitioner's] defense and determine how that would have altered the trial." *Id.* "In doing so, [the court] may not invent arguments the prosecution could have made if it had known its theory of the case would be disproved." *Id.* Habeas proceedings are not the venue for the prosecution to introduce new or hypothetical evidence to bolster its trial case. *See id.* at 824 ("Though we might assume the State would attempt to rehabilitate Boyd as a witness, we cannot simply presume it would have been successful in doing so. Nor can we presume the State would have altered the entire theory of its case in response or been successful doing so."). In short, the ineffective assistance of counsel inquiry requires contrasting the evidence in aggravation presented at trial with the mitigation evidence that would have been presented at trial by reasonably effective defense counsel.

In Mr. Runyon's case, there is a fundamental distinction between the government's proposed witnesses, Drs. Montalbano and Patterson, and Dr. Aguirre. Drs. Montalbano and Patterson, as the government notes, were *trial* witnesses whose "opinions were disseminated to trial counsel and considered in the decision to forego a mental health strategy during the penalty

phase proceeding." Doc. 742 at 9 (emphasis added). The same cannot be said of Dr. Aguirre. Instead, the government plans to "introduce Dr. Aguirre's report, curriculum vitae, and testimony regarding the inconsistencies in the Petitioners' [sic] collective expert reports and opinions, as well as provide context and qualitative assessment of the evidence, to include the 2009 brain scan imaging and companion radiology report, as well as the 2015 testing, evaluations, and expert reports." *Id.* at 9–10. Allowing Dr. Aguirre to testify to his opinions about the case would be to allow the government to "invent arguments," *Hardy*, 849 F.3d at 820, in aggravation and would be tantamount to conducting a full resentencing in disguise, without jurors.

The government openly admits that is what it is attempting to do. It describes Dr. Aguirre as "the first government expert" to opine on the brain scans and notes that, "had the imaging reports been produced to the United States at the time of the penalty phase, the United States *could have* retained an expert to review and discuss the significance – the same tasks Dr. Aguirre is performing currently." Doc. 742 at 13 n.3 (emphasis added). Dr. Aguirre's testimony is clearly hypothetical aggravation in rebuttal, suited not to a *Strickland* hearing but to a future resentencing.

The cases cited by the government underscore its misunderstanding. The government makes much of the language in *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015), where the court found that "additional *current* mental health evidence could have been offered by the government [in a 2255 proceeding] once Defendant opened the door to such evidence." *Barrett*, 797 F.3d at 1232. Quoted out of context, this appears to militate in favor of allowing Dr. Aguirre's new opinion evidence at the evidentiary hearing; however, a close reading of the case reveals the opposite is true. The "additional" mental health evidence mentioned by the Tenth Circuit in that case (and explained in the very next sentence) was an expert who had been hired by the trial prosecution team and who had "conducted a psychological evaluation of Defendant on behalf of

the government…" *Id*. That is, his testimony is not *hypothetical* rebuttal and could properly be considered at a *Strickland* hearing, just like that of Drs. Montalbano and Patterson. To compare him to Dr. Aguirre is inapposite.

The citation to *Wilson v. Trammel*, 706 F.3d 1286 (10th Cir. 2013), also fails to support the government's argument. That case (like the case it relies upon, *Wong v. Belmontes,* 558 U.S. 15 (2009)), acknowledges that a court must consider the prosecution's response to omitted evidence in reviewing a *Strickland* claim. However, this does not authorize a free-for-all where the government can present newly developed facts and witnesses. As those cases make clear, that language pertains to damaging or double-edged rebuttal that is inherent in the existing trial context. In *Belmontes*, for example, the trial prosecutors were prevented from introducing evidence of a collateral murder and the court found that part of the *Strickland* analysis was whether admission of newly discovered mitigation evidence would have allowed the jury to hear about the other murder. *Id*. at 26. Similarly in *Wilson*, the question was whether certain excluded evidence would have been admissible if the omitted mitigating evidence was presented. *Id.* at 1305. Neither case allowed the production and introduction of newly developed government evidence.

## II.     The Government's Other Arguments Are Also Unpersuasive.

In its response, the government points out that "[i]n a Section 2255 evidentiary hearing, the government has a right, on pain of possible forfeiture, to adduce evidence in rebuttal to the defendant's presentation. *See Smith v. Richert*, 35 F.3d 300, 305 (7th Cir. 1994) (citing *Boykins v. Wainwright*, 737 F.2d 1539, 1545–46 (11th Cir. 1984))." Doc. 742 at 11. These cases discuss whether the prosecution waived appellate arguments by failing to create a record in the district court. They have no bearing on the proper scope of a *Strickland* hearing. The fact that an argument

can be forfeited on appeal if not presented in a lower court does not mean that the government has free rein to present irrelevant and improper argument or evidence in this Court.

The government also suggests that Mr. Runyon is improperly relying on Rule 7 of the Rules Governing § 2254 Cases. Doc. 7742 at 11–12. Given that Rule 7 of the § 2255 Rules and Rule 7 of the § 2254 Rules are almost verbatim and that nothing in Rule 7 of either discusses the scope of a court's *Strickland* analysis, it is unclear how this argument applies to the instant proceeding.

Respectfully Submitted,

/s/Elizabeth J. Peiffer

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Elizabeth J. Peiffer