**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| | ) | |
| David Anthony Runyon, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **Capital § 2255 PROCEEDINGS** |
| | ) | |
| United States of America, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |
| | ) | |
| | ) | |

**Petitioner's Supplement to His Motion to Expand the Record**

Petitioner, DAVID ANTHONY RUNYON, files this pleading to supplement his previously filed Motion to Expand the Record, ECF No. 753, with new information. On February 2, 2023, Mr. Runyon moved this Court to expand the record by submitting additional evidence under Rule 7 of the Rules Governing Section 2255 Cases for the United States District Courts, including "prior written statements and reports of Neuropsychologist Allan Mirsky." ECF No. 753 at 1. As Mr. Runyon informed the Court, Dr. Mirsky was of an advanced age and medically unable to travel to testify at the hearing, and his testimony and reports are essential to Mr. Runyon's claim. *Id.* at 3. Mr. Runyon has now learned that unfortunately Dr. Mirsky passed away on February 3, 2023. Mr. Runyon has informed the government of this news, and solicited its position. Because Mr. Runyon learned this news over the weekend prior to the beginning of the evidentiary hearing, and wanted to alert the Court as quickly as possible, he is filing this supplement although he has not yet received the government's position.

## I.      The Court Should Expand the Record Under Rule 7.

This unfortunate event reinforces the necessity of expanding the record through Rule 7 with Dr. Mirsky's reports and communications with trial counsel, *see* ECF No. 753 at 4–5, so Mr. Runyon can receive full and fair review of his Sixth Amendment claim. The substance of these records—not only the fact of their existence—is an important component of the full picture of Mr. Runyon's *Strickland* claim. They provide corroboration of Mr. Runyon's claim that trial counsel, despite the urging of Dr. Mirsky, unreasonably failed to heed red flags and continue investigating significant mental health and brain damage evidence.[1]

The use of Rule 7 for this purpose is proper. *See United States v. Zareck*, No. CR 09-168, 2021 WL 4391393, at *11 (W.D. Pa. Sept. 24, 2021) ("The court is unaware of any authority that suggests a party may not request the court to order the expansion of the record under Rule 7."); *Clemons v. United States*, No. CIV.03-319-KAJ, 2004 WL 2212017, at *2 (D. Del. Sept. 10, 2004) (allowing government to expand record as documents are "relevant for determining the merits of [petitioner's] claim that his counsel provided ineffective assistance").

Furthermore, for the same reasons that Mr. Runyon has explained in other pleadings, *see* ECF No. 754 at 5–8, Dr. Mirsky's records have sufficient independent indicia of reliability so as to be entered into the record. Expanding the record with Dr. Mirsky's documents would be both efficient and fair.

---

[1] The Court of Appeals gave an overview of Dr. Mirsky's role in the case in its opinion remanding the case. *United States v. Runyon*, 994 F.3d 192, 205–06 (4th Cir. 2021).

2

**II.      Alternatively, the Court Should Continue the Hearing to Allow Mr. Runyon to Substitute Experts.**

Alternatively, if the Court does not allow for expansion of the record through Rule 7, Mr. Runyon submits that it would be necessary for the evidentiary hearing to be continued for a reasonable amount of time to allow him to hire a replacement neuropsychologist. Given the immediacy of the hearing, it is simply not conceivable that Mr. Runyon will be able to find a substitute expert in time to go forward with the current schedule. Given also the centrality of the substance of Dr. Mirsky's work to the hearing, a brief continuance is required to procure a new neuropsychologist, have the new expert review Dr. Mirsky's work, and, of course, give the government sufficient time to review any new disclosures.

While Mr. Runyon has other experts who can, and will, opine on his mental health and brain damage, Dr. Mirsky was the only trained neuropsychologist. Although the expertise of neuropsychologists and neuropsychiatrists overlaps in many areas, they focus on different aspects of the same disorders.[2] Considering the importance of Dr. Mirsky's findings—including the results of Mr. Runyon's neuropsychological testing—Runyon must be allowed to substitute experts if the record is not expanded pursuant to Rule 7. *See Morel v. Daimler-Chrysler Corp.,* 259 F.R.D. 17 (D.P.R. 2009) (allowing defendant to substitute experts after initial expert died, despite result of late disclosure); *id.* at 21 ("Allowing substitution furthers this goal of a fair contest for both parties because without the new expert the defense would be punished for the death of one of its witnesses, and with the substitution the plaintiffs still have the ability to adequately prepare."); *see also*

---

[2] Neuropsychologists are trained to perform and interpret testing to assess the psychological problems experienced after an injury or from a neurological disorder. They often are skilled in recognizing and treating clinical psychological problems which result from brain injury. Neuropsychiatrists are medical doctors who usually do not administer psychological testing even though they often review the results. They focus largely on assessing the physical injury and its effects on the cognitive functioning of a patient.

*Baumann v. Am. Family Mut. Ins. Co.*, 278 F.R.D. 614 (D. Colo. 2012) (late disclosure of substitute expert substantially justified due to death of previous expert one month before trial).

A replacement neuropsychologist would be at the hearing to explain the work of Dr. Mirsky. *Sikkelee v. Precision Airmotive Corp.*, No. 4:07-CV-00886, 2021 WL 392101, at *5 (M.D. Pa. Feb. 4, 2021) ("the substitute expert should have the opportunity to express his opinions in his own language after reviewing the evidence and performing whatever tests prior experts on both sides were allowed to perform, as long as the new opinion is substantively similar and not contrary to or inconsistent with the original opinion.") (internal quotations omitted). Mr. Runyon asks that he be allowed a substitution of expert so that he is in the "same position [he] would have been in but for the need to change experts." *Id.*

It would not be appropriate for the hearing to go forward as planned and schedule the new expert's testimony at a later date, separate and apart from the rest of the witnesses. The neuropsychological evidence suffuses the entirety of the hearing and must be presented in that context. This Court already has held that bifurcating the hearing according to the two prongs of *Strickland* "is not the appropriate path forward." ECF No. 685 at 23. Indeed, the Court specifically ordered that the witnesses be presented in a particular order so that the hearing flowed in a logical way. *Id.* at 24. There is no reason for that to change now. A short continuance would afford Mr. Runyon the opportunity to put himself back in the position he was before Dr. Mirsky's unfortunate passing.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353

4

Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Nancy Hernandez
    Nancy Hernandez
    Paralegal, Capital Habeas Unit
    nancy_hernandez@fd.org

6