**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

DAVID ANTHONY RUNYON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

                                      CIVIL NO. 4:15cv108
                        [ORIGINAL CRIMINAL NO. 4:08cr16]

## ORDER

This matter comes before the court on the Petitioner's "Motion for Witness to Testify via Video Conference," filed on January 23, 2023, ECF No. 733 ("Motion"), with supporting Memorandum, ECF No. 734. In his Motion, Petitioner requests that the court enter an order permitting Dr. James Merikangas to testify at the upcoming evidentiary hearing "in open court by contemporaneous transmission from a different location." ECF No. 733 at 1 (citing Fed. R. Civ. P. 43(a)). On January 30, 2023, the United States responded, opposing the Motion. ECF No. 738. Thereafter, Petitioner replied, ECF No. 754, submitting to the court additional support from Dr. Merikangas' doctor, ECF No. 754-1.

Petitioner initially submitted that "good cause exists for permitting Dr. Merikangas to testify by contemporaneous video transmission" because he is eighty-three years old and "exceptionally vulnerable to experiencing adverse outcomes were he

to contract COVID-19." ECF No. 734 at 1. However, these reasons are insufficient, in and of themselves. Dr. Merikangas' doctor now advises the court that the witness "recently had significant spine surgery" and "recently had COVID." ECF No. 754-1 at 1. As such, travelling to testify at the evidentiary hearing "would jeopardize his recovery from COVID and his spine surgery." Id. Beyond challenging whether Petitioner has sufficiently shown cause for Dr. Merikangas to testify remotely, the United States expresses its concern with its ability to conduct a "robust cross-examination" over video. ECF No. 738 at 8.

For cause shown and in consideration of the United States' objection, the court hereby conditionally **GRANTS** Petitioner's Motion and orders that Dr. Merikangas be permitted to testify by "contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Petitioner is **ADVISED** that should the court determine at the evidentiary hearing that proper cross-examination by the United States, and/or proper examination and observation of the witness by the court, cannot be garnered from the witness, the court will order a continuance of Dr. Merikangas' testimony such that live testimony may be arranged.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for Petitioner and to the United States Attorney at Newport News.

2

IT IS SO ORDERED.

_____/s/_____
Rebecca Beach Smith
Senior United States District Judge

_____
REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 6, 2023