**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| | ) | |
| David Anthony Runyon, | ) | |
|       Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **Capital § 2255 PROCEEDINGS** |
| | ) | |
| United States of America, | ) | HON. REBECCA BEACH SMITH |
|       Respondent. | ) | |
| | ) | |
| | ) | |

**Memorandum of Law in Support of Petitioner's
Second Motion to Expand the Record**

Petitioner David Runyon has moved to expand the record pursuant to Rule 7 of the Rules

Governing Section 2255 Proceedings to include the declaration of Dr. Evan Nelson, and for the

Court to consider the contents of this declaration. This memorandum is filed in support of his

motion. *See* attachment A declaration.

**Procedural History**

Dr. Evan Nelson is a clinical psychologist whom counsel Jon Babineau hired to evaluate

Runyon prior to his capital trial. Runyon's trial counsel represented to the Court that Nelson would

"present a reliable social history of David Runyon and his family," "focus[ing] especially on the

major influences that have shaped David Runyon's life, including factors that may have

contributed to David Runyon's psycho-social development and functioning." *See* Notice Pursuant

to Fed. R. Crim. P. 12.2 at 1, ECF No. 135. In a letter dated December 2, 2008, he recommended

that trial counsel obtain a neuropsychological evaluation of Runyon, noting that "it is plausible

that neuropsychological deficits are a defining element of [Runyon's] personality and behavior"

1

and "[i]f so, that would be relevant to mitigation if there is a death penalty hearing." *See* ECF No. 153 at 1. He then sent a letter to counsel summarizing a preliminary assessment of the case. After Babineau was removed from Runyon's case due to a conflict, sentencing counsel Steve Hudgins sought appointment of Dr. Merikangas and Dr. Mirsky. ECF No. 206. Dr. Nelson ultimately did not testify. Runyon has designated Dr. Nelson as a witness for the evidentiary hearing, *see* Pet'r's Am. Pre-Hearing Disclosures at 2, ECF No. 698-1, but would be presenting him as a fact witness rather than an expert witness.

**Argument**

"An expanded record may [] be helpful when an evidentiary hearing is ordered." Rules Governing Section 2254 Proceedings for the United States District Courts, R. 7, advisory committee's note; *see also* Rules Governing Section 2255 Proceedings for the United States District Court, R. 7, advisory committee's note ("See the advisory committee note to Rule 7 of the § 2254 rules for a full discussion of reasons and procedures for expanding the record."). Therefore, Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts "provides a convenient method for supplementing [a district court judge's] case file in a § 2255 proceeding. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, R. 7, advisory committee's note. It allows the judge to "direct the parties to expand the record by submitting additional materials relating to the petition." Rules Governing Section 2255 Proceedings for the United States District Courts, R. 7(a). It specifically provides that "[a]ffidavits [] may be submitted and considered as part of the record." *Id.* R. 7(b); *see also* 28 U.S.C. § 1746 ("Wherever, under any law of the United States . . . any matter is required or permitted to be supported, evidenced, established, or proved by . . . affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or

2

proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated.").

Dr. Nelson "do[es] not have an independent memory of David Runyon's case." *See* attachment A declaration, ¶ 2. His testimony would primarily serve to provide context based on his normal practices: for example, he would testify that his report in this case was not final because his final reports are typically 30–100 pages long, *id.* ¶ 5, and that "[i[f [he] had received additional relevant information, such as neuropsychological testing, other medical records, witness statements, and other social history information," he "would have considered it when forming [his] final opinions, advising and consulting with attorneys, and writing a final report," *id.* ¶ 6. Dr. Nelson's "typical process would have been to return to meet with and continue an evaluation of the defendant once [he] had obtained all of the information in the case." *Id.* Dr. Nelson runs a very busy professional practice, and as he has been preparing to testify at the hearing, he has suggested to Runyon's counsel that in light of the limited nature of his testimony and his lack of any independent recollection of this case, his live testimony would be inefficient both for him and for this Court.

Runyon therefore suggests that the Court expand the record under Rule 7 to include Dr. Nelson's declaration, which would allow the Court to consider his limited testimony without requiring him to travel to the hearing and testify in person. Because Dr. Nelson's testimony is general in nature, Runyon submits that a credibility determination is not necessary, and accepting his declaration is sufficient.

The government has represented that they object to this motion.

**Conclusion**

Runyon therefore requests that this Court expand the record under Rule 7 of the Rules

Governing Section 2255 Proceedings to include Dr. Nelson's attached affidavit.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org

5