LAW OFFICES OF

# RITCHIE, DAVIES, JOHNSON & STOVALL, P.C.

606 WEST MAIN STREET, SUITE 300
KNOXVILLE, TENNESSEE 37902

WAYNE A. RITCHIE II
WADE V. DAVIES
STEPHEN ROSS JOHNSON
JAMES R. STOVALL
SAMANTHA I. ELLIS
CATALINA C. GOODWIN
RENEE C. HAMMOND

TELEPHONE (865) 637-0661
FACSIMILE (865) 524-4623

www.rdjs.law

February 17, 2023

Gianna Maio
Federal Community Defender
Eastern District of Tennessee

    Re:    **Ethics Consultation**

Dear Ms. Maio:

You have asked for my opinion regarding whether your office should withdraw from further representation after one of the attorneys has withdrawn from a pending capital habeas case. You have provided me with a memorandum summarizing the factual background.

It is my opinion that your office should seek to withdraw from further representation. Under Rule 1.16 a lawyer should withdraw if further representation will result in a violation of the Rules of Professional Conduct[1] and may always seek to withdraw for other good cause, even when the circumstances are not specifically addressed in the Rules.[2]

The conflict rules are based on making sure that there is no material limitation on a lawyer's representation of a client. The rules are client-centered. Under RPC 1.7(a)(2), a conflict exists where there is a "significant risk that the representation …. will be materially limited by the lawyer's responsibilities to … a third person or by a personal interest of the lawyer." This rule justified the withdrawal of the attorney who has already withdrawn. Because your office is undertaking an investigation into the conduct, it is possible that that the second attorney may also have duties to the organization or even personal interests that could also implicate this rule. However, I don't think that determination has to be made. Rule 1.10(a) imputes a conflict to your

---

[1] RPC 1.16(a)(1)

[2] TN RPC1.16(b)(7); VA RPC 1.16(b)(6).

1

whole office when one lawyer has had to withdraw under Rule 1.7. Given the risk that an investigation into conduct by counsel could limit the representation or otherwise work to the detriment of the client, my advice is to seek to withdraw.

In reaching this opinion, I have relied on the Tennessee Rules of Professional Conduct, the Virginia Rules of Professional Conduct and my experience serving for six years on the Board of Professional Responsibility of the Supreme Court of Tennessee.

Sincerely yours,

RITCHIE, DAVIES, JOHNSON & STOVALL, P.C.

WADE V. DAVIES