**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| | ) | |
| David Anthony Runyon, | ) | |
| Petitioner, | ) | Original Criminal No. 4:08-cr-16-3 |
| | ) | Original Civil No. 4:15-cv-108 |
| v. | ) | **Capital § 2255 PROCEEDINGS** |
| | ) | |
| United States of America, | ) | HON. REBECCA BEACH SMITH |
| Respondent. | ) | |
| | ) | |
| | ) | |

### Status Update Regarding Petitioner's Discovery Disclosures

Petitioner David Anthony Runyon, through counsel, sets out below the status and anticipated progress of document review related to discovery disclosures. Counsel are continuing production of documents on a rolling basis, and have so far produced several batches of documents to the government related to Dr. Merikangas and Dr. Cunningham. However, due to unforeseen circumstances, it will not be possible to assure the Court that production of all relevant documents will have been completed by Monday, February 20, 2023.

On February 14, 2023, the Court ordered that discovery relevant to Dr. Merikangas be provided to the government the next day. Evidentiary Hearing Transcript (Tr.) at 1017. On February 15, 2023, the Court ordered that Petitioner "continue with production of documents with Ms. Bales and Ms. Peiffer in charge." Tr. at 1068; *see also* ECF No. 787. Counsel are working to comply with these orders.

1

Federal Defender Services of Eastern Tennessee provided information to Ms. Peiffer today that at least 45 boxes of paper files are located at the Federal Defender Services of Eastern Tennessee office in Knoxville, Tennessee. Ms. Peiffer also has been informed that it was the standard practice of the Federal Defender in 2015 and 2016, when the office first began working on Mr. Runyon's case, to have these kinds of paper files scanned into an electronic version, though the Defender has not located documentation confirming that occurred for all files in Mr. Runyon's case. The size of the online files do not appear to be the equivalent of that large number of banker's boxes. Counsel will not be able to review the files in these boxes in Knoxville before the Monday disclosure deadline.

Beginning late at night on February 13, 2023, legal assistants uploaded some of trial counsel files from the Federal Defender Services of Eastern Tennessee's secure H-drive onto a shared Box folder where the files could be searched electronically by attorneys and staff members working on Mr. Runyon's case. There were two folders of trial counsel files on the H-drive: one called "Original Attorney Files from Hard Copy" (Original files) containing OAF 0000001–OAF0009570, and another called "Second Set of Original Attorney Files from Hard Copy," (Second Set of files) containing OAF 0009571–OAF 0021267. In total, these two files contain 21,267 pages of documents. There was no complete inventory of the files in these two folders. A partial inventory had been completed only for files in the first folder. Folders with the disclosures that had already been made and all defense exhibits were also uploaded onto the shared Box folder so that they, too, could be accessed and searched. Those uploads took about two hours.

On the morning of February 14, 2023, a search was performed for "merikangas" in the trial counsel files that had been uploaded to Box. There were nearly eighty documents that came up

from that search. Because Dr. Merikangas became involved in the case later on, all relevant documents involving his name had Bates numbers higher than OAF 0009570 and were entirely located in the folder entitled "Second Set of Original Attorney Files from Hard Copy."

Staff members began inventorying the documents, checking in the disclosure folders to see whether the documents had already been disclosed, and pulling any undisclosed documents for attorney review and potential disclosure. The attorneys then reviewed each of these files to determine whether they needed to be disclosed. During this process, the attorneys realized that some of the documents had been disclosed previously, as they were government exhibits. It is unclear to the attorneys when these documents had been disclosed, or why they were not contained in the folders of disclosed documents.

At around 4:30 p.m. on February 14, 2023, the "merikangas" search was not complete, but the attorneys had to return to court with documents to disclose, so a partial hard copy disclosure was made. Staff members continued to work on the search while the attorneys were in court and after they returned. Shortly after the attorneys returned from court, a legal assistant realized that an additional disclosure had been made to the government that was not contained in the previous disclosure folder. That disclosure was uploaded to the previous disclosure folder.

An additional search for "jim" was then completed, and resulted in thirty-five documents, all of which were already produced in an earlier search or had otherwise already been disclosed to the government. A search for "mri" was completed, and turned up thirty-three files mentioning the term, five of which appeared to have not yet been disclosed. Those files were inventoried and pulled for attorney review. Attorney review of all the documents from both the "mri" search and the "merikangas" search was completed, and the documents and inventory were pulled, scanned,

and sent to the government at around 1:30 a.m. on February 15, 2023. That search and review process took over forty hours between attorneys and other staff members.

On the morning of February 15, 2023, staff members repeated the same search and inventory process in Sheila Cronin's file. The search for "merikangas" in Sheila Cronin's file turned up twenty-nine documents, which were then reviewed by attorneys. That process took eleven hours between team members. Those documents were sent to the government at around 3:30 p.m. on February 15, 2023, just before the Court convened, and hard copies were delivered there.

On February 16, 2023, searches for "cunningham" were performed in the trial counsel files on Box. There were over 120 search results, although some did not pertain to Dr. Cunningham. Dr. Cunningham became involved in the case earlier than Dr. Merikangas, so the search for his name turned up documents beginning with earlier OAF numbers, as low as OAF 0000075. Staff and attorneys spent about seventeen hours inventorying and pulling documents from that search. As that process proceeded, it became clear that the undisclosed documents in the "merikangas" search almost[1] all had Bates numbers higher than OAF 0009750, and had been located in the folder entitled "Second Set of Original Attorney Files from Hard Copy." Files with lower Bates numbers had almost entirely been disclosed. *See* Exhibit A.

At some point during this review process, it became apparent that the disclosures that came from the Summation file management system or drive were not searchable. Optical character

---

[1] There were only four documents with Bates stamps under OAF 0009750 that had not been disclosed. Of those four, two were printouts of court opinions and one was an undated version of Cunningham's CV. These were provided recently to the government, out of an abundance of caution.

recognition was run on those files so that they could be made searchable, and to avoid repeated review and/or disclosure of the same materials. At around 10:00 p.m., over ninety files had been inventoried, thirty-seven had been pulled from the search on Box, and attorneys began reviewing those documents. That process was completed and a partial disclosure was made at around 1:00 a.m. on February 17, 2023. The search through trial counsel files for "cunningham" is ongoing.

On February 15, 2023, the government noted a concern that some of the documents provided after the recent "merikangas" search should have been located earlier with a search of the term "merikangas," and requested that counsel review the files page-by-page, rather than relying solely upon electronic searches. Counsel for Mr. Runyon agree that a page-by-page review of the file is more complete and would like to perform such a search to ensure all necessary materials are provided, but that type of search is significantly more time-consuming than the electronic searches previously performed, and would not be possible before Monday, February 20, 2023.

Counsel are aware of at least 45 physical boxes of "paper" files and other materials relating to this case located in Knoxville, Tennessee, at the office of the Federal Public Defender. There are also 7,664 additional documents located on the Summation file management system, to which personnel from the Capital Representation Resource Center currently do not have direct access. The documents as they are currently entered into Summation do not all include information about the original source of the files contained therein, (e.g., "Original Attorney Files" folder). As a result, it is not clear where these files came from or if they are duplicates of paper files in boxes or the electronic files on Box. Counsel still are attempting to determine that information at the time of this filing.

In summary, some circumstances have significantly changed regarding counsel's ability to make a complete disclosure of relevant discovery over the past three days. First, information discovered by counsel since February 14, 2023, has drastically changed the scope of the search required and the possibility of completely reviewing materials in the trial counsel file to ensure a complete and appropriate disclosure of information to the government. Counsel is unable to access paper and physical files in Knoxville prior to Monday to supply those additional disclosures. Nor, at this point, has counsel been able to confirm whether the paper files in Knoxville are among the electronic files counsel is reviewing. Hence, review of the Knoxville files will not precede the disclosure of documents made on Monday, February 20, 2023. Second, counsel cannot complete a page-by-page search of the files that are available—as compared to electronic searches—as efficiently, in order to fully complete such a search by Monday, February 20, 2023. However, counsel diligently will continue the process to identify, extract, assemble, organize, review, and identify documents for disclosure and continue to produce rolling disclosures to the government in electronic format.

Respectfully Submitted,

/s/Elizabeth J. Peiffer

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Susanne Bales
Susanne Bales, *pro hac vice*
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee

800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Susanne_Bales@fd.org

**CERTIFICATE OF SERVICE**

        I hereby certify that on February 17, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

                                        /s/ <u>Elizabeth Peiffer</u>