UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL NO. 4:15cv108
[ORIGINAL CRIMINAL NO. 4:08cr16-3]

## ORDER

This matter came before the court on Helen Susanne Bales' Motion to Withdraw as Attorney ("Motion"), filed along with a memorandum in support on February 17, 2023. See ECF No. 788. Ms. Bales, an Assistant Federal Defender for the Federal Defender Services of Eastern Tennessee, Inc. ("FDSET"), has worked, in a supporting role, on Petitioner's habeas case since 2015, was admitted pro hac vice on February 7, 2023, see ECF No. 772, and was appointed on February 15, 2023, following the withdrawal of her colleague, Dana Hanson Chavis, see ECF No. 787.[1] For the reasons stated below and from the bench on February 22, 2023, the court **GRANTS** Ms. Bales' Motion to Withdraw.

In her Motion, Ms. Bales submits to the court that her withdrawal from representation in Petitioner's case "would serve

_____

[1] The court's Order appointing Ms. Bales was filed on February 16, 2023, but was effective immediately following the court's ruling from the bench, at 6:00 P.M. on February 15, 2023. ECF No. 787.

the interests of justice." ECF No. 788 at 2 (citing <u>Martel v. Clair</u>, 565 U.S. 648, 652 (2012)). In support, Ms. Bales argues that the discovery issues that have arisen in this case, which resulted in various allegations of misconduct between her and co-counsel, Ms. Chavis, have led her to have a conflict of interest under the Virginia Rules of Professional Conduct. <u>Id.</u> at 5-9; <u>see</u> Va. R. Prof. Conduct 1.7(a)(2), 1.10(a).[2] The United States responded on February 21, 2023, requesting that "the record [of the alleged conflict] be better developed" before the court rule on the Motion, but "tak[ing] no position at this time on Ms. Bales' personal request to withdraw from the representation." ECF No. 790 at 1, 8.

The parties convened before the court on February 22, 2023, which would have been the eighth day of Petitioner's evidentiary hearing. Petitioner was present throughout the hearing. The court heard argument from Ms. Bales; Ms. Gianna Maio, the Federal Defender of FDSEST; Mr. Steve Ferrell, Supervising Assistant Federal Defender of the Capital Habeas Staff at FDSET; and the United States. At the hearing, Ms. Maio informed the court that her office was engaging in an internal and external investigation into the

---

[2] Attached to her Motion, Ms. Bales also provided the court with the opinions of Mr. Wade Davies, who has served for six years on the Board of Professional Responsibility of the Supreme Court of Tennessee, ECF No. 787-3, and Mr. Lucian Pera, who has extensive experience and a number of accolades in the field of Professional Ethics, ECF No. 791-1. Both opine that Ms. Bales should withdraw from her representation of Petitioner due to conflicts of interest.

2

conduct that led to the discovery violations in this case, to include the conduct of both Ms. Chavis and Ms. Bales. Further, Ms. Maio argued that her office qualified as a "firm" under the Virginia Professional Rules of Conduct, for purposes of imputed conflicts, particularly in light of the close nature of Ms. Chavis and Ms. Bales' working relationship on this case for a number of years. As such, Ms. Maio argued that Ms. Bales had both a personal conflict under Va. R. Prof. Conduct 1.7(a)(2) and an imputed conflict under Va. R. Prof. Conduct 1.10(a). The United States noted no change in its earlier position, but agreed that the record was now clarified regarding the nature of the investigations into the alleged misconduct.

Also before the court was Elizabeth Peiffer's ex parte Motion to Withdraw Pro Hac Vice Sponsorship of Ms. Bales. See ECF No. 797. Ms. Peiffer is Petitioner's lead appointed counsel, who is an attorney with the Virginia Capital Representation Resource Center ("VCRRC"). In her motion, Ms. Peiffer advised the court that, after consultation with the Virginia State Bar Ethics Hotline, she understands that continuing to sponsor Ms. Bales' pro hac vice status in this court "would violate [her] duties of competence and diligence." Id. at 5-6 (citing Va. Prof. R. Conduct 1.1, 1.3).

Based on the court filings, the withdrawal of Ms. Chavis, and the arguments presented, the court **FINDS** that, due to the discovery violations in the case, the allegations of misconduct between

3

Petitioner's co-counsel at FDSET, and the on-going internal and external investigations into the matter at FDSET, Ms. Bales has both a personal conflict under Va. Prof. R. Conduct 1.7(a)(2) and an imputed conflict under Va. Prof. R. Conduct 1.10(a). As such, her withdrawal from representation of Petitioner is in the "interest of justice." Martel, 565 U.S. at 652; see Christeson v. Roper, 574 U.S. 373 (2015). Accordingly, Ms. Bales' Motion, ECF No. 788, was **GRANTED** and she was immediately **REMOVED** as counsel for Petitioner. Following the removal of Ms. Bales from the case, Ms. Peiffer's Motion to Withdraw Pro Hac Vice Sponsorship was dismissed as **MOOT**. ECF No. 792. Ms. Peiffer remains counsel and lead attorney for Petitioner, as she satisfies all of the qualifications required by 18 U.S.C. § 3599(c).

Ms. Maio and Ms. Peiffer are **DIRECTED** to come to an agreement on the logistics of exchanging all physical and electronic case files that are in the possession of FDSET and/or its employees. Ms. Maio is **DIRECTED** to submit an affidavit to the court, by close of business on Friday, February 24, 2023, advising the court of the arrangements made between her and Ms. Peiffer. Ms. Peiffer is **DIRECTED** to submit an affidavit to the court, by close of business on Monday, February 27, 2023, confirming that arrangements have been made with FDSET to obtain Petitioner's case files, and to provide a status update of such. Ms. Maio and Mr. Ferrell are **ADVISED** that they have a continuing duty to locate, identify, and

4

transfer to Ms. Peiffer any case related documents.[3] Finally, Ms. Peiffer and the United States are **DIRECTED** to come to an agreement regarding the discovery schedule moving forward, including the necessary length of a continuance of the evidentiary hearing, and to submit the proposed schedule to the court by close of business on Friday, March 24, 2023, after which the court will set a status conference to reschedule the continued evidentiary hearing.

The Clerk is **DIRECTED** to send a copy of this Order to Ms. Bales; Ms. Peiffer, counsel for Petitioner; the United States Attorney at Newport News; Mr. Lee of Virginia Capital Representation Resource Center, who was also present at the hearing; and Ms. Maio and Mr. Ferrell of the Federal Defender Services of Eastern Tennessee.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 24 , 2023*

* This Order was effective immediately after issued from the bench on February 22, 2023, at 1:41 P.M., at which time Petitioner's hearing was adjourned.

---

[3] Ms. Maio and Mr. Ferrell are further **ADVISED** of their continuing duty to report any other discovery violations or misrepresentations made to either this court or the Fourth Circuit Court of Appeals by employees or representatives of FDSET during the course of the representation of Petitioner in the habeas corpus proceeding.

5