| | |
|---|---|
| David Anthony Runyon,<br>　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Original Criminal No. 4:08-cr-16-3
Original Civil No. 4:15-cv-108
**Capital § 2255 PROCEEDINGS**

HON. REBECCA BEACH SMITH

## <u>Reply to Response of United States<br>to Status Update Regarding Petitioner's Disclosures</u>

On February 17, 2023, Petitioner David Anthony Runyon, through counsel, provided the Court a status update on discovery disclosures relevant to the ongoing evidentiary hearing. Status Update Regarding Petitioner's Discovery Disclosures ("Status Update"), ECF No. 789. The update was motivated by the recent revelation that case files collected and managed by prior habeas counsel from the Federal Defender Services of Eastern Tennessee ("FDSET") had not been identified or made fully accessible to undersigned counsel[1] and had not been thoroughly searched before previous disclosures were made. The update provided a detailed account of the progress on the disclosures and the process for reviewing files and identifying disclosures, Status Update at 1–6, including as an exhibit an example of a seven-page inventory provided to the government, ECF

---

[1] As of February 22, 2023, Mr. Runyon's second lawyer from the FDSET team was granted leave to withdraw entirely from the representation based on a conflict of interest and imputed conflict of interest. *See* Order, ECF No. 796, at 4, 5. The resources provided to Mr. Runyon through FDSET's involvement in his case included two experienced lawyers, investigators, legal assistants, and other resources, and some personnel had been deeply involved in representing Mr. Runyon since 2015.

1

No. 789-1. The update also informed the Court about new information regarding the scope and accessibility of Mr. Runyon's case files maintained by FDSET. Status Update at 5–6. The Status Update did not move the Court for any action.

On February 21, 2023, prior to the withdrawal of the last remaining lawyer from FDSET, the government filed a pleading styled as a "Response" to Petitioner's Status Update. Response of United States to Status Update Regarding Petitioner's Disclosures ("Response"), ECF No. 793. The government described that, "[a]ny proposed significant delay to allow habeas counsel to proceed in a voluminous review of the materials may be unnecessary and should be unwarranted, considering the current posture at this hearing," and argued that "[t]he truth-seeking function of this hearing will be wholly satisfied by consideration of the evidence presented to date and those materials produced by petitioner," which the government claimed "clearly absolve trial counsel from any claim of deficient performance." Resp. at 13–14. *But see, e.g.*, *id.* at 13 ("The government does not waive its right to any outstanding discovery."). The government concluded by suggesting that "the Court [] give this late-disclosed material substantive weight and consideration in support of the testimony of trial counsel, yet preclude the petitioner from using such materials for purposes of advancing his claim." Resp. at 16.

At the hearing held on February 22, 2023, this Court made clear that the immediate priorities in the case were ensuring the appropriate arrangements for the transfer of Mr. Runyon's case file, Evidentiary Hearing Transcript ("Tr.") 1106–08, confirming Mr. Runyon's representation by counsel, Tr. 1113–14, and settling issues and proceeding with discovery relevant to the evidentiary hearing, Tr. 1106, 1109, 1113–14. *See also* Tr. 1099 ("The purview of the Court is to be sure Mr. Runyon, his life is at stake, and to be sure he gets a fair and complete hearing and

that the United States, trying to uphold the jury verdict, has the documents that it's entitled to."). The government acknowledged that "disclosure is ongoing," and made a specific request that FDSET search for certain documents. Tr. 1108. In response, the Court noted a "continuing duty in the case" of undersigned counsel and FDSET representatives, Tr. 1109. The significance of continuing to provide discovery in a timely fashion was also highlighted by the Court's Order, which directed undersigned counsel to come to an agreement with the Community Defender of FDSET, Gianna Maio, regarding the logistics of exchanging all physical and electronic case files in the possession of FDSET and/or its employees,[2] and directed undersigned counsel and the United States to come to an agreement regarding the discovery schedule moving forward, including the necessary length of a continuance of the evidentiary hearing. Order, ECF No. 796, at 4–5.

In light of the developments at the February 22, 2023, hearing, the Court's Order, ECF No. 796, ongoing discovery commitments set forth after the government's Response was filed on February 21, 2023, and the continuance of the evidentiary hearing, Mr. Runyon submits that a request to avoid delay of the hearing by ending review of materials for discovery is moot. In addition, the government's suggestion of sanctions in its Response is premature at this time. *See, e.g.*, Local Rules for the United States District Court, Eastern District of Virginia, Local Civil Rule 37. Counsel for Mr. Runyon has recognized the duty to continue to engage in the discovery process in good faith and as expeditiously as possible, as requested by the Court, and the duty of ongoing disclosure.

---

[2] Information about the arrangements for the planned transfer has since been provided to the Court by way of a declaration from the Community Defender of FDSET, Gianna Maio, ECF No. 795-1, and a declaration from undersigned counsel, ECF No. 797-1.

In the alternative, counsel requests an extension of time to respond in full to a motion for sanctions, addressing Mr. Runyon's opposition to the sanctions requested.

Respectfully Submitted,

/s/ Elizabeth J. Peiffer

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

         /s/ Elizabeth Peiffer