UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

   Petitioner,

v.             CIVIL NO. 4:15cv108
         [ORIGINAL CRIMINAL NO. 4:08cr16]

UNITED STATES OF AMERICA,

   Respondent.

## ORDER

This matter comes before the court on the United States' "Requests for Remedies," included in its Response to Petitioner's Status Update Regarding Petitioner's Disclosures. See ECF No. 793 at 12-16. After the court was advised that discovery violations had been committed in Petitioner's evidentiary hearing, resulting in the court instruction to continue with additional discovery, see ECF No. 787 (Order granting brief continuance and directing further discovery), Petitioner filed a status update on February 17, 2023, advising the court of the progress of discovery, up to that point. See ECF No. 789.

The United States responded to Petitioner's status update on February 21, 2023, requesting that the court sanction Petitioner by "assum[ing] that any materials not yet disclosed are 'lost' for purposes of this evidentiary hearing and prevent[ing] Petitioner

from supporting his claim with the untimely disclosures."[1] ECF No. 793 at 13 (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)). Before addressing the United States' request, the court ordered that the evidentiary hearing be continued, and that the parties proceed with fulsome discovery. See ECF No. 796 (directing parties to come to an agreement on a discovery schedule, "after which the court will set a status conference to reschedule the continued evidentiary hearing").

Thereafter, Petitioner filed a Reply to the United States' request, arguing that "in light of the developments at the February 22, 2023, hearing, the court's Order, ECF No. 796, ongoing discovery commitments set forth after the government's response was filed on February 21, 2023, and the continuance of the evidentiary hearing," that the United States "request to avoid delay of the hearing by ending review of materials for discovery is moot." ECF No. 798 at 3. The court agrees. The court also notes that, given the capital sentence in this case, it is imperative

---

[1] Before the court had ordered a continuance of the proceedings, the parties were seeking a quick, efficient, and fair resolution of the discovery violation. Following initial disclosures from Petitioner, the United States believed that the newly acquired evidence was so "compelling that trial counsel was not deficient in their performance," and that while the United States did not "waive its right to any outstanding discovery," it suggested the proceedings should continue immediately, as the newly acquired evidence was, in the United States' opinion, "claim dispositive." See ECF No. 793 at 13-14.

2

that any sanction not impede Petitioner's ability to present his claim, even if burdensome to counsel.[2]

Therefore, to the extent one could construe the United States' "Request for Remedies" as a motion, subsequent directives by the court have made that motion **MOOT**. As stated in the court's February 24, 2023, Order, ECF No. 796, the evidentiary hearing will be continued, to be rescheduled following the status conference to discuss the parties' proposed discovery schedule. Meanwhile, discovery shall proceed as instructed by the court. The Clerk is **DIRECTED** to forward a copy of this Order to counsel for Petitioner and the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

March 2 , 2023

---

[2] See supra note 1 and accompanying text.

3