# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

DAVID ANTHONY RUNYON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

## MEMORANDUM IN SUPPORT OF
## MOTION FOR APPOINTMENT OF COUNSEL FOR PROCEEDINGS
## PURSUANT TO 28 U.S.C. § 2255

Petitioner, David Anthony Runyon, an indigent federal prisoner under sentence of death imposed by this Court, has moved this Court, pursuant to 18 U.S.C. § 3599(a)(2), to appoint Kathryn Marshall Ali of Ali & Lockwood LLP to represent him as co-counsel in litigating his claims for post-conviction relief pursuant to 28 U.S.C. § 2255. By this motion, Mr. Runyon also provided notice to the Court that he seeks to be represented in this matter on a pro bono basis by attorneys from Covington & Burling LLP, whose pro hac vice motions are forthcoming. In support of this Motion, Petitioner states as follows:

1.    Petitioner David Anthony Runyon is a federal prisoner convicted and sentenced to death in this Court (No. 4:08-cr-16-3). His convictions and sentences were affirmed by the United States Court of Appeals for the Fourth Circuit on direct appeal, and his petition for certiorari was denied by the United States Supreme Court, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013),

1

*cert. denied*, 135 S. Ct. 46 (2014). Mr. Runyon filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2015, ECF No. 478, which he amended in early 2016, ECF No. 511, and which this Court denied without a hearing in January 2017, ECF No. 560. The Fourth Circuit subsequently granted a certificate of appealability on four issues and, in an Amended Published Opinion dated February 12, 2021, vacated the dismissal of Mr. Runyon's § 2255 motion "to the extent that it dismissed without a hearing Runyon's claim of ineffective assistance of counsel for failure to investigate and present evidence of his brain damage and mental health," and remanded that claim for a hearing. *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021).

2.      Because he is an indigent person under a sentence of death who lacks the funds to hire an attorney or to pay any costs related to the prosecution of a proceeding under 28 U.S.C. § 2255, Mr. Runyon is entitled to the appointment of counsel to assist him in litigating his motion for relief pursuant to 28 U.S.C. § 2255. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 854–57 (1994).

3.      Currently, Mr. Runyon is represented by appointed undersigned counsel, Elizabeth Peiffer of the Capital Representation Resource Center. Mr. Runyon was previously represented in connection with his § 2255 proceedings by undersigned counsel and Dana Hansen Chavis and Helen Susanne Bales of the Federal Defender Services of Eastern Tennessee. However, these prior counsel withdrew earlier this year, leaving Mr. Runyon with only undersigned counsel to litigate his § 2255 claims.

4.      This Court's Criminal Justice Act ("CJA") Plan directs that "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing **at least two attorneys**" to represent prisoners pursuing 28 U.S.C. § 2255 post-conviction petitions in federal death penalty cases. *See* United States District Court for the Eastern

District of Virginia Criminal Justice Act Plan § XIV.E.2 (approved Nov. 6, 2019) (emphasis added).[1]

5.      This District is not an outlier; the Guide to Judicial Policies and Procedures recommends appointment of "at least two counsel" for § 2255 proceedings in capital cases. *See* 7 Guide to Judicial Policies and Procedures, ch. VI, § 6.01(A)(2). Many (perhaps most) courts' CJA plans include similar directives. *See, e.g.*, W.D.N.C. CJA Plan at 35[2] ("Due to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing at least two attorneys" in § 2255 federal death penalty proceedings); E.D.L.A. CJA Plan at 8[3] ("Pursuant to 18 U.S.C. § 3005, a person charged with a federal capital offense is entitled to the appointment of two attorneys"). And courts routinely appoint at least two attorneys to represent indigent people on death row litigating post-conviction proceedings. *See, e.g.*, *Lawlor v. Zook*, No. 2:15CV113, 2015 WL 4590827, at *2 (E.D. Va. July 28, 2015) (appointing three counsel in a capital habeas proceeding over objection of the government) (citing Vol. 7A *Guide to Judiciary Policy* § 620.10.20(b));[4] *United States v. Sampson*, No. CR. 01-10384, 2008 WL 2563374, at *3 (D. Mass. June 25, 2008) (appointing three counsel in a § 2255 proceeding). In fact, *every* indigent federal capital defendant in the process of litigating a § 2255 motion in district

---

[1] *Available at* https://www.vaed.uscourts.gov/sites/vaed/files/EDVA%20CJA%20PLAN.pdf (last visited Apr. 3, 2023).

[2] *Available at* https://www.ncwd.uscourts.gov/sites/default/files/generalorders/Criminal%20Justice%20Act%20Plan%20-%20Amended%202019.pdf.

[3] *Available at* https://www.laed.uscourts.gov/sites/default/files/pdfs/CJA%20Plan%202018%20with%20Approval%20ELA.pdf.

[4] It should be noted that this was a § 2254 case. Capital § 2255 cases, which are not subject to the habeas restrictions imposed on state cases and which involve large records, are invariably bigger in scope.

court, with the exception of Mr. Runyon, currently has two or more appointed counsel, with the sole exception being where a large institutional Capital Habeas Unit office is handling the case, in which instance three or more lawyers from the Capital Habeas Unit usually assist.[5]

6.　　　　Given the capital sentence in this case, it is imperative that Mr. Runyon is able to continue to prepare his case for a fair and complete evidentiary hearing. Several factors in his case support the need for additional counsel. First, the undersigned counsel has recently received from prior counsel a voluminous amount of documents—including at least fifty-seven bankers boxes and a hard drive containing 187,284 documents—that must be reviewed before the hearing can proceed. It would be unduly burdensome and inefficient for a single person to review and digest these documents. Second, and relatedly, as the hearing was stopped at least in part due to the production of documents not previously disclosed to the government nor known to remaining

---

[5] *See*, *Gabrion # 09184-055 v. United States*, No. 1:15-CV-00447 (W.D. Mich. filed Apr. 27, 2015); *United States v. Corley*, No. 3:02-CR-00116 (N.D. Ind., filed Oct. 17, 2002); *Agofsky v. United States*, No. 1:07-cv-511 (E.D. Tex., filed July 23, 2007); *United States v. Mikos*, No. 1:10-CV-6331 (N.D. Ill., filed Oct. 04, 2010); *United States v. Lighty*, No. 8:03-CR–0457–1 (D. Md., filed Oct. 10, 2003); *Barnette v. United States*, No. 3:12-cv-327 (W.D. N.C., filed May 23, 2012); *Ebron v. United States*, No. 1:14-cv-539 (E.D. Tex., filed Oct. 27, 2014); *Garcia v. United States*, No. 1:13-cv-723 (E.D. Tex., filed Dec. 18, 2013); *Snarr v. United States*, No. 1:13-cv-724 (E.D. Tex., filed Dec. 18, 2013); *United States v. Hager*, No. 1:05-cr-264-3 (E.D. Va., filed June 9, 2005); *United States v. Lawrence*, No. 2:05-cr-11-1 (S.D. Ohio, filed Jan. 20, 2005); *Troya v. United States*, No. 9:16-cv-80700 (S.D. Fla., filed May 3, 2016); *Sanchez v. United States*, No. 9:16-cv-80693 (S.D. Fla., filed May 3, 2016); *Umaña v. United States*, No. 3:16-CV-57 (W.D. N.C., filed Feb. 2, 2016); *Taylor v. United States*, No. 1:19-cv-147 (E.D. Tenn., filed May 14, 2019); *United States v. Fields*, No. 6:03-cr-73-1 (E.D. Okla., filed Aug. 1, 2003); *United States v. Fackrell*, No. 1:16-CR-26-2, (E.D. Tex., filed Mar. 3, 2016); *United States v. Savage*, No. 2:07-cr-550-3 (E.D. Pa., filed Sept. 12, 2007); *Hall v. United States*, No. 4:21-cv-8001 (W.D. Mo., filed Mar. 2, 2021); *Coonce v. United States*, No. 6:20-cv-8000 (W.D. Mo., filed Dec. 8, 2020); *United States v. Cramer*, No. 1:16-CR-26-1 (E.D. Tex., filed Mar. 3, 2016); *United States v. Kadamovas*, No. 2:02-cr-220-2 (C.D. Cal., filed Mar. 5, 2002); *United States v. Mikhel*, No. 2:02-cr-00220 (C.D. Cal., Mar. 5, 2002); *United States v. Roof*, No. 2:15-cr-472-1 (D. S.C., filed July 22, 2015); *United States v. Torrez*, No. 1:11–CR–115 (E.D. Va., filed May 26, 2011).

counsel, it is critical for both parties (and for any subsequent appeal) that a careful and thorough review be made of all potentially relevant documents in this case. Third, a number of expert and lay witnesses remain to be called. Additional counsel will assist undersigned counsel's efforts to conduct a thorough and efficient review of the documents, make any required productions to the government, and effectively prepare for and present witnesses when the hearing resumes.[6] These witnesses include those subject to recall—who were handled by Ms. Chavis at the earlier portion of the hearing, at least five unpresented expert witnesses noticed by Mr. Runyon, cross-examination of the government expert, and any necessary rebuttal witnesses.

7.      Kathryn Ali is willing to accept appointment for Mr. Runyon pursuant to 18 U.S.C. § 3599 and the CJA in connection with his § 2255 motion, and to replace previously appointed (but now withdrawn) counsel.

8.      Ms. Ali exceeds the minimum requirements set forth in 18 U.S.C. § 3599(b). Ms. Ali is an attorney licensed to practice law in the Commonwealth of Virginia and admitted to practice before this Court, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court. She is a founding partner of the law firm Ali & Lockwood LLP in Washington, D.C. In addition to being barred in Virginia, she is licensed to practice law in the District of Columbia and California.

9.      Ms. Ali is a 2011 graduate of Harvard Law School and a 2007 graduate of the

---

[6] Section 3599 provides that: "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(e).

University of California at Berkeley. After law school she clerked in this District for the Honorable Robert G. Doumar, and then joined the Washington, D.C., office of Hogan Lovells, where she spent a decade as a member of the firm's civil litigation practice group, first as an associate and then as a partner.

10. Ms. Ali has eleven years of capital habeas experience and extensive knowledge of substantive criminal and habeas corpus law. She has represented many death-sentenced prisoners litigating both state and federal habeas claims. This includes representing state prisoners under sentence of death in Florida, Texas, Mississippi, and Kentucky challenging their convictions at the trial and appellate levels. Ms. Ali has also represented prisoners on federal death row in litigating their cases, including during the recent spate of federal executions in late 2020. And she has represented people on death row in Arkansas, Florida, and Virginia challenging execution protocols under 42 U.S.C. § 1983. Ms. Ali has significant experience litigating cases involving brain injury and mental illness, both in habeas proceedings and in civil litigation under § 1983. This has included working with brain injury and mental health experts.

11. Ms. Ali also currently represents Kyle Young, a Kansas man facing state capital charges, and recently put on expert witnesses and other evidence at a live evidentiary hearing related to his case.

12. Ms. Ali also has served as post-conviction counsel to several prisoners facing non-capital charges. This includes Adnan Syed, whose case became the subject of the viral podcast *Serial*, and another Maryland prisoner convicted of first-degree murder in a successful challenge based on an unconstitutional jury instruction administered at his trial.

13. As mentioned above, Ms. Ali plans to be assisted by attorneys from Covington & Burling LLP ("Covington"). Covington will assist Mr. Runyon *pro bono* and thus does not seek

6

compensation pursuant to § 3599. Covington will also cover certain non-reimbursable costs relating to this representation, including, for instance, document production and copying charges.

14. Covington will provide additional resources to ensure that Mr. Runyon receives skilled representation and that the proceeding moves forward in an efficient manner. The Covington lawyers who seek to appear in this matter have extensive experience in complex litigation matters, including expert-heavy cases involving extensive document review, such as this one. This expertise, coupled with the ability to bring resources to bear on Mr. Runyon's case, will facilitate the ongoing document review and the preparation for, and presentation of evidence at, the evidentiary hearing.

15. The Covington team will be led by Peter Swanson. Mr. Swanson has been a partner in the firm's litigation practice group since 2012. In addition to leading a number of complex civil litigation matters, Mr. Swanson has led or worked on a number of criminal matters, including both death penalty and post-conviction matters. For example, he is currently leading a post-conviction case in Alabama state court on behalf of a client on death row. The case involves, *inter alia*, claims that trial counsel were ineffective for failing to investigate and present mitigating evidence, including mental health evidence. He has also represented clients convicted of murder on direct appeal and in post-conviction proceedings, as well as clients charged with murder or attempted murder.

16. The Covington team will also include Nicholas J. Xenakis, who previously served as an attorney with the Federal Public Defender's Office for the Eastern District of Virginia, where he represented indigent clients charged with misdemeanor, felony, and capital offenses. He also coordinated § 2255 litigation for the Federal Public Defender following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).

7

17.     Mr. Swanson and Mr. Xenakis intend to move for pro hac vice admission following the Court's ruling on Ms. Ali's motion for appointment. Mr. Swanson and Mr. Xenakis will be assisted by at least three Covington associates who similarly intend to move to appear pro hac vice following the Court's ruling on the motion for appointment.

WHEREFORE, Mr. Runyon respectfully requests that the Court appoint Ms. Ali as co-counsel in connection with his § 2255 proceeding.

Respectfully Submitted,

/s/ Elizabeth J. Peiffer

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/ Elizabeth Peiffer