**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

**STATUS REPORT AND PROPOSED SCHEDULE**

Counsel for Petitioner respectfully submits this Status Report and Proposed Schedule to update the Court on the progress of the review of former counsel's files, to propose a deadline for the production of documents to the government, and to notify the Court of an unexpected personal issue relating to the undersigned counsel's upcoming availability that may affect the timing of the evidentiary hearing.

Petitioner's undersigned and proposed co-counsel have made meaningful progress reviewing the paper and electronic files from former counsel and have been able to narrow the scope of files requiring further review. As discussed below, however, there are thousands of files requiring a manual—and time-consuming—review.  With the continued assistance of Petitioner's proposed co-counsel, Petitioner commits to complete review and production by August 31, 2023. In the meantime, Petitioner will produce documents on a rolling basis.

Due to uncertainties about co-counsel, as well as a recent family emergency described in further detail below, counsel cannot, at this time, propose a firm timeframe for continuation of the

1

evidentiary hearing. Petitioner believes that, with the assistance of proposed co-counsel, Petitioner could be ready to resume the evidentiary hearing in October 2023, but this is contingent on the undersigned counsel's availability, which is uncertain at the present time.

Pursuant to this Court's order directing counsel for Petitioner and the government to "submit a joint proposed schedule for discovery and the continuation of the evidentiary hearing by close of business on May 5, 2023," *see* ECF No. 807, Petitioner's counsel has conferred with the government about this Proposed Schedule, but the government did not agree to join Petitioner's proposed submission.

1. As Petitioner has previously explained, *see* ECF No. 806, the preliminary review of the initial 57 bankers boxes received from Petitioner's former counsel (Federal Defender Services of Eastern Tennessee, Inc.) revealed a large amount of files that are potentially relevant to Claim 6 and thus require closer review. Upon receiving the boxes, Petitioner's counsel promptly reviewed the contents on a preliminary basis and identified nine bankers boxes and 15 binders needing further review. These boxes and binders were sent to a discovery vendor for efficient scanning, and they have yielded roughly 900 files consisting of more than 25,000 pages. These files were uploaded to an electronic document review platform hosted by Covington & Burling LLP ("Covington") (at Covington's expense), and Petitioner's counsel has begun a thorough and diligent review of these files on an individual basis.

2. On May 2, 2023, undersigned counsel received 13 additional bankers boxes from Petitioner's former counsel with thousands of paper files. While former counsel has indicated that these files are duplicative of materials previously provided to the undersigned counsel, counsel will need to review the files in order to confirm. Petitioner's counsel has begun reviewing these files on a preliminary basis, and it will send any potentially responsive files for scanning for a

closer and more efficient review.

3. In addition to reviewing Mr. Runyon's paper files—now totaling 70 bankers boxes —Petitioner's counsel has made substantial progress reviewing the 196,000 electronic files contained in former counsel's hard and flash drives. Counsel has conducted a preliminary review of the vast majority of these files, and thus far it has identified over 4,200 files, totaling more than 68,000 pages, that need further review. Roughly 7,600 files, totaling more than 139,000 pages, are still being reviewed on a preliminary basis to ascertain their relevance.

4. Since the discovery vendor began delivering scanned files on a rolling basis, Petitioner's counsel has made significant progress in the document-by-document review of the paper files identified as potentially responsive, but there are hundreds of files remaining for review. In addition, Petitioner's counsel still must (a) conduct a substantive, document-by-document review of the thousands of electronic files it has identified as potentially responsive from former counsel's hard and flash drives, (b) complete the preliminary review of approximately 7,600 electronic files from these drives and the thousands of documents included in the recently received 13 bankers boxes, and (c) conduct a substantive, document-by-document review of any potentially responsive files identified in that preliminary review.

5. The substantive, document-by-document review of the paper and electronic files has been time consuming, and Petitioner expects it will continue to be. Many of the documents are handwritten or contain handwritten notes, or are otherwise not text-searchable. And some of the paper files consist of multiple documents in one PDF spanning several hundred pages, as materials were scanned at the folder level in an attempt to create an organizational system for the discovery vendor.

6. Moreover, it is likely that some, perhaps many, documents that Petitioner identifies

as falling within the scope of the Court's discovery order will have already been produced to the government. Any de-duplication against the previously produced documents is a manual and burdensome process requiring a keyword search of all prior disclosures for each identified document, or an inventory comparison for non-searchable documents. Because this impacts the speed at which Petitioner can produce documents to the government, Petitioner has raised this concern with the government, but the parties have not yet reached agreement on de-duplication.

7.      In light of the aforementioned issues, Petitioner proposes to complete document production by **August 31, 2023**. Petitioner's counsel submits that this date strikes an appropriate balance between the need for the case to resume and the duty of Petitioner's counsel to conduct a diligent and thorough independent review of a very voluminous set of files. Petitioner will continue to conduct the review as expeditiously as possible, with the goal of avoiding any extensions due to unforeseen issues that may arise during the review itself and completing the production sooner if possible. Moreover, as previously noted, Petitioner will produce documents to the government on a rolling basis, with an initial production expected this month.

8.      Regrettably, this past week, the undersigned counsel's 75-year-old mother suffered a fall. Related scans revealed that she has Stage IV cancer. The undersigned counsel is currently caring for her mother, who needs significant assistance and is unable to walk or stand on her own. A treatment plan for the undersigned counsel's mother remains uncertain pending further medical evaluation, making it difficult for the undersigned counsel to commit to an in-person hearing date at this time. Because the undersigned counsel is currently caring for her mother, she also is unavailable to appear in court in person until further notice; she would be available to appear via video if the Court wishes to have a status conference.

9.      At present, undersigned counsel is the only counsel of record for Petitioner.

Petitioner has filed a motion to appoint Ms. Kathryn Marshall Ali of Ali & Lockwood LLP as co-counsel, ECF No. 802, which remains pending, and Petitioner also seeks to be represented in this proceeding by Covington on a pro bono basis, *see id.* Should the Court grant the motion for appointment and Covington's forthcoming *pro hac vice* motions, the undersigned counsel tentatively expects Petitioner to be ready for the evidentiary hearing in October 2023. In view of the uncertainty surrounding the undersigned counsel's availability, Petitioner proposes that counsel update the Court with its availability for the evidentiary hearing in 90 days, by which time the undersigned counsel hopes to know more about her mother's medical condition and long-term treatment and care needs.

10.     For these reasons, Petitioner respectfully requests that this Court adopt his proposed deadline for completion of document production by August 31, 2023, and order the parties to submit a proposed date for the continuation of the evidentiary hearing by August 3, 2023. Should the Court deem it helpful, the undersigned counsel is available to participate in a status conference via video or telephone.

Dated: May 5, 2023                                      Respectfully submitted,

                                                        */s/*

                                                        Elizabeth J. Peiffer, VSB No. 71353
                                                        Capital Representation Resource Center
                                                        1155 Seminole Trail #6391
                                                        Charlottesville, VA 22906
                                                        Telephone (434) 817-2970
                                                        Fax (434) 817-2972
                                                        epeiffer@vcrrc.org

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov


*/s/* Arianna Zoghi