IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| DAVID ANTHIONY RUNYON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Criminal Action No.: 4:08cr16 |
| | ) | Civil Action No. :4:15cv108 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CAPITAL § 2255 PROCEEDINGS** |
| Respondent. | ) | |
| | ) | HON. REBECCA BEACH SMITH |

## UNITED STATES RESPONSE TO PETITIONER'S PROPOSED SCHEDULE

The United States, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Brian J. Samuels, and Lisa R. McKeel, Assistant United States Attorneys, and Carrie L. Ward, Trial Attorney for the Department of Justice, submits this response to the Petitioner's Status Report and Proposed Schedule. ECF No. 808. As of the date of this filing, Petitioner has not produced any additional discovery to the United States. The United States objects to a further four month delay for completion of discovery in this matter.

The parties have also not been able to successfully discuss and determine a date for resumption of the evidentiary hearing. Given the delays that been incurred in this matter since February 2023, the lack of any definitive resolution for resumption of discovery production and a continuation of the evidentiary hearing and the narrowness of the issue on remand, the United States respectfully requests that the Court hold a prompt status hearing so that these various issues may be addressed directly with the Court.

**BACKGROUND**

Following the February 2023 continuance of the evidentiary hearing in this matter, the Court ordered the parties to confer and submit a joint scheduling order addressing remaining disclosures and continuance of the evidentiary hearing, no later than March 24, 2023. ECF No. 796.  On March 23, 2023, Petitioner sought a continuance through April 14, 2023, which was not opposed by the United States. ECF No. 800. This Court granted the motion on March 24, 2023, and directed counsel to file a joint proposed scheduling order by close of business on April 14, 2023. ECF No. 801.  On April 14, 2023, Petitioner sought an additional continuance (ECF No. 805), which the United States did not oppose, and the Court granted the motion, ordering a joint schedule be submitted no later than May 5, 2023. ECF. No. 807.  The Petitioner has sought appointment of additional counsel, namely Ms. Kathryn Ali and generally referenced a future pro hac vice motion to appoint pro bono attorneys associated with a law firm, "tentatively" expecting Petitioner to be ready to complete the hearing in October 2023. ECF Nos. 802 and 803.

On April 18, 2023, this Court ordered the parties "to submit a joint proposed schedule for discovery and the continuation of the evidentiary hearing by close of business on Friday, May 5, 2023." ECF No. 807.  Thereafter, the United States conferred with counsel for Petitioner, but was unable to arrive at a joint schedule for either discovery or a resumption of the evidentiary hearing. Petitioner subsequently filed his Status Report and Proposed Schedule on May 5, 2023.  ECF No. 808.  Although Petitioner contends that meaningful progress reviewing files from former counsel has been accomplished, there apparently remain thousands of files that require manual review. Petitioner proposes a production completed by August 31, 2023 – some four months away from the filing of the status report and over six months following the suspension of the evidentiary hearing in February 2023.  Petitioner proposes that the parties submit a proposed date for the

continuation of the evidentiary hearing by August 3, 2023, nearly a month before the Petitioner pledges to complete production of discovery.

## **DISCUSSION**

Pursuant to the orders granting the various extensions between February and May 2023, counsel for Petitioner and counsel for the United States have conferred on several occasions regarding the status of discovery and Petitioner's needs moving forward. Petitioner's counsel has consistently identified the volume of incoming discovery, uncertainties as to whether or when Petitioner's counsel will take full possession of the file, the needs for new counsel (upon appointment) to conduct an independent review of materials and familiarize themselves with the case. Current counsel has not addressed the performance by prior counsel, Federal Defenders Service of Eastern Tennessee (FDSET) to adhere their pledge to complete transfer of Petitioner's file.[1] It appears that there have been problems in completing the transfer of files that have caused additional delays. In any case and for whatever reason, it seems apparent that the pledge made by FDSET, via declaration and subsequent to their permitted withdrawal, of a timely, efficiency and complete production of materials has not been fully realized. And in the nearly three months since FDSET sought and was granted withdrawal, the United States has not received any additional discovery. Each conference the United States has had with counsel for Petitioner focuses on these claimed challenges and inability to chart a path forward.

In his present status report, Petitioner again focuses heavily on the sheer volume of materials in Mr. Runyon's files. FDSET apparently kept the files in various forms, albeit much of

---

[1] In its affidavit submitted to the Court, FDSET indicated that ""by March 17,2023, FDSET will re-scan all files related to the penalty phase." ECF No. 795-1, para. 6. "My March 17, 2023, FDSET will organize the contents of Mr. Runyon's internal file, or H drive file." Id., para. 8. Remaining digital files will be exported to VCRRC by March 31, 2023. Id., para. 9. Discovery would complete by the week of April 3, 2023. Id., para. 10.

it is duplicative.  As was evident from the discovery produced to date and introduced as exhibits during the interrupted evidentiary hearing, some documents were "OAF" or "original attorney files."  The United States received thousands of documents in disclosures from prior counsel and hundreds more when the initial lapse was identified in mid-February.  FDSET was to do an initial review that would  help narrow the scope for current counsel to review.

Petitioner's latest status report does not identify ongoing needs with any specificity, beyond the need for independent "document-by-document review of any potentially relevant files." The status report identifies thousands of files from former counsel, but does not specify in any meaningful detail whether the files are relevant to the guilt phase, penalty phase, or even earmarked as relevant to the limited claim pending before this Court – beyond a "large amount of files that are potentially relevant to Claim 6 and thus require closer review."

This ambiguity seems to conflict with the agreed upon plan submitted by FDSET, which would include indexes identifying relevant materials and an initial review of materials to identify relevant documents.  However, the claimed sheer volume of materials would indicate that the bulk of the materials cannot bear relevance or be necessary to the limited nature of the remaining Claim 6, which is focused on counsel's communications and strategies involving mental health experts at sentencing. That limitation certainly calls into question whether there exists good cause for an additional four months' delay, particularly when this newest request comes without assurances that the proposed August 31, 2023, is a date certain, even to complete discovery, much less resume the evidentiary hearing.  It would be somewhat unheard of for the United States to request such an extension to review and produce discovery in a criminal case.  Petitioner's counsel cannot be starting completely from scratch here given counsel's association with the case for some time and the substantial preparation for the evidentiary hearing prior to its interruption.

The United States is understanding to the ongoing challenges Petitioner and his counsel have suffered since February 2023 (and certainly sympathetic to the personal issues) and has not opposed prior reasonable requests for accommodation. However, it seems a worthy discussion to refocus all parties on the statutory and procedural limitations that define the proceeding at issue. This delay should permit for the prompt and efficient disclosure of needed discovery, not for Petitioner to renew and retool his presentation related to the claim at issue.

This remaining Claim was brought pursuant to 28 U.S.C. § 2255, which has a strict one-year period to investigate and bring forth claims. The Petitioner initially asserted a great many other claims, which were denied and dismissed by the Court and the Court of Appeals – leaving just this one remaining. But the Petitioner now asserts that he needs over six months just to review for additional discovery on just this *one* claim, which is taking advantage of his own failure to provide these disclosures.

The Fourth Circuit remanded for hearing in February 2021. The hearing commenced and quickly adjourned in February 2023. Petitioner's original Claim 6 was limited by the Fourth Circuit's mandate. All that remains before this Court is whether Mr. Runyon's trial counsel "provided ineffective assistance by failing to investigate and present mitigating evidence of Runyon's brain injury and potential mental illness." The Fourth Circuit ordered this remand in February 2021, to "resolve material facts in dispute involving inconsistencies beyond the record." *Id.*at 208-209. The parties operated under this Court's orders regarding discovery and mandated an open and continuous discovery process. Despite those efforts, Petitioner's discovery violations were noted at the hearing on February 14, 2023, with documentation that utterly contradicted facts presented to the Court of Appeals and which relied upon the assertion that trial counsel "never

provided the [brain] scans to Dr. Merikangas." *United States v. Runyon,* 994 F.3d 192, 205 (4th Cir. 2021).

On February 14, 2023, Petitioner disclosed documentary evidence that would summarily resolve the "material facts in dispute." Specifically, Dr. Merikangas' own billing records that reflected time reviewing the brain scans and discussing said scans with trial counsel. Additionally, Petitioner belatedly provided trial counsel's memorandum to file, documenting that discussion, and noting that Dr. Merikangas strongly advised against presenting a mental health defense. Upon receipt, the Government attempted to waive further discovery in order to proceed to resolution on the limited claim at issue. ECF No. 798 (Ordered moot by the Court's subsequent directives, ECF No. 799).

Prior counsel's performance at the evidentiary hearing did suggest an effort to expand upon the limited remand by investigating claims raised and denied by the Fourth Circuit. For example, claims involving childhood trauma and generational trauma did not receive a certificate of appealability; yet were explored at length through lay witnesses during Petitioner's case in chief in the evidentiary hearing. The United States respectfully requests that this Court use a status conference to ensure the parties' understanding of the law of the mandate, which forbids "relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case." *Ellis v. United States*, 313 F.3d 636 (1st Cir. 2002) A status conference may ensure that the parties are properly advised that "a lower court generally is bound to carry the mandate of the upper court into execution and may not consider the questions which the mandate laid at rest." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (cleaned up). "Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" *Juniper v. Hamilton*, 529

F.Supp.3d 466, 482 (E.D. Va., March 29, 2021)(Internal citations omitted).  Since Petitioner has attempted to do just that, his calculation as to what constitutes good cause for a proper continuance should thus be limited by the statutory and procedural bars governing this evidentiary hearing.

Accordingly, the United States requests a status conference to be held promptly, so that all parties can discuss and determine an appropriate way ahead. One that lies within the scope of the mandate, the letter of the law, and complies with the Court's intentions and directives.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:    _____/S/_____

Brian J. Samuels
Lisa R. McKeel
Assistant United States Attorneys
Carrie L. Ward, Trial Attorney
Attorneys for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov
Email: Lisa.McKeel@usdoj.gov
Email: Carrie.Ward@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th  day of May, 2023,  I electronically filed a true copy of the foregoing with the Clerk of Court using the CM/ECF system who will send notice to all filers.

By:        /S/
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov