UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

        Petitioner,

v.                                                            CIVIL NO. 4:15cv108
                                                   [ORIGINAL CRIMINAL NO. 4:08cr16]
UNITED STATES OF AMERICA,

        Respondent.

## ORDER

This matter comes before the court on Petitioner's "Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255," filed April 12, 2023, and its accompanying memorandum in support. See ECF Nos. 802, 803. In his Motion, Petitioner requests that Kathryn Ali, Ali & Lockwood LLP, be appointed to assist with Petitioner's ongoing habeas representation. See ECF No. 802 at 1. Petitioner is currently represented by Elizabeth Peiffer of the Virginia Capital Representation Resource Center ("VCRRC").

While the court is not required to appoint more than one attorney to represent Petitioner in his habeas proceedings, the court may do so, "with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." See 18 U.S.C. § 3599(a)(2), (d). Given the seriousness of the capital penalty in this case, the amount of discovery yet

to be completed,[1] and the complexity of the case, the court will exercise its discretion to appoint a second attorney to represent Petitioner. See id. Moreover, Kathryn Ali is well-qualified to provide such representation, given her eleven years of capital habeas experience, including matters involving brain injuries and medical experts. See ECF No. 803 at 6.

Therefore, pursuant to 18 U.S.C. § 3599(d), the court **APPOINTS** Kathryn Ali as second counsel for Petitioner in this matter, but for the sole purpose of moving the case forward on the one issue now before the court for an evidentiary hearing. Petitioner is **ADVISED** that the court does not intend to appoint, nor to otherwise admit pro hac vice, any additional attorneys. To the extent that Petitioner utilizes additional counsel in a supporting pro bono role, he will do so without the appointment or involvement of, or reimbursement from, the court.

Petitioner and the United States have still not agreed to a proposed schedule for discovery and the continuance of the evidentiary hearing, despite several extensions from the court.

---

[1] The VCRRC was initially appointed to represent Petitioner in his habeas proceedings on November 5, 2014, and has served as Petitioner's lead counsel since that time. See ECF No. 410. Although the Federal Defender Services of Eastern Tennessee were appointed as co-counsel, ECF No. 435, and were rightly involved in the discovery process, the court is disappointed that the VCRRC did not maintain sufficient oversight of their co-counsel, which has led to extensive delays in this matter, to the inconvenience and expense of Petitioner, the United States, the public, and the court.

See ECF Nos. 801, 807 (Orders granting extensions). Nevertheless, Petitioner has independently suggested that discovery continue through August 31, 2023, with the evidentiary hearing to resume in October 2023. ECF No. 808 (Petitioner's "Status Report and Proposed Schedule"). The United States objects to such a lengthy extension and requests that the court hold a status hearing so that these issues "may be addressed directly with the court." ECF No. 809.

Considering the several extensions already granted by the court, the United States' request for a hearing, and now the appointment of Kathryn Ali to represent Petitioner, a status hearing is appropriate. As such, counsel are **DIRECTED** to schedule a hearing before the court with the Calendar Clerk, to be held within thirty (30) days of the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for Petitioner and the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May 17, 2023