UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division


DAVID ANTHONY RUNYON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL NO. 4:15cv108
[ORIGINAL CRIMINAL NO. 4:08cr16-3]


**ORDER**


At the request of the United States, the parties convened before the court on June 16, 2023, for a status hearing to address the parties' inability to reach an agreement regarding the timeline for discovery and the continuation of Petitioner's evidentiary hearing. See ECF Nos. 809 at 7; 796 (Order directing the parties to reach such an agreement)[1]; 817 (Minute Entry). Petitioner was present throughout the hearing. The court heard argument of counsel regarding (1) issues with discovery and in agreeing to a proposed schedule; and (2) Ms. Elizabeth Peiffer's Motion to Withdraw and Substitute Pro Bono Counsel, which was filed on June 7, 2023. ECF No. 814.

---

[1] After the court's initial order directing the parties to reach an agreement on a proposed schedule, the court subsequently granted three motions and requests to continue the deadline for such. See ECF Nos. 801, 807, 810.

I.

For the reasons stated from the bench, the court finds that Ms. Peiffer's withdrawal would not be in the "interests of justice." Martel v. Clair, 565 U.S. 648, 652 (2012); see Christeson v. Roper, 574 U.S. 373 (2015). To the contrary, in order to ensure that Petitioner receives adequate representation while maintaining continuity of counsel and the institutional knowledge of the Virginia Capital Representation Resources Center ("VCRRC")[2], the court finds that it is in the "interests of justice" for Ms. Peiffer to remain as counsel for Petitioner. See id.

Further, for the reasons stated from the bench, while the court is sympathetic to Ms. Peiffer's family situation, the court does not find that she has a conflict of interest necessitating withdrawal under Virginia Rules of Professional Conduct 1.7(a)(2), 1.1, or 1.3(a). See ECF No. 815 at 3-4 (Memorandum in Support of Ms. Peiffer's Motion to Withdrawal). Moreover, the court has considered the untimely filing of the Motion to Withdraw at the "eleventh hour" in these proceedings, and has fully heard the matter with all of the reasons and argument for Ms. Peiffer's withdrawal, together with the prejudice resulting to Petitioner and the United States, which opposed the withdrawal. The court concludes that the "interests of justice" would not be served by granting the Motion to

---

[2] The Virginia Capital Representation Resource Center has lead Petitioner's habeas proceedings since November 5, 2014. See ECF No. 410 (Order appointing Ms. Michele Brace of the VCRRC).

Withdraw. Accordingly, Ms. Peiffer's Motion to Withdraw, ECF No. 814, is **DENIED**.[3]

Ms. Peiffer and Ms. Ali shall remain counsel for Petitioner, distributing their duties as they see fit, as co-lead counsel. Ms. Peiffer and Ms. Ali may continue to utilize the services of pro bono attorneys, but no applications/motions from the individual attorneys for pro hac vice admission are currently before the court, as none have been submitted.[4] The court has expressed an intention, at this juncture, not to admit any additional attorneys to represent Petitioner in this limited matter on remand from the Fourth Circuit,[5] but it has no specific and proper applications to consider, with time being of the essence. See infra Part II.

## II.

Next, after hearing argument of counsel and for the reasons stated from the bench, the court **ORDERS** that all discovery be

---

[3] For the reasons stated from the bench, the court **GRANTED** Ms. Peiffer's Motion to Seal, ECF No. 812, regarding the declaration in support of her Motion to Withdrawal, ECF No. 814.

[4] Attached hereto as Exhibit A is a blank application form required by the Local Rules of this court. See Local Rule 83.1(E). The application has necessary information for consideration by the court to exercise its discretion for any individual pro hac vice appointment.

[5] The Fourth Circuit remanded this matter on only one limited issue: Whether Petitioner's trial counsel "failed to provide him with effective assistance, in violation of the Sixth Amendment, by failing to investigate adequately his brain injury and potential mental illness and introduce such evidence in mitigation during the penalty phase of trial." United States v. Runyon, 994 F.3d 192, 204 (4th Cir. 2021).

completed by 5:00 P.M. on August 31, 2023. The evidentiary hearing shall resume on November 1, 2023, at 11:00 A.M., and shall begin at 11:00 A.M. each day thereafter, until completion. The parties are **DIRECTED** to meet and confer, on or before June 28, 2023, to agree on the form and method of document exchange; to address any issues with and resolutions thereto of the Protective Order, ECF No. 652; and to discuss the format, scope, and presentation of evidence at Petitioner's evidentiary hearing. If no agreement can be reached, or if further issues otherwise necessitate an additional status hearing, the parties are **DIRECTED** to notify the court of such need by 5 P.M. on June 28, 2023, after which the court will set a status hearing.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for Petitioner, the United States Attorney at Newport News, and Mr. Robert Lee of the Virginia Capital Representation Resource Center. Finally, the court **DENIED** a stay of this Order pending appeal at the conclusion of the hearing, for the reasons of record for its rulings.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 20, 2023*

* This Order was effective immediately after issued from the bench on June 16, 2023, at 1:40 P.M., at which time the hearing was adjourned.

4