DAVID ANTHONY RUNYON,

      Petitioner,

    v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

**MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 37, Federal Rule of Criminal Procedure 16(d)(2), Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Due Process Clause of the Fifth Amendment, and the Eighth Amendment, Petitioner David Anthony Runyon, by and through undersigned counsel, moves this Court to compel the government to provide discovery in compliance with the January 27, 2022, discovery order, ECF No. 657. Specifically, Runyon moves for disclosure of all records in the government's possession, custody, or control relating to two government trial experts for whom, to undersigned counsel's present knowledge and recollection, no records have been produced. In support of his accompanying motion, Petitioner states the following:

As the Court and parties are familiar, the claim being litigated on remand in these § 2255 proceedings is whether Runyon's trial counsel were ineffective for failing to investigate and present evidence of Runyon's psycho-social history, brain damage, and mental health. Before the

penalty phase of Runyon's trial, the government disclosed two experts: Dr. Daniel Martell, a neuropsychologist, and Dr. Michael Batipps, a neurologist. Neither expert ultimately testified. During these § 2255 proceedings, the government again retained Dr. Martell as its expert. After his review of the case file, including Runyon's MRI scans and medical records, Dr. Martell concluded that Runyon is brain damaged and suffers from longstanding brain dysfunction. Because his opinions were favorable to Runyon rather than the government, the government released Dr. Martell as an expert in January 2023, at which point Runyon's prior habeas counsel retained Dr. Martell.

This Court's January 2022 discovery order required the government to disclose "all matters, should they exist, related to Petitioner's brain injury and mental illness . . ." ECF No. 657 at 2. The government's files concerning Drs. Martell and Batipps plainly fall within the scope of that order. But as far as undersigned counsel is aware, the government has not produced *any* documents relating to either Dr. Martell or Dr. Batipps from the time of trial during discovery in these § 2255 proceedings.

The government has not disputed that such information is relevant and falls within the operative discovery order. Rather, its position to-date has been that no records exist. But documents recently obtained directly from Dr. Martell show that he performed at least 10.75 hours of work in the weeks leading up to the penalty phase, including reviewing records and billing time to the case the day before the penalty phase began. These records show that Dr. Martell sent his invoices directly to Assistant United States Attorney Brian Samuels, and that Dr. Martell was ultimately paid thousands of dollars by the federal government for his work.

The government has not produced these billing records. Nor has the government produced any contract with Dr. Martell (or Dr. Batipps) from the time of trial, any of the standard forms

government attorneys typically must complete to seek authorization to retain litigation experts, or any communications with either expert—nothing. Dr. Martell must have received communications and records from the government, because he billed, and was paid, for reviewing records and "test data." And it is highly improbable that the government would have formally disclosed experts to the defense and the court without having an understanding of the opinions the experts were likely to offer at trial—opinions the experts could not have formed without doing at least some work on the case. It likewise is doubtful that these experts would have billed time on the case without having a contract with the federal government, or that the federal government could have executed a contract with them without filing paperwork seeking such authorization.

If these documents are in the government's possession, the government should be ordered to immediately disclose them under the discovery order. If the documents were not preserved, the government is in violation of the Federal Records Act, which requires "permanent" retention of all records in capital cases, and the government should be ordered to explain this violation. Runyon reserves the right to seek appropriate sanctions if the government has not retained the documents as required.

## BACKGROUND

**A.** **The government's retention of Drs. Martell and Batipps**

On August 6, 2009, Margaret Jahn, a paralegal in the U.S. Attorney's Office emailed Runyon's trial counsel, Steve Hudgins "to make sure [he] had all of [the government's] expert curriculum vitae's [sic]." *See* Exhibit A. Jahn attached to that email the curricula vitae of Drs. Batipps and Martell. Hudgins emailed resource counsel on August 10, 2009, saying that "[i]n response to [Merikangas's] report, the Government will use Michael Batipps, and Daniel Martell,

3

Ph.D." *See* Exhibit B. Batipps's and Martell's curricula vitae were marked as the government's proposed exhibits 333 and 334 at trial. *See* Exhibits C & D. Neither expert testified at trial.

Records recently located and provided to Runyon's counsel by Dr. Martell show that he performed at least 10.75 hours of work on the case between July 27, 2009, and August 18, 2009 (the day before the penalty phase began). *See* Exhibit E. These hours were spent "[r]eviewing test data," reviewing records, and performing research. *See id.* at 2, 4. The records reflect that the government paid Dr. Martell $990 on October 9, 2009, *see id.* at 6, and $3,937.50 on October 30, 2009, *see id.* at 8. Dr. Martell's invoices dated August 17, 2009; September 17, 2009; October 16, 2009; and November 16, 2009, are all addressed to Brian Samuels, counsel for the government. *See id.*

The government again retained Dr. Martell for the § 2255 proceedings in this case. On November 14, 2022, counsel for the government informed Runyon's counsel for the first time that it would be advisable to speak to Dr. Martell, as his opinions were favorable to Runyon. Upon speaking with Dr. Martell, counsel for Runyon learned that Dr. Martell's opinion is that Runyon was brain damaged at the time of trial. In January 2023, the government released Dr. Martell as an expert, and Runyon retained him as an expert.

**B.      Discovery in these § 2255 proceedings**

On January 27, 2022, this Court entered an order requiring the government to "produce any matters relevant to Petitioner's Habeas Claim 6, if not previously produced" by January 31, 2022. ECF No. 657 at 2. Specifically, the Court ordered that "the Government shall provide all matters, should they exist, related to Petitioner's brain injury and mental illness, such matters that would have been disclosed if mental health evidence had been fully exchanged between the parties and presented to the jury." *Id.*

As far as undersigned counsel is aware, the government did not produce any documents related to Drs. Martell or Batipps in response to this discovery order.[1] Since the expiration of that deadline, Runyon has repeatedly both formally and informally requested records related to Drs. Martell and Batipps from the time of trial, and the government has steadfastly maintained that no such documents exist.

On March 21, 2022, Runyon filed his first discovery motion, requesting in part "all records of communication between the prosecution team and the prosecution's mental health experts." *See* ECF No. 670 at 6. At a status conference on April 13, 2022, the government produced eleven pages of documents responsive to this request, none of which related to Drs. Martell or Batipps.

On April 26, 2022, Runyon's counsel sent an email to the government again requesting "all documents related to Dr. Martell that are in the government's possession, as you indicated that Dr. Martell was involved, or at least there were communications with him and he was under contract as a rebuttal witness." *See* Exhibit F. In a call on May 13, 2022, followed by an email on May 16, 2022, the government "affirm[ed] that [the government] has provided all information related to Dr. Martell, he was not hired at the time of trial and nothing related to the government's potential trial experts has been withheld, all has been produced, best to our knowledge and belief." *See* Exhibit F. During a June 22, 2023, meet and confer, the government reiterated this position.

On January 27, 2023, after learning that Martell's opinion was favorable and retaining him as an expert, Runyon filed a second discovery motion, requesting "[r]eports, opinions, and notes

---

[1] During a June 2023 meet and confer, counsel for the government represented that they had produced to Runyon's prior counsel all records concerning Dr. Martell from their retention of him as an expert in these § 2255 proceedings. To date, undersigned counsel have not located these documents in prior habeas counsel's files. During a subsequent conference with the government's counsel on July 28, undersigned counsel requested that the government re-produce any such documents.

from Dr. Daniel Martell, records of communications with Dr. Daniel Martell, and any favorable evidence relating to Dr. Daniel Martell." ECF No. 737 at 4. To undersigned counsel's knowledge, the government produced nothing in response to this request.

On July 25, 2023, undersigned counsel emailed counsel for the government to ask them to clarify their position and to question why certain documents appeared to not have been disclosed. Specifically, the undersigned asked for confirmation that "the government has turned over all records in its files relating to both Dr. Martell and Dr. Batipps," including "all correspondence, draft reports, and contracts with Dr. Martell from the post-conviction proceedings" and "that the government does not possess any documents concerning Dr. Martell from the time of trial." *See* Exhibit G at 2–3. The undersigned also asked whether the same applies to Dr. Batipps. *See id.* The email detailed what sorts of documents the undersigned would have expected to have received, including certain forms, contracts, and communications. The undersigned then asked:

> To the extent it is your position that you have already turned each of these categories over, could you please produce them and/or provide a record of when they were produced and to whom so we can try to locate them in prior counsel's files? If it is your position that the government does not possess some or all of these categories of information, please clarify whether you claim that the information never existed or simply that these documents are no longer in the government's possession. If the latter we would also ask for confirmation that the documents are not accessible through your Administrative/Budget Officer or another section of DOJ such as the EOUSA, Special Authorization Unit, Justice Management Division, or any other group which may have reviewed the documentation. Given that the government formally disclosed both Dr. Martell and Dr. Batipps in advance of the penalty phase of the trial, it would be highly unusual for the government to have no records concerning these experts from that time period.

*Id.*

Counsel for the government responded on July 26, 2023, that they would "look into" these questions, but that "[a]s mentioned in our last call, we believe had [sic] made any relevant productions of this information." *See* Exhibit G at 2.

Undersigned counsel responded on the same day, reiterating the prior request for confirmation of the government's position and seeking clarification of whether the government contends that no information or documents pertaining to Drs. Martell or Batipps ever existed or whether instead the government is claiming that it may have existed at one point but no longer exists. *See* Exhibit G at 1.

The undersigned also attempted to follow up on these emails by phone on July 26 and July 27, 2023. The undersigned spoke with government counsel Carrie Ward on July 28. Ms. Ward, who was not involved in the case at the time of trial, stated that it was her understanding that there were "minimal" interactions with Dr. Martell pre-trial and that there accordingly would have been no documents to disclose. She further stated that she was not familiar with Dr. Batipps or any work he may have done on the case. Ms. Ward agreed to conduct a further search, confer with her co-counsel, and follow up.

On July 30, Runyon's counsel followed up once again by email to state that Dr. Martell had provided records (attached to the email) "reflecting that he billed hours to the case in the weeks leading up to the trial in 2009, transmitted several invoices to Brian at that time, and was paid for his work by the government." Exhibit G at 1.  In light of this development, Runyon's counsel reiterated the earlier "requests for clarification concerning the reason the government has nothing to disclose related to the trial experts. Is it your position that no information/documents concerning Drs. Martell or Batipps from the time of trial ever existed? If that is the case, how can that be squared with the records we have now received from Dr. Martell?" *Id.* Counsel further stated: "I appreciate that you have agreed to conduct a further search of the government's files. While I would very much prefer to allow that process to play out before raising this issue with the court, I am concerned about timing in light of the approaching August 31 discovery deadline. Given this

deadline and my obligation to protect my client's interests, I feel I have no choice but to file a discovery motion early this coming week." *Id.* at 1–2. Counsel for the government responded on August 1 to state that they hoped to respond by the end of the week. *Id.* at 1.

As conveyed to counsel for the government, undersigned counsel remains willing to and interested in continuing to confer with the government about this issue in hopes of reaching a resolution that does not require the Court's intervention, but files this motion to ensure the issue is raised and resolved in a timely manner given the approaching deadlines.

## ARGUMENT

The requested discovery falls within the scope of this Court's discovery order. Drs. Martell and Batipps are, respectively, a neuropsychologist and a neurologist retained by the government prior to the penalty phase to rebut Dr. Merikangas, Runyon's expert neurologist. Their opinions, notes, communications with the government, and any other records pertaining to them are indisputably "matters . . . related to Petitioner's brain injury and mental illness," ECF No. 657 at 2. The government has never contested otherwise. Rather, as detailed above, the government's position since at least 2022 is that no such documents exist.

The government's assertion that there is nothing to produce is not plausible on its face, and in light of documents recently obtained from Dr. Martell, *see supra* Background Section A, it is clear that at least some documents relating to Dr. Martell *do* exist, and were in the government's possession since 2009. It is also clear that Martell performed billable work on Runyon's case prior to the penalty phase, and reviewed relevant records, and that the federal government paid him that work.

Based on ordinary government processes and regulations, there is reason to believe that the government possesses (or possessed at some point) additional documents. For example, the Department of Justice uses a Form OBD-47 for expert witnesses. *See* Department of Justice,

ENRD Resource Manual § 63, Form OBD-47 – Request, Authorization and Agreement for Fees and Expenses of Expert Witnesses, available at: https://www.justice.gov/jm/enrd-resource-manual-63-form-obd-47-request-authorization-and-agreement-fees-and-expenses.

Another division of the Department of Justice has released "guidance" emphasizing the "importance of [o]btaining a [c]ontract [b]efore an expert performs any billable work." *See* Department of Justice, Tax Division Guidance on Expert Witness Contracts (Oct. 2008) at 1, available at: https://www.justice.gov/sites/default/files/tax/legacy/2009/05/18/ew-instructions2.pdf. In this guidance, the Department of Justice warns:

> Obtaining a valid contract protects the Government's interests, and also protects the trial attorney from personal liability. An attorney who allows an expert to perform work before a contracting officer has signed the contract, has created an unauthorized commitment, which could result in the attorney being held personally liable to pay the expert for any work performed that was not covered by a contract.

*Id.*

Common sense also dictates that there must have been communications between the government and Drs. Martell and Batipps. At a minimum, the government was in possession of the experts' curricula vitae, *see supra* Background Section A, which must at some point have been transmitted from the experts to the government. It also is apparent from the billing records that Dr. Martell was in the possession of records and "test data" to review related to the case, which must at some point have been transmitted to him by counsel for the government.

These and any other documents relating to Drs. Martell and Batipps that remain in the government's possession must be produced under the Court's discovery order. The government should have turned them over in January 2022, or in response to one of Runyon's repeated requests for them, and certainly in advance of the evidentiary hearing.

If these documents once existed but were not preserved, that would be a violation of the Federal Records Act, and the government should be ordered to produce all documents regarding

the destruction of these documents and explain why the Act was not followed, pursuant to 36 C.F.R. § 1230.14. Pursuant to the Federal Records Act, agencies may only dispose of records on terms approved by the Archivist of the United States, who is head of the National Archives and Records Administration. 44 U.S.C. § 3303; 36 C.F.R. § 1225.10. This process is the exclusive procedure by which all federal records may be disposed of or destroyed. 44 U.S.C. § 3314. In capital cases, the Archivist has designated all records as "permanent." *See* Request for Records Disposition Authority (Sept. 2010), available at: https://www.archives.gov/files/records-mgmt/rcs/schedules/departments/department-of-justice/rg-0118/n1-118-10-007_sf115.pdf. The penalties for unlawful or accidental removal or destruction of records include a fine, imprisonment, or both, 36 C.F.R. § 1230.12. Willful and unlawful destruction of records also requires forfeiture of one's office and disqualification from holding any office under the United States. *See* 18 U.S.C. § 2071(b).

To the extent the government contends and the Court determines that the records described herein do not fall within the scope of this Court's existing discovery order, Runyon alternatively moves for discovery of documents pertaining to Drs. Martell and Batipps under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. There is good cause for this discovery because the requested documents "may well contain favorable, material information," that would support Runyon's claim of brain damage. *See Dung The Pham v. Terhune*, 400 F.3d 740 (9th Cir. 2005) (finding "good cause" for discovery in a habeas case where the documents met this standard).

The information in the requested documents is highly relevant to Runyon's ineffective assistance of counsel claim, as the penalty phase government experts' opinions as to whether

Runyon was brain damaged are relevant to this Court's determination of the strength of Runyon's evidence of brain damage and the impact it would have had on jurors.

For these reasons, Runyon respectfully requests that this Court grant the accompanying Motion and order the government to produce all records related to Drs. Martell and Batipps, or in the alternative, to explain when and why such records were destroyed in violation of the Federal Records Act and produce any associated documentation.

Dated: August 1, 2023

Respectfully Submitted,

/s/ Kathryn M. Ali

Kathryn M. Ali, VSB No. 97966
Ali & Lockwood LLP
300 New Jersey Avenue N.W., Suite 900
Washington, D.C. 20001
Telephone (202) 651-2475
katie.ali@alilockwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/ Kathryn M. Ali