---------- Forwarded message ---------
From: **Ward, Carrie (CRM)** <Carrie.Ward@usdoj.gov>
Date: Wed, Jun 15, 2022 at 12:07 PM
Subject: US v. Runyon
To: Hansen.Dana <Dana_Hansen@fd.org>, Samuels, Brian (USAVAE) <Brian.Samuels@usdoj.gov>, epeiffer_vcrrc.org <epeiffer@vcrrc.org>
Cc: McKeel, Lisa (USAVAE) <Lisa.McKeel@usdoj.gov>, Jahn, Margaret (USAVAE) <Margaret.Jahn@usdoj.gov>


Dana,


I hope you have a wonderful trip. I did want to circle back to the email sent on 5/13 (below) documenting our phone conversation and outlining what was coming, from both sides:


Attached are the ROI from the counsel interviews. We would ask for any materials from Jon Babineau and Dr. Evan Nelson in your possession related to Claim 6.  In a recent brief communication with Babineau, he indicated that he had turned over all of his notes (including legal pads) on any issue of mental health.   Dr. Nelson indicated there would be a 2 page memo from him to Babineau, and his billing records would be insightful if you are unable to locate the specific documents.  In talking to Hudgins and Woodward, they believe all was handed to habeas counsel.  We would hope to resolve informally, but given the pending hearing date we will have to file a Rule 6 motion seeking discovery regarding

1/4

Babineau and Nelson – to include access and subpoena duces tecum for their records - since Babineau was the penalty phase counsel and the handoff of his work product remains unclear.

For sake of record-keeping, please provide a list of what was provided to Dr. Martell. We do not anticipate any other filings at this time, but we should discuss the production of the witness list/evidentiary list (we thought we would receive Defense's first list 2-3 weeks after the 5/13 phone call) as well as a joint proposed scheduling order, since we discussed being prepared to talk about dates – including experts' dates of availability through the end of this calendar year – at the 7/20 conference.  Let me know if you want to get a call on the books so we can touch base after your return/prior to the hearing.

Very respectfully,

Carrie L. Ward

Capital Case Section

1331 F Street, NW; Rm. 650

Washington, D.C. 20530 (mail) 20004 (FedEx)

carrie.ward@usdoj.gov

202-923-7154 cell

---

From: Ward, Carrie (CRM)
Sent: Monday, May 16, 2022 1:23 PM
To: Hansen.Dana <Dana_Hansen@fd.org>; Samuels, Brian (USAVAE) <BSamuels1@usa.doj.gov>; epeiffer_vcrrc.org <epeiffer@vcrrc.org>
Cc: McKeel, Lisa (USAVAE) <LMcKeel@usa.doj.gov>; Jahn, Margaret (USAVAE) <MJahn@usa.doj.gov>
**Subject:** RE: US v. Runyon: 5/13 call synopsis

All,

To ensure we stay on the same page, my notes from today's call are below:

We discussed:

1. habeas counsel (2) have both received the audio CDs related to the government's trial experts.
2. Dr. Martell
   a. The government affirms that it has provided all information related to Dr. Martell, he was not hired at the time of trial and nothing related to the government's potential trial experts has been withheld, all has been produced, best to our knowledge and belief.
   b. Dr. Martell has requested that the defense/habeas experts provide their notes and raw data. Habeas counsel interpreted this as just Dr. Mirsky, but his mailing address was wrong and he has not yet been

contacted (FedEx packet returned to habeas counsel just yesterday, 5/12, counsel will follow up).

   i.   Habeas counsel – please double check whether Merikangas has/had materials that would be responsive to Dr. Martell's request for the defense experts' raw data, testing, and notes.

   ii.   Once Dr. Martell has completed his file review, that will trigger additional disclosure obligations on the part of government counsel. We will keep you apprised.

3. Dr. Nelson
   a. Habeas counsel avers that they are not in possession of anything further from Dr. Nelson, or otherwise unaware of any communications or reports between Dr. Nelson and prior trial counsel, Mr. Babineau.

   i.   We will again review the known discovery and see if we can pinpoint specific communications, or will notify habeas counsel if government intends to request a subpoena duces tecum to Mr. Babineau and/or Dr. Nelson, for materials within their possession relevant to the pending claim.

4. Trial Counsel interviews.
   a. Government will provide the interview summaries.
5. Potential motions.
   a. Bifurcation of the hearing: we will consult with Mr. Hudgins and provide counsel and the court any information related to his illness and potential for unavailability, through the end of the calendar year.
   b. Discovery

   i.   As mentioned, potential motion for discovery as related to Babineau/Nelson.

   ii.   Potential stipulations regarding evidence in lieu of testimony (i.e., possible lay witnesses) --- pending initial witness and exhibit lists.

   c. Restitution – defense, identifying the issue related to the restitution order.

   i.   Lisa will provide habeas counsel with that last communication and contact information for the POC at the USAO budget office.

6. Joint scheduling orders/proposed scheduling orders
   a. Habeas counsel will supply the initial witness and exhibits list in 2-3 weeks, we'll reply with any rebuttal witnesses or exhibits 15 days following. Excepting information related to Dr. Martell, which will be provided at earliest availability.
   b. Both parties will get experts' dates of availability through end of calendar year.
   c. Goal to file joint or separate proposed scheduling orders 30 days prior to 7/20/22 conference date.
7. Pro se filing – will follow up.
8. Settlement. Potential for negotiation.
   a. GOV – this is a bit premature, since the claim of injury has not yet been tested by Dr. Martell, pending his receipt and review of the raw data, test results and notes from the experts. We'll be obligated to defend the finality of conviction, and make a recommendation as to whether the claim is viable or should otherwise concede any issues. CW will continue to research the government's technical requirements in anticipation of any proposed settlement.


Very respectfully,


Carrie L. Ward

Capital Case Section

1331 F Street, NW; Rm. 650

Washington, D.C. 20530 (mail) 20004 (FedEx)

carrie.ward@usdoj.gov

202-923-7154 cell

3/4



**2 attachments**

**ROI #29 Lawrence Woodward Interview - signed.pdf**
257K

**ROI #28 Stephen Hudgins Interview - Signed.pdf**
264K



---

## RE: US v. Runyon - disclosures update

---

**Hansen.Dana** <Dana_Hansen@fd.org>                                      Tue, Apr 26, 2022 at 5:22 PM
To: "Ward, Carrie (CRM)" <Carrie.Ward@usdoj.gov>, "Samuels, Brian (USAVAE)" <Brian.Samuels@usdoj.gov>,
"epeiffer_vcrrc.org" <epeiffer@vcrrc.org>
Cc: "McKeel, Lisa (USAVAE)" <Lisa.McKeel@usdoj.gov>, "Jahn, Margaret (USAVAE)" <Margaret.Jahn@usdoj.gov>

Hello Carrie,

Thank you for your email and memo—we agree it would be helpful to talk again about outstanding matters and next steps. I just returned last night from the UK. I haven't had time to conduct searches for the specific items you listed in your memo, but I have previously disclosed information I located in the records we have which relates to Merikangas, Mirsky, Bender and Nelson. I did not look specifically for documentation regarding Babineau's hand-over of his file. I believe Hudgins' declaration addresses communication with Babineau. He says that he never had a conversation with Babineau about the penalty-phase defense. Is there some reason, based on your interview of Judge Hudgins, that you believe there would be other information? I believe the Dr. Mirsky letter of 8/18/2009 is simply referencing a conversation he had with Hudgins, because any "report" that would have been in the file would already have been provided to you.

Yes, please provide us with the audio CDs related to the government's experts. The further documentary concerns we'd like to discuss are based on representations you made during a phone call – you said the government would be turning over a lot more information to us once we provided the information you requested. We provided communications between counsel and their experts with the understanding that the government would provide reciprocal information. We are also now asking for all documents related to Dr. Martell that are in the government's possession, as you indicated that Dr. Martell was involved, or at least there were communications with him and he was under contract as a rebuttal witness, for trial. We have also asked for your notes from your interviews with trial counsel and copies of any documents they gave you. We have not gotten a response to the request for interview notes yet. On a previous call, you also agreed to give us copies of any documents you obtained from trial counsel.

As a matter of due process, we are requesting that you provide specific and formal notice of any motions or requests you believe are pending before the Court, you believe the Court will address at the next court date, or you intend to raise at the next court date. Based on the last hearing, it appears that some matters mentioned in the government's response, for example, are now going to be argued as motions, and we would like to know what you intend those issues to be so we can have a fair hearing. We are happy to do the same if you'd like. (Also, those would be issues we could add to our list to discuss before the hearing, and see if any of them could be resolved beforehand.)

Finally, we would appreciate further discussion on settling this case.

We can be available for a phone call on Friday May 13th. Please let us know a time that would work on your end?

Thank you,

Dana

**From:** Ward, Carrie (CRM) [mailto:Carrie.Ward@usdoj.gov]
**Sent:** Thursday, April 21, 2022 1:20 PM
**To:** Hansen.Dana <Dana_Hansen@fd.org>; Samuels, Brian (USAVAE) <Brian.Samuels@usdoj.gov>;
epeiffer_vcrrc.org <epeiffer@vcrrc.org>
**Cc:** McKeel, Lisa (USAVAE) <Lisa.McKeel@usdoj.gov>; Jahn, Margaret (USAVAE) <Margaret.Jahn@usdoj.gov>
**Subject:** RE: US v. Runyon - disclosures update

Ladies,

Please find attached memo – outlining what I think is the way ahead for the next discovery stages and requesting a teleconference so we can try to confer on any issues that remain outstanding.

v/r,

Carrie

Dana,

Reaching out to follow up after the status conference, I think it would be wise for us to get together again and discuss any outstanding discovery and start thinking about the timeline for the way ahead. Any issues we can resolve, let's try to do so, and we can hopefully minimize the issues that we need to get court involvement.

As noted in our last response brief, we realized we might be missing some information regarding the mitigation experts, after speaking with the trial counsel.

Defense disclosures

1. In the prior discovery, Dr. Bender and Dr. Nelson were retained as mental health consultants, presumably while Mr. Babineau was counsel. We do not have any of their records, and request those – cover letters, materials provided to the experts, and any communications between the experts and any assigned counsel, to include Mr. Babineau, as well as any reports generated by either expert, if applicable.

2. It looks like counsel consulted with Mr. David Bruck as resource counsel after receiving at least Dr. Nelson's opinion, so any communications with Mr. Bruck as related to mental health – to include communications with Mr. Babineau.

3. Any communications between Mr. Babineau and Hudgins/Woodward, as it pertains to the file transfer and discussion of the experts and/or mitigation investigation.

4. Merikangas ---
   - I still am not clear whether we have all of the experts underlying raw data/test results that informed their written reports. I know we have some from Merikangas/Mirsky, but definitely not Bender/Nelson.
   - Would like to confirm that it is their contention that Merikangas did not receive the brain scans until 2015 because the orders reference that they should be sent to him.

5. Mirksy
   - His letter from Sept. 18, 2009, references a conversation with Hudgins and "Your report to me indicated that the recent MRI and PET imaging studies of Mr. Runyon were read as normal." We not in receipt of the referenced report – please provide.
   - Dr. Martell has asked you to forward the raw neuropsychological data, as well as notes from all the doctors that have examine him. He can receive via email or cloud link, or hard copy to:
     Dr. Dan Martell
     64 Fairlake
     Irvine, CA 92614

6. Confirmation whether any materials were withheld, under color of privilege, that would otherwise be relevant to the claim, to include materials related to trial counsel's overall mitigation strategy.

Government disclosures

1. To confirm, yesterday we delivered 11 pages, including the cover letters sent to Drs. Montalbano and Patterson, at the time of trial. Since the government's anticipated experts were walled off from trial counsel until the Rule 12 notice was provided, but subsequently withdrawn, we do not have any other documentation responsive to your request regarding these experts. Please advise if you have further questions or concerns regarding discovery with these experts.

2. There are audio CDs related to the government's trial experts, please confirm whether you have these. If not we will re-send.

Other items

1. Let's discuss whether you have any further documentary concerns, we'd happy to resolve those as well.

## Scheduling/timeline concerns

The next stage in preparation should include the exchange of witness lists and proposed exhibit lists. As we have discussed before, once we have received your witness list (and exhibit list), we're happy to go through one by one and have a discussion about which witnesses can perhaps be handled by their declaration alone, possibly subject to a cross-declaration, by depositions if you still request depositions for any witness, or should be made available for in court testimony. If we try to stipulate to any witnesses for admission outside of in-court testimony, we should seek leave of the court to do so.

Timeline – let's discuss the proposed timeline, considering:

1. Witness lists.
2. Proposed exhibits.
3. Our responsive witness lists – suggesting 15 days after receipt of defense list/exhibits.
4. Time for supplements by either party, upon receipt of these disclosures.
5. Deadline for any stipulations to the admissibility of any declaration or out of court deposition.

If we could schedule a 30 minute call, perhaps before 5/15/2022, that should give us all sufficient lead time to prepare for the July hearing. Please reach out anytime, would love to hear your thoughts on this and any other matters you'd like to address.

Very respectfully,

Carrie