**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

        Petitioner

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

**MOTION FOR CO-COUNSEL TO APPEAR AT SEPTEMBER 15, 2023 HEARING
VIA REMOTE VIDEO PLATFORM**

For the reasons set forth below, and pursuant to Local Civil Rule 5 and Local Criminal Rule 49, undersigned counsel respectfully requests that co-counsel Elizabeth J. Peiffer be permitted to appear at the September 15, 2023 hearing on Mr. Runyon's motion for discovery (ECF No. 828) by remote video platform. Undersigned counsel has conferred with counsel for the Government, who stated that they take no position on this request. In support of the Motion, counsel states the following:

In late April 2023, appointed co-counsel Elizabeth Peiffer's mother fell in her home, leading to a hospitalization and the discovery that she had Stage IV cancer. The cancer is in her lungs, liver, breast, and bones. As the Court is familiar and as is detailed in other pleadings, *see* ECF No. 814, Ms. Peiffer immediately became a critical caregiver for her mother, and after consulting with Virginia State Bar ethics counsel, determined that these obligations prevented her from continuing to competently and diligently represent Mr. Runyon, requiring her to withdraw

1

based on an actual conflict of interest between her caretaking duties and her responsibilities to Mr. Runyon. In denying Ms. Peiffer's motion to withdraw, the Court explained that withdrawal was unnecessary because Mr. Runyon could "have Ms. Ali take a lead role" in the case in place of Ms. Peiffer. June 16, 2023 Hr'g Tr. at 10; *see also id.* at 57 ("You can take the lead, Ms. Ali."). The Court acknowledged that Ms. Peiffer may proceed "on a limited basis," *id.* at 16, and "can certainly take a lesser role . . . and the Court understands that," *id.* at 19. The Court further noted that, going forward in the representation, Ms. Ali and Ms. Peiffer "can determine how to divide responsibilities as between them." *Id.* at 24; *see also id.* at 22 (THE COURT: "I'll do an amended order and make [Ms. Ali] lead counsel. . . . Then you two can decide how you split your responsibilities."). The Court noted that, "Ms. Peiffer doesn't have to be here for everything between now and then." *Id.* at 57.

On August 1, 2023, undersigned counsel filed a discovery motion, ECF No. 828.[1] On August 28, 2023, this Court directed that a hearing be held on that motion. The clerk relayed by email that the Court had two timeslots available—Friday, September 15, 2023, at 1:00 p.m. and Friday, September 22, 2023, at 2:00 p.m.—and asked the parties to provide their availability during those windows. The government responded that the best day for the United States was September 22, 2023. Ms. Ali responded that September 22 worked for her as well, noting that Ms. Peiffer was not available to travel on that date, but that she (Ms. Ali) would appear for Mr. Runyon. The clerk then contacted counsel again and inquired whether all parties would be available and able to travel on September 15. The government responded that one of its attorneys was not available on that date. Undersigned counsel called the clerk and explained that while Ms. Peiffer did not have a hard

---

[1] Ms. Peiffer did not file or sign this motion.

conflict on September 15, it would be very difficult and burdensome for her to appear in person due to her caretaking obligations for her mother, including because travel to and from the hearing would render Ms. Peiffer unable to care for her mother for a period of at least several days. The Court set the hearing for September 15, 2023. The following day, the clerk called undersigned counsel to inform her that Ms. Peiffer was expected to appear at the hearing.

Ms. Ali plans to attend the hearing in person. Requiring Ms. Peiffer to also appear in-person will impose substantial hardship and expense on Ms. Peiffer and her family due to her absence as caretaker.  Ms. Peiffer's mother's reduced ability to move safely has required assistance with daily tasks, including hygiene. Ms. Peiffer's caretaking contributions in this regard have helped to reduce the burden of hiring professional caregivers. Travel from where Ms. Peiffer is caring for her mother in Pennsylvania, to Norfolk, Virginia, requires hours of travel each way and overnight accommodations, and would require Ms. Peiffer to suspend her caretaking responsibilities for multiple days. In addition to the two days and night Ms. Peiffer would be away for travel to and from the hearing, Ms. Peiffer has been advised that, due to the cancer and cancer treatment, her mother is in an immunocompromised condition. Ms. Peiffer's trip to Norfolk could increase the risk of her mother's exposure to COVID-19, or otherwise require Ms. Peiffer to further forego her caretaking responsibilities at additional costs.

By appearing remotely at the September 15th argument on Mr. Runyon's discovery motion, Ms. Peiffer will be present and available as she would be if appearing in person. Her remote appearance would not interfere with the parties' abilities to be heard on the motion, or the Court's ability to address the motion.

**CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that the Court permit Ms. Peiffer to appear at the September 15, 2023 discovery hearing by remote video platform rather than in person.

Dated: August 31, 2023                    Respectfully Submitted,

                                          /s/ Kathryn M. Ali

                                          Kathryn M. Ali, VSB No. 97966
                                          Ali & Lockwood LLP
                                          300 New Jersey Avenue N.W., Suite 900
                                          Washington, D.C. 20001
                                          Telephone (202) 651-2475
                                          katie.ali@alilockwood.com

                                          Elizabeth J. Peiffer, VSB No. 71353
                                          Capital Representation Resource Center
                                          1155 Seminole Trail #6391
                                          Charlottesville, VA 22906
                                          Telephone (434) 817-2970
                                          Fax (434) 817-2972
                                          epeiffer@vcrrc.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/ Kathryn M. Ali