# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

DAVID ANTHONY RUNYON,

        Petitioner

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

**MEMORANDUM IN SUPPORT OF MOTION TO APPOINT BARRY COBURN AS SUBSTITUTE COUNSEL OR, IN THE ALTERNATIVE, AS ADDITIONAL COUNSEL**

For the reasons set forth below and pursuant to 18 U.S.C. § 3599(a)(2) and (e), Petitioner David Anthony Runyon respectfully moves for appointment of attorney Barry Coburn as substitute counsel for attorney Elizabeth Peiffer in these proceedings. In the alternative, Mr. Runyon moves to appoint Mr. Coburn as additional counsel for the limited purpose of assisting with the presentation of evidence in the upcoming evidentiary hearing. Such an appointment would not delay the scheduled hearing or come at additional cost to the Court beyond the currently pending budget for two appointed counsel.

In late April 2023, appointed co-counsel Elizabeth Peiffer's mother fell in her home, leading to a hospitalization and the sudden discovery that she had Stage IV cancer. The cancer is in her lungs, liver, breast, and bones. As the Court is familiar and as is detailed in other pleadings, *see* ECF No. 814, Ms. Peiffer immediately became a critical caregiver for her mother, and after consulting with Virginia State Bar ethics counsel, determined that these obligations prevented her

1

from continuing to competently and diligently represent Mr. Runyon, requiring her to withdraw based on an actual conflict of interest between her caretaking duties and her responsibilities to Mr. Runyon. In denying Ms. Peiffer's motion to withdraw, the Court explained that withdrawal was unnecessary because Mr. Runyon could "have Ms. Ali take a lead role" in place of Ms. Peiffer. June 16, 2023 Hr'g Tr. at 10; *see also id.* at 57 ("You can take the lead, Ms. Ali."). The Court acknowledged that Ms. Peiffer may proceed "on a limited basis," *id.* at 16, and "can certainly take a lesser role . . . and the Court understands that," *id.* at 19.

Since the Court's ruling nearly three months ago, Ms. Peiffer's mother continues to need significant assistance and care. She continues to have problems with mobility and stability, which, among other impacts, require Ms. Peiffer to spend overnight shifts caring for her mother at least three or four nights a week. As anticipated and described in Ms. Peiffer's Declaration filed in June 2023, ECF No. 815 Ex. A (filed under seal), the multiple medications her mother has been prescribed to treat the cancer have had side effects that are unpredictable and significant, and require Ms. Peiffer to provide additional care and attention on days when the side effects are worse. Overall, the circumstances and issues related to her mother's illness described in Ms. Peiffer's Declaration filed in June 2023—which make it necessary for Ms. Peiffer to be consistently available and physically present in a location more than 300 miles from Norfolk, Virginia—have not abated, and continue to make long-distance travel, predictable availability, and long-term planning difficult for Ms. Peiffer. Ms. Peiffer's caretaking responsibilities have continued to prevent her from working the normal schedule that she worked prior to her mother's fall and sudden Stage IV cancer diagnosis in April, and she has taken leave as required, sometimes on a schedule that is not predictable in advance. All of these circumstances are anticipated to continue through the time during which Mr. Runyon's evidentiary hearing will resume in Norfolk, and it

would be a great hardship for Ms. Peiffer and her family if she were to be required to attend the evidentiary hearing that is scheduled to begin on November 1, and is expected to last approximately two weeks. ]. For this reason, Mr. Runyon and undersigned counsel respectfully request that the Court appoint attorney Barry Coburn in Ms. Peiffer's stead, or in the alternative, appoint Mr. Coburn as additional counsel for the limited purpose of assisting with the preparation for and presentation of evidence at the evidentiary hearing that is scheduled to resume on November 1.

Counsel have consulted with Mr. Runyon on this matter, who supports the requested appointment and/or substitution. Counsel also notified counsel for the United States of their intent to file this Motion.

In support of this Motion, Petitioner states as follows:

1.      Petitioner, David Anthony Runyon, is a federal prisoner convicted and sentenced to death in this Court (No. 4:08-cr-16-3). His convictions and sentences were affirmed by the United States Court of Appeals for the Fourth Circuit on direct appeal, and his petition for certiorari was denied by the United States Supreme Court, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), *cert. denied*, 135 S. Ct. 46 (2014). Mr. Runyon filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2015, ECF No. 478, which he amended in early 2016, ECF No. 511, and which this Court denied in January 2017, ECF No. 560. The Fourth Circuit subsequently granted a certificate of appealability on four issues and, in an Amended Published Opinion dated February 12, 2021, vacated the dismissal of Mr. Runyon's § 2255 motion "to the extent that it dismissed without a hearing Runyon's claim of ineffective assistance of counsel for failure to investigate and present evidence of his brain damage and mental health," and remanded that claim for a hearing. *United States v. Runyon*, 994 F.3d 192, 212 (4th Cir. 2021).

3

2.      Because he is an indigent person under a sentence of death who lacks the funds to hire an attorney or to pay any costs related to the prosecution of a proceeding under 28 U.S.C. § 2255, Mr. Runyon is entitled to the appointment of counsel to assist him in litigating his motion for relief pursuant to 28 U.S.C. § 2255. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 854–57 (1994).

3.      Currently, Mr. Runyon is represented by appointed counsel Kathryn M. Ali of Ali & Lockwood LLP and Elizabeth J. Peiffer of the Capital Representation Resource Center. As previously explained, Ms. Peiffer's mother's disease has rendered Ms. Peiffer unable to competently and diligently fulfill her duties to Mr. Runyon. More specifically, Ms. Peiffer and her family would suffer an immense hardship if she were required to devote the time necessary to adequately prepare for the November hearing and spend multiple weeks in Norfolk to assist with the presentation of evidence at the hearing. If Mr. Coburn were substituted for Ms. Peiffer, she would, as previously represented to the Court, continue to remain available to consult with counsel and answer questions regarding the case, ensuring continuity of counsel among Mr. Runyon's team.

4.      This Court's Criminal Justice Act ("CJA") Plan directs that "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing *at least two attorneys*" to represent prisoners pursuing 28 U.S.C. § 2255 post-conviction petitions in federal death penalty cases. *See* United States District Court for the Eastern District of Virginia Criminal Justice Act Plan § XIV.E.2 (approved Nov. 6, 2019) (emphasis added).[1]

5.      This District is not an outlier; the Guide to Judicial Policies and Procedures

---

[1] *Available at* https://rb.gy/skq3u.

recommends appointment of "at least two counsel" for § 2255 proceedings in capital cases. *See* 7 Guide to Judicial Policies and Procedures, ch. VI, § 6.01(A)(2). Many (perhaps most) courts' CJA plans include similar directives. *See, e.g.*, E.D.L.A. CJA Plan at 8[2] ("Pursuant to 18 U.S.C. § 3005, a person charged with a federal capital offense is entitled to the appointment of two attorneys"). And courts routinely appoint at least two attorneys to represent indigent people on death row litigating postconviction proceedings. *See, e.g., Lawlor v. Zook*, No. 2:15CV113, 2015 WL 4590827, at *2 (E.D. Va. July 28, 2015) (appointing three counsel in a capital habeas proceeding over objection of the government) (citing Vol. 7A *Guide to Judiciary Policy* § 620.10. 20(b)); *United States v. Sampson*, No. CR. 01-10384, 2008 WL 2563374, at *3 (D. Mass. June 25, 2008) (appointing three counsel in a § 2255 proceeding).

6.      Given the capital sentence in this case, it is imperative that Mr. Runyon is able to pursue a fair and complete evidentiary hearing. Although Mr. Runyon technically has two appointed counsel, Ms. Peiffer is unable to competently and diligently fulfill her obligations. Most notably, it would be an immense hardship for Ms. Peiffer and her family if she were required to prepare adequately for, travel to, and assist in person with the evidentiary hearing that is scheduled to resume on November 1. As this Court previously determined, "[g]iven the seriousness of the capital penalty in this case, the amount of discovery yet to be completed, and the complexity of the case," it is appropriate for Mr. Runyon to have more than one counsel of record. *See* ECF No. 810 at 1–2. *See also* Feb. 15, 2013 Hr'g Tr. 1053:15-23 ("THE COURT: We can go forward. We may have to have a continuance. Do you understand? THE DEFENDANT: Yes, ma'am. THE COURT: But we can go forward if we have two counsel; that's what the statute requires. When Ms. Bales was appointed, I did a limited appointment because you're technically, under the statute,

---

[2]*Available at* https://rb.gy/j428q.

only entitled to two counsel. Do you understand? THE DEFENDANT: I understand.").

7.     That ruling was—and is—manifestly correct. The claim remanded for further proceedings—trial counsel's failure to investigate and present evidence of Mr. Runyon's psycho-social history, brain damage, and mental health—involves complicated scientific, factual, and legal issues, including several neurological and psychological evaluations of Mr. Runyon, the facts concerning trial counsel's mitigation investigation, and whether trial counsel's conduct comported with prevailing professional standards. The record in this case is voluminous and the continued evidentiary hearing will involve numerous expert and lay witnesses.

8.     Moreover, the United States is represented by three active counsel of record in this matter, two of whom have been involved in the case for many years, since before Mr. Runyon's trial. This is notable given that it is Mr. Runyon who bears the burden of proof in this proceeding.

9.     Attorney Barry Coburn is willing to accept appointment for Mr. Runyon pursuant to 18 U.S.C. § 3599 and the CJA in connection with his § 2255 motion and to substitute in place of previously appointed counsel. Such an appointment would not delay the scheduled hearing or come at additional cost to the Court beyond the currently pending budget for two appointed counsel.

10.     Mr. Coburn exceeds the minimum requirements set forth in 18 U.S.C. § 3599(b). Mr. Coburn is an attorney licensed to practice law in the Commonwealth of Virginia and admitted to practice before this Court, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court. He is a founding partner of the law firm Coburn & Greenbaum in Washington, D.C. In addition to being barred in Virginia, he is licensed to practice law in the District of Columbia.

11.     Mr. Coburn is a 1981 graduate of Harvard Law School and a 1977 graduate of Yale

University. He has been litigating complex criminal and civil cases, including death penalty and habeas cases, for over thirty years. This includes representing capitally charged people in federal and state cases in the District of Columbia and Maryland, including in the longest criminal trial in District of Columbia history. He has appeared as "learned counsel" in two federal death penalty cases: the aforementioned federal death penalty case in the District of Columbia, *United States v. Rodney Moore*, 1:00-cr-00157-RCL-2 (D.D.C.), and *United States v. Shawn Gardner* in the District of Maryland, 1:04-cr-00029-RDB-4 (D. Md.). And he has represented defendants in a number of capital habeas cases and has extensive knowledge of substantive criminal and habeas corpus law. Mr. Coburn also was co-lead counsel for the defendant in *United States v. Kotey*, which was prosecuted in the Alexandria Division, involving one of the two ISIS-affiliated individuals extradited to the United States for prosecution relating to the kidnaping and murder of American citizens and others. He previously was an Assistant United States Attorney in the District of Columbia, where he prosecuted a wide range of criminal matters and frequently argued before the United States Court of Appeals for the District of Columbia Circuit. Since his entry into private practice in 1990, Mr. Coburn has handled complex criminal matters in federal and state courts in Virginia, Maryland, the District of Columbia, New York, and elsewhere across the country. He is a Fellow of the American College of Trial Lawyers, which limits membership to the top one percent of trial lawyers in each jurisdiction in the United Staes. He has taught Continuing Legal Education Courses in the areas of trial practice, criminal mental health defenses, the rules of professional conduct, and other subjects, and is a certified instructor with the National Institute of Trial Advocacy.

12.    Geremy Kamens, the Federal Public Defender for the Eastern District of Virginia, supports Mr. Coburn's involvement to assist in litigating Mr. Runyon's § 2255 proceedings, a

factor this District's CJA Plan specifically instructs that the Court "should consider." *See* E.D. Va. CJA Plan § XIV.E.4 ("When appointing counsel in a capital § 2255 matter, the court should consider the recommendation of the Federal Public Defender, who will consult with the Federal Capital Habeas § 2255 Project.").

13.    Mr. Coburn's appointment would not affect the proposed CJA budget in this case if he is substituted or appointed to prepare for and attend the evidentiary hearing, and Ms. Peiffer is relieved of that obligation. In the event he is appointed, he will simply substitute for Ms. Peiffer in the proposed budget (or share the allotted hours if he is appointed in addition to Ms. Peiffer in her limited role). In all instances, Ms. Peiffer will remain available to consult to ensure continuity of counsel. However, because Ms. Chavis and Ms. Bales had assumed primary responsibility for the expert witnesses that remain to be presented at the resumed evidentiary hearing, Ms. Ali and Mr. Coburn are better situated to adequately prepare and handle these experts than Ms. Peiffer could be in her reduced role.

**CONCLUSION**

For the foregoing reasons, Mr. Runyon respectfully requests that the Court appoint attorney Barry Coburn as substitute counsel in these proceedings. In the alternative, Mr. Runyon respectfully requests that the Court (i) appoint Mr. Coburn as additional § 3599 counsel for the limited purpose of assisting with the presentation of evidence at the evidentiary hearing scheduled to resume on November 1, 2023, and (ii) excuse Ms. Peiffer from attending the November evidentiary hearing.

Dated: September 14, 2023                    Respectfully Submitted,

                                             /s/ Kathryn M. Ali

Kathryn M. Ali, VSB No. 97966
Ali & Lockwood LLP
300 New Jersey Avenue N.W., Suite 900
Washington, D.C. 20001
Telephone (202) 651-2475
katie.ali@alilockwood.com


Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

## CERTIFICATE OF SERVICE

       I hereby certify that on September 14, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

                                     /s/ Kathryn M. Ali