## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

DAVID ANTHONY RUNYON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

### MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO DISCLOSE WITNESS TESTIMONY TO EXPERTS

Petitioner, David Anthony Runyon, respectfully submits this memorandum in support of his request that the Court revise its oral ruling made during the February 2023 hearing regarding expert sequestration, and order that expert witnesses testifying in the above-captioned action are permitted to be present for and/or review the transcripts of witness testimony in preparation for their testimony during the November 1, 2023 evidentiary hearing. Counsel for the United States has indicated that they oppose this Motion.

### BACKGROUND

The claim remanded by the Fourth Circuit in this Section 2255 proceeding is whether Petitioner's trial counsel were ineffective for failing to investigate and present evidence of Petitioner's psycho-social history, brain damage, and mental health. ECF No. 623 at 3. Beginning on February 7, 2023, the Court held an evidentiary hearing at which a number of fact witnesses

1

testified, and during which the Court made a number of oral rulings concerning witness sequestration. On Day 4 of the hearing, the Court ruled that:

> no one is to discuss with any other witness what another witness has testified to. I want to reiterate that to the counsel, except if it is to go into a rebuttal area. You are able to discuss a rebuttal area, but you may not, Counsel, tell another witness, discuss with another witness, or give a transcript of testimony to any other upcoming witness.

02/10/2023 Tr. at 795:22–796:3. The Court further stated:

> I just want to make it clear, and that includes any experts. I make that clear because of the Court's remark today, and I will ask each witness if they have seen any testimony from this proceeding. So as I've told you, I am going to have Dr. Cunningham review this testimony and discuss with the Court the relevancy of it, and if this is what he had in mind when he mentioned that kind of information, and I do not want that discussed with him in advance. I will be asking him if the attorneys or anyone else has mentioned the testimony of any other witness, and, in particular, testimony of Mr. Dombrowski. I will ask and I will find it to be an ethical violation if my instruction is violated, and it's a reportable ethical violation.

*Id.* at 796:7–20.

At the conclusion of Day 5 of the February 2023 hearing, Mr. Runyon's prior habeas counsel requested clarification of the Court's ruling, stating:

> Ms. Bales: . . . The Court ordered last week that we could not provide our experts with transcripts from the hearing, and the Court mentioned that in the context of Dr. Cunningham. I wanted to ask if the Court would allow Ms. Barrett to review the trial attorney testimony. We have provided her with the trial attorney declarations that we have, but . . . their testimony obviously covers a lot more material than what is in their declarations, and we would ask the Court to consider allowing us to provide Ms. Barrett with that material.

02/13/2023 Tr. 983:22–984:6.

In response, the Court ruled that counsel:

> may not under any circumstances provide their testimony. . . . under no circumstances is she to be provided with the testimony of the attorneys in this case or any other witnesses. My ruling is across the board. . . . I'm not going to have Ms. Barrett or anyone else evaluating the testimony that is otherwise up to me to

2

determine the weight, the credibility, and the legal standards to which to apply it. So the answer is no.

*Id.* at 984:8–22.

The February 2023 evidentiary hearing was interrupted when it was discovered that Petitioner's counsel had failed to timely disclose documents to the United States, and the hearing is rescheduled to resume on November 1, 2023. ECF No. 817. At the resumption of the hearing, Petitioner expects to present numerous expert witnesses. Petitioners' experts have reviewed, where appropriate, documentary evidence, trial testimony, and declarations of certain fact witnesses in connection with preparing their expert reports and for their testimony. The Court's ruling, however, has prevented them from reviewing the transcripts of any fact witness testimony from the February 2023 hearing.

## ARGUMENT

District courts have broad discretion to revisit prior rulings and non-final orders at any time before final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b)) (citing 12 Moore's Federal Practice § 60.23 (2023)); *Saint Annes Development Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) ("Unless certified as final, 'any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment[.]'").

Petitioner respectfully submits that the Court's interlocutory oral ruling contravenes settled law that expert witnesses are presumptively exempt from the witness sequestration rule. In addition, preventing expert witnesses from reviewing witness testimony will needlessly inject

3

confusion and inefficiency into these proceedings, as the experts will be unprepared to testify and offer opinions about what other witnesses actually testified to on the witness stand. For these reasons, Petitioner respectfully requests that the Court revisit its earlier oral rulings and clarify that expert witnesses are permitted to review witness testimony. In the alternative, if the Court declines to revisit its prior ruling, Petitioner requests that the Court preclude both parties from questioning experts about testimony from the February 2023 evidentiary hearing, and that the Court be precluded from relying on the February 2023 testimony in assessing the opinion testimony of experts.

## I.      Experts Are Presumptively Exempt from Witness Sequestration Under the Federal Rules and Binding Precedent.

Federal Rule of Evidence 615 governs the exclusion of witnesses from the courtroom. Under Rule 615(3), for "a person whose presence is shown by a party to be essential to the presentation of a party's cause," sequestration of other witnesses is not permitted. Because expert witnesses are presumptively considered "essential to the presentation of a party's cause," they are exempt from sequestration as a general rule. *See United States v. Rhynes*, 218 F.3d 310, 318 n.8 (4th Cir. 2000) ("Parties or their representatives, as well as expert witnesses, are authorized by Rule 615 to remain in the courtroom, hear testimony, and subsequently testify."); *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 629 (4th Cir. 1996) ("[A]n expert who is not expected to testify to facts, but only assumes facts for purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions."); *Indem. Ins. Co. of N. Am. v. Electrolux Home Prod., Inc.*, 520 F. App'x 107, 112 (3d Cir. 2013) ("[T]he 'essential' exception [to Fed. R. Evid. 615] applies most often in cases involving expert witnesses. There is little, if any, reason for sequestering a witness who is to testify as an expert[.]"); *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (district court abused its discretion

in excluding party's expert witness from the courtroom where expert "needed to hear the testimony of [lay witnesses] in order to properly provide an expert opinion"); *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993) ("Expert witnesses clearly fall within Rule 615(3)'s exception."); *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir. 1978) ("We perceive little, if any, reason for sequestering a witness who is to testify in an expert capacity only and not to the facts of the case.").

Here, Petitioner's expert witnesses are essential to his ability to litigate his claim for relief in this death penalty case. In remanding Petitioner's "Claim 6," the Fourth Circuit focused heavily on the expert evidence supporting Mr. Runyon's ineffective assistance of counsel claim. *See Runyon v. United States*, 994 F.3d 192, 206–07 (4th Cir. 2021). For example, Dr. Mark Cunningham has offered opinions and is expected to testify concerning developmental factors in Mr. Runyon's background that increased his risk of adverse outcomes, including among other things: transgenerational family dysfunction and distress; a hereditary predisposition to psychological/psychiatric disorder; neuro-developmental challenges and dysfunction; and childhood trauma, abuse, and neglect. His opinions necessarily will be based on facts related to each of those categories. And while he reviewed portions of the voluminous factual and investigative record in this case to form the opinions he has disclosed in these proceedings, his review of the testimony from the February 2023 hearing will "be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolve[d]" on the witness stand. *Morvant*, 570 F.2d at 629–30 ("Certainly an expert who intends to base his opinion on 'facts or data in the particular case' (Rule 703) will be unable to testify if he has been excluded (from the courtroom by an order under Rule 615).") (internal citation omitted). The same is true of Mr. Runyon's other experts, who will testify about matters such as Mr. Runyon's history

of head injuries, brain damage, and mental illness (Drs. Martell, Merikangas, Nadkarni, and Lipton), and prevailing standards for capital defense counsel and what reasonable trial counsel would have done in a mitigation investigation in 2009 (Jean Barrett). For example, Dr. Cunningham's 2015 report discussed and relied in part on declarations and other materials concerning several witnesses who testified during the February 2023 hearing, including Maria Runyon, Mark Runyon, Wren Fleming, Scott Linker, Deborah Seeger, Robert Seeger, David Dombrowski, and Captain Jeffrey Harris.

"[W]here a fair showing has been made that the expert witness is in fact required for the management of the case, and this is made clear to the trial court, . . . the trial court is bound to accept any reasonable, substantiated representation to this effect by counsel." *Morvant*, 570 F.2d at 630. That is the case here. Mr. Runyon's experts should therefore be permitted to review the witness testimony from the February 2023 hearing in order to inform their opinions and testimony at the resumed November 2023 evidentiary hearing.[1]

## II.   Prohibiting Experts from Reviewing Witness Testimony Will Inject Confusion and Inefficiency into the Upcoming Resumed Evidentiary Hearing.

In addition to departing from settled law, the Court's oral ruling prohibiting experts from reviewing the February 2023 hearing transcript prevents Mr. Runyon's experts from testifying to the facts as they were received in evidence during the hearing. This not only will impact the substance of their testimony, but also will needlessly protract and inject confusion and disorder into the proceedings. When Mr. Runyon's experts take the witness stand, they will be examined

---

[1] This also would ensure that habeas counsel can fulfill their obligations to adequately prepare witnesses in Mr. Runyon's case. *Rhynes*, 218 F.3d at 318–19 ("Thorough preparation demands that an attorney interview and prepare witnesses before they testify. No competent lawyer would call a witness without appropriate and thorough pre-trial interviews and discussion. In fact, more than one lawyer has been punished, found ineffective, or even disbarred for incompetent representation that included failure to prepare or interview witnesses.").

6

and cross-examined using the entire record in this action, including the testimony given by the witnesses at the February 2023 hearing.  Because the experts would not have had a chance to review those hearing transcripts in advance, time will be wasted as they review and study the hearing transcripts on the stand for the first time.  Such review will necessarily interrupt the course of and protract the hearing.

## CONCLUSION

For the reasons discussed above, Petitioner respectfully requests that the Court revisit its oral rulings from the February 2023 hearing and clarify that expert witnesses are permitted to be present for and/or review the transcripts of witness testimony in preparation for their testimony during the November 1, 2023 evidentiary hearing.  In the alternative, if the Court declines to revisit its prior ruling, Petitioner requests that the Court preclude both parties from questioning experts about testimony from the February 2023 evidentiary hearing, and that the Court be precluded from relying on the February 2023 testimony in assessing the opinion testimony of experts

Dated:  September 26, 2023

Respectfully Submitted,

/s/ Kathryn M. Ali

Kathryn M. Ali, VSB No. 97966
Ali & Lockwood LLP
300 New Jersey Avenue N.W., Suite 900
Washington, D.C. 20001
Telephone (202) 651-2475
katie.ali@alilockwood.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

*/s/ Kathryn M. Ali*