IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Criminal Action No.: 4:08cr16 |
| | ) | Civil Action No. :4:15cv108 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CAPITAL § 2255 PROCEEDINGS** |
| Respondent. | ) | |
| | ) | HON. REBECCA BEACH SMITH |

**RESPONSE TO PETITIONER'S MOTION TO APPOINT
SUBSTITUTE COUNSEL OR, IN THE ALTERNATIVE,
AS ADDITIONAL COUNSEL (ECF Nos. 843, 844)**

COMES NOW the United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Carrie L. Ward, Trial Attorney for the Department of Justice, and responds to the motion of the Petitioner, David Anthony Runyon, to appoint substitute counsel for current habeas counsel Elizabeth Peiffer or, in the alternative, additional counsel. (ECF Nos. 843, 844). For reasons previously provided at a June 16, 2023 hearing related to continuity of counsel, and further expressed herein, the United States respectfully requests that the Court not permit the withdrawal of Ms. Peiffer. Although the United States defers to the Court as to the number of counsel to appoint for the Petitioner, the United States addresses herein certain claims made as to this alternative request.

Background

In August 2009, David Anthony Runyon (hereinafter "Petitioner") was convicted and sentenced to death by a jury after pleading not guilty to the charges against him. The jury

1

recommended a sentence of death for two of the three convictions of Conspiracy to Commit Murder for Hire, in violation of 18 U.S.C. § 1958(a), and Use of a Firearm Resulting in Death, in violation of 18 U.S.C. § 1924(c)(1), (j)(1). The jury recommended a sentence of life for Carjacking Resulting in Death, in violation of 18 U.S.C. § 2119. The district court imposed the recommended sentences in December 2009.  Thereafter, the Petitioner appealed his convictions and sentence which the Fourth Circuit affirmed. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). The Supreme Court denied a Writ of Certiorari.

On October 5, 2015, the Petitioner filed a motion pursuant to 28 USC § 2255 to vacate his sentence, asserting eighteen grounds for relief. (ECF No. 478).  On February 4, 2016, the petitioner filed an Amended Motion to Vacate under 28 U.S.C § 2255. (ECF No. 511). The district court denied his motion and denied a certificate of appealability on January 19, 2017.  (ECF No. 560). The petitioner again appealed to the Fourth Circuit Court, which granted a certificate of appealability on four issues to include petitioner's Claim 6. On February 12, 2021, the Court affirmed the district court's ruling on all issues, but vacated and remanded a portion of Claim 6 to the district court to hold an evidentiary hearing to resolve factual questions related to the claim, to wit: **whether trial counsel provided ineffective assistance by failing to investigate and present mitigating evidence of Runyon's brain injury and potential mental illness**.[1]  *United States v. Runyon,* 994 F.3d 192, 197 (4th Cir. 2021).  In the opinion, the Court heavily relied upon assertions that trial counsel abandoned an incomplete mental health investigation by failing to provide the petitioner's neuropsychiatrist, Dr. James Merikangas, with MRI and PET scans that had been

---

[1]  Petitioner originally presented this as part and parcel of a much larger claim, ("Claim 6", ECF 551, Case #4:08-cr-00016).  Counsel Rendered Ineffective Assistance By Failing To Investigate And Present Mitigating Evidence Regarding Runyon's Psycho-Social History, Brain Damage And Mental Health.  The Court of Appeals declined to certify those portions of the claim— specifically allegations of ineffective assistance in investigating or presenting Petitioner's "generational trauma" and "Psycho-Social History." (ECF No. 607).

ordered prior to the penalty phase of the trial.  The Petitioner contended that trial counsel essentially stopped communicating with Dr. Merikangas after he provided a preliminary report on August 5, 2009, and never shared the brain imaging scans with Dr. Merikangas.

The hearing commenced on February 7, 2023, and Petitioner presented the testimony of his trial counsel, a mitigation specialist, and multiple lay witnesses. On February 14, 2023, before the Court began session, Attorney Suzanne Bales approached government counsel and advised that there were documents that were discoverable regarding Dr. Merikangas's testimony that had not been produced to the United States and that counsel was working on the production.  In court, Ms. Bales disclosed to the Court that certain documents had not been disclosed to the United States and that their office was working to produce the documents, demonstrating that Dr. Merikangas had, in fact, reviewed the brain scans, advised trial counsel not to proceed with a mental health strategy during sentencing proceedings, and billed the court for those efforts.

Ultimately, attorneys with the Federal Defenders of Tennessee were allowed to withdraw from Petitioner's representation due to an apparent conflict of interest. (ECF No. 796). Prior to adjournment, Petitioner's counsel advised the Court that they had released remaining lay witnesses from their subpoenas and anticipated calling five witnesses at recommencement — all experts and all pending challenges for both relevancy and necessity. The United States indicated it would recall trial attorney Stephen Hudgins, allowing him to review the newly produced documentation and testify accordingly as to its impact on the scope of the pretrial mitigation investigation.  Sadly, the United States learned last week, and so advised current habeas counsel, that Judge Hudgins passed away on September 19, 2023.

On April 12, 2023, Runyon filed a motion for the appointment of Kathryn Ali to represent him with remaining habeas counsel Ms. Peiffer. (ECF No. 802).  Runyon also sought "to be

represented in this matter on a pro bono basis by attorneys from Covington & Burling LLP, whose pro hac vice motions are forthcoming." (ECF No. 803). The Court granted Ali's appointment "for the sole purpose of moving the case forward on the one issue now before the court for an evidentiary hearing." (ECF No. 810). The Court encouraged the participation and support of pro bono counsel.

Meanwhile, Ms. Peiffer filed a motion seeking to withdraw and substitute counsel, (ECF Nos. 814, 815, 816), which was heard at a June 16, 2023, hearing. Ms. Peiffer provided some information in support of her motion, including a sealed, undated declaration (filed with her motion on June 7, 2023) in which she explained that her mother fell ill on April 28, 2023, requiring Ms. Peiffer's assistance. This Court, after a thorough inquiry at the hearing, denied the request to withdraw finding expressly that it was not "in the interest of justice" for Ms. Peiffer to withdraw from her representation of Mr. Runyon. (ECF No. 820). In denying Ms. Peiffer's motion to withdraw, the Court noted that Ms. Peiffer's employer, the Virginia Capital Representation Resource Center, "has led [Runyon's] habeas proceedings since November 5, 2014," and retaining Peiffer in the case would "ensure that [Runyon] receives adequate representation while maintaining the continuity of counsel and the institutional knowledge of the Virginia Capital Representation Resource Center." (ECF No. 820 at 2 & n.2).

As to the Covington attorneys, the Court indicated that Ms. Peiffer and Ali "may continue to utilize the services of *pro bono* attorneys, but no applications/motions from the individual attorneys for *pro hac vice* admission are before the court, as none have been submitted." (*Id*. at 3). Reiterating how late in the § 2255 proceedings matters were at this stage, the Court explained that it "has expressed an intention, *at this juncture*, not to admit any additional attorneys to represent [Runyon] *in this limited matter on remand from the Fourth Circuit*, but [the court] *has*

4

*no specific and proper applications to consider*, with time being of the essence." (*Id.*) (emphasis added).

Following the June 16, 2023, hearing, Ms. Peiffer pursued an interlocutory appeal of this Court's order denying her motion to withdraw. *In re: Elizabeth Jane Peiffer*, No. 23-5. After extensive briefing, the Court of Appeals, today on September 28, 2023, issued an unpublished opinion that affirmed this Court's order on the motion to withdraw, finding no abuse of discretion in the denial the motion to withdraw. The Court of Appeals noted that the Petitioner had not only the support of recently appointed habeas counsel Ms. Ali, but the pro bono services of six Covington lawyers.

In addition to the interlocutory appeal filed since this Court's order following the June 16th hearing, attorneys from Covington sought and were denied a writ of mandamus, seeking admission pro hac vice in this pending hearing. Specifically, the Court of Appeals found on the mandamus request:

> After considering Peiffer's motion and recognizing the difficulties created by her home issues, the district court nonetheless denied her motion in the interests of justice, focusing on the need for the institutional memory of the Virginia Capital Representation Resource Center [where Peiffer is employed] and the continuity of counsel. The court also appointed Kathryn Ali of Ali & Lockwood LLP and noted that she was being assisted by six lawyers at Covington & Burling, LLP, serving pro bono. Finally, the court decided not to authorize the Covington & Burling lawyers to appear pro hac vice as counsel for Runyon because doing so could "put the hearing out of control." The court observed that in an ordinary habeas proceeding, it would be appropriate to appoint only one counsel and that, because this was a capital case, it decided to appoint two. The court nonetheless "welcome[d]" the pro bono help, inviting the lawyers to assist and to be present in the courtroom during all proceedings.

> Because the defendant is receiving ample legal assistance in this habeas proceeding and the district court's decision fell within its discretion in the circumstances, we deny the petition for a writ of mandamus.

No. 23-6, ECF No. 825 at 1–2.

5

Discussion

I.        Request to Substitute for Ms. Peiffer

Yet again, the Petitioner now seeks the admission of a new attorney to substitute for Ms. Peiffer, presumably previously uninvolved in his case, or alternatively re-urges Ms. Peiffer's substitution and withdrawal. (ECF No. 844).   In relying on the Court of Appeals determination affirming this Court, the United States observes that facts and circumstances have not materially changed since the last hearing on June 16, 2023, or during the pendency of the interlocutory appeal. No additional new information or evidence has been provided – just references to prior declarations and information provided at he June 16, 2023 hearing. Ms. Peiffer still continues, to the best information of the United States to be employed by the Virginia Capital Resource Representation Center.  She has not moved to withdraw in other cases. *See Batiste v. Cain*, Civil No. 1:22cv108 (N.D. Miss.).

Petitioner is well-represented by Ms. Peiffer and Ms. Ali.  Ms. Peiffer was the only counsel for the Petitioner still in the case from the beginning of the remand proceeding and therefore the only counsel with institutional knowledge. Discovery was undertaken after the suspension of the evidentiary hearing, and only Ms. Peiffer was fully involved in its initial complexities and problems.

In terms of work to date with which Ms. Peiffer has been involved, Runyon presented some thirteen witnesses in support of his remaining claim of ineffective assistance of counsel during a hearing spanning eight days in February 2023, and represented that he had just five proposed remaining expert witnesses, all of whom have completed their evaluation and reports.[2]  Indeed, the proceedings would have concluded if one of Runyon's attorneys had not committed a material

---

[2] The government has challenged each of these experts as irrelevant and unnecessary to the limited scope of the claim.

discovery violation by failing to disclose evidence that weakens Runyon's claims on the issue on which the Court of Appeals remanded. Runyon had previously contended in his Section 2255 Motion that trial counsel essentially stopped communicating with Runyon's mental-health expert, Dr. Merikangas, after he provided a preliminary report on August 5, 2009, and that counsel never shared brain scans with Dr. Merikangas. In ordering the remand, the Court of Appeals was concerned that Runyon's trial counsel "never provided the [brain] scans to Dr. Merikangas, as Dr. Merikangas had requested." *United States v. Runyon*, 994 F.3d 192, 205 (4th Cir. 2021). But the discovery that Runyon's counsel failed to disclose shows that trial counsel did provide the scans to Dr. Merikangas, who in turn counseled against presenting a mental-health defense at the penalty phase.

In her original motion to withdraw, Ms. Peiffer provided some information in support of her motion. (ECF No. 81, 815, 816). For example, she provided a sealed, undated declaration (filed with her motion on June 7, 2023) in which she explained that her mother fell ill on April 28, 2023, requiring Peiffer's assistance. Without question, her personal circumstances have become challenging, as she and others seek to provide the requisite care and attention to her mother.

At the hearing, Ms. Peiffer informed the Court of her general review of the Virginia Rules of Professional Conduct and a consultation with the Virginia State Bar, without specificity. The Court gave Ms. Peiffer the opportunity to expand on her motion and declaration; however, Ms. Peiffer did not provide additional factual information. Moreover, Ms. Peiffer did not address how her withdrawal affected her overall duties at Virginia Capital Resource Representation Center, how it affected other clients, and how she prioritized client representation.

At the hearing on June 16, 2023, the Court sought such clarity and allowed Ms. Peiffer every opportunity to provide additional information. Ms. Peiffer did not then and does not now

7

attest that she was withdrawing from other client representation; she did not address then or now how she prioritized work; and while she has a modified schedule to provide her reasonable accommodations to care for her mother, she said that she will remain employed with the VCRRC. None of these facts appear to have changed.

The Court noted at the June 16, 2023 hearing that while Ms. Peiffer availed herself of a consultation with the Virginia State Bar, she did not disclose the substance of those communications; she did not provide a written opinion explaining how her perception of a personal conflict gave rise to a withdrawal from the representation—particularly at this late stage in the litigation; and she did not identify whether she discussed her ethical obligations for providing Runyon with continuity of counsel.   Despite the Court's invitation to address these concerns, Peiffer never provided additional evidence on those issues and likewise never addressed whether she received advice regarding her ethical obligations to remain in the representation.  As the Court of Appeals found, the Court was well within its discretion to deny the motion to withdraw.

Notably, habeas counsel persists in these failings in the instant motion. Despite her difficult personal situation, Ms. Peiffer remains employed with the Virginia Capital Resource Center and involved in other federal cases, including a case pending in the United States District Court for the Northern District of Mississippi – *Batiste v. Cain*, No. 1:22cv108 (N.D. Miss). Ms. Peiffer was admitted *pro hac vice* in that case and was listed as counsel on an Amendment to Petition for a Writ of Habeas Corpus by a Prisoner in State Custody, filed on June 20, 2023, after her request to withdraw from her longstanding relationship with Mr. Runyon.  (#23-5, ECF No. 31).  Counsel likewise fails to address the lingering role of multiple pro bono counsel, and how the substitution of a new attorney would assuage the Court's concerns.

8

If anything, the need for continuity of counsel is arguably greater given the loss of one of the trial counsel whom Ms. Peiffer observed testify and who cannot be recalled. Judge Hudgins had testified during the initial days of the evidentiary hearing that began in February 2023. Ms. Peiffer was on hand to observe his testimony and was also present during the discovery of documents that resulted in the delay in this case. It is this type of continued involvement that warrants her representation of the Petitioner. It is in the interests of justice for her to remain.

Accordingly, for the aforementioned reasons and those previously articulated by this Court and affirmed by the Court of Appeals, the United States submits that withdrawal of Ms. Peiffer is not warranted and not in the interest of justice.

II.    Alternative Request for Additional Counsl

In terms of the alternative request for additional counsel, the United States observes that the Petitioner does not address or explain the situation with the six pro bono Covington attorneys previously represented to be working on his case. Although the Petitioner did pursue mandamus relief for the pro hac vice admission of the Covington lawyers, that appeal was also denied by the Court of Appeals. But those attorneys had apparently been involved with the Petitioner's case for some months.

The United States defers to the Court as to whether an additional lawyer should be appointed beyond Ms. Peiffer and Ms. Ali. The United States would observe that the Petitioner's request seems premised on the resumption of an extensive and complicated evidentiary hearing. This should not be the case. The resumption of the evidentiary hearing should be limited to the scope of the remand from the Court of Appeals. Many witnesses had already testified and the United States intends to make objection to experts and other witnesses that fall outside the scope of the mandate. Substantial evidence has already been adduced concerning the strategy employed

by trial counsel, which is only further corroborated by the late-provided discovery concerning Dr. Merikangas.   There is little question that the Petitioner has failed to establish any deficient performance on the part of his trial counsel.

## Conclusion

For these reasons, the United States respectfully requests that the Court not permit the substitution/withdrawal of Ms. Peiffer.   The United States defers to the Court as to whether additional counsel is needed for the limited scope of the evidentiary hearing to be resumed on November 1, 2023.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:  _____/s/_____

Brian J. Samuels
Assistant United States Attorney
Virginia State Bar No. 65898
Lisa R. McKeel
Assistant United States Attorney
Carrie L. Ward, Trial Attorney
Department of Justice
Attorneys for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov
Email: Lisa.McKeel@usdoj.gov
Email: Carrie.Ward@usdoj.gov

10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September 2023, I electronically filed a

true copy of the foregoing with the Clerk of Court using the CM/ECF system who will send

notice to all filers.

By:               /s/
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov