**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

**REPLY IN SUPPORT OF MOTION TO APPOINT BARRY COBURN AS SUBSTITUTE
COUNSEL OR, IN THE ALTERNATIVE, AS ADDITIONAL COUNSEL**

For the reasons set forth in his Motion and Memorandum in Support, ECF Nos. 843 & 844, the Supplemental Declaration filed under seal in connection with this Reply, and pursuant to 18 U.S.C. § 3599(a)(2) and (e), Petitioner David Anthony Runyon has moved for appointment of attorney Barry Coburn as (i) substitute counsel for attorney Elizabeth Peiffer in these proceedings, or (ii) in the alternative, additional counsel for the limited purpose of assisting with the presentation of evidence in the upcoming evidentiary hearing.

As Mr. Runyon previously noted, such an appointment would not delay the scheduled hearing or come at any additional cost to the Court beyond the current budget for two appointed counsel. It would, however, ensure that Mr. Runyon is adequately represented and that the witnesses expected to testify in November are adequately prepared in advance of that hearing. The government does not dispute that Ms. Peiffer, whether or not she remains counsel of record, has significant constraints on her time due to unforeseen personal issues, making it difficult for her to

1

prepare for and participate in the hearing. As a result, Mr. Runyon effectively has a single lawyer available to question the numerous witnesses expected to testify at the hearing. In view of these exceptional circumstances, Petitioner's Motion should be granted.

In further support of his Motion, and in response to the government's opposition, ECF No. 850, Petitioner states as follows:

1.    As a threshold matter, the United States lacks standing to object to Mr. Coburn's appointment, whether as substitute or additional counsel. *Cf. Death Row Prisoners v. Ridge*, 948 F. Supp. 1278, 1279, n.2 (E.D. Pa. 1996) ("The Court observes that the Defendants lack standing to object to the appointment of counsel."); *Walter v. Beard*, No. 1:09-CV-2465, 2010 WL 936466, at *2 (M.D. Pa. Mar. 15, 2010); N.D. Fla. Loc. R. 7.1(G)(3) (opposing memoranda are not required in response to "a motion for leave for an attorney to appear pro hac vice or withdraw or for substitution of counsel"). "That is a matter between [Petitioner], the Court and [his] prospective lawyers." *Death Row Prisoners*, 948 F. Supp. at 1279 n.2. *See also United States v. Wells,* 879 F.3d 900, 911-15 (9th Cir. 2018) (observing in response to government attempt to contest CJA appointment under 18 U.S.C. § 3006A that the government should "tend to its own knitting"); *id.* at 913 ("The administration of the CJA is a *judicial function* for which the Judicial Conference of the United States has approved official guidelines . . . The Government's exclusion from the administration of the CJA is a significant contributing factor to the fairness of our system and the CJA's role in redressing the imbalance of power between an indigent defendant and the Government.") (emphasis added).[1]

---

[1] To the extent the government somehow contends it has standing as guardian of the public purse, as noted above, Petitioner does not seek any additional CJA funds in connection with the appointment of Mr. Coburn, so there also is no impact on the fisc.

2.      Petitioner's goal in filing this Motion is to ensure that he is adequately represented, and that his witnesses are adequately prepared to testify, at the upcoming evidentiary hearing. As stated in the Motion, because of her mother's illness, Ms. Peiffer is unable to competently and diligently fulfill her obligations in this regard. *See* ECF No. 844 ¶¶ 3, 5. While Ms. Peiffer has worked hard to attempt to fulfill her obligations to both her family and her client, this has proven an impossible task, and her family commitments have continued to force her to take substantial leave from her employment in the months since her mother was diagnosed, and to work on a reduced schedule and at a reduced capacity, which has prevented Ms. Peiffer from devoting appropriate time and attention to preparing Mr. Runyon's case. The practical result is that, between his two counsel of record, Ms. Ali has done and will continue to do the lion's share of the work to prepare for and present evidence at the upcoming evidentiary hearing. In other words, while Mr. Runyon technically has two counsel of record, that arrangement is wholly illusory. Meanwhile, the United States has—and has had throughout these proceedings— at least three attorneys available to examine witnesses at the hearing, two of whom have been involved since the time of trial. The United States is also expected to present many fewer witnesses than Mr. Runyon (and thus has many fewer witnesses to prepare). And it is Mr. Runyon who bears the burden of proof in these proceedings.

Every day that Mr. Runyon goes without adequate counsel able to assist at the evidentiary hearing (though he has identified counsel willing and able to provide that assistance) prejudices his ability to fully and fairly litigate his claim on remand in this death penalty case. The United States tries to avoid this conclusion by arguing that the remaining proceeding is narrow and uncomplicated, but this is contrary to this Court's prior finding that the "seriousness of the capital penalty in this case" and "complexity of the case" justified appointing more than one counsel of

record to litigate Mr. Runyon's remaining § 2255 proceeding. ECF No. 810 at 1-2. This finding was, and is, correct. At least the following experts from the witness list previously submitted have not yet testified:

- Dr. Mark Cunningham, a forensic psychologist, will offer testimony about what he would have testified to at trial had trial counsel not limited him to testifying only about future dangerousness. This will include testimony concerning at least: Mr. Runyon's family history, including his genetic predisposition to psychological and psychiatric disorders and a significant multi-generational history of intellectual disability, serious mental illness, abuse and emotional neglect, and trauma; Mr. Runyon's head injury resulting from a major motor vehicle accident and subsequent major personality changes; and Mr. Runyon's neuro-developmental issues.

- Dr. James Merikangas, a neuropsychiatrist who evaluated Mr. Runyon before trial and again in connection with these § 2255 proceedings, will offer testimony that Mr. Runyon's pre-trial brain scans and other testing are consistent with a history of head injury.

- Dr. Siddhartha Nadkarni, a neuropsychiatrist who evaluated Mr. Runyon in 2022, will testify that Mr. Runyon is severely brain injured and suffers from numerous major psychiatric syndromes and marked frontal lobe dysfunction.

- Dr. Daniel Martell is a forensic neuropsychologist whom the government previously identified as an expert in this case both pre-trial and in post-conviction. However, the government released him as an expert because he concluded that Mr. Runyon suffers from brain damage. Dr. Martell will testify to his opinion that Mr. Runyon suffers from longstanding brain dysfunction and other psychiatric issues.

- Jean Barrett, learned death penalty counsel, will offer testimony about the prevailing standards for capital defense lawyers during relevant time period.

- Dr. Geoffrey Aguirre, a behavioral neurologist, is expected to testify for the government.

- Dr. Michael Lipton, a neuroscientist and neuroradiologist with expertise in the performance and clinical interpretation of brain imaging studies and the technical aspects of MRI, will testify that the brain damage evident on Mr. Runyon's MRI scans "may visually appear subtle" (which does not mean the abnormalities are not significant) and thus may not have been recognized consistently by other physicians without specific expertise.

The government has also indicated its intent to call in its case Mr. Runyon's trial counsel,

Lawrence Woodward.

3.      The government's attempt to downplay the gravity of the situation by insisting—without any basis—that "Petitioner is well-represented by Ms. Peiffer and Ms. Ali," Opp. 6, and "six pro bono Covington attorneys," *id.* 9, ignores that one of these attorneys lacks capacity to meaningfully assist during the upcoming evidentiary hearing, and any remaining attorneys are barred from participating in it altogether.[2] It also ignores that Mr. Runyon—whose rights and life are at stake here, a fact the government does not even acknowledge in its brief—understands the circumstances and supports the requested substitution and/or addition of Mr. Coburn.

4.      That Ms. Peiffer continues "to be employed by the Virginia Capital Resource Representation Center [sic]" and has not moved to withdraw in other cases, Opp. 6, is of no moment. *This* is the only case on her docket that is currently scheduled for an evidentiary hearing in the near term and the only case in which she is continuing to play an active role, to the best of her ability. *See* Exhibit A (Sealed Peiffer Decl.). There is no requirement—and should be no requirement—that a lawyer resign from her long-time employer or withdraw from every case—active or dormant—in order to be excused from participating in a significant, imminent in-court proceeding due to extraordinary circumstances. If the Motion is granted, Ms. Peiffer will remain available to assist and fulfill the continuity of counsel function that the Court previously determined was important.

5.      Finally, one correction to the record is required. The government erroneously contends that "the discovery that Runyon's counsel failed to disclose show that trial counsel did

---

[2] It also rests in part on the incorrect assertion that Ms. Peiffer has been "in the case from the beginning of the remand proceeding," Opp. 6. The case was remanded for an evidentiary hearing in December 2020. ECF No. 620. Ms. Peiffer was not appointed to represent Mr. Runyon until nearly a year later, in November 2021. ECF No. 649.

provide the scans to Dr. Merikangas, who in turn counseled against presenting a mental health defense at the penalty phase." Opp. 7. In addition to being irrelevant to this Motion, this is inaccurate. *Before* he had seen the scans, Dr. Merikangas said that *unless they showed brain damage*, he provisionally counseled against a mental-health defense. *See* ECF No. 793-1 at 1. There is no evidence he counseled against a mental-health defense *after* seeing them, nor is there any evidence showing that trial counsel ever communicated with Dr. Merikangas after the earliest date on which he could have reviewed the scans. On the contrary, the last recorded call between trial counsel and Dr. Merikangas was on August 13, when the record definitively shows neither trial counsel nor Dr. Merikangas had yet obtained the scans.

## CONCLUSION

For the foregoing reasons and those stated in Mr. Runyon's memorandum in support of his Motion, Mr. Runyon respectfully requests that the Court appoint attorney Barry Coburn as substitute counsel in these proceedings. In the alternative, Mr. Runyon respectfully requests that the Court (i) appoint Mr. Coburn as additional § 3599 counsel for the limited purpose of assisting with the presentation of evidence at the evidentiary hearing scheduled to resume on November 1, 2023, and (ii) excuse Ms. Peiffer from attending the November evidentiary hearing.

Dated: October 1, 2023                    Respectfully Submitted,

                                          /s/ Kathryn M. Ali

                                          Kathryn M. Ali, VSB No. 97966
                                          Ali & Lockwood LLP
                                          300 New Jersey Avenue N.W., Suite 900
                                          Washington, D.C. 20001
                                          Telephone (202) 651-2475
                                          katie.ali@alilockwood.com

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/ Kathryn M. Ali