# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

      Petitioner,

     v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

**SUPPLEMENTAL AND REVISED DECLARATION OF
JAMES R. MERIKANGAS, M.D.**

1. My name is James R. Merikangas. I am a medical doctor with Board and Specialty Certifications from the American Board of Psychiatry and Neurology, Diplomate, Certified in Psychiatry and the American Board of Psychiatry and Neurology, Diplomate, Certified in Neurology.

2. I have written two reports on David Runyon. The first was dated August 5, 2009 and preliminary in nature. The second was dated September 25, 2015. I also submitted a declaration dated February 2, 2023.

3. In preparing and signing my February 2, 2023 declaration, I reviewed my 2015 and preliminary 2009 reports but not my billing records from the time of trial. I recently (in September 2023) reviewed these records and now submit this Supplemental and Revised Declaration in order to correct several statements made in my prior declaration based on that additional information.

4. Among the records I reviewed are two invoices from my office (i) one dated

August 30, 2009, submitted along with a CJA 31 voucher signed by attorney Stephen Hudgins on September 4, 2009, and (ii) one dated August 30, 2009 with a "PAST DUE" notice, submitted along with a CJA 31 voucher dated July 15, 2010. The first invoice referenced contains a line item stating: "MRI and PET 8/17/09," with the "Qty" listed as "2" and the "Rate" listed as "100.00." The second invoice referenced is identical to the first except that the description stated "MRI and PET 8/17/09 Review." I do not know why the description is different in the re-submitted invoice, who made that edit, or when it was made. I did not in 2009 (and do not now) prepare my own invoices; rather, I typically have students assist with my billing.

5.    Having now had an opportunity to review these billing records, it is my belief and understanding that I likely received Mr. Runyon's MRI and PET scans at some point before August 30, 2009, the date of the invoice. The "8/17/09" date listed in the description on the invoices does not necessarily mean I reviewed the scans on that date. While it is possible that I did, it is also possible that I reviewed them on a later date and the person who prepared my invoice input the date from another source (e.g., the cover letter enclosing the scans).

6.    I have no independent recollection of receiving or reviewing Mr. Runyon's MRI or PET scans in 2009. I do not know who transmitted the scans to me. For example, I do not know if I received the scans directly from the hospital that performed them, as I requested on the order. In 2009, I would have received such scans on a computer disk (CD) through the mail or a delivery service vendor like United Parcel Service.

7.    I also recently (in September 2023) reviewed records from Mr. Hudgins and Mr. Woodward from the time of trial, which refreshed my recollection that I spoke with trial counsel on August 13, 2009. At the time I signed my February 2, 2023 declaration, I had not seen these records. I have no recollection of ever speaking with trial counsel about Mr. Runyon's scans and

have no record of any communication with trial counsel after August 13, 2009.

8.    As I have previously stated, had I been called to testify in 2009, I would have testified that Mr. Runyon was a brain damaged individual with migrainous headaches and a disorder of executive functioning with symptoms suggestive of a psychotic thought process. The images on the 2009 MRI indicate and corroborate that Mr. Runyon is brain damaged and are consistent with a history of head injuries and a wealth of independent evidence demonstrating that Mr. Runyon suffered numerous head injuries and is a brain damaged person. As I stated in 2009, "he clearly has impaired executive functioning suggestive of frontal lobe impairment." I stand by that opinion.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 2 day of October, 2023

James R. Merikangas, M.D.