# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

DAVID ANTHONY RUNYON,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3

CAPITAL § 2255 PROCEEDINGS
HON. REBECCA BEACH SMITH

## PETITIONER'S NOTICE OF OBJECTION AND DISCLOSURE IN RESPONSE TO RULINGS CONCERNING HEARING PREPARATION MATERIALS

Petitioner, David A. Runyon, respectfully submits this notice of objection to the Court's ruling on November 2, 2023, that certain trial preparation materials should have been disclosed to the government. Petitioner's counsel take their discovery obligations seriously. Petitioner provides this notice in order to provide additional background on the nature of the materials at issue, as well as a second annotated report relating to a different expert, and to explain why such expert reports are protected by the work product doctrine and were not required to be disclosed to the government. In support of his objections, Runyon states the following:

1. On February 4, 2016, Petitioner filed a declaration from Dr. Mark Cunningham (dated September 25, 2015) in support of Petitioner's Amended Motion to Vacate Under 28 U.S.C. § 2255. ECF No. 511-8 (hereinafter "2015 filed Report"). On November 2, 2023, the Court ruled that a copy of Dr. Cunningham's 2015 filed report, which included annotations created by counsel in October 2023 as preparation for the November 1, 2023 evidentiary hearing (marked as Court's Exhibit 3), is required to be disclosed under Federal Rule of Civil Procedure 26, and that counsel

had committed a discovery violation by failing to produce the annotated copy to the government.[1] The annotations were footnotes counsel added linking factual statements in the filed report with sources for Dr. Cunningham's opinion listed at the beginning of his report. The annotated report, which he refers to as a "study aid," was created for purposes of preparation for this hearing. It is not a supplemental or amended report adopted or signed by Dr. Cunningham, and Petitioner has no intention of filing the annotated document in support of his case. Counsel's annotated report did not modify any of the text of the report, any of Dr. Cunningham's opinions, or any of the bases therefor. It does not contain any new facts or data, but merely includes a partial addition of possible citations to documents that Dr. Cunningham himself listed as source material in his 2015 filed report. That 2015 filed report was timely disclosed to the government. *See* ECF Nos. 478-8, 511-8.[2]

In compliance with the Court's November 2, 2023, ruling arising from the issue of Dr. Cunningham's study aid, Petitioner disclosed to the government that night a version of Dr. Nadkarni's expert report that included annotations from counsel, provided to him during the course of his preparation for the evidentiary hearing. Dr. Nadkarni's report was filed with the Court on

---

[1] The Court also ruled that a set of draft PowerPoint slides that Dr. Cunningham had prepared in preparation for his testimony with notes of potential direct examination questions was subject to disclosure under Federal Rule of Civil Procedure 26. This document is a "draft," and is therefore protected by Federal Rule of Civil Procedure 26(b)(4)(B). This document was also not subject to any disclosure obligation. In particular, it was not subject to the Court's discovery order, nor is it reverse Jencks material under Federal Rule of Criminal Procedure 26.2(a), because it does not contain "statements" within the meaning of that rule. *See Goldberg v. United States*, 425 U.S. 94, 114 (1976) (Stevens, J., concurring) ("In short, more than relevance to the testimony and approval by the witness is necessary to make a writing a Jencks Act statement. It must first of all be the kind of factual narrative by the witness that is usable for impeachment."); *Lovern v. United States*, 689 F. Supp. 569, 586, (E.D. Va. 1988) (finding that documents were "not Jencks Act material" because "[t]hey are not narratives concerning past events," "a Jencks Act statement is a factual narrative by the witness that is usable for impeachment" (citing *Goldberg*, 425 U.S. at 114)).

January 31, 2023. ECF No. 743-2 (hereinafter "2023 filed report"). As with Dr. Cunningham's report, the annotated report was created for purposes of hearing preparation and was not, and was never intended to be, a report of Dr. Nadkarni or a supplement or amendment to his 2023 filed report. None of the text of Dr. Nadkarni's filed report, his opinions, or the bases therefor were altered.

2. Neither of these annotated reports is subject to disclosure in this proceeding.

3. These annotated reports are subject to work product protection under Federal Rule of Civil Procedure ("Rules") 26(b)(3) and (b)(4), which govern preparation for trial. In particular, Rule 26(b)(3)(A) states:

> (3) *Trial Preparation: Materials.* (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

> Rule 26(b)(4)(C) specifically addresses expert preparation for trial, and states that:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) regardless of the form of the communications except to the extent that the communications:

> > (i)   relate to the compensation for the expert's study or testimony;
> >
> > (ii)  identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> >
> > (iii) identify assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed.

> Under the 2010 amendments to Rule 26, communications between experts and counsel are

protected work product. The Commentary to the Rules states that Rules 26(a)(2) and (b)(4) were amended "to address concerns about expert discovery" by "provid[ing] work-product protection against discovery regarding draft expert disclosures or reports and — with three specific exceptions — communications between expert witnesses and counsel." Commentary to Rule 26 makes clear why this change was implemented:

> Many courts read the disclosure provision [of the pre-2010 Rule 26(a)(2)] to authorize discovery of all communications between counsel and expert witnesses and all draft reports. The Committee has been told repeatedly that routine discovery into attorney-expert communications and draft reports has had undesirable effects. Costs have risen. Attorneys may employ two sets of experts — one for purposes of consultation and another to testify at trial — because disclosure of their collaborative interactions with expert consultants would reveal their most sensitive and confidential case analyses. At the same time, attorneys often feel compelled to adopt a guarded attitude toward their interaction with testifying experts that impedes effective communication, and experts adopt strategies that protect against discovery but also interfere with their work.

4.      The annotated reports described above were prepared by counsel and counsel's staff as aids to assist Drs. Cunningham and Nadkarni, as well as counsel, in preparing for the evidentiary hearing. They are not new, supplemental, or amended expert reports and do not contain any information beyond the scope of the actual reports prepared by the experts (i.e., the 2015 and 2023 filed reports). They are precisely the type of material that is immune from discovery under the 2010 amendments to Rule 26. Rule 26 therefore not only supplies no obligation to disclose these materials (as explained below), it expressly protects against their disclosure.

5.      Federal Rule of Civil Procedure 26(a)(1) governs disclosure of expert reports. This obligation was satisfied when the reports of Drs. Cunningham and Nadkarni were turned over in 2015 and January 2023, respectively, and when Dr. Cunningham's addendum report was turned over in January 2023. These reports contain all of the experts' opinions and the bases for them,

including lists of source materials.[3] Because counsel's annotated reports do not represent any new or additional statement by these experts concerning their opinions or the bases therefor, they are not subject to disclosure under Rule 26(a)(1).

6.      Nor was there any other basis for disclosure. These documents were not subject to the Court's post-remand discovery order, which was limited to "matters contained in the trial counsel file." ECF No. 657 at 2. And, the government did not make any discovery requests for this material. Therefore, Petitioner was not required to provide counsel's annotated reports to the government.

**CONCLUSION**

In compliance with the Court's November 2, 2023 ruling, Petitioner has provided a copy of the annotated report prepared by counsel and provided to Dr. Nadkarni during his preparation for his testimony. However, Petitioner maintains his objection to the Order requiring disclosure of these hearing preparation materials with counsel's annotations, and maintains that work product privilege applies to these documents.


Dated: November 3, 2023                    Respectfully Submitted,

                                           /s/ *Elizabeth J. Peiffer*

                                           Kathryn M. Ali, VSB No. 97966
                                           Ali & Lockwood LLP
                                           300 New Jersey Avenue N.W., Suite 900
                                           Washington, D.C. 20001
                                           Telephone (202) 651-2475

---

[3] Counsel also disclosed the final version of the demonstrative displayed during Dr. Cunningham's testimony in advance of his testimony. Although the United States noted that it had not received Dr. Cunningham's demonstrative aid until the afternoon before his scheduled testimony, as of that date, the United States had not provided even its exhibit or witness list in anticipation of the hearing scheduled to begin the next day. The United States provided a draft witness and exhibit list to Petitioner for the first time on October 30, and provided its final witness and exhibit list on October 31 at 12:59 p.m. Petitioner provided the United States with his witness and exhibit lists a week prior, on October 24, in accord with an informal agreement among the Parties.

katie.ali@alilockwood.com

Elizabeth J. Peiffer, VSB No. 71353
Robert Lee, VSB No. 37410
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, N.W.
Room 650
Washington, D.C. 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/ *Elizabeth J. Peiffer*